**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DOROTHY FORTH, TROY TERMINE, CYNTHIA RUSSO, AND INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 38 HEALTH AND WELFARE FUND, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WALGREEN CO. AND WALGREENS BOOTS ALLIANCE, INC., <br><br> Defendants. | Civil No. 17-cv-2246 <br><br> **JOINT INITIAL STATUS REPORT** |

The Parties, through their respective counsel identified below, met and conferred by telephone, as required by Fed. R. Civ. P. 26(f) and the Local Rules, on June 2, 2017 and communicated thereafter in finalizing preparation of the following joint report.

**I.     The Nature of the Case**

    **A.     Identify the attorneys of record for each party, including the lead trial attorney.**

The following attorneys have appeared on behalf of Plaintiffs:

*<u>**Lead Trial Counsel**</u>*

Joseph P. Guglielmo (Lead Trial Attorney)
Erin Green Comite
Donald A. Broggi
Carey Alexander
**SCOTT+SCOTT, ATTORNEYS AT LAW, LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Tel:  (212) 223-6444
Email:  jguglielmo@scott-scott.com

Email:  ecomite@scott-scott.com
Email:  dbroggi@scott-scott.com
Email:  calexander@scott-scott.com

***Proposed Lead Counsel***

Melissa W. Wolchansky
Susan M. Coler
**HALUNEN LAW**
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Tel:  (612) 605-4098
Email:  wolchansky@halunenlaw.com
Email:  coler@halunenlaw.com

Daniel K. Bryson
Jeremy R. Williams
**WHITFIELD BRYSON & MASON LLP**
900 W. Morgan Street
Raleigh, NC 27603
Tel:  (919) 600-5000
Email:  dan@wbmllp.com
Email:  jeremy@wbmllp.com

Joseph S. Tusa, Esq.
**TUSA P.C.**
Attorneys and Counselors at Law
P.O. Box 566
Southold, NY 11971
Tel:  (631) 407-5100
Email:  joseph.tusapc@gmail.com

Andrew A. Lemmon
**LEMMON LAW FIRM LLC**
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Tel:  (985) 783-6789
Email:  andrew@lemmonlawfirm.com

***Proposed Steering Committee***

Michael Alan Johnson
**MICHAEL A. JOHNSON & ASSOCIATES**
415 North LaSalle Street, Suite 502

Chicago, IL 60654
Tel: (312) 222-0660
Email: mjohnsonlawyer@aol.com

*Additional Plaintiffs' Counsel*

The following attorneys have appeared on behalf of Defendants:

Robert M. Andalman
Candace Gaston Turner
**A&G LAW LLC**
542 South Dearborn Street, 10th Floor
Chicago, IL 60605
Tel: (312) 341-3900
Email: randalman@aandglaw.com
Email: cturner@aandglaw.com

Frederick Robinson (Lead Trial Attorney)
Megan Fanale Engel
**NORTON ROSE FULBRIGHT US LLP**
799 9th Street NW, Suite 1000
Washington, D.C., 20001-4501
Tel: (202) 662-0200
Email: rick.robinson@nortonrosefullbright.com
Email: megan.engel@nortonrosefulbright.com

Marc B. Collier
**NORTON ROSE FULBRIGHT US LLP**
98 San Jacinto Blvd., Suite 1100
Austin, TX 78701
Tel: (512) 474-5201
Email: marc.collier@nortonrosefulbright.com

**B.      State the basis for federal jurisdiction.**

Plaintiffs allege that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because this is a class action, there is minimal diversity, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. Plaintiffs further allege that the Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

**C.**    **Describe the nature of the claims asserted in the complaint and any counterclaims.**

Plaintiffs allege that Walgreens engaged in an unlawful scheme to inflate the usual and customary ("U&C") prices used to charge Plaintiffs for purchases of certain generic prescription drugs.  Walgreens offers cash-paying members of the public access to a "Prescription Savings Club" ("PSC"), which provides access to more than 500 widely prescribed generic drugs ("PSC Generics") for between $5 and $30.  Walgreens' PSC prices represent the actual U&C prices for PSC Generics and state and federal regulations required Walgreens to report and charge Plaintiffs the PSC prices as the U&C prices.  Instead, Walgreens intentionally reported inflated U&C prices for drugs covered by the PSC on claims for reimbursement submitted to third-party payors.  Because the reported U&C price is used to calculate the amount a consumer must pay, Walgreens also overcharged consumers and beneficiaries of third-party payors for PSC Generics by improperly collecting inflated copayments, coinsurance, or deductible amounts.

Plaintiffs assert claims of fraud, negligent misrepresentation, and unjust enrichment arising under the common law (Claims 1-3) and violations of the consumer protection laws of Arizona, California, Colorado, Florida, Georgia, Illinois, Louisiana, Minnesota, Missouri, Nevada, North Carolina, Ohio, and Wisconsin (Claims 4-21).

Defendants deny all of these allegations.  Walgreens has contracts with third-party payors, such as insurance companies, that define Walgreens' obligation to report what are defined in those contracts as its "Usual and Customary" ("U&C") prices.  Walgreens reports its U&C prices entirely consistent with the terms of those contracts.  Walgreens' "Prescription Savings Club" ("PSC") does not involve "usual and customary" sales.  Rather, that program – as the term "savings" connotes – provides for discounts to members who pay an annual fee to participate and who pay cash for their prescriptions.  The terms and pricing for PSC members are

4

widely known and openly published, including to third-party payors and to customers, such as the named plaintiffs. The complaint describes no false statements, no reliance on any such statements by any plaintiff, and no harm to any plaintiff from these well-known facts.

On June 1, 2017, Defendants filed a motion to dismiss the Complaint. Defendants have not asserted any counterclaims to date. Following discussions with Defendants, Plaintiffs intend to file an Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1) on or before June 22, 2017.

> **D.      A statement of the major legal and factual issues in the case to be submitted by each side in 200 words or less per side. A party need not agree to the opposing party's statement.**

**Plaintiffs' Statement:**

This action will resolve the following legal and factual issues:

- Whether Walgreens artificially inflated the U&C prices it reported and charged for PSC Generics above the price that cash-paying Walgreens' customers pay for the same prescriptions;

- Whether Walgreens omitted and concealed material facts from its communications and disclosures regarding its pricing scheme;

- Whether Walgreens has overcharged, and continues to overcharge, Plaintiffs and Class members who paid for PSC Generics;

- Whether Walgreens engaged in fraud, unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in connection with the pricing and sale of PSC Generics;

- Whether Plaintiffs' claims can be certified as a class action under Fed. Rule Civ. P. 23(a) and (b);

- Whether, as a result of Walgreens' misconduct, Plaintiffs and Class members have suffered damages, and, if so, the appropriate measure of damages to which they are entitled;

- Whether, as a result of Walgreens' misconduct, Plaintiffs and Class members are entitled to equitable or other relief, and, if so, the nature of such relief; and

- Whether, as a result of Walgreens' misconduct, Walgreens should be enjoined from engaging in such conduct in the future.

**Defendants' Statement:**

- Whether Walgreens complied with the terms of its contracts with the relevant third-party payors concerning reporting of its U&C pricing and, particular, whether Walgreens was required by those contracts to report its subscription-based PSC prices as its U&C prices to individuals or groups, including Plaintiffs, who did not join the PSC program;

- Whether Walgreens provided material information regarding the pricing of brand-name and generic drugs included within the PSC publicly to all customers, including Plaintiffs, in its communications and disclosures;

- Whether any Plaintiff suffered any actual damages based on Walgreens' reporting of U&C pricing in accord with its contracts with third-party payors.

- Whether Plaintiffs have proven by a preponderance of the evidence that Walgreens engaged in any fraud or misrepresentation or violated any state consumer protection statute in connection with the pricing and sale of PSC Generics;

- Whether plaintiffs have standing to assert violations of state consumer protection statutes with regard to transactions that have no nexus to the subject state;

6

- Whether Plaintiffs' claims are barred by the economic loss doctrine;

- Whether Plaintiffs have sued the correct defendants, if their claims sound in contract;

- Whether Plaintiffs' claims can be certified as a class action under Fed. Rule Civ. P. 23(a) and (b);

- Whether legal or equitable relief is proper in light of Plaintiffs' allegations that they now know and can make decisions about where to buy generic pharmaceuticals based on knowledge of the material facts;

- Whether Walgreens possesses any affirmative defenses; and

- Whether any or all of Plaintiffs' claims are barred by the statute of limitations.

**E.      Describe the relief sought by the plaintiff(s).**

Plaintiffs seek to recover damages and restitution on behalf of themselves and the Class, as a result of the amounts that they overpaid for their prescription drugs.  Plaintiffs also seek to require Defendants to disgorge any profits resulting from the purchases Plaintiffs and the Class made for PSC Generics during the applicable statutes of limitations.  Plaintiffs further seek a declaratory judgment that Defendants' practices are unlawful and an injunction enjoining the continuation of Defendants' practices.

Defendants deny that any relief is appropriate.

**II.      Pending Motions and Case Plan**

**A.      Identify the Day/Date of the Initial Status Hearing (*e.g.*, Wednesday, June 25, 20XX)**

The Initial Status Hearing is set for **Thursday, June 8, 2017, at 9:00 a.m.** pursuant to ECF Nos. 4 and 22.

B.      **Identify All Pending Motions**

On June 1, 2017, Defendants filed a motion to dismiss the Complaint.  Plaintiffs have stated their intent to amend the complaint by June 22, 2017.

C.      **Submit a proposal for a discovery plan, including the following information:**

1.      **The general type of discovery needed;**

The parties anticipate that fact discovery will focus on: Defendants' PSC program; Defendants' setting and reporting of U&C rates; data concerning the amounts Defendants charged Plaintiffs and the Class; the amounts Defendants charged participants in Walgreens' PSC program; Walgreens' relationship with third-party payors and pharmacy benefit managers; Plaintiffs' contractual relationships with third-party payors and pharmacy benefit managers/administrators; as to IBEW 38, its contractual relationships with Walgreens and its insured members; Plaintiffs' knowledge or opportunity to discover the PSC prices; Plaintiffs' eligibility for same; and information regarding whether the Plaintiffs have met the requirements set forth by the Federal Rules of Civil Procedure to be certified as a class.

As set forth below, the parties agree and recommend that the Court limit the use and numbers of discovery procedures.  The parties reserve the right to request or oppose discovery as the need arises, and reserve the right to meet and confer in the future in order to amend the applicable deadlines and limits as necessary.

**Plaintiffs' Position:**

As set forth below in Plaintiffs' proposals in §§ (II)(C)(4)-(6), Plaintiffs believe that a schedule for the case as a whole can now be set with discovery to commence immediately.

Plaintiffs do not believe that a stay of discovery is appropriate at this time or that a stay during the pendency of Defendants' Motion to Dismiss would be consistent with securing "the just, speedy, and inexpensive determination" of this action.  Fed. R. Civ. P. 1.  Defendants have

not formally moved for any such stay, and while Fed. R. Civ. P. 26(c) empowers the Court to issue a wide range of orders for the protection of parties and witnesses in the discovery process, it is well settled that "the mere filing of . . . a [dispositive] motion does not automatically stay discovery, nor does it mean that a court will automatically grant a stay simply because the defendant asks for one." *Syngenta Seeds, Inc. v. BTA Branded, Inc.*, No. 05 C 6673, 2007 WL 3256848, at *1 (N.D. Ill. Nov. 1, 2007). "[I]mposition of a stay is not appropriate simply on the basis that a motion to dismiss has been filed, as the Federal Rules make no such provisions." *In re Currency Conversion Fee Antitrust Litig.*, No. MDL 1409, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002). And, "[a]lthough stays on discovery are sometimes appropriate, this court disfavors them because they bring resolution of the dispute to a standstill." *New Eng. Carpenters Health & Welfare Fund v. Abbott Labs.*, No. 12 C 1662, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013) (internal quotations omitted).

Plaintiffs are, however, amenable to prioritizing discovery during the pendency of Defendants' Motion to Dismiss to focus on readily available responsive documents relating to the above-mentioned topics, including Defendants' policies and plans applicable to Plaintiffs and Defendants' policies and procedures relating to U&C rates.

Plaintiffs disagree with Defendants' plan to bifurcate discovery because merits and class discovery in this action will plainly overlap. In contravention of Rule 1's mandates, bifurcation would delay discovery and increase the expense associated with discovery.

Plaintiffs anticipate deposing Defendants' employees and third-parties with whom Defendants contracted, including pharmacy benefit managers and other entities that associated with Defendants to implement the PSC. Plaintiffs accordingly propose the following limits on the use and numbers of discovery procedures as follows:

      (a)     20 depositions per side (not including experts); and

      (b)     45 interrogatories per side.

Plaintiffs anticipate calling at least two experts at class certification and trial, in addition to potential rebuttal experts, to provide testimony on topics including prescription drug pricing and Plaintiffs' damages.

**Defendants' Position:**

### Discovery Should Be Stayed Pending a Ruling on the Motion(s) to Dismiss

Contrary to Plaintiffs' arguments, stays of discovery are appropriate and often granted when a motion to dismiss has been filed in cases where the law requires plaintiffs to meet the strict pleading requirements of Rule 9(b) or where discovery would be unduly burdensome if allowed to proceed at that time. *See United States ex rel. Liotine v. CDW-Gov't, Inc.*, No. 05-033-DRH, 2009 WL 720958, at *2-*3 (S.D. Ill. March 18, 2009) (granting defendant's motion to stay discovery in an FCA case until a ruling on defendant's motion to dismiss filed under Rule 9(b)); *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28. 2008) (staying discovery pending resolution of defendant's motion to dismiss in a complex antitrust case where the plaintiffs requested the production of business records for an eight-year time period, including the production of every sales contract and every marketing document for multiple products). Indeed, Magistrate Judge Schanzle-Haskins very recently stayed discovery in a Central District of Illinois case involving alleged False Claim Act violations allegedly arising from the definition of "usual and customary:" *United States ex rel. Schutte v. Supervalu*, No. 3:11-cv-03290-RM-TSH, Dkt #64 (C.D. Ill. July 14, 2016).

Courts have limited costly and overly burdensome discovery in many types of complex litigation cases like this matter after a motion to dismiss has been filed. *See Coss v. Playtex*

*Prods., LLC*, No. 08 C 50222, 2009 WL 1455358, at *2, *4 (N.D. Ill. May 21, 2009) (granting stay of discovery in case with class members located in 13 states, three counts arising under 15 statutes in the complaint, and alleged violations more than six years old); *see also Limestone Dev. Corp. v. Vill. of Lemont, Ill., et al.*, 520 F.3d 797, 803 (7th Cir. 2008) (finding that burdensome discovery while a motion to dismiss is pending in a RICO case is inappropriate); *Beck v. Dobrowski, et al.*, 559 F.3d 680 (7th Cir. 2009) (finding that complex cases alleging violations of section 14(a) of the Securities Exchange Act can justify a stay of discovery);

Here, there is no dispute but that this is a complex case – as even a brief glance at the Complaint, the Motion to Dismiss or even the multiple pages of counsel's signature blocks would confirm. Plaintiffs attempt to certify a nationwide class, starting with three individual plaintiffs and one health and welfare fund, seeking to prove violations of the consumer protection laws of 13 states for the last decade. Depending on the scope of the case should it go forward, in light of the millions of pharmacy transactions that occur in the thousands of Walgreens stores nationwide over a course of years, the total documents that would have to be reviewed in discovery could easily number into the millions. This notwithstanding the extremely vague allegations of the Complaint. Against this backdrop, discovery should be stayed to see what claims, if any, survive after the motion to dismiss in this highly complex case. Moreover, Plaintiffs have indicated that they are going to amend their Complaint to make the case even more expansive in terms of plaintiffs and causes of action. If the Court is inclined to allow discovery to proceed, Walgreens respectfully requests an opportunity to file a formal motion to stay so that it can produce both full legal authority as well as evidence supporting a stay.

If the Motion to Dismiss the Amended Complaint is denied, Defendants recommend that the Court bifurcate fact discovery as follows:

***Class Certification Discovery:***

If the Motion to Dismiss is denied, Defendants believe that the initial stage of fact discovery should be limited to Plaintiffs' attempt to certify a class pursuant to the Federal Rules of Civil Procedure. Defendants propose the following limits on the use and numbers of discovery procedures as follows:

      (a)   6 depositions per side (not including experts); and

      (b)   15 interrogatories per side.

Defendants anticipate calling at least two experts regarding class certification issues in addition to potential rebuttal experts.

***Fact Discovery after Class Certification, If Any***

With respect to the second stage of fact discovery, as set forth above, Defendants recommend that the Court limit the use and numbers of discovery procedures as follows:

      (a)   6 depositions per side (not including experts); and

      (b)   25 interrogatories per side.

Defendants anticipate they may require expert witnesses at the time of trial. Defendants anticipate each calling at least two additional experts at trial in addition to potential rebuttal experts. These experts would provide testimony on topics including prescription drug pricing and Plaintiffs' damages, if any.

**2.      A date for Rule 26(a)(1) disclosures;**

**Plaintiffs' Position:**

Plaintiffs propose exchanging Rule 26(a)(1) disclosures on or before Friday, July 7, 2017. Alternatively, although this action was initiated on March 23, 2017, Plaintiffs believe that this case should be subject to the District Court's Standing Order Regarding Mandatory Initial Disclosure Pilot Project. As a complex class action brought against sophisticated Defendants

with experienced counsel, Plaintiffs believe that both parties can comply with, and would benefit from, the early case assessment provided by the Standing Order's mandates.

**Defendants' Position:**

Defendants object to this timeframe. Plaintiffs intend to file their Amended Complaint on or before Thursday, June 22, 2017, which could impact the substance of applicable discovery. Based on discussions to date, Defendants' intends to renew their Motion to Dismiss subsequent to that filing. Discovery will be particularly onerous in this case given the scope of the allegations and the scale of Walgreens' generic pharmaceutical sales at issue. Accordingly, as noted above, given the unusual circumstances and potentially unnecessary burden and expense at issue, Defendants request that the Court stay discovery, including exchanging Rule 26(a)(1) disclosures, until the Court has resolved Defendants' Motion to Dismiss the Amended Complaint. Once the Court rules on Defendants' Motion to Dismiss the Amended Complaint, and only if necessary in light of the Court's ruling on the motion, Defendants request a status conference to set a schedule for discovery and motion practice. As noted, Defendants request that discovery, as necessary, be bifurcated between class and merits discovery; however, it is unnecessary to reach that question until it is clear whether and to what extent Plaintiffs state a claim.

For the first time after the parties had their telephonic conference concerning this report, Plaintiff suggested that this case be included in the Court's Mandatory Initial Disclosure Pilot Program. Defendants object to that request. First, the case was filed months before the effective date for that program, and the Court's Order implementing the program nowhere provides for its retroactive application. Second, for the same reasons that support a stay of discovery – the breadth of the potential discovery, the vagueness of the complaint, the massive burden on

13

Defendants, etc. – this case would be an appropriate candidate for exemption from the MIDP Program even if it had been filed after June 1, 2017.

### 3.     A date to issue written discovery;

Plaintiffs propose that the parties' initial requests for production shall be served on or before **Friday, July 7, 2017**.

Defendants object to this timeframe and suggest that any schedule be set, only as necessary, after the Court rules on Defendants' motion to dismiss the forthcoming Amended Complaint.

### 4.     A date for the deadline for the amendment of pleadings (90 days after Rule 26(a) disclosures are exchanged);

Plaintiffs propose that the deadline to amend the pleadings should be **Friday, October 6, 2017**.

Defendants object to this timeframe and suggest that any schedule be set, only as necessary, after the Court rules on Defendants' motion to dismiss the forthcoming Amended Complaint.

### 5.     A fact discovery completion date;

Plaintiffs request that the Court tie the fact discovery completion deadline to the parties' briefing on Plaintiffs' Motion for Class Certification.   Plaintiffs propose a fact discovery deadline of **Friday, August 24, 2018**, and the following schedule for Plaintiffs' Motion for Class Certification:

      (a)     Plaintiffs' Motion: **Friday, August 3, 2018**;

      (b)     Defendants' Opposition: **Friday, September 21, 2018**; and

      (c)     Plaintiffs' Reply: **Friday, October 26, 2018**.

Defendants object to this timeframe and suggest that any schedule be set, only as necessary, after the Court rules on Defendants' motion to dismiss the forthcoming Amended Complaint. Defendants further ask that any necessary discovery be bifurcated, as noted above.

>    **6.    An expert discovery completion date, including dates for the delivery of expert reports; and**

Plaintiffs propose that the Court establish the following deadlines for disclosure of experts and experts' opinions:

>    (a)    Notice and identification of experts and disclosure of expert reports under Rule 26 by the party with the burden of persuasion on or before **<u>Friday, December 7, 2018</u>**;

>    (b)    Notice and identification of responsive experts and disclosure of expert reports under Rule 26 on or before **<u>Friday, January 11, 2019</u>**; and

>    (c)    Notice and identification of reply experts and disclosure of expert opinions under Rule 26 on or before **<u>Friday, February 8, 2019</u>**.

Defendants object to this timeframe and suggest that any schedule be set, only as necessary, after the Court rules on Defendants' motion to dismiss the forthcoming Amended Complaint. Defendants further propose that, as necessary the Court set expert discovery, like fact discovery, in a bifurcated manner, with class discovery to precede discovery on the merits.

>    **7.    A date for the filing of dispositive motions.**

Plaintiffs propose that dispositive motions, including motions for summary judgment, shall be filed within 60 days following the Court's ruling on Plaintiffs' Motion for Class Certification.

Defendants agree.

D. **With respect to trial, indicate the following:**

1. **Whether a jury trial is requested**

Plaintiffs request a jury trial on all claims so triable.

2. **The probable length of trial**

The parties believe that it will take approximately three weeks to conduct a trial in this matter.

III. **Consent to Proceed Before a Magistrate Judge**

The parties respectfully decline to consent to proceed before a Magistrate Judge.

IV. **Status of Settlement Discussions**

A. **Indicate whether any settlement discussions have occurred;**

The parties have yet to engage in settlement discussions.

B. **Describe the status of any settlement discussions; and**

Not applicable.

C. **Whether the parties request a settlement conference.**

Plaintiffs request an early settlement conference before significant discovery occurs.

At the current time, Defendants believe that the parties can pursue informal discussions to determine whether a formal settlement conference would be an efficient use of the parties' time and resources. If those informal discussions lead to a realistic possibility of settlement, both parties can jointly request a settlement conference.

DATED: June 2, 2017

| | |
|---|---|
| _s/ Joseph P. Guglielmo_ | _s/ Robert M. Andalman (w/ permission)_ |
| Joseph P. Guglielmo | Robert M. Andalman (Atty. No. 6209454) |
| Erin Green Comite | Candace Gaston Turner (Atty. No. 6325097) |
| Donald A. Broggi | **A&G LAW LLC** |
| Carey Alexander | 542 South Dearborn Street, 10th Floor |
| **SCOTT+SCOTT,** | Chicago, IL 60605 |
| **ATTORNEYS AT LAW, LLP** | Telephone: 312-341-3900 |

The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone:   212-223-6444
Facsimile:   212-223-6334
jguglielmo@scott-scott.com
ecomite@scott-scott.com
dbroggi@scott-scott.com
calexander@scott-scott.com

Melissa Wolchansky
Amy E. Boyle
Susan M. Coler
**HALUNEN LAW**
1650 IDS Center
80 S. 8th Street
Minneapolis, MN 55402
Telephone:   612-605-4098
Facsimile:   612-605-4099
wolchansky@halunenlaw.com
boyle@halunenlaw.com

Daniel K. Bryson
Jeremy R. Williams
**WHITFIELD, BRYSON & MASON, LLP**
900 W. Morgan Street
Raleigh, NC 27603
Telephone:   919-600-5000
Facsimile:   919-600-5035
Dan@wbmllp.com
Jeremy@wbmllp.com

Michael Alan Johnson
**MICHAEL A. JOHNSON & ASSOCIATES**
415 North LaSalle Street, Suite 502
Chicago, IL 60654
Telephone:   312-222-0660
Facsimile:   312-222-1656
mjohnsonlawyer@aol.com

Michael S. Brandner, Jr.
**BRANDNER LAW FIRM, LLC**
1100 Poydras St., Suite 1502
New Orleans, LA 70163
Telephone:   504-552-5000

Facsimile:   312-341-0700
randalman@aandglaw.com
cturner@aandglaw.com

Frederick Robinson (admitted *pro hac vice*)
Megan Fanale Engel (admitted *pro hac vice*)
**NORTON ROSE FULBRIGHT US LLP**
799 9th Street NW, Suite 1000
Washington, D.C., 20001-4501
Telephone:   202-662-0200
Facsimile:   202-662-4643
rick.robinson@nortonrosefullbright.com
megan.engel@nortonrosefulbright.com

Marc B. Collier (admitted *pro hac vice*)
**NORTON ROSE FULBRIGHT US LLP**
98 San Jacinto Blvd., Suite 1100
Austin, TX 78701
Telephone:   512-474-5201
Facsimile:   512-536-4598
marc.collier@nortonrosefulbright.com

*Attorneys for Defendants Walgreen Co.
and Walgreens Boots Alliance, Inc.*

Facsimile:   504-521-7550
Michael@BrandnerLawFirm.com

Andrew A. Lemmon
**LEMMON LAW FIRM LLC**
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Telephone:   985-783-6789
Facsimile:   985-783-1333
andrew@lemmonlawfirm.com

Joseph S. Tusa, Esq.
**TUSA P.C.**
P.O. Box 566
Southold, NY 11971
Telephone:   631-407-5100
Facsimile:   516-706-1373
joseph.tusapc@gmail.com

*Attorneys for Plaintiffs Dorothy Forth, Troy
Termine, Cynthia Russo, and International
Brotherhood of Electrical Workers Local 38
Health and Welfare Fund*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 2nd day of June, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

*s/ Joseph P. Guglielmo*
Joseph P. Guglielmo
