**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DOROTHY FORTH, TROY TERMINE, CYNTHIA RUSSO, AND INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 38 HEALTH AND WELFARE FUND, on behalf of themselves and all others similarly situated, | Civil No. 17-cv-2246 <br><br> **JOINT PROPOSED DISCOVERY SCHEDULE** |
| Plaintiffs, | |
| v. | |
| WALGREEN CO., | |
| Defendant. | |

The parties, through their respective counsel identified below, met and conferred by telephone, as required by Fed. R. Civ. P. 26(f) and the Local Rules, on March 22, 2018, and communicated thereafter in finalizing preparation of the following joint proposed discovery schedule.

I.      **The Nature of the Case**

        A.      **Identify the attorneys of record for each party, including the lead trial attorney.**

The following attorneys have appeared on behalf of Plaintiffs:

        _**Lead Trial Counsel**_

        Joseph P. Guglielmo (Lead Trial Attorney)
        Erin Green Comite
        Donald A. Broggi
        Carey Alexander
        **SCOTT+SCOTT, ATTORNEYS AT LAW, LLP**
        The Helmsley Building
        230 Park Avenue, 17th Floor
        New York, NY 10169
        Tel:  (212) 223-6444

Email:  jguglielmo@scott-scott.com
Email:  ecomite@scott-scott.com
Email:  dbroggi@scott-scott.com
Email:  calexander@scott-scott.com

*Proposed Lead Counsel*

Melissa W. Wolchansky
Susan M. Coler
**HALUNEN LAW**
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Tel:  (612) 605-4098
Email:  wolchansky@halunenlaw.com
Email:  coler@halunenlaw.com

Daniel K. Bryson
Jeremy R. Williams
**WHITFIELD BRYSON & MASON LLP**
900 W. Morgan Street
Raleigh, NC 27603
Tel:  (919) 600-5000
Email:  dan@wbmllp.com
Email:  jeremy@wbmllp.com

Joseph S. Tusa, Esq.
**TUSA P.C.**
Attorneys and Counselors at Law
P.O. Box 566
Southold, NY 11971
Tel:  (631) 407-5100
Email:  joseph.tusapc@gmail.com

Andrew A. Lemmon
**LEMMON LAW FIRM LLC**
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Tel:  (985) 783-6789
Email:  andrew@lemmonlawfirm.com

*Proposed Steering Committee*

Michael Alan Johnson
**MICHAEL A. JOHNSON & ASSOCIATES**

415 North LaSalle Street, Suite 502
Chicago, IL 60654
Tel:  (312) 222-0660
Email: mjohnsonlawyer@aol.com

***Additional Plaintiffs' Counsel***

The following attorneys have appeared on behalf of Defendant:

Robert M. Andalman
Candace Gaston Turner
**A&G LAW LLC**
542 South Dearborn Street, 10th Floor
Chicago, IL 60605
Tel:  (312) 341-3900
Email:  randalman@aandglaw.com
Email:  cturner@aandglaw.com

Frederick Robinson (Lead Trial Attorney)
Selina Coleman
Megan Fanale Engel
**NORTON ROSE FULBRIGHT US LLP**
799 9th Street NW, Suite 1000
Washington, D.C., 20001-4501
Tel:  (202) 662-0200
Email:  rick.robinson@nortonrosefulbright.com
Email: selina.coleman@nortonrosefulbright.com
Email:  megan.engel@nortonrosefulbright.com

Marc B. Collier
**NORTON ROSE FULBRIGHT US LLP**
98 San Jacinto Blvd., Suite 1100
Austin, TX 78701
Tel:  (512) 474-5201
Email:  marc.collier@nortonrosefulbright.com

**B.**      **State the basis for federal jurisdiction.**

Plaintiffs allege that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because this is a class action, there is minimal diversity, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.  Plaintiffs further allege that the Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

C. **Describe the nature of the claims asserted in the complaint and any counterclaims.**

Plaintiffs allege that Walgreens engaged in an unlawful scheme to inflate the usual and customary ("U&C") prices used to charge Plaintiffs for purchases of certain generic prescription drugs. Walgreens offers cash-paying members of the public access to a "Prescription Savings Club" ("PSC"), which provides access to more than 500 widely prescribed generic drugs ("PSC Generics") for between $5 and $30. Walgreens' PSC prices represent the actual U&C prices for PSC Generics and state and federal regulations required Walgreens to report and charge Plaintiffs the PSC prices as the U&C prices. Instead, Walgreens intentionally reported inflated U&C prices for drugs covered by the PSC on claims for reimbursement submitted to third-party payors. Because the reported U&C price is used to calculate the amount a consumer must pay, Walgreens also overcharged consumers and beneficiaries of third-party payors for PSC Generics by improperly collecting inflated copayments, coinsurance, or deductible amounts.

Plaintiffs assert claims of fraud and unjust enrichment arising under the common law and violations of the consumer protection laws of Arizona, California, Colorado, Florida, Georgia, Illinois, Louisiana, Minnesota, Nevada, North Carolina, Ohio, and Wisconsin.

Defendant denies all of these allegations. Walgreens has contracts with third-party payors, such as insurance companies, that define Walgreens' obligation to report what are defined in those contracts as its "Usual and Customary" ("U&C") prices. Walgreens reports its U&C prices entirely consistent with the terms of those contracts. Walgreens' "Prescription Savings Club" ("PSC") does not involve "usual and customary" sales. Rather, that program – as the term "savings" connotes – provides for discounts to members who pay an annual fee to participate and who pay cash for their prescriptions. The terms and pricing for PSC members are widely known and openly published, including to third-party payors and to customers, such as

4

the named plaintiffs. The complaint describes no false statements, no reliance on any such statements by any plaintiff, and no harm to any plaintiff from these well-known facts.

On June 22, 2017, Plaintiffs filed an Amended Complaint. (ECF No. 46.) On July 20, 2017, Defendant filed a Motion to Dismiss. (ECF No. 54.) The Court granted in part and denied in part Defendant's Motion by Order dated March 9, 2018. (ECF No. 91.)

    **D.**     **A statement of the major legal and factual issues in the case to be submitted by each side in 200 words or less per side. A party need not agree to the opposing party's statement.**

**Plaintiffs' Statement:**

This action will resolve the following legal and factual issues:

- Whether Walgreens artificially inflated the U&C prices it reported and charged for PSC Generics above the price that cash-paying Walgreens' customers pay for the same prescriptions;

- Whether Walgreens omitted and concealed material facts from its communications and disclosures regarding its pricing scheme;

- Whether Walgreens has overcharged, and continues to overcharge, Plaintiffs and Class members who paid for PSC Generics;

- Whether Walgreens engaged in fraud, unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in connection with the pricing and sale of PSC Generics;

- Whether Plaintiffs' claims can be certified as a class action under Fed. Rule Civ. P. 23(a) and (b);

- Whether, as a result of Walgreens' misconduct, Plaintiffs and Class members have suffered damages, and, if so, the appropriate measure of damages to which they are entitled;

- Whether, as a result of Walgreens' misconduct, Plaintiffs and Class members are entitled to equitable or other relief, and, if so, the nature of such relief; and

- Whether, as a result of Walgreens' misconduct, Walgreens should be enjoined from engaging in such conduct in the future.

**Defendant's Statement:**

- Whether Walgreens complied with the terms of its contracts with the relevant third-party payors concerning reporting of its U&C pricing and, particular, whether Walgreens was required by those contracts to report its subscription-based PSC prices as its U&C prices to individuals or groups, including Plaintiffs, who did not join the PSC program;

- Whether Walgreens provided material information regarding the pricing of brand-name and generic drugs included within the PSC publicly to all customers, including Plaintiffs, in its communications and disclosures;

- Whether any Plaintiff suffered any actual damages based on Walgreens' reporting of U&C pricing in accord with its contracts with third-party payors.

- Whether Plaintiffs have proven by a preponderance of the evidence that Walgreens engaged in any fraud or misrepresentation or violated any state consumer protection statute in connection with the pricing and sale of PSC Generics;

- Whether plaintiffs have standing to assert violations of state consumer protection statutes with regard to transactions that have no nexus to the subject state;

6

- Whether Plaintiffs' claims are barred by the economic loss doctrine;

- Whether Plaintiffs have sued the correct defendant, if their claims sound in contract;

- Whether Plaintiffs' claims can be certified as a class action under Fed. Rule Civ. P. 23(a) and (b);

- Whether legal or equitable relief is proper in light of Plaintiffs' allegations that they now know and can make decisions about where to buy generic pharmaceuticals based on knowledge of the material facts;

- Whether Walgreens possesses any affirmative defenses; and

- Whether any or all of Plaintiffs' claims are barred by the statute of limitations.

**E.     Describe the relief sought by the plaintiff(s).**

Plaintiffs seek to recover damages and restitution on behalf of themselves and the Class, as a result of the amounts that they overpaid for their prescription drugs. Plaintiffs also seek to require Defendant to disgorge any profits resulting from the purchases Plaintiffs and the Class made for PSC Generics during the applicable statutes of limitations. Plaintiffs further seek a declaratory judgment that Defendant's practices are unlawful and an injunction enjoining the continuation of Defendant's practices.

Defendant denies that any relief is appropriate.

**II.     Pending Motions and Case Plan**

**A.     Next Status Hearing**

A Status Hearing is set for  **Wednesday, April 4, 2018, at 9:00 a.m.** pursuant to ECF No. 89.

**B.     Identify All Pending Motions**

On January 25, 2018, Plaintiffs in *Forth* and in the related later-filed action *International Union of Operating Engineers Local 295-295c Welfare Fund v. Walgreen Co.*, No. 17-cv-07515

(N.D. Ill.) ("*IUOEL 295*"), filed a Motion for Consolidation of Related Actions and Appointment of Interim Co-Lead Class Counsel ("Motion for Consolidation"). (ECF No. 87.) During the March 7, 2018, Status Hearing, the Court continued the Motion for Consolidation until April 4, 2018, to afford Plaintiffs' counsel in the *Forth* and *IUOEL 295* actions an opportunity to review the Court's decision on Defendant's Motion to Dismiss. Having done so, for the reasons stated in their Motion for Consolidation, Plaintiffs respectfully request that the Court consolidate the *Forth* and *IUOEL 295* actions and appoint Interim Co-Lead Class Counsel. Defendants are in agreement with Plaintiffs' proposed approach.

The parties propose that, following the filing of a Consolidated Amended Complaint, Defendant be permitted to file a motion pursuant to Rule 12(b) that is limited in scope to the new claims asserted in the Consolidated Amended Complaint that were not addressed by the Court's March 9, 2018, Order. The parties propose the following schedule:

(a) Deadline for Plaintiffs' to file a Consolidated Amended Complaint: **Friday, April 13, 2018**;

(b) Deadline for Defendant to file a limited Rule 12(b) Motion addressing new claims: **Monday, May 14, 2018;**

(c) Deadline for Defendant to file an Answer on all claims previously addressed by the Court: **Wednesday, June 13, 2018**.

(d) Deadline for Plaintiffs to submit an Opposition: **Wednesday, June 13, 2018**.

(e) Deadline for Defendant to file a reply brief to support its Motion: **Friday, June 29, 2018**.

It is expressly agreed by the parties that Defendant maintains the objections to the Plaintiffs' complaint set forth in its motion to dismiss in the *Forth* case and that Defendant has those same objections with regard to the plaintiffs in the *IUOEL 295* case. Further, it is agreed that omission of those prior arguments from any new Rule 12(b) motion directed at the forthcoming Consolidated Amended Complaint shall not be deemed a waiver of those objections.

Given the complexity of the anticipated consolidated case, Defendant requests 25 pages, rather than 15 pages, to brief a motion to dismiss. Defendants agree that Plaintiff should be given the same number of pages for their response brief. Plaintiffs' position is that any expansion of the page limits should be based on articulated good cause after has the opportunity to review the  Consolidated Amended Complaint.

**C.** **Submit a proposal for a discovery plan, including the following information:**

**1.** **The general type of discovery needed;**

The parties anticipate that fact discovery will focus on: Defendant's PSC program; Defendant's setting and reporting of U&C rates; data concerning the amounts Defendant charged Plaintiffs and the Class; the amounts Defendant charged participants in Walgreens' PSC program; Walgreens' relationship with third-party payors and pharmacy benefit managers; Plaintiffs' contractual relationships with third-party payors and pharmacy benefit managers/administrators; as to IBEW 38 and International Union, their contractual relationships with Walgreens and its insured members; Plaintiffs' knowledge or opportunity to discover the PSC prices; Plaintiffs' eligibility for same; and information regarding whether the Plaintiffs have met the requirements set forth by the Federal Rules of Civil Procedure to be certified as a class.

As set forth below, the parties agree and recommend that the Court limit the use and numbers of discovery procedures. The parties reserve the right to request or oppose discovery as

the need arises, and reserve the right to meet and confer in the future in order to amend the applicable deadlines and limits as necessary.

**Plaintiffs' Position:**

As set forth below in Plaintiffs' proposals in §§ (II)(C)(3)-(5), Plaintiffs believe that a schedule for the case as a whole can now be set. Given that Plaintiffs served their First Request for Production of Documents in August 2017, and that the Court has already sustained the majority of the claims Plaintiffs asserted in their Amended Complaint, Plaintiffs believe that the key factual matters in dispute are well-known, *see e.g.*, *supra* Sections I.D & II.C.1, and that full discovery can commence immediately upon the filing of Plaintiffs' Consolidated Amended Complaint. Plaintiffs are, however, amenable to allowing discovery to commence after the parties exchange initial disclosures on Monday, May 14, 2018, provided that Defendant serves supplemented responses and objections to Plaintiffs' First Request for Production of Documents on that date, and that the parties continue in the interim to meet and confer regarding the metadiscovery ordered by ECF No. 74.

Plaintiffs anticipate deposing Defendant's employees and third-parties with whom Defendant contracted, including pharmacy benefit managers and other entities that associated with Defendant to implement the PSC. Plaintiffs accordingly propose the following limits on the use and numbers of discovery procedures as follows:

> (a)     20 depositions per side (not including experts); and

> (b)     45 interrogatories per side.

Plaintiffs anticipate calling at least two experts at class certification and trial, in addition to potential rebuttal experts, to provide testimony on topics including prescription drug pricing and Plaintiffs' damages.

**Defendant's Position:**

Defendant generally agrees with Plaintiffs' position, however, would ask for discovery to commence after the filing of initial disclosures on Monday, May 14, 2018, which will enable the parties to have a better sense of key factual matters before serving discovery requests. Further, Defendant disagrees that expansion of the limits of depositions and interrogatories set by the Federal Rules of Civil Procedure is necessary at this juncture. Defendant's position is that any expansion of the limits of depositions or interrogatories should be based on articulated good cause if and when the issue arises. Defendants also anticipate calling at least two experts at class certification and trial, in addition to potential rebuttal experts, to provide testimony on topics including prescription drug pricing and the alleged damages.

### 2. A date for Rule 26(a)(1) disclosures;

The parties propose exchanging Rule 26(a)(1) disclosures on or before **Monday, May 14, 2018**.

### 3. A date for the deadline for the amendment of pleadings;

The parties propose that the deadline to amend the pleadings should be **Monday, November 12, 2018**.

### 4. A fact discovery completion date;

The parties request that the Court tie the fact discovery completion deadline to the parties' briefing on Plaintiffs' Motion for Class Certification. The parties propose a fact discovery deadline of **Friday, August 16, 2019**, and the following schedule for Plaintiffs' Motion for Class Certification:

(f)     Plaintiffs' Motion: **Friday, July 26, 2019**;

(g)     Defendant's Opposition: **Friday, August 23, 2019**; and

(h)     Plaintiffs' Reply: **Friday, September 20, 2019**.

5.    **An expert discovery completion date, including dates for the delivery of expert reports; and**

Plaintiffs propose that the Court establish the following deadlines for disclosure of experts and experts' opinions:

(a)    Notice and identification of experts and disclosure of expert reports under Rule 26 by the party with the burden of persuasion on or before **Friday, March 20, 2020**;

(b)    Notice and identification of responsive experts and disclosure of expert reports under Rule 26 on or before **Friday, April 17, 2020**; and

(c)    Notice and identification of reply experts and disclosure of expert opinions under Rule 26 on or before **Friday, May 15, 2020**.

6.    **A date for the filing of dispositive motions.**

The parties propose that dispositive motions, including motions for summary judgment, shall be filed within 60 days following the Court's ruling on Plaintiffs' Motion for Class Certification.

D.    **With respect to trial, indicate the following:**

1.    **Whether a jury trial is requested**

Plaintiffs request a jury trial on all claims so triable.

2.    **The probable length of trial**

The parties believe that it will take approximately three weeks to conduct a trial in this matter.

III.    **Consent to Proceed Before a Magistrate Judge**

The parties respectfully decline to consent to proceed before a Magistrate Judge.

IV.    **Status of Settlement Discussions**

**A.      Indicate whether any settlement discussions have occurred;**

The parties have yet to engage in settlement discussions.

**B.      Describe the status of any settlement discussions; and**

Not applicable.

**C.      Whether the parties request a settlement conference.**

Plaintiffs request an early settlement conference before significant discovery occurs.

At the current time, Defendant believes that the parties can pursue informal discussions to determine whether a formal settlement conference would be an efficient use of the parties' time and resources. If those informal discussions lead to a realistic possibility of settlement, both parties can jointly request a settlement conference.

DATED: April 2, 2018

 *s/ Joseph P. Guglielmo (w/permission)*
Joseph P. Guglielmo
Erin Green Comite
Donald A. Broggi
Carey Alexander
**SCOTT+SCOTT,**
**ATTORNEYS AT LAW, LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile: 212-223-6334
jguglielmo@scott-scott.com
ecomite@scott-scott.com
dbroggi@scott-scott.com
calexander@scott-scott.com

Melissa Wolchansky
Amy E. Boyle
Susan M. Coler
**HALUNEN LAW**
1650 IDS Center
80 S. 8th Street
Minneapolis, MN 55402

 *s/ Robert M. Andalman*
Robert M. Andalman (Atty. No. 6209454)
Candace Gaston Turner (Atty. No. 6325097)
**A&G LAW LLC**
542 South Dearborn Street, 10th Floor
Chicago, IL 60605
Telephone: 312-341-3900
Facsimile: 312-341-0700
randalman@aandglaw.com
cturner@aandglaw.com

Frederick Robinson (admitted *pro hac vice*)
Selina Coleman (admitted *pro hac vice*)
Megan Fanale Engel (admitted *pro hac vice*)
**NORTON ROSE FULBRIGHT US LLP**
799 9th Street NW, Suite 1000
Washington, D.C., 20001-4501
Telephone: 202-662-0200
Facsimile: 202-662-4643
rick.robinson@nortonrosefulbright.com
selina.coleman@nortonrosefulbright.com
megan.engel@nortonrosefulbright.com

Telephone: 612-605-4098
Facsimile: 612-605-4099
wolchansky@halunenlaw.com
boyle@halunenlaw.com

Daniel K. Bryson
Jeremy R. Williams
**WHITFIELD, BRYSON & MASON, LLP**
900 W. Morgan Street
Raleigh, NC 27603
Telephone: 919-600-5000
Facsimile: 919-600-5035
Dan@wbmllp.com
Jeremy@wbmllp.com

Michael Alan Johnson
**MICHAEL A. JOHNSON &
ASSOCIATES**
415 North LaSalle Street, Suite 502
Chicago, IL 60654
Telephone: 312-222-0660
Facsimile: 312-222-1656
mjohnsonlawyer@aol.com

Michael S. Brandner, Jr.
**BRANDNER LAW FIRM, LLC**
1100 Poydras St., Suite 1502
New Orleans, LA 70163
Telephone: 504-552-5000
Facsimile: 504-521-7550
Michael@BrandnerLawFirm.com

Andrew A. Lemmon
**LEMMON LAW FIRM LLC**
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Telephone: 985-783-6789
Facsimile: 985-783-1333
andrew@lemmonlawfirm.com

Joseph S. Tusa, Esq.
**TUSA P.C.**
P.O. Box 566
Southold, NY 11971
Telephone: 631-407-5100

Marc B. Collier (admitted *pro hac vice*)
**NORTON ROSE FULBRIGHT US LLP**
98 San Jacinto Blvd., Suite 1100
Austin, TX 78701
Telephone: 512-474-5201
Facsimile: 512-536-4598
marc.collier@nortonrosefulbright.com

*Attorneys for Defendant Walgreen Co.*

Facsimile:   516-706-1373
joseph.tusapc@gmail.com

*Attorneys for Plaintiffs Dorothy Forth, Troy Termine, Cynthia Russo, and International Brotherhood of Electrical Workers Local 38 Health and Welfare Fund*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 2, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

*<u>s/ Robert M. Andalman</u>*
Robert M. Andalman
