## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DOROTHY FORTH, DONNA BAILEY, LISA BULLARD, RICARDO GONZALES, CYNTHIA RUSSO, TROY TERMINE, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 38 HEALTH AND WELFARE FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 295-295C WELFARE FUND, AND STEAMFITTERS FUND LOCAL 439, on Behalf of Themselves and All Others Similarly Situated, | Civil No.: 1:17-cv-02246 **JOINT STATUS REPORT** |
| Plaintiffs, | |
| v. | |
| WALGREEN CO., | |
| Defendant. | |

The Parties, through their respective counsel, respectfully submit for the Court's consideration the following Joint Status Report for the status hearing continued to March 6, 2019, at 10:45 a.m. (ECF Nos. 128 & 130.)

## I.      Deposition of Individual Plaintiffs

### A.      Plaintiffs' Statement

The depositions of the Individual Plaintiffs are proceeding as indicated in the Parties' prior Joint Status Report (ECF No. 126 § I). Plaintiffs have made available, and Walgreens has now deposed, Plaintiffs Lisa Bullard, Ricardo Gonzales, and Cynthia Russo. Plaintiff Dorothy Forth's deposition is scheduled to be taken on March 11, 2019, in Kilgore, Texas. Plaintiff Troy Termine's deposition was adjourned to allow Mr. Termine to confirm the completeness of his

document production.   Mr. Termine will confirm his production is complete and offer new deposition dates by March 7, 2019.

Walgreens's make-weight description of the Individual Plaintiff deposition process is unavailing.  Prior to Ms. Bullard's deposition, she produced her 2018 prescription drug plan card that she found in her possession after a diligent search and she produced her prescription history that she requested from Walgreens.[1]  Plaintiffs' counsel also prepared a chart indicating her plans with BIN and group numbers based upon the information available.  Walgreens accessed from their own records Ms. Bullard's prescription history at Walgreens prior to her deposition.  That transaction data indicates, where applicable, the third-party payers for a particular fill.  At Ms. Bullard's deposition, she produced to Walgreens her 2019 prescription drug plan card that had only recently been issued, which contained the ***same*** information as the 2018 card.

Similarly, Mr. Gonzales conducted a diligent search for documents in response to Defendant's discovery requests and produced responsive documents to Defendant prior to his deposition.   After Mr. Gonzales discovered additional documents ***while preparing for his deposition***, the documents were immediately produced, also prior to his deposition.  Defendant did not seek to postpone Mr. Gonzales's deposition.  At deposition, Mr. Gonzales testified his wife may have kept prescription drug receipts in connection with preparing their tax returns.  Walgreens did not request Individual Plaintiffs' tax returns in its request for production, and Walgreens made this request for the first time at Mr. Gonzales's deposition.  In addition, Walgreens has, from its own records, a complete transaction history of Mr. Gonzales's prescription fills, including the amount he paid for each fill.  Any Walgreens receipts Mr.

---

[1] As Plaintiffs have informed Walgreens, and as Ms. Bullard testified, Ms. Bullard's husband was the primary insured and Ms. Bullard was a beneficiary of her husband's plan.  Thus, for ease of reference, Ms. Bullard refers to the insurance card she produced prior to the deposition as "her" insurance card.

Gonzales's wife might have from their tax returns would be duplicative of the information that Walgreens already has in its possession and about which Walgreens could have deposed Mr. Gonzales already. Walgreens has not indicated they will seek to continue Mr. Gonzales's deposition on this issue. Walgreens's transaction data is a better source for the information that would be contained in the receipts than deposition testimony could ever be. To the extent that Mr. Gonzales has additional, non-objectionable responsive documents in his possession, custody, or control, Mr. Gonzales will produce them to Walgreens. Mr. Gonzales, however, objects to the production of his and his wife's tax returns.

Individual Plaintiffs continue to work with Walgreens to resolve any issues raised with Individual Plaintiffs' production.

**B.    Defendant's Statement**

The depositions of the Individual Plaintiffs have not all proceeded as indicated in the Parties' prior Joint Status Report (ECF No. 126 § I). The Individual Plaintiffs' deposition dates were set forth in the Report, but Walgreens noted in that Report that the dates were contingent on Plaintiffs confirming the completion of document production for each Individual Plaintiff by January 23, 2019. Based on representations of completeness made by Plaintiffs' counsel, Walgreens proceeded with the depositions of Lisa Bullard, Ricardo Gonzales, and Cynthia Russo. During Ms. Bullard's deposition, however, it was revealed that Ms. Bullard had not produced her prescription drug plan card. While Plaintiffs claim that Ms. Bullard produced her 2018 prescription drug benefit card, she did not. She did produce prescription drug benefit cards of her husband, but prior to the deposition had not produced any of her own cards. On February 20, 2019, Walgreens' counsel wrote to Plaintiffs' counsel asking them to identify the bates numbers for the insurance card they believe Ms. Bullard had produced, but Walgreens' counsel

received no response.  And even though Plaintiffs' counsel reported on January 17, 2019 that Mr. Gonzales's document production was complete, which at that point consisted of only 43 pages of documents, on February 5 and 6, 2019 – days before Mr. Gonzales's February 12, 2019 deposition – Mr. Gonzales produced nearly 300 additional pages of documents.  In addition, during his deposition, Mr. Gonzales testified that these additional documents came from a search for documents in his computer using search terms provided by his counsel and that he had not previously been asked to conduct such a search.  Mr. Gonzales also testified that he has receipts from pharmaceutical purchases going back ten years, but such documents still have not been produced.

As a result of these production issues, on February 15, 2019, Walgreens' counsel wrote to Plaintiffs' counsel indicating their concern regarding the process that the Individual Plaintiffs have employed to search for responsive documents, including whether Plaintiffs' counsel have been sufficiently involved in that process.  As a result, Plaintiffs' counsel suggested that Mr. Termine's deposition be adjourned to make sure that he produces all of his responsive documents prior to his deposition.  A new date has yet to be set.  In addition, at the depositions of Ms. Bullard, Mr. Gonzales, and Cynthia Russo, Walgreens' counsel had to state on the record that it reserves the right to call back the witnesses based upon any additional documents that remain to be produced.

Dorothy Forth's deposition remains scheduled for March 11, 2018, although Plaintiffs' counsel has informed Walgreens' counsel that Ms. Forth has not yet produced all of her responsive documents.  If Ms. Forth is not able to confirm that her production is complete by early next week, Walgreens may need to reschedule Ms. Forth's deposition.

## II.        Production and Review of Discovery Materials

### A.        Plaintiffs' Statement

Since January 23, 2019, out of the over 1.3 million documents it has collected, Walgreens made only two additional document productions spanning a total of just over 25,000 pages. Plaintiffs understand that Walgreens intends to substantially complete its production by April 2019.

While Walgreens suggests that Plaintiffs now have the information necessary to amend the pleadings, Walgreens has only produced a limited subset of documents related to third-parties, including a limited number of contracts with a limited number of PBMs.  The deadline to amend should not serve to limit Plaintiffs to asserting claims that sound only in contract.  The nine non-parties Plaintiffs have subpoenaed, however, have been unwilling to further discuss their own productions until Plaintiffs can represent that Walgreens has produced any potentially responsive documents at issue.  Allowing Plaintiffs the time needed to review Walgreens' production, meet and confer with the non-parties, and receive and review any resulting productions in no way prejudices Walgreens.  Nor are Walgreens' concerns regarding the close of fact discovery well-founded.  Judge Lee specifically declined to enter a more expansive scheduling order for the remainder of the case, and as indicated, Plaintiffs may seek as necessary an extension of the August 16, 2019 fact discovery deadline.

### B.        Defendant's Statement

Walgreens has collected over 5 million documents, including for the additional custodians agreed to at the last status conference.  Of those 5 million documents, over 1.3 million documents have been identified for analysis utilizing the agreed upon search terms. Walgreens has reviewed approximately 576,000 documents to date, 90,000 since the January 23, 2019 status

conference – the vast majority of which are non-responsive – and has produced over 102,000 pages of documents responsive to Plaintiffs' requests.

Walgreens understood from the last status report that Plaintiffs had intended to substantially complete productions by the week of February 4, 2019, but Plaintiffs' production is not yet complete.

## III.    Use of Predictive Coding

The parties have continued to meet and confer regarding the use of predictive coding by Walgreens.  There are only a few outstanding issues at this juncture related to the testing and validation of the documents that are below the proposed cut-off point where Walgreens would cease review and those documents would not be reviewed or produced.  The parties are working through these issues in a cooperative manner and believe they are likely to reach an agreement. In the event the parties are unable to reach agreement, they will promptly notify the Court and, if necessary, request Court involvement in resolving any disputes.

## IV.    Interim Discovery Deadlines

### A.    Plaintiffs' Statement

As discussed in Plaintiffs' Motion to Extend the Deadline to Amend the Pleadings and Join Parties (ECF No. 132), Plaintiffs respectfully request that the Court extend the deadline to amend the pleadings and join parties until June 15, 2019, 45-days after Walgreens intends to substantially complete its document production.  Walgreens has consented to an extension until April 1, 2019, a deadline that would prejudice Plaintiffs' ability to prosecute their case. Walgreens has indicated that it does not even intend to substantially complete its document production for the eight custodians originally identified in Walgreens' May 14, 2018, Initial Disclosures until March 31, 2019.

### B.    Defendant's Statement

Walgreens stated in the last Joint Status Report that it agreed to an extension of the deadline to amend the pleadings and join parties to April 1, 2019.  Walgreens does not see a basis to extend the deadline until June 15, 2019, as Plaintiffs have requested, when fact discovery is scheduled to close on August 16, 2019.  Plaintiffs filed this case in March 2017, amended the complaint in June 2017, and amended it again in May 2018.  For months, Walgreens has prioritized the production of documents that Plaintiffs claim they need to decide whether to amend the pleadings, including communications with PBMs and contracts with PBMs.  Plaintiffs have received sufficient information to decide now whether to further amend their complaint, and certainly will have more than sufficient information to do so by April 1, 2019.  Indeed, as Plaintiffs acknowledged in their own Motion to Extend the Deadline, the Court stated at the November 6, 2018 status hearing that the purpose of the deadline is to "allow the parties to see *some discovery* before they make any determination as to whether or not they are going to amend," (11/6/18 Hrg. Tr., at 7:22-8:3) (emphasis added), not *all discovery*.

If the deadline for amending the pleadings were extended to June 15, 2019, and Plaintiffs are permitted to amend their Complaint again, introducing new allegations, legal theories, or defendants less than two months before the deadline for fact discovery, Walgreens will be unduly prejudiced.  Indeed, in such a circumstance, Walgreens will likely have to re-take the depositions of the named Plaintiffs and document discovery will likely need to be reopened, potentially requiring the fact discovery deadline to be extended by a significant amount of time, which would be very costly for Walgreens and delay the ultimate resolution of this case.

Under Rule 15, leave to amend should be denied where it would cause "undue prejudice to the opposing party."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Here, were Plaintiffs to add new theories or allegations that would require Walgreens to go back and search for yet more

documents or re-take Plaintiffs' depositions, it would cause undue burden on Walgreens. By the end of March, Walgreens will have produced sufficient documents, including the documents Plaintiffs claim they need the most, for Plaintiffs to decide whether to amend the Complaint. *See, e.g.*, *McCann v. Frank B. Hall & Co.*, 109 F.R.D. 363, 363 (N.D. Ill. 1986) (denying leave to amend when a plaintiff sought to alter theories of liability and recovery approximately 45 days before the discovery cut off stating "where the amendment significantly changes the complaint, thereby necessitating substantial additional discovery, leave to amend should be denied," because "[i]f the pleadings change, the theory of the case also changes, and the parties' approach to discovery can shift dramatically. When a complaint's theories of liability and recovery are altered after discovery is substantially completed, the defendant has the right to obtain information regarding the new claims through additional discovery. Depositions which have already been taken may have to be repeated to pursue these additional claims. The same is true with respect to document requests and interrogatories.").

Walgreens requests that the Court extend the date for Plaintiffs to amend the pleadings to a date not later than April 1, 2019.

## V.     Other Issues

The parties have several outstanding discovery issues that may ripen into disputes for the Court to resolve.

### A.     Structured Data

#### 1.     Plaintiffs' Position

In October 2017, Walgreens identified 14 "key fields" that it believed would be appropriate for a pull of structured data from the EDW. On December 21, 2018, Walgreens produced to Plaintiffs a crosswalk document how NCPDP codes related to the tables and attributes appearing in Walgreens' EDW. By email dated January 22, 2019, Plaintiffs requested

that Walgreens produce data from the EDW fields identified in October 2017 and the EDW fields relating to the codes promulgated by the NCPDP that Walgreens identified on December 21, 2018. On January 28, 2019, Walgreens replied that it "had already coordinated with Walgreens on a pull of structured data for the individual Plaintiffs and will endeavor to provide you with relevant data yielded from that pull by [February 1, 2019]."

On February 1, 2019, Walgreens produced structured data to Plaintiffs that was neither what Plaintiffs requested nor what Plaintiffs understood that Walgreens had agreed to provide. The data contained 41 fields, many of which did not correspond to the fields identified in Walgreens' previously produced data dictionaries or crosswalk document. Of the more than 250 fields identified in Walgreens' crosswalk document, only 24 were included in Walgreens' production.

By correspondence dated February 6, 2019, Walgreens explained that it had "coordinated with Walgreens on a pull of structured data for the individual Plaintiffs" only for its own purpose of preparing for the Plaintiffs' depositions, and that "[a]t no point has Walgreens agreed to request any additional fields beyond those which Walgreens had already requested for its own preparation." After Plaintiffs rejected as premature Walgreens' proposal to proceed to a final pull of structured data that might inform expert analysis in this action, and explain that Walgreens had again failed to provide Plaintiffs with any understanding of the data available in its systems, Walgreens on February 15, 2019, offered to produce data from seven tables, spanning over 725 fields, relating to a single prescription. Plaintiffs, on February 21, 2019, asked that Walgreens produce data from an additional four relevant tables, and for an additional nine prescriptions.

Plaintiffs anticipate that they will be able to reach agreement with Walgreens over the scope of the production of a sample pull of structured data; however, if the parties are unable to do so, given the discovery deadlines, Plaintiffs request that the parties present their dispute to the Court at the next status conference.

2. Defendant's Position

Walgreens began proposing a sample pull of structured data in October 2017, and has worked with Plaintiffs to address all requests related to the structured data since that time. On February 28, 2019, Walgreens shared a sample set of data to facilitate the Parties' discussions, and remains committed to working with Plaintiffs to determine the fields for a mutually agreeable transactional data pull.

**B.      Plaintiffs' First Set of Interrogatories**

The Parties are continuing to meet and confer to discuss the sufficiency of Walgreens' Supplemental Responses to Plaintiffs' First Set of Interrogatories.

**C.      Defendant's First Set of Interrogatories**

The Parties are continuing to meet and confer to discuss the sufficiency of Plaintiffs' Responses to Defendant's First Set of Interrogatories.

**D.      Defendant's First Set of Requests for Production**

The Parties are continuing to meet and confer to discuss the sufficiency of Plaintiffs' Responses to Defendant's First Set of Requests for Production, but the Parties have not yet met and conferred regarding the issues that Walgreens has with Individual Plaintiffs' productions.

**E.      Plaintiffs' Document Production**

At the depositions of the Individual Plaintiffs, Walgreens identified documents that the named Plaintiffs have not produced that Walgreens believe should have been produced.

Walgreens requested that those documents now be produced. The parties will be meeting and conferring to discuss the sufficiency of the Individual Plaintiffs' document productions.

### F.      Plaintiffs' 30(b)(6) Deposition Notice

The parties are continuing to meet and confer to discuss the scope of Plaintiffs' Second Amended Notice of Deposition Pursuant to Rule 30(b)(6).

### G.      Defendants' 30(b)(6) Deposition Notice

Walgreens' 30(b)(6) notice to the Fund Plaintiffs was served on January 22, 2019, seeking testimony on 37 topics. Plaintiffs served their objections and responses to Walgreens' 30(b)(6) notice to the Fund Plaintiffs, and the Parties are to meet and confer to discuss the scope, but have not yet scheduled a time to do so. Based upon Plaintiffs' representation in the January 23, 2019 Joint Status Report that they would be substantially complete with the Fund Plaintiffs' productions of documents by the week of February 4, 2019, Walgreens proposed deposition dates for the three Fund Plaintiffs to take place March 15, 19, and 22. Fund Plaintiffs collected approximately 1.6 million documents (more than the initial 1.3 million documents that Walgreens collected initially). Fund Plaintiffs ran the agreed-upon search terms to narrow the universe of documents to review, and then, on their own initiative, ran an additional set of search terms to verify the completeness of Fund Plaintiffs' production. Fund Plaintiffs' production is now substantially complete. Fund Plaintiffs are redacting a relatively small number of documents and should be able to produce those to Defendant the week of March 4, 2019. The Parties are in the process of meeting and conferring over dates for the depositions of the Fund Plaintiffs.

DATED: March 1, 2019

 s/ Selina Coleman

Selina Coleman (*pro hac vice*)
Frederick Robinson (*pro hac vice*)
Michael Scott Leib
Anthony Robert Todd
**Reed Smith LLP**
1301 K Street, N.W.
Suite 1100 East Tower
Washington, DC 20005
Telephone: 202-414-9200
*frobinson@reedsmith.com*
*scoleman@reedsmith.com*
*mleib@reedsmith.com*
*atodd@reedsmith.com*

*Attorneys for Defendant Walgreen Co.*

 s/ Joseph P. Guglielmo (w/permission)

Joseph P. Guglielmo (*pro hac vice*)
Erin Green Comite (*pro hac vice*)
Donald A. Broggi (*pro hac vice*)
Carey Alexander (*pro hac vice*)
Julie A. Kearns (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-4478
*jguglielmo@scott-scott.com*
*ecomite@scott-scott.com*
*calexander@scott-scott.com*
*jkearns@scott-scott.com*

Jason H. Alperstein (IL Bar #0064205)
Stuart A. Davidson (*pro hac vice*)
Mark J. Dearskin (*pro hac vice to be filed*)
Eric S. Dwoskin (IL Bar #112459)
**ROBBINS GELLER RUDMAN**
  **& DOWD LLP**
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561-750-3000
*jalperstein@rgrdlaw.com*
*sdavidson@rgrdlaw.com*
*mdearman@rgrdlaw.com*
*edwoskin@rgrdlaw.com*

*Plaintiffs' Interim Co-Lead Counsel*

James E. Barz (IL Bar #6255605)
Frank A. Richter (IL Bar #6310011)
**ROBBINS GELLER RUDMAN**
  **& DOWD LLP**
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312-674-4674
*jbarz@rgrdlaw.com*
*frichter@rgrdlaw.com*

*Plaintiffs' Local Counsel*

12

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 1st day of March, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

*s/ Selina Coleman*
Selina Coleman
