**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DOROTHY FORTH, LISA BULLARD, RICARDO GONZALES, CYNTHIA RUSSO, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 38 HEALTH AND WELFARE FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 295-295C WELFARE FUND, AND STEAMFITTERS FUND LOCAL 439, on Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> WALGREEN CO., <br><br> Defendant. | Civil No.: 1:17-cv-02246 <br><br> **JOINT STATUS REPORT** |

The parties, through their respective counsel, respectfully submit for the Court's consideration the following Joint Status Report for the status hearing continued to April 10, 2019, at 10:30 a.m. (ECF Nos. 139 & 146).

**I.  Defendant's Motion to Compel**

As directed by the Court at the March 6, 2019 status hearing, the parties met and conferred and agreed on a briefing schedule regarding Defendant's Motion to Compel. Pursuant to that agreement, Walgreens, on March 27, 2019, filed its Motion to Compel. (ECF No. 142). Plaintiffs on April 5, 2019 filed their Opposition. (ECF No. 148). Walgreens anticipates filing a motion for

leave to file a reply, with the proposed reply, on April 8, 2019.[1] The parties will be prepared on April 10, 2019 to present argument as to Walgreens' Motion.

**II.     Use of Predictive Coding**

The parties are continueing to meet and confer regarding the use of predictive coding by Walgreens. The parties are currently meeting and conferring on the testing and validation of the documents that are below the proposed cut-off point where Walgreens would cease review and those documents would not be reviewed or produced, identified in the parties' Joint Status Report of March 1, 2019 (ECF No. 137).

**III.    Depositions of Individual and Fund Plaintiffs**

On March 11, 2019, Walgreens deposed Plaintiff Forth. Plaintiffs have made available, and Walgreens has now deposed, each of the Individual Plaintiffs.[2]

The parties have confirmed the following deposition dates for the Fund Plaintiffs:

- May 7 – Plaintiff International Brotherhood Of Electrical Workers Local 38 Health And Welfare Fund

- May 9 – Plaintiff International Union Of Operating Engineers Local 295-295c Welfare Fund

- May 14 – Plaintiff Steamfitters Fund Local 439

---

[1]     Plaintiffs object to the filing of a reply by Walgreens, as the briefing schedule agreed to by the parties – which was subsequently submitted to Magistrate Judge Finnegan's Courtroom Deputy on March 21, 2019 – did not contemplate such a filing. Moreover, when meeting and confering on the briefing schedule, counsel for Walgreens specifically stated that Walgreens would not seek to file a reply in connection with any motion to compel that was filed.

[2]     On March 22, 2019, following discussions with Walgreens, the parties stipulated to voluntarily dismiss Plaintiff Termine's individual claims. (ECF No. 140). The Court accordingly dismissed Plaintiff Termine's individual claims on March 27, 2019. (ECF No. 141).

### IV. Production and Review of Discovery Materials

#### A. Plaintiffs' Statement

In the parties' last Joint Status Report (ECF No. 137), Walgreens reported that it has collected over 5 million documents, and that over 1.3 million documents were identified for analysis utilitzing the parties' agreed-upon search terms. On March 29, 2019, Walgreens informed Plaintiffs that it had substantially completed producing the non-privileged, responsive documents collected and reviewed from the original eight custodians. The total production for these custodians constitutes under 12,000 documents, totaling less than 45,000 pages.

Walgreens has since confirmed to Plaintiffs that while it intends to substantially complete production as to all remaining custodians by the end of April, it has also confirmed that it does not intend to provide Plaintiffs with a privilege log – or even assess the volume of privileged material – until after it has substantially completed its production.

#### B. Defendant's Statement

Walgreens stated in the Joint Status Report filed on January 18, 2019 (ECF No. 126) that it intended to substantially complete production for the documents that it had collected by the end of April, except for those collected documents that would require privilege review and certain documents that may require confidentiality redactions. Walgreens' position was again confirmed by the parties in the Joint Status Report filed on March 1, 2019 (ECF No. 137). Walgreens' representations in both remain accurate.

To date, Walgreens has reviewed over 635,000 documents, the vast majority of which have been non-responsive, and has produced over 136,000 pages. Walgreens intends to produce over 5,000 additonal documents related to Walgreens' contracts with PBMs by April 12, 2019.

3

## V. Other Issues

The parties are continuing to address several outstanding discovery issues that may ripen into disputes that the parties will ask the Court to resolve.

### A. Structured Data

The parties are continuing to meet and confer to discuss Plaintiffs' request for structured data.

### B. Plaintiffs' 30(b)(6) Deposition Notice

On January 15, 2019, Plaintiffs served Walgreens with its Second Amended Notice of Deposition Pursuant to Rule 30(b)(6). Rather than provide written objections and responses to either Notice, Walgreens elected to convey its concerns to Plaintiffs through a series of meet and confers. Plaintiffs, by letter dated April 8, 2019, have proposed narrowing the scope of several of the topics noticed.

The parties will continue to meet and confer to discuss the scope of Plaintiffs' Second Amended Notice of Deposition Pursuant to Rule 30(b)(6).

### C. Defendant's 30(b)(6) Deposition Notice

On February 19, 2019, Plaintiffs served Walgreens with their objections and responses to Walgreens' 30(b)(6) notice to the Fund Plaintiffs. The parties have met and conferred regarding Plaintiffs' objections and responses, and on April 5, 2019, Plaintiffs provided Walgreens with a proposal to address several of Walgreens' concerns. The parties will continue to meet and confer to discuss the scope of Walgreens' 30(b)(6) notice to the Fund Plaintiffs.

### D. Defendant's Interrogatory No. 6

#### 1. Defendant's Statement

On February 6, 2019, Walgreens served its Second Set of Interrogatories on Plaintiffs. Included was Interrogatory 6, which states:

> For each Individual Plaintiff, and for each year during the Relevant Time Period, identify whether the Individual Plaintiff's insurance coverage contained an annual maximum out-of-pocket limit that applied to only prescription drug costs or all medical costs, including prescription-drug costs, and if such a maximum out-of-pocket limit did exist, identify the amount of the maximum out-of-pocket limit and whether the Individual Plaintiff reached the maximum out-of-pocket limit.

On March 8, 2019, the Individual Plaintiffs served their response to Interrogatory No. 6 objecting to the Interrogatory, in part, on the basis that it allegedly seeks information "unrelated to prescription drug costs" and, therefore, was "not relevant to any claim or defense at issue in this action." The Individual Plaintiffs referred Walgreens to produced insurance-plan documents, but those documents do not provide all of the information requested by Interrogatory No. 6. Plaintiffs then served Amended Responses and Second Amended Responses to Walgreens' Second Set of Interrogatories with the same response to Interrogatory No. 6.

Walgreens' position, for the same reasons as those set forth on page 9 of Walgreens' Motion to Compel, is that information related to any out-of-pocket limits in the Individual Plaintiffs' prescription drug plans is relevant to Plaintiffs' damages claims. In order for Walgreens to investigate the effect that any out-of-pocket limit had on the Individual Plaintiffs' alleged damages, Walgreens needs the Individual Plaintiffs to identify those limits.

The parties have met and conferred on this issue and have yet to reach a resolution. Walgreens is prepared to meet and confer again on the issue, although if the Individual Plaintiffs refuse to provide the requested information, Walgreens may need to move to compel a response.

It is possible, however, that the Court's resolution of the pending Motion to Compel will inform the parties as to the Court's view on this issue such that a Motion to Compel may not be needed.

### 2. Plaintiffs' Statement

As Walgreens appears to acknowledge, Plaintiffs agree that their response to Interrogatory No. 6 is not currently ripe for judicial resolution. Plaintiffs believe, however, that resolution of Walgreens' pending Motion to Compel (ECF No. 142) should inform the resolution of Walgreens' concerns regarding Interrogatory No. 6.

As discussed on page 12 of Plaintiffs' Opposition to Walgreens' Motion to Compel (ECF No. 148), Walgreens' request for information regarding any out-of-pocket limit that may have applied to prescription drug purchases is irrelevant to the claims or defenses in this action because the Individual Plaintiffs are not seeking damages for transactions in which they had no cost-sharing obligation. As explained during the parties' meet and confers, such transactions should be readily identifiable in Walgreens' production of structured data. Moreover, it is Plaintiffs' understanding that in submitting a claim for adjudication, Walgreens receives, in response, specific information regarding the dollars remaining until the claimant is totally in benefit and thus pays no out-of-pocket expense.

Plaintiffs remain willing to meet and confer with Walgreens to address the issue in light of the Court's resolution of Walgreens' pending Motion to Compel.

DATED: April 8, 2019

| | |
|---|---|
| *s/ Michael Leib (w/ permission)* | *s/ Joseph P. Guglielmo* |
| Michael Scott Leib | Joseph P. Guglielmo (*pro hac vice*) |
| Anthony Robert Todd | Erin Green Comite (*pro hac vice*) |
| **Reed Smith LLP** | Donald A. Broggi (*pro hac vice*) |
| 10 S Wacker Dr # 4000 | Carey Alexander (*pro hac vice*) |
| Chicago, IL 60606 | Julie A. Kearns (*pro hac vice*) |

312-207-1000
*mleib@reedsmith.com*
*atodd@reedsmith.com*

Frederick Robinson (*pro hac vice*)
Selina Coleman (*pro hac vice*)
**Reed Smith LLP**
1301 K Street, N.W.
Suite 1100 East Tower
Washington, DC 20005
Telephone: 202-414-9200
*frobinson@reedsmith.com*
*scoleman@reedsmith.com*

*Attorneys for Defendant Walgreen Co.*

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-4478
*jguglielmo@scott-scott.com*
*ecomite@scott-scott.com*
*calexander@scott-scott.com*
*jkearns@scott-scott.com*

Jason H. Alperstein (IL Bar #0064205)
Stuart A. Davidson (*pro hac vice)*
Mark J. Dearman (*pro hac vice to be filed*)
Eric Scott Dwoskin (*pro hac vice*)
**ROBBINS GELLER RUDMAN
 & DOWD LLP**
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561-750-3000
*jalperstein@rgrdlaw.com*
*sdavidson@rgrdlaw.com*
*mdearman@rgrdlaw.com*
*edwoskin@rgrdlaw.com*

*Plaintiffs' Interim Co-Lead Counsel*

James E. Barz (IL Bar #6255605)
Frank A. Richter (IL Bar #6310011)
**ROBBINS GELLER RUDMAN
 & DOWD LLP**
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312-674-4674
*jbarz@rgrdlaw.com*
*frichter@rgrdlaw.com*

*Plaintiffs' Local Counsel*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of April, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

*s/ Joseph P. Guglielmo*
Joseph P. Guglielmo
