UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOROTHY FORTH, DONNA BAILEY, LISA BULLARD, RICARDO GONZALES, CYNTHIA RUSSO, TROY TERMINE, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 38 HEALTH AND WELFARE FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 295-295C WELFARE FUND, AND STEAMFITTERS FUND LOCAL 439, On Behalf of Themselves and All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>v.<br><br>WALGREEN CO.,<br><br>      Defendant. | Civil No. 1:17-cv-02246<br><br><br>Judge John Z. Lee<br>Magistrate Judge Sheila Finnegan |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**

  Plaintiffs Dorothy Forth, Lisa Bullard, Ricardo Gonzales, Cynthia Russo (collectively, "Individual Plaintiffs"), International Brotherhood of Electrical Workers Local 38 Health and Welfare Fund, International Union of Operating Engineers Local 295-295c Welfare Fund, and Steamfitters Fund Local 439 (collectively, "Fund Plaintiffs," and, with the Individual Plaintiffs, "Plaintiffs") respectfully submit this memorandum of law in opposition to Defendant Walgreen Co.'s ("Walgreens") Partial Motion to Dismiss Plaintiffs' Third Amended Complaint [ECF No. 277] ("Motion" or "Mot."). For the reasons set forth herein, Walgreens' Motion should be denied.

**I. INTRODUCTION**

  Plaintiffs allege that Walgreens engaged in a fraudulent and deceptive price scheme to artificially inflate the "usual and customary" ("U&C") prices reported and used to charge Plaintiffs and members of the Class for purchases of generic prescription drugs at Walgreens pharmacies

("PSC Generics") available through Walgreens' Prescription Savings Club ("PSC"). The term "PSC Generics" is defined in the Third Amended Consolidated Class Action Complaint ("TAC") as the "PSC formulary," which includes "***thousands*** of generic medications." ECF No. 269, ¶9.[1] Indeed, the TAC pleads that "***any*** generic prescription drug that was part of the PSC" and that Exhibit A to the TAC is but a "subset of PSC Generics." *Id*. Walgreens acknowledges that the term "PSC Generics," as defined in the TAC, include both value priced generics ("VPGs") and non-value priced generics ("non-VPGs"). Mot. at 6. All Plaintiffs allege that they purchased PSC Generics and were overcharged. *See*, *e.g.*, ¶14 ("Walgreens overcharged Ms. Forth on her purchases of PSC Generics."); ¶¶20-40 (containing substantially identical allegations of purchases of PSC Generics as to each Plaintiff). In fact, Plaintiffs amended their complaint to make clear that their allegations included both VPGs and non-VPGs.

Nevertheless, Walgreens moves to partially dismiss Plaintiffs' claims, asserting that Plaintiffs do not plausibly allege with specificity that they purchased non-VPGs. Mot. at 1-2. This argument is unfounded. A plain reading of the TAC demonstrates that Plaintiffs have adequately pleaded that Walgreens engaged in a uniform, fraudulent pricing scheme to artificially inflate the U&C price of all PSC Generics, which Plaintiffs allege includes both VPGs and non-VPGs. Walgreens' conduct did not differ depending on whether Plaintiffs or members of the Class purchased VPGs or non-VPGs. The fraudulent scheme that Plaintiffs allege has not changed and thus the allegations remain sufficient to state the alleged claims under Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, as the Court previously held. *See* ECF No. 91. The Court must reject Walgreens' flagrant attempt to mischaracterize the allegations and have inferences impermissibly drawn in its favor. To the extent Walgreens wants to factually contest whether

---

[1] All "¶__" references are to paragraphs in the TAC, unless noted otherwise.

Plaintiffs' and the Class' purchases include non-VPGs, such a challenge is appropriately made at the summary judgment or class certification stage. Thus, Walgreens' Motion should be denied.

## II. LEGAL STANDARD

When weighing the legal sufficiency of Plaintiffs' allegations, the Court "must accept as true all well-pleaded allegations in the complaint and draw all possible inferences in the plaintiff's favor." *Santangelo v. Comcast Corp.*, No. 15-cv-0293, 2015 WL 3421156, at *2 (N.D. Ill. May 28, 2015) (Lee, J.).[2] Plaintiffs' allegations are plausible if the Court can reasonably infer that Walgreens is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Walgreens has fair notice of the facts supporting Plaintiffs' claims and the opportunity to frame its response. *Elward v. Electrolux Home Prods., Inc.*, 214 F. Supp. 3d 701, 704 (N.D. Ill. 2016) (Lee, J.). "As [the Seventh Circuit has] repeatedly noted, fact pleading is not required in federal court." *Weiss v. Cooley*, 230 F.3d 1027, 1033 (7th Cir. 2000); *see also Am. Nurses' Ass'n v. Illinois*, 783 F.2d 716, 727 (7th Cir. 1986) ("[A] complaint is not required to allege all, or any, of the facts logically entailed by the claim. . . . A plaintiff does not have to plead evidence. . . . [A] complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing."); *Wardell v. City of Chicago*, No. 98 C 8002, 2001 WL 849536, at *2 (N.D. Ill. July 23, 2001) ("[T]here is absolutely no need for the plaintiffs to plead evidence.").

## III. BACKGROUND

On January 30, 2020, Walgreens moved the Court, pursuant to Fed. R. Civ. P. 16, for an order declaring that only VPGs were at issue in the then-operative Second Amended Consolidated Class Action Complaint ("SAC"). ECF No. 234 ("Rule 16 Motion"). The principal basis for Walgreens' Rule 16 Motion was that Walgreens contended that Plaintiffs defined "PSC Generics"

---

[2] Citations, internal quotations, and footnotes omitted and emphasis added unless noted otherwise.

3

in the SAC as "any generic prescription drug that Walgreens included in the PSC formulary since 2007 and for which it charges the ***PSC Prices***[,]" and, in turn, defined "PSC Prices" as VPGs only, thus excluding non-VPGs from the SAC. *Id*. at 2 (emphasis in original). In its Rule 16 Motion, Walgreens specifically argued that to encompass non-VPGs, "Plaintiffs could have defined 'PSC Generics' as any generic prescription drug for which PSC members receive lower pricing[.]" *Id.* at 6. Plaintiffs argued that they had intended for their allegations to include all generics available through the PSC and did not intend to differentiate between VPGs and non-VPGs, as their claims arose out of and related to a single uniform, fraudulent pricing scheme to artificially inflate the U&C prices reported and used to charge Plaintiffs and the Class for purchases of generic prescription drugs. ECF No. 247 at 4-9.

After hearing argument on the Rule 16 Motion, the Court granted Plaintiffs leave to file the TAC. The Court's grant of leave, however, was not unlimited. Instead, the scope of amendment was "limited strictly" so that Plaintiffs could "mirror the contentions with regard to value-priced generics to include non-value-priced generics[.]" ECF No. 260 at 39:16-19. Plaintiffs followed the Court's instruction and amended the complaint to make clear that the scope of Plaintiffs' allegations included "***any*** generic prescription drug that was part of the PSC." ¶9. Indeed, "PSC Generics" is defined as the "PSC formulary," which includes "***thousands*** of generic medications," and that Exhibit A to the TAC is but a "subset of PSC Generics." *Id*.

**IV.    ARGUMENT**

Despite that Plaintiffs have properly clarified the scope of their claims, Walgreens makes two arguments in support of its motion for partial dismissal of Plaintiffs' claims. First, Walgreens argues that "Plaintiffs do not assert even a conclusory allegation that they or their beneficiaries purchased non-VPG Generics at Walgreens[.]" Mot. at 6. Second, Walgreens argues that

4

4821-7603-1943

"Plaintiffs do not allege that the Individual Plaintiffs paid more than the PSC price for any non-VPG Generics." *Id*. These arguments not only mischaracterize Plaintiffs' allegations, but also are inappropriate for a Rule 12(b)(6) motion.

> A. **Plaintiffs Plausibly Allege Walgreens Engaged in a Uniform, Fraudulent Pricing Scheme to Artificially Inflate Its U&C Price Relating to All PSC Generics**

The premise of Walgreens' Rule 16 Motion was that the definition of "PSC Generics" controlled each use of that term in the SAC, and, because the definition of PSC Generics in the SAC was limited to VPGs only, the SAC did not encompass non-VPGs. Walgreens cannot ignore the premise of its own argument now. Nor can Walgreens avoid the fact that the *new* definition of PSC Generics controls throughout the TAC and that definition, as Walgreens does not dispute, *includes* both VPGs and non-VPGs.

Importantly, this litigation simply does not turn on whether a PSC Generic was a VPG or non-VPG. Rather, Plaintiffs allege Walgreens engaged in a uniform, fraudulent pricing scheme to artificially inflate its U&C prices for all PSC Generics. ¶¶2-13, 52-90. Plaintiffs allege Walgreens misrepresented U&C prices for all PSC Generics when consumers and third-party payors paid for those same drugs using insurance without any distinction as to whether the prescription was for a VPG or non-VPG. *Id*. The TAC defines "PSC Generics" as the "PSC formulary," which includes "*thousands* of generic medications." ¶9. Further, the TAC alleges that PSC Generics included "*any* generic prescription drug that was part of the PSC" and that Exhibit A to the TAC is but a "subset of PSC Generics." *Id*. Each of the Individual Plaintiffs alleges that he or she was "overcharged" for his or her "purchases of PSC Generics." ¶¶14, 17, 20, 23. Each of the Fund Plaintiffs alleges that it "overpaid for PSC Generics," and in accompanying charts, provides "*[e]xamples* of such overpayments." ¶¶28, 32, 36, 77-90. These examples set forth the "who, what, when, where and how" sufficient to establish the particulars of Plaintiffs' purchases of PSC

5

Generics, which again, by definition, includes both VPGs and non-VPGs. *Elward*, 214 F. Supp. 3d at 708. Indeed, in response to Plaintiffs' detailed allegations, Walgreens does not, and could not, plausibly claim that it lacks "fair notice of what the claim is and the grounds upon which" Plaintiffs' claims rest. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008).

This Court already has held that Plaintiffs plausibly plead facts sufficient to state more than two dozen claims for relief. *See generally* ECF No. 91. The Court's prior holding is the law of the case. *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007). Having plausibly stated a claim for relief (and, as here, dozens), Plaintiffs' clarification as to the scope of Walgreens' fraudulent scheme to ensure that it is consistent with Plaintiffs' original intent does not in any way alter the Court's prior analysis. Plaintiffs' allegations remain sufficient to state the claims in the TAC where Walgreens' uniform misconduct, not Plaintiffs' and the Class' injury, is the focus of this litigation. ¶¶2-13, 52-90.

### B. Walgreens' Factual Challenges Are Inappropriate at the Rule 12(b)(6) Stage

Despite Plaintiffs' clear pleading, Walgreens argues that the TAC "fails to allege that Plaintiffs purchased or were overcharged for any non-VPG Generics[.]" Mot. at 8. In so arguing, Walgreens asks the Court to ignore the definition of PSC Generics and, instead, draw all inferences in Walgreens' favor. That is impermissible. The putative Class Period begins in 2007. The Fund Plaintiffs alone represent thousands of beneficiaries. It is more than plausible that over a 13-year period, Plaintiffs and the Class purchased and overpaid for PSC Generics as that term is defined in the TAC. That Walgreens improperly claims the exemplary charts do not expressly identify examples of non-VPG purchases does not mean that Plaintiffs do not allege that they purchased and were overcharged for non-VPGs. They have. Plaintiffs plead non-VPGs by expressly expanding the definition of PSC Generics in the TAC that Walgreens argued in its Rule 16 Motion

6

was limited to VPGs in the SAC. As the Court is aware, Plaintiffs' allegations must be taken "as true" and viewed "in the light most favorable to the plaintiff." *Forth v. Walgreen Co.*, No. 17-cv-2246, 2018 WL 1235015, at *3 (N.D. Ill. Mar. 9, 2018) (Lee, J.).

At the pleading stage, it is inappropriate for Walgreens to suggest, especially in the face of clear pleading to the contrary, that Plaintiffs' purchases of PSC Generics did not encompass non-VPGs. To the extent Walgreens seeks to join questions regarding Plaintiffs' purchases of PSC Generics as a factual matter, the time to do so is at summary judgment.[3] *See Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017) ("A full description of the facts that will prove the plaintiff's claim comes later, at the summary-judgment stage or in the pretrial order."). Moreover, although Walgreens does not raise, and has thus waived, any argument that Plaintiffs lack standing to claims on behalf of purchasers of both VPG and non-VPG drugs, *Powell v. City of Berwyn*, 68 F. Supp. 3d 929, 950 n.10 (N.D. Ill. 2014) (Lee, J.), any such argument would be premature, and appropriate for consideration only in the context of assessing Plaintiffs' anticipated motion for class certification. *See Wagner v. Gen. Nutrition Corp.*, No. 16-CV-10961, 2017 WL 3070772, at *4–6 (N.D. Ill. July 19, 2017) (collecting cases); *Mednick v. Precor, Inc.*, No. 14 C 3624, 2014 WL 6474915, at *3-4 (N.D. Ill. Nov. 13, 2014).

Walgreens' Motion turns on its head the fundamental structure of pleading and motion practice as framed by the Federal Rules of Civil Procedure. The Federal Rules ask Plaintiffs only

---

[3] In a footnote, Walgreens improperly suggests that it has completed its production of PSC transactional data such that Plaintiffs should have completed their analysis of the data and included the results as allegations in the TAC. Mot. at 8 n.4. As stated in the parties' most recent Joint Status Report, however, Walgreens has "confirmed" that NDC information – which is necessary to identify particular prescription drugs – was not populated for a five-year span. ECF No. 291 at 4. Walgreens further confirmed that it is "continuing to investigate" other issues that Plaintiffs have raised regarding the sufficiency of Walgreens' production of PSC transactional data. *Id.* This is consistent with discovery remaining open, and the existing fact discovery deadlines providing an exclusion specifically so the parties can address ongoing issues with the sufficiency of Walgreens' data productions. *See* ECF Nos. 280, 285. Regardless, Walgreens cannot shoehorn a summary judgment argument into a motion to dismiss.

4821-7603-1943

to "plead *claims* rather than facts." *Chapman*, 875 F.3d at 848 (emphasis in original). As well-established Seventh Circuit precedent establishes, "[o]ne set of facts producing one injury creates one claim for relief[.]" *NAACP v. Am. Family Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir. 1992) ("A complaint should limn the grievance and demand relief.").

Walgreens does not move to dismiss any of Plaintiffs' claims. Instead, Walgreens seeks to cabin Plaintiffs' pleading "to the extent it attempts to state claims as to non-VPG Generics." Mot. at 2-3. But a "claim" is binary. Either the TAC plausibly states a claim for relief, in which case Walgreens' Motion must be denied, or it does not. There is not, as Walgreens claims, a "pleading requirement[] under *Iqbal* and *Twombly*, **for non-VPG Generics**." Mot. at 8. There is a pleading requirement **for claims alone**, and courts refuse to countenance Walgreens' "divide-and-conquer mode of argument" specifically because it "runs afoul of the firmly established requirement that complaints be read as a whole." *Spearman v. Elizondo*, 230 F. Supp. 3d 888, 892-93 (N.D. Ill. 2016). Having previously held that Plaintiffs' allegations plausibly state dozens of claims for relief, the Court's work under Rule 12 is complete.

## V.   CONCLUSION

For the foregoing reasons, Walgreens' Motion should be denied in its entirety.

DATED: August 7, 2020

**ROBBINS GELLER RUDMAN & DOWD LLP**
STUART A. DAVIDSON (*pro hac vice*)
MARK J. DEARMAN (*pro hac vice to be filed*)
JASON H. ALPERSTEIN (IL Bar #0064205)
ERIC S. DWOSKIN (IL Bar #00112459)

*s/ Jason H. Alperstein*
JASON H. ALPERSTEIN

120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
sdavidson@rgrdlaw.com
mdearman@rgrdlaw.com
jalperstein@rgrdlaw.com
edwoskin@rgrdlaw.com

Erin Green Comite (IL Bar # 420630)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
Post Office Box 192
Colchester, CT 06415
Telephone: 860/531-2632
860/537-4432 (fax)
ecomite@scott-scott.com

Joseph P. Guglielmo (*pro hac vice*)
Carey Alexander (IL Bar # 5188461))
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212/223-4478
212/223-6334 (fax)
jguglielmo@scott-scott.com
calexander@scott-scott.com

*Interim Co-Lead Counsel*

Katrina Carroll
**CARLSON LYNCH LLP**
111 West Washington Street, Suite 1240
Chicago, IL 60602
Telephone: 312/750-1265
kcarroll@carlsonlynch.com

*Local Counsel for Plaintiff*

9

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 7, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ *Jason H. Alperstein*
JASON H. ALPERSTEIN
ROBBINS GELLER RUDMAN
 & DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
E-mail:  jalperstein@rgrdlaw.com

4821-7603-1943