**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DOROTHY FORTH, LISA BULLARD, RICARDO GONZALES, CYNTHIA RUSSO, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 38 HEALTH AND WELFARE FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 295-295C WELFARE FUND, AND STEAMFITTERS FUND LOCAL 439, on Behalf of Themselves and All Others Similarly Situated, | Civil No.: 1:17-cv-02246 <br><br> **JOINT STATUS REPORT** |
| Plaintiffs, | |
| v. | |
| WALGREEN CO., | |
| Defendant. | |

The parties, through their respective counsel, respectfully submit the following Joint Status Report in response to the Court's September 3, 2020 Order (ECF No. 301) directing the parties to file a joint status report by September 30, 2020.

## I.  The Current Deadlines Imposed By The Court And Whether The Matter Has Been Referred To The Magistrate Judge In Any Fashion

### A.  Deadline for the Close of Fact Discovery

On September 21, 2020, Plaintiffs filed an unopposed motion before Judge Lee seeking an extension of the fact discovery deadline to October 30, 2020, with limited exceptions as described in the motion.  (ECF No. 302.)  On September 22, 2020, the Court granted the motion.  (ECF No. 304.)  Accordingly, fact discovery is now set to close, with certain limited exceptions, on October 30, 2020.

### B.  Referral to Magistrate Judge Finnegan

On November 6, 2018, the Court referred this case to Magistrate Judge Finnegan for general discovery supervision.  (ECF No. 118.)  Currently, no specific matters or motions are pending before Magistrate Judge Finnegan.

## II.  The Progress of Discovery

### A.  Depositions of the Parties and Their Former and Current Employees

As noted in the September 2, 2020 status report, the parties have taken all party depositions that have been noticed pursuant to Rule 30(b)(1).  Plaintiffs have also completed all topics pursuant to Rule 30(b)(6), except for the topic related to structured data produced by Walgreens.  Plaintiffs currently anticipate requiring a deposition addressing Walgreens' structured data, and the parties will continue to meet and confer to determine the scope of such deposition following the production of the structured data and whether such deposition will take place after the close of fact discovery.  The parties have also agreed to meet and confer as to whether sufficient information can be provided by other means such that a deposition on this topic would not be needed.

### B.  Interrogatories and Requests for Admission

The parties are continuing to meet and confer over the sufficiency of Plaintiffs' responses to Walgreens' Second and Third Sets of Requests for Admission and Walgreens' Third and Fourth Sets of Interrogatories, as well as Walgreens' responses to Plaintiffs' Second Set of Requests for Admission and Plaintiffs' Fourth Set of Interrogatories to Walgreens.

### C.  Transactional Data

#### 1.  Plaintiff Transactional Data

Walgreens has produced to Plaintiffs structured transactional data for the individual named Plaintiffs and structured transactional data that it was able to identify for the Fund Plaintiffs' beneficiaries.  As set forth in the parties' June 30, 2020 Joint Status Report (ECF No. 274) and

September 2, 2020 Joint Status Report (ECF No. 300), the parties have been meeting and conferring over Walgreens' production of this data. Since the September 2, 2020 Joint Status Report, Walgreens reviewed documents Plaintiffs identified on April 24, 2020, July 3, 2020, and July 20, 2020 as containing Fund Plaintiff beneficiary transactional data in an attempt to ascertain additional identifying information for Plaintiffs' health plans. Walgreens was able to identify some information potentially related to the Fund Plaintiffs and, on July 24, 2020, requested confirmation from Plaintiffs that the information does, in fact, relate to the Fund Plaintiffs. On September 14, 2020, Plaintiffs confirmed that certain of the information relates to Plaintiff Steamfitters. On September 16, 2020, Walgreens produced the transactional data related to that information. On September 18, 2020, Plaintiffs confirmed that other portions of the information relates to Plaintiff IBEW. On September 24, 2020, Walgreens produced the transactional data related to that information. Walgreens' position is that (1) Walgreens requested identifying information as to all three Fund Plaintiffs' plans in May 2018; (2) before Walgreens began conducting its data pull for the Fund Plaintiffs, Plaintiffs confirmed on November 7, 2019 that Plaintiffs knew of no additional identifying information that would apply to the Fund Plaintiffs, and then reconfirmed as to IUOE on December 16, 2019 but stated they were awaiting further confirmation as to Steamfitters; (3) after Walgreens began pulling Fund Plaintiff data, Plaintiffs provided additional group numbers for Steamfitters on December 27, 2019 and reconfirmed they knew of no additional identifying information for the Fund Plaintiffs, but on January 15, 2020 provided additional identifying information for IUOE; (4) on March 23, 2020 Walgreens provided all transactional data for the Fund Plaintiffs' plans yielded by the BIN/PCN/group information provided by Plaintiffs; (5) on May 15, 2020, after Walgreens conducted its initial data pull for Plaintiffs, Plaintiffs identified additional identifying information for both IBEW and Steamfitters,

and Walgreens conducted an additional data pull and produced the resulting transactions; (6) Walgreens has continued to meet and confer with Plaintiffs on next steps, although Plaintiffs have not yet answered three requests from Walgreens as to how Plaintiffs have newly identified information to identify the Fund Plaintiffs' plans, which Walgreens requested more than two years ago and which is in the Fund Plaintiffs' possession, custody, or control (and not, as Plaintiffs contend, equally available to Walgreens); and (7) Walgreens provided on September 29, 2020 an update on next steps for transactional data related to Plaintiff IUOE.  Plaintiffs' position is that the information Walgreens has sought regarding BIN/PCN/group information comes from the third party pharmacy benefit managers that adjudicated such claims with Walgreens.  Plaintiffs have diligently sought the identification of the relevant BIN/PCN/group information for the Fund Plaintiffs and have been told repeatedly by those PBMs that the information provided was accurate and complete.  To the extent Walgreens claims that the BIN/PCN/group information is within Plaintiffs' possession, custody and control, they are simply wrong, as Walgreens knows that the information comes from the same third party PBMs that Walgreens contracts with and submits claims for adjudication to.  Accordingly, such information is equally available to Walgreens. Walgreens has, to date, been unable to identify more than 17 transactions associated with Plaintiff IUOE's beneficiaries and that Walgreens' September 29, 2020 correspondence neither indicates that Walgreens has identified any additional transactions associated with Plaintiff IUOE nor sets forth how Walgreens intends to identify such transactions.  Plaintiffs have provided Walgreens with data from Plaintiff IUOE's pharmacy benefit manager that demonstrates that Plaintiff IUOE's beneficiaries made more than 6,500 transactions at Walgreens' stores between 2008 and 2017. Plaintiffs thus do not agree that Walgreens' search and production of 17 transactions will be complete until it identifies and produces all such transactional data.  Plaintiffs are willing to

continue to meet and confer with Walgreens and the PBMs to identify BIN/PCN/group information, or other information that could be used by Walgreens to identify the missing transactional data.

On August 12, 2020, Walgreens also asked Plaintiffs to confirm whether an internal Walgreens data field that Walgreens uses to identify the third-party plans for certain transactions related to beneficiaries of the Fund Plaintiffs, which lacked any definitive identifying information associating them with any Fund Plaintiff plan, did, in fact, relate to any Fund Plaintiff. Plaintiffs responded that Walgreens, and not Plaintiffs, was the only party able to understand and interpret Walgreens' internal data fields, and that Plaintiffs had no ability to confirm whether the information in Walgreens' internal data fields was or was not associated with any given entity. Walgreens has reviewed this data and will be providing additional information about these transactions that may enable Plaintiffs to confirm whether these transactions relate to any Fund Plaintiffs' beneficiaries.

Walgreens' position is that after Plaintiffs confirm that they have identified all of the identifying information for the Fund Plaintiff plans, and confirm specific information requested by Walgreens in a September 29, 2020 letter, Walgreens intends to conduct one more data pull to attempt to locate any additional transaction data related to a known Fund Plaintiff plan.

Plaintiffs' position is that by letter dated July 20, 2020, Plaintiffs set forth the conditions under which they would consider Walgreens' production of Fund Plaintiff data to be complete. Plaintiffs do not believe that Walgreens has provided sufficient information to determine whether "one more data pull" will be sufficient to identify all relevant data associated with the Fund Plaintiffs, however, to the extent Walgreens is able to satisfy the conditions set forth in Plaintiffs' July 20, 2020 letter, Plaintiffs do not anticipate having a dispute to present to the Court regarding

Fund Plaintiff data.

The parties are continuing to meet and confer on this issue.

### 2. PSC Transactional Data

Plaintiffs have analyzed the Prescription Savings Club data produced by Walgreens, and have sent several letters to Walgreens regarding what Plaintiffs believe to be gaps in the data production. Walgreens has responded to each of these letters and is continuing to investigate one concern raised by Plaintiffs regarding the PSC data. The last status report, filed on September 2, 2020, referenced Plaintiffs' August 26, 2020 letter, regarding what Plaintiffs asserted are gaps in the PSC data. Walgreens responded to this letter on September 4, 2020, addressing all but one concern, referenced above, that Walgreens is continuing to investigate. Plaintiffs will be responding to Walgreens' September 4, 2020 letter to identify additional continuing issues related to the PSC transactional data. The parties are continuing to meet and confer on this issue.

### 3. Sampling Proposal

Since December 2019, the parties have been negotiating a sample pull of structured transactional data from Walgreens' data warehouses for purposes of class certification briefing. On July 10, 2020, Plaintiffs accepted Walgreens' June 12, 2020 sampling proposal. The parties expect to reach agreement as to the tables and field(s) that will be included in the sample data Walgreens produces pursuant to the parties' agreement.

The parties are also in the process of negotiating the language of a stipulation relating to the sample data. The parties have exchanged multiple drafts of the stipulation beginning on June 16, 2020, with the most recent version being sent on September 22, 2020. The parties are continuing to meet and confer on the issue.

### D.     Third-Party Discovery

### 1.     Third-Party Pharmacy Benefit Managers

Plaintiffs have subpoenaed the following third-party pharmacy benefit managers for documents and depositions ("Third-Party PBMs"):

1. Catalyst Health Solutions, Inc. ("Catalyst") and Optum, Inc. ("Optum") (collectively, "Optum Third-Parties");[1]
2. MedImpact Healthcare Systems, Inc. ("MedImpact");
3. MedTrak Services LLC ("MedTrak");
4. Sav-Rx Prescription Services, Inc. ("Sav-Rx");
5. Express Scripts, Inc. ("ESI") and Medco Health Solutions, Inc. ("Medco") (collectively, "ESI Third-Parties");[2]
6. Caremark, L.L.C. ("Caremark"); and
7. Leehar Distributors Missouri, LLC d/b/a CastiaRx ("CastiaRx").

Plaintiffs have sought, and Walgreens has cross-noticed, depositions from each of the Third-Party PBMs.

On December 19, 2019, the parties deposed MedImpact. On June 15, 2020, the Parties deposed CastiaRx as to certain deposition topics identified in their subpoenas. Plaintiffs are meeting and conferring with CastiaRx over the sufficiency of CastiaRx's testimony. On July 16 and 17, 2020, the parties deposed MedTrak. On August 18, 2020, the parties deposed the ESI Third-Parties.

On September 17, 2020 the parties deposed Caremark.

The parties are deposing Sav-Rx today, September 30, 2020.

The parties have each served Optum with a subpoena seeking the production of documents.

Both parties are continuing to meet and confer with Optum regarding the production of documents and have agreed upon a set of search terms that Optum will utilize in connection with its production. Optum currently anticipates completing its document production during the second

---

[1]     The same counsel represents Optum and Catalyst in connection with the subpoenas.
[2]     The same counsel represents ESI and Medco in connection with the subpoenas.

week of October and has indicated that it will attempt to be available for deposition before the current October 30, 2020 deadline for the completion of fact discovery.

### 2. Other Third-Parties

Plaintiffs have issued document subpoenas to the following Blue Cross entities:

1. BCBSM, Inc. (d/b/a Blue Cross and Blue Shield of Minnesota).
2. HMO Minnesota (d/b/a Blue Plus).
3. Blue Cross and Blue Shield of Florida, Inc. (d/b/a Florida Blue).
4. Health Options, Inc. (d/b/a Florida Blue HMO).
5. Blue Cross and Blue Shield of North Carolina.
6. Blue Cross Blue Shield of North Dakota.
7. Blue Cross and Blue Shield of Alabama.
8. Blue Cross and Blue Shield of Kansas, Inc.
9. Blue Cross and Blue Shield of Nebraska, Inc.
10. Blue Cross and Blue Shield of Massachusetts, Inc.
11. Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc.
12. Wellmark, Inc. (d/b/a Wellmark Blue Cross and Blue Shield and d/b/a Wellmark Blue Cross and Blue Shield of Iowa)
13. Wellmark of South Dakota, Inc. (d/b/a Wellmark Blue Cross and Blue Shield of South Dakota)
14. Wellmark Health Plan of Iowa, Inc.
15. Wellmark Synergy Health, Inc.
16. Wellmark Value Health Plan, Inc.
17. HealthNow New York Inc.
18. BlueCross BlueShield of Western New York, Inc. (f/k/a Blue Cross of Western New York).
19. BlueShield of Northeastern New York.
20. Health Options, Inc. (d/b/a Florida Blue HMO).
21. Horizon Healthcare of New Jersey, Inc. (d/b/a Horizon NJ Health)
22. Horizon Healthcare Services, Inc. (d/b/a Horizon Blue Cross Blue Shield of New Jersey).

Plaintiffs are still waiting on the production of documents from these Blue Cross entities in response to its subpoenas, but do not expect any disputes to arise.

The parties have each served Humana, Inc. ("Humana") with a subpoena seeking the production of documents. Humana has completed its production of documents in response to Plaintiffs' subpoena. Walgreens is still waiting on production of one document from Humana in response to its subpoena, but does not expect any disputes to arise.

Walgreens has issued document subpoenas to the following third parties:

1. The Segal Group, Inc.
2. United Actuarial Services, Inc.
3. Union Benefit Planners, Inc.
4. First Actuarial Consulting, Inc.
5. J.W. Terrill
6. The Savannah College of Art and Design
7. Los Alamos Public Schools/New Mexico Public Schools Insurance Authority
8. University of Wisconsin System
9. WellCare Health Plans, Inc.
10. Humana
11. Navitus Health Solutions, LLC

Walgreens also has issued a subpoena for documents and testimony to Employers Health Purchasing Corporation ("EHPC"). No date has been set yet for EHPC's deposition and Walgreens is evaluating whether it will need to proceed with EHPC's deposition. Walgreens has reviewed the documents produced by the third parties to determine if all productions are complete and is waiting on only two documents it believes is missing from their productions. In an August 26, 2020 email, Plaintiffs informed Walgreens that they are waiting for permission from Sav-Rx and Caremark to produce potentially confidential documents that have been identified as responsive to Walgreens' subpoena to the Segal Group. After receiving permission from Sav-Rx and Caremark, Plaintiffs produced those documents from the Segal Group on September 4 and 8, 2020 and indicated that the Segal Group's production is complete.

The parties have also discussed the possibility of entering into a stipulation waiving all objections except relevance as to certain documents produced by third parties, as well as declarations to be obtained from the third parties containing certain facts, to avoid Plaintiffs and/or Walgreens needing to depose third parties for the purpose of having documents produced by third parties and certain facts admitted into evidence. On June 1, 2020, Walgreens sent a draft form of stipulation to Plaintiffs for their consideration. The parties subsequently met and conferred on the draft stipulation and on proposed draft declarations. The parties are continuing to meet and confer

on this issue, but have had very different positions.  On September 25, 2020, the parties met and conferred again on the issue in an attempt to reach a resolution without involving the Court.  The parties agreed to consider each other's positions and intend to meet and confer again on the issue. If an agreement cannot be reached, or if the parties cannot reach agreement as to all documents/facts, Plaintiffs and/or Walgreens may seek leave of the Court, as needed, to issue subpoenas for deposition to one or more third parties.

## III.     The Status Of Briefing On Unresolved Motions

On June 3, 2020, Plaintiffs filed their Third Amended Complaint.  (ECF No. 269.)  On July 1, 2020, Walgreens filed a Partial Motion to Dismiss the Third Amended Complaint.  (ECF No. 277.)  On July 16, 2020, Plaintiffs filed an unopposed motion to extend the briefing schedule, (ECF No. 287), which the Court granted on July 20, 2020.  (ECF No. 289).  Pursuant to that schedule, on August 7, 2020, Plaintiffs filed their Opposition to Defendant's Partial Motion to Dismiss.  (ECF No. 293.)  On August 24, 2020, Walgreens filed its Reply in Support of Its Partial Motion to Dismiss.  (ECF No. 299.)  The motion is now fully briefed.

## IV.     Whether The Parties Have Engaged Or Are Engaging In Settlement Discussions

The parties have not engaged in settlement discussions.

## V.     Whether The Parties Believe A Telephonic Hearing Or In Person Hearing Is Necessary Within The Next 60 Days

The parties do not believe at this time that a telephonic or in-person hearing is necessary within the next 60 days.  The parties may change their mind on this based on their discussions outlined in this Joint Status Report.  If needed, the parties will contact chambers to request a hearing be scheduled.  The parties respectfully propose that the Court order the parties to submit another Joint Status Report, either before Judge Lee or Magistrate Judge Finnegan, on October 30, 2020.

DATED:  September 30, 2020

*s/ Michael Scott Leib*
Michael Scott Leib
Anthony Robert Todd
**REED SMITH LLP**
10 S Wacker Dr # 4000
Chicago, IL  60606
Telephone:  312/207-1000
*mleib@reedsmith.com*
*atodd@reedsmith.com*

Frederick Robinson (*pro hac vice*)
Selina Coleman (*pro hac vice*)
**REED SMITH LLP**
1301 K Street, N.W.
Suite 1100 East Tower
Washington, DC  20005
Telephone:  202-414-9200
*frobinson@reedsmith.com*
*scoleman@reedsmith.com*

James Garvey
**VEDDER PRICE P.C.**
222 North LaSalle Street
Chicago, Illinois 60601
Telephone: 312-609-7712
*jgarvey@vedderprice.com*

**Attorneys for Defendant Walgreen Co.**

*s/ Jason H. Alperstein*
Jason H. Alperstein (IL Bar #0064205)
Stuart A. Davidson (*pro hac vice*)
Mark J. Dearman (*pro hac vice to be filed*)
Eric Scott Dwoskin (IL Bar # 0112459)
**ROBBINS GELLER RUDMAN
   & DOWD LLP**
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone: 561-750-3000
*jalperstein@rgrdlaw.com*
*sdavidson@rgrdlaw.com*
*mdearman@rgrdlaw.com*
*edwoskin@rgrdlaw.com*

Joseph P. Guglielmo (*pro hac vice*)
Carey Alexander (IL Bar #5188461)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-4478
212/233-6334 (fax)
*jguglielmo@scott-scott.com*
*calexander@scott-scott.com*

Erin Green Comite (IL Bar #420630)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 S. Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: 860-531-2632
Facsimile:  860-537-4432
*ecomite@scott-scott.com*

**Interim Co-Lead Counsel**

Katrina Carroll
**CARLSON LYNCH LLP**
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Telephone: 312-750-1265
kcarroll@carlsonlynch.com

**Local Counsel for Plaintiffs**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 30th day of September, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

*<u>s/ Michael Scott Leib</u>*