# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LISA BULLARD, RICARDO GONZALES, CYNTHIA RUSSO, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 38 HEALTH AND WELFARE FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 295-295C WELFARE FUND, AND STEAMFITTERS FUND LOCAL 439, on Behalf of Themselves and All Others Similarly Situated,<br><br>        Plaintiffs,<br><br> v.<br><br>WALGREEN CO.,<br><br>        Defendant. | Civil No. 17-cv-2246<br><br>Judge Edmond E. Chang<br>Magistrate Judge Sheila Finnegan<br><br>**JOINT STATUS REPORT** |

Pursuant to the Court's August 17, 2022 Order (ECF No. 537), the parties, through their respective counsel, respectfully submit the following Joint Status Report.

**I. The Current Deadlines Imposed by the Court and Whether the Matter Has Been Referred to the Magistrate Judge in Any Fashion**

  **A. Deadline for the Close of Fact Discovery**

With certain limited exceptions, fact discovery closed on December 18, 2020, (ECF No. 320), and non-party fact discovery closed on June 1, 2021. (ECF No. 448).

  **B. Referral to Magistrate Judge Finnegan**

On November 6, 2018, the Court referred this case to Magistrate Judge Finnegan for general discovery supervision. (ECF No. 118.)

  **C. Expert Discovery and Class Certification**

By Agreed Order dated September 9, 2022, (ECF No. 539), the Court entered the following

deadlines for expert discovery and class certification briefing:

- October 27, 2022 — Plaintiffs' expert reports, motion for class certification, and memorandum in support are due.
- December 23, 2022 — Deadline for Walgreens to depose Plaintiffs' experts.
- February 27, 2023 — Walgreens' response to the motion for class certification and expert reports are due.
- May 2, 2023 — Deadline for Plaintiffs to depose Walgreens' experts.
- June 9, 2023 — Plaintiffs' reply in support of the motion for class certification and rebuttal expert reports are due.

Any *Daubert* motions will be considered by the Court with class briefing. (ECF No. 476.)

## II. The Progress of Discovery

### A. Document Production

Document production is complete.

### B. Depositions of the Parties and Their Former and Current Employees

The parties have taken all party depositions that have been noticed pursuant to Rule 30(b)(1). Plaintiffs have also completed all topics pursuant to Rule 30(b)(6), except for the topic related to structured data produced by Walgreens.

As set forth in prior Joint Status Reports and in the parties' Joint Agreed Motion for an Extension (ECF No. 538), the parties have been meeting and conferring regarding Plaintiffs' request for 30(b)(6) testimony regarding structured data produced by Walgreens, including Walgreens' April 6, 2022 production, and Walgreens' August 23, 2022 production of PSC enrollment and renewal data. On September 12, 2022, Plaintiffs provided further edits and comments to Walgreens' Fifteenth Amended Draft Declaration. In the parties' Joint Agreed Motion for an Extension, the parties reported with regard to Walgreens' August 23, 2022 production of PSC enrollment and renewal data that "Walgreens is continuing to review Plaintiffs'

2

outstanding questions and intends to respond by Wednesday, September 14, 2022." (ECF No. 538). On September 14, 2022, Walgreens informed Plaintiffs that Walgreens expects to provide a Sixteenth Amended Draft Declaration to Plaintiffs addressing Plaintiffs' edits and comments and questions regarding the PSC enrollment and renewal data on September 16, 2022. On September 16, 2022, Walgreens provided Plaintiffs with a Sixteenth Amended Draft Declaration. Plaintiffs are reviewing the Sixteenth Amended Draft Declaration.

Plaintiffs have requested that Walgreens provide Plaintiffs with an executed declaration no later than two weeks before Plaintiffs' motion for class certification and expert reports are due. Consistent with Plaintiffs' request, Walgreens anticipates being able to execute the declaration no later than two weeks before Plaintiffs' motion for class certification and expert reports are due. Subject to the parties agreeing to the language of a declaration in response to Plaintiffs' 30(b)(6) Notice, the parties have agreed to a stipulation related to the admissibility of the transactional data Walgreens has produced. To the extent the parties are unable to resolve any disputes, motion practice may be required. The parties have agreed that, if they reach an impasse on the declaration, they will promptly bring a motion before the Court. The parties will continue to meet and confer as needed.

   **C.**  **Custodial Certifications and Authentication of Documents**

As set forth in prior Joint Status Reports, (*see, e.g.*, ECF No. 514), the parties have yet to exchange all custodial certifications and will meet and confer when appropriate regarding when an exchange of such certifications should occur.

**III.**  **Other Third-Party Discovery**

On June 23, 2022, Plaintiffs sent Walgreens correspondence regarding the completeness of its production and, potentially, Humana's third-party production, as relates to an arbitration between Humana, Inc. and Walgreens. The Parties have since exchanged correspondence and

3

emails regarding this topic and are continuing to meet and confer. The last correspondence on this matter was a letter from Walgreens to Plaintiffs on July 15, 2022. The Parties will advise the Court if they are unable to resolve their dispute.

### IV. The Status of Discovery Motions

In October 2019, Plaintiffs brought a motion to compel, (ECF No. 205), that the Court denied. The Court took Walgreens' request for attorneys' fees under advisement. (ECF No. 212.) In Walgreens' Motion to Strike, (ECF No. 338 at 7 n.2), Walgreens also requested fees and renewed its request that the Court rule on its prior request for fees in relation to Plaintiffs' October 2019 Motion to Compel. (*Id.*) In their response to the Motion to Strike, Plaintiffs argued that the Court should deny Walgreens' request for fees as Plaintiffs' actions were substantially justified. (ECF No. 368 at 10-11 n.5.) Walgreens addressed Plaintiffs' arguments in its Reply. (ECF No. 397 at 6.) Walgreens' request for fees in relation to these two motions is pending before Judge Finnegan.

### V. Whether the Parties Have Engaged or Are Engaging in Settlement Discussions

The parties have not engaged in settlement discussions.

### VI. Whether the Parties Believe a Telephonic Hearing or In-Person Hearing Is Necessary Within the Next 60 Days

Following reassignment of this matter to the Honorable Edmond E. Chang, Plaintiffs respectfully request a status conference before Judge Chang within 7 days after the current deadline for Plaintiffs to file their Motion for Class Certification, October 27, 2022, to present the motion and discuss the operative case plan. Walgreens respectfully disagrees. A schedule is already in place for class certification briefing and, therefore, Walgreens does not believe that Plaintiffs need to notice up their motion for presentment or that a status conference is necessary. The parties respectfully ask the Court to Order that the next Joint Status Report be submitted on or before October 20, 2022.

4

DATED: September 16, 2022

| | |
|---|---|
| s/ Michael Scott Leib | s/ Joseph P. Gugliemo |
| Michael Scott Leib | Joseph P. Guglielmo (IL Bar #2759819) |
| Anthony Robert Todd | Carey Alexander (IL Bar #5188461) |
| **REED SMITH LLP** | **SCOTT+SCOTT ATTORNEYS AT LAW LLP** |
| 10 S Wacker Dr # 4000 | The Helmsley Building |
| Chicago, IL 60606 | 230 Park Avenue, 17th Floor |
| Telephone: 312-207-1000 | New York, NY 10169 |
| *mleib@reedsmith.com* | Telephone: 212-223-4478 |
| *atodd@reedsmith.com* | *jguglielmo@scott-scott.com* |
| | *calexander@scott-scott.com* |

Frederick Robinson (*pro hac vice*) Selina Coleman (*pro hac vice*)
Jessica Christensen (*pro hac vice*)
**REED SMITH LLP**
1301 K Street, N.W. Suite 1100
East Tower
Washington, DC 20005
Telephone: 202-414-9200
*frobinson@reedsmith.com*
*scoleman@reedsmith.com*
*jchristensen@reedsmith.com*

Erin Green Comite (IL Bar #420630)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 S. Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: 860-531-2632
Facsimile: 860-537-4432
*ecomite@scott-scott.com*

***Attorneys for Defendant Walgreen Co.***

David W. Mitchell (IL Bar # 199706)
Brian O'Mara (IL Bar # 229737)
Arthur L. Shingler III (IL Bar # 181719)
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619-231-1058
*davidm@rgrdlaw.com*
*bomara@rgrdlaw.com*
*ashingler@rgrdlaw.com*

Stuart A. Davidson (*pro hac vice*)
Mark J. Dearman (*pro hac vice to be filed*)
Eric Scott Dwoskin (IL Bar # 0112459)
**ROBBINS GELLER RUDMAN & DOWD LLP**
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561-750-3000
*sdavidson@rgrdlaw.com*
*mdearman@rgrdlaw.com*
*edwoskin@rgrdlaw.com*

5

*Interim Co-Lead Counsel*

Katrina Carroll
**CARLSON LYNCH LLP**
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Telephone: 312-750-1265
*kcarroll@carlsonlynch.com*

*Local Counsel for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing document was filed electronically through the Court's Electronic Case Filing System, which will then send a notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

*s/ Joseph P. Guglielmo*
Joseph P. Guglielmo
