**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CYNTHIA RUSSO, LISA BULLARD, RICARDO GONZALES, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 38 HEALTH AND WELFARE FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 295-295C WELFARE FUND, AND STEAMFITTERS FUND LOCAL 439, on Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> WALGREEN CO., <br><br> Defendant. | Civil No. 17-cv-2246 <br><br> Judge Edmond E. Chang <br> Magistrate Judge Sheila Finnegan <br><br> **JOINT STATUS REPORT** |

Pursuant to the Court's October 21, 2022 Order (ECF No. 545), the parties, through their respective counsel, respectfully submit the following Joint Status Report.

**I.     The Current Deadlines Imposed by the Court and Whether the Matter Has Been Referred to the Magistrate Judge in Any Fashion**

**A.     Deadline for the Close of Fact Discovery**

With certain limited exceptions, fact discovery closed on December 18, 2020, (ECF No. 320), and non-party fact discovery closed on June 1, 2021.  (ECF No. 448).

**B.     Referral to Magistrate Judge Finnegan**

On November 6, 2018, the Court referred this case to Magistrate Judge Finnegan for general discovery supervision.  (ECF No. 118.)

### C.    Expert Discovery and Class Certification

By Agreed Order dated October 21, 2022, (ECF No. 545), the Court entered the following deadlines for expert discovery and class certification briefing:

- November 17, 2022     Plaintiffs' expert reports, motion for class certification, and memorandum in support are due.

- January 19, 2023     Deadline for Walgreens to depose Plaintiffs' experts.

- March 17, 2023     Walgreens' response to the motion for class certification and expert reports are due.

- May 16, 2023     Deadline for Plaintiffs to depose Walgreens' experts.

- June 20, 2023     Plaintiffs' reply in support of the motion for class certification and rebuttal expert reports are due.

Any *Daubert* motions will be considered by the Court with class briefing.  (ECF No. 476.)

As described in Section III.B below, the parties are continuing to meet and confer regarding Plaintiffs' request pursuant to Rule 30(b)(6) for testimony related to Walgreens' production of structured data, Walgreens' April 6, 2022 Production, and Walgreens' August 23, 2022 production of PSC enrollment and renewal data.  Most recently, on September 16, 2022, in proposed testimony included as part of Walgreens' Sixteenth Amended Draft Declaration, Walgreens referred to a PSC Database, about which the parties are currently conferring. Walgreens is currently searching for documents and information responsive to Plaintiffs' requests.

## II.    The Progress of Discovery

### A.    Document Production

Document production is complete.

### B.    Depositions of the Parties and Their Former and Current Employees

The parties have taken all party depositions that have been noticed pursuant to Rule 30(b)(1).  Plaintiffs have also completed all topics pursuant to Rule 30(b)(6), except for the topic

related to structured data produced by Walgreens.

As set forth in prior Joint Status Reports and in the parties' Joint Agreed Motion for an Extension (ECF No. 538), the parties have been meeting and conferring regarding Plaintiffs' request for 30(b)(6) testimony regarding structured data produced by Walgreens, including Walgreens' April 6, 2022 production and Walgreens' August 23, 2022 production of PSC enrollment and renewal data. On September 16, 2022, Walgreens provided Plaintiffs with a Sixteenth Amended Draft Declaration. On September 30, 2022, Plaintiffs provided edits to the Sixteenth Amended Draft Declaration. On October 5, 2022, Walgreens provided additional edits to the Sixteenth Amended Draft Declaration and at the same time requested a meet and confer in an effort to resolve any outstanding issues. The parties met and conferred on October 13, 2022, which was two weeks before Plaintiffs' motion for class certification and expert reports are currently due. Plaintiffs sent Walgreens correspondence regarding the meet and confer on October 18, 2022. Walgreens responded to Plaintiffs' October 18, 2022 correspondence on October 26, 2022. Walgreens anticipates being able to provide to Plaintiffs a revised draft declaration that has been reviewed and approved by Walgreens by Wednesday, November 2, 2022. The parties are continuing to meet and confer to finalize the data declaration.

Subject to the parties agreeing to the language of a declaration in response to Plaintiffs' 30(b)(6) Notice, the parties have agreed to a stipulation related to the admissibility of the transactional data Walgreens has produced. To the extent the parties are unable to resolve any disputes, motion practice may be required. The parties have agreed that, if they reach an impasse on the declaration, they will promptly bring a motion before the Court. The parties will continue to meet and confer as needed.

As the Court is aware, the parties have requested many extensions of the expert report and class certification deadlines. Plaintiffs believe that, should the parties require an extension of these

deadlines beyond what is requested herein, a status hearing would be productive to explain the history of the extensions and to seek guidance as to the best way to limit the need for any further extensions. Walgreens asked Plaintiffs not to include this language because there is no relief being requested, but Plaintiffs refused. Walgreens does not see a need to preview the potential for a request that may come from the Plaintiffs in the future. In any case, Walgreens does not believe that a status hearing on the issue of the draft declaration would be productive when the parties are not at an impasse on any issue.

### C. Custodial Certifications and Authentication of Documents

As set forth in prior Joint Status Reports, (*see, e.g.*, ECF No. 542), the parties have yet to exchange all custodial certifications and will meet and confer when appropriate regarding when an exchange of such certifications should occur.

### III. Other Third-Party Discovery

On June 23, 2022, Plaintiffs sent Walgreens correspondence regarding the completeness of its production and Humana's third-party production, as relates to an arbitration between Humana, Inc. and Walgreens. The Parties have exchanged correspondence and emails regarding this topic. Plaintiffs have communicated with Humana and Humana and Walgreens have communicated regarding Humana's third-party production. The Parties will advise the Court if they are unable to resolve their dispute.

### IV. The Status of Discovery Motions

In October 2019, Plaintiffs brought a motion to compel, (ECF No. 205), that the Court denied. The Court took Walgreens' request for attorneys' fees under advisement. (ECF No. 212.) In Walgreens' Motion to Strike, (ECF No. 338 at 7 n.2), Walgreens also requested fees and renewed its request that the Court rule on its prior request for fees in relation to Plaintiffs' October 2019 Motion to Compel. (*Id.*) In their response to the Motion to Strike, Plaintiffs argued that the

Court should deny Walgreens' request for fees as Plaintiffs' actions were substantially justified. (ECF No. 368 at 10-11 n.5.) Walgreens addressed Plaintiffs' arguments in its Reply. (ECF No. 397 at 6.) Walgreens' request for fees in relation to these two motions is pending before Judge Finnegan.

**V.    Whether the Parties Have Engaged or Are Engaging in Settlement Discussions**

The parties have not engaged in settlement discussions.

**VI.   Whether the Parties Believe a Telephonic Hearing or In-Person Hearing Is Necessary Within the Next 60 Days**

The parties respectfully ask the Court to Order that the next Joint Status Report be submitted on or before November 14, 2022.

DATED:  October 27, 2022

| | |
|---|---|
| *s/ Michael S. Leib* | *s/Joseph P. Guglielmo (with permission)* |
| Michael Scott Leib | Joseph P. Guglielmo (IL Bar #2759819) |
| Anthony Robert Todd | Carey Alexander (IL Bar #5188461) |
| **REED SMITH LLP** | **SCOTT+SCOTT ATTORNEYS AT LAW LLP** |
| 10 S Wacker Dr # 4000 | The Helmsley Building |
| Chicago, IL 60606 | 230 Park Avenue, 17th Floor |
| Telephone: 312-207-1000 | New York, NY 10169 |
| *mleib@reedsmith.com* | Telephone: 212-223-4478 |
| *atodd@reedsmith.com* | *jguglielmo@scott-scott.com* |
| | *calexander@scott-scott.com* |
| Frederick Robinson (*pro hac vice*) Selina Coleman (*pro hac vice*) | |
| Jessica Christensen (*pro hac vice*) | Erin Green Comite (IL Bar #420630) |
| **REED SMITH LLP** | **SCOTT+SCOTT ATTORNEYS AT LAW LLP** |
| 1301 K Street, N.W. Suite 1100 East Tower | 156 S. Main Street |
| Washington, DC 20005 | P.O. Box 192 |
| Telephone: 202-414-9200 | Colchester, CT 06415 |
| *frobinson@reedsmith.com* | Telephone: 860-531-2632 |
| *scoleman@reedsmith.com* | Facsimile: 860-537-4432 |
| *jchristensen@reedsmith.com* | *ecomite@scott-scott.com* |
| | |
| ***Attorneys for Defendant Walgreen Co.*** | David W. Mitchell (IL Bar # 199706) |
| | Brian O. O'Mara (IL Bar # 229737) |
| | Arthur L. Shingler III (IL Bar # 181719) |
| | **ROBBINS GELLER RUDMAN & DOWD LLP** |
| | 655 West Broadway, Suite 1900 |

5

San Diego, CA 92101
Telephone: 619-231-1058
*davidm@rgrdlaw.com*
*bomara@rgrdlaw.com*
*ashingler@rgrdlaw.com*

Stuart A. Davidson (*pro hac vice*)
Mark J. Dearman (*pro hac vice to be filed*)
Eric Scott Dwoskin (IL Bar # 0112459)
**ROBBINS GELLER RUDMAN
& DOWD LLP**
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561-750-3000
*sdavidson@rgrdlaw.com*
*mdearman@rgrdlaw.com*
*edwoskin@rgrdlaw.com*

***Interim Co-Lead Counsel***

Katrina Carroll
**CARLSON LYNCH LLP**
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Telephone: 312-750-1265
*kcarroll@carlsonlynch.com*

***Local Counsel for Plaintiffs***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was filed electronically through the Court's Electronic Case Filing System, which will then send a notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

<u>*s/ Michael S. Leib*</u>
Michael Scott Leib