UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA RUSSO, LISA BULLARD, RICARDO GONZALES, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 38 HEALTH AND WELFARE FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 295-295C WELFARE FUND, AND STEAMFITTERS FUND LOCAL 439, on Behalf of Themselves and All Others Similarly Situated,<br><br>        Plaintiffs,<br><br> v.<br><br>WALGREEN CO.,<br><br>        Defendant. | Civil No. 17-cv-2246<br><br>Judge Edmond E. Chang<br>Magistrate Judge Sheila Finnegan<br><br>**JOINT STATUS REPORT** |

Pursuant to the Court's October 28, 2022 Order (ECF No. 547), the parties, through their respective counsel, respectfully submit the following Joint Status Report.

I. **The Current Deadlines Imposed by the Court and Whether the Matter Has Been Referred to the Magistrate Judge in Any Fashion**

 A. **Deadline for the Close of Fact Discovery**

With certain limited exceptions, and as described below in Section II.B, fact discovery closed on December 18, 2020, (ECF No. 320), and non-party fact discovery closed on June 1, 2021. (ECF No. 448.)

 B. **Referral to Magistrate Judge Finnegan**

On November 6, 2018, the Court referred this case to Magistrate Judge Finnegan for general discovery supervision. (ECF No. 118.)

### C. Expert Discovery and Class Certification

By Agreed Order dated October 21, 2022, (ECF No. 545), the Court entered the following deadlines for expert discovery and class certification briefing:

- November 17, 2022 — Plaintiffs' expert reports, motion for class certification, and memorandum in support are due.
- January 19, 2023 — Deadline for Walgreens to depose Plaintiffs' experts.
- March 17, 2023 — Walgreens' response to the motion for class certification and expert reports are due.
- May 16, 2023 — Deadline for Plaintiffs to depose Walgreens' experts.
- June 20, 2023 — Plaintiffs' reply in support of the motion for class certification and rebuttal expert reports are due.

Any *Daubert* motions will be considered by the Court with class briefing. (ECF No. 476.) In accord with the Court's November 4, 2022 Minute Entry, the parties will proceed under the existing schedule.

## II. The Progress of Discovery

### A. Document Production

Document production is complete.

### B. Depositions of the Parties and Their Former and Current Employees

The parties have taken all party depositions that have been noticed pursuant to Rule 30(b)(1). On November 9, 2022, Walgreens provided Plaintiffs with an executed declaration addressing Plaintiffs' request pursuant to Rule 30(b)(6) for testimony related to Walgreens' production of structured data and Walgreens' April 6, 2022 Production. On November 10, 2022, the parties executed a stipulation related to the admissibility of the transactional data Walgreens has produced.

The parties are continuing to meet and confer to adduce facts related to Plaintiffs' September 30, 2022 questions regarding Walgreens' August 23, 2022 production of PSC

2

enrollment and renewal data and the recently disclosed PSC Database. Walgreens is continuing to search for documents and information responsive to Plaintiffs' requests. Plaintiffs have requested that Walgreens provide a supplemental declaration addressing these topics before Plaintiffs' reply in support of the motion for class certification and rebuttal expert reports are due, which Walgreens will endeavor to do.

**Plaintiffs' Position:**

On September 30, 2022, Plaintiffs asked Walgreens to provide basic information about its recently disclosed PSC Database, including to identify what data the database contains and to provide a data dictionary, as well as information about its recently produced PSC enrollment and renewal data. On November 3, 2022, Walgreens informed Plaintiffs that "we have not yet located the persons who have the information Plaintiffs seek." On November 7, 2022, Plaintiffs informed Walgreens that if "Walgreens has not informed Plaintiffs that it has identified personnel with the requested information prior to the filing of the November 14, 2022 Joint Status Report, we intend to raise the issue with the Court and to request the Court's assistance." On November 11, 2022, after Plaintiffs requested a further update, Walgreens responded: "With respect to your request regarding whether Walgreens has located persons with information responsive to Plaintiffs' September 30, 2022 requests, we are still pursuing this information." Walgreens has not provided Plaintiffs with any information since September 30, 2022 that is responsive to Plaintiffs' requests and Plaintiffs have been given no information to suggest that additional information is timely forthcoming. As 45 days have already elapsed, Plaintiffs request the Court's assistance to help expedite resolution of the parties' outstanding investigations regarding the facts supporting the parties' claims and defenses.

**Defendant's Position:**

As set forth in the October 27, 2022 Joint Status Report, on September 30, 2022, Plaintiffs

3

provided edits to the Sixteenth Amended Draft Declaration, requesting certain additional information related to the PSC enrollment and renewal data Walgreens produced on August 23, 2022. Walgreens provided a revised draft of the data declaration on October 5, 2022, and responded to Plaintiffs' request for additional information, and at the same time requested a meet and confer in an effort to resolve any outstanding issues. The parties met and conferred on October 13, 2022, which was two weeks before Plaintiffs' motion for class certification and expert reports were then due, and discussed Plaintiffs' additional questions regarding the PSC database and the PSC enrollment and renewal data. Plaintiffs sent Walgreens correspondence regarding the meet and confer on October 18, 2022. Walgreens responded to Plaintiffs' October 18, 2022 correspondence on October 26, 2022. Throughout this process, Walgreens pursued information responding to Plaintiffs' additional requests.

In response to the Court's November 4, 2022 Minute Entry, the parties agreed to execute the data declaration with the exception of the paragraph relating to the PSC enrollment and renewal data, which Plaintiffs requested that Walgreens provided before Plaintiffs' reply to its class certification brief was due. Walgreens agreed to do so. Walgreens provided the executed data declaration as agreed on November 9, 2022. To date, Walgreens has located personnel with certain information responsive to Plaintiffs' September 30, 2022 request and is continuing to seek to locate additional personnel with responsive information. Walgreens disagrees that the parties are at impasse or that any Court assistance is necessary at this time. Walgreens is continuing its investigation and does not see how the Court can be of assistance at this time. Walgreens has committed to trying to resolve this issue before Plaintiffs' reply brief is due, which is nearly eight months away.

### C.     Custodial Certifications and Authentication of Documents

As set forth in prior Joint Status Reports, (*see, e.g.*, ECF No. 542), the parties have yet to

exchange all custodial certifications and will meet and confer when appropriate regarding when an exchange of such certifications should occur.

**III.     The Status of Discovery Motions**

In October 2019, Plaintiffs brought a motion to compel, (ECF No. 205), that the Court denied.  The Court took Walgreens' request for attorneys' fees under advisement.  (ECF No. 212.) In Walgreens' Motion to Strike, (ECF No. 338 at 7 n.2), Walgreens also requested fees and renewed its request that the Court rule on its prior request for fees in relation to Plaintiffs' October 2019 Motion to Compel.  (*Id.*)  In their response to the Motion to Strike, Plaintiffs argued that the Court should deny Walgreens' request for fees as Plaintiffs' actions were substantially justified. (ECF No. 368 at 10-11 n.5.)  Walgreens addressed Plaintiffs' arguments in its Reply.  (ECF No. 397 at 6.)  Walgreens' request for fees in relation to these two motions is pending before Judge Finnegan.

**IV.     Whether the Parties Have Engaged or Are Engaging in Settlement Discussions**

The parties have not engaged in settlement discussions.

**V.     Whether the Parties Believe a Telephonic Hearing or In-Person Hearing Is Necessary Within the Next 60 Days**

The parties respectfully ask the Court to Order that the next Joint Status Report be submitted on or before January 27, 2023.

DATED:  November 14, 2022

| | |
|---|---|
| *s/  Michael Scott Leib* (with permission) | *s/  Joseph P. Guglielmo* |
| Michael Scott Leib | Joseph P. Guglielmo (IL Bar #2759819) |
| Anthony Robert Todd | Carey Alexander (IL Bar #5188461) |
| **REED SMITH LLP** | **SCOTT+SCOTT ATTORNEYS AT LAW LLP** |
| 10 S Wacker Dr # 4000 | |
| Chicago, IL 60606 | The Helmsley Building |
| Telephone: 312-207-1000 | 230 Park Avenue, 17th Floor |
| *mleib@reedsmith.com* | New York, NY 10169 |
| *atodd@reedsmith.com* | Telephone: 212-223-4478 |
| | *jguglielmo@scott-scott.com* |
| Frederick Robinson (*pro hac vice*) Selina Coleman (*pro hac vice*) | *calexander@scott-scott.com* |

5

Jessica Christensen (*pro hac vice*)
**REED SMITH LLP**
1301 K Street, N.W. Suite 1100
East Tower
Washington, DC 20005
Telephone: 202-414-9200
*frobinson@reedsmith.com*
*scoleman@reedsmith.com*
*jchristensen@reedsmith.com*

*Attorneys for Defendant Walgreen Co.*

Erin Green Comite (IL Bar #420630)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 S. Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: 860-531-2632
Facsimile: 860-537-4432
*ecomite@scott-scott.com*

David W. Mitchell (IL Bar # 199706)
Brian O. O'Mara (IL Bar # 229737)
Arthur L. Shingler III (IL Bar # 181719)
**ROBBINS GELLER RUDMAN
& DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619-231-1058
*davidm@rgrdlaw.com*
*bomara@rgrdlaw.com*
*ashingler@rgrdlaw.com*

Stuart A. Davidson (*pro hac vice*)
Mark J. Dearman (*pro hac vice to be filed*)
Eric Scott Dwoskin (IL Bar # 0112459)
**ROBBINS GELLER RUDMAN
& DOWD LLP**
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561-750-3000
*sdavidson@rgrdlaw.com*
*mdearman@rgrdlaw.com*
*edwoskin@rgrdlaw.com*

*Interim Co-Lead Counsel*

Katrina Carroll
**CARLSON LYNCH LLP**
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Telephone: 312-750-1265
*kcarroll@carlsonlynch.com*

*Local Counsel for Plaintiffs*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed electronically through the Court's Electronic Case Filing System, which will then send a notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

*s/ Joseph P. Guglielmo*
Joseph P. Guglielmo
