NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA RUSSO, LISA BULLARD, RICARDO GONZALES, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 38 HEALTH AND WELFARE FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 295-295C WELFARE FUND, AND STEAMFITTERS FUND LOCAL 439, on Behalf of Themselves and All Others Similarly Situated,<br><br>                      Plaintiffs,<br><br>    v.<br><br>WALGREEN CO.,<br><br>                      Defendant. | Civil No. 1:17-cv-02246<br><br>Judge Edmond E. Chang<br><br>Magistrate Judge Sheila Finnegan<br><br>**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

Plaintiffs Cynthia Russo ("Russo"), Lisa Bullard ("Bullard"), Ricardo Gonzales ("Gonzales) (collectively with Plaintiffs Russo and Bullard, the "Individual Plaintiffs"), International Brotherhood of Electrical Workers Local 38 Health and Welfare Fund, International Union of Operating Engineers Local 295-295 Welfare Fund, and Steamfitters Fund Local 439 (the "Fund Plaintiffs," and with the Individual Plaintiffs, "Plaintiffs"), having conferred with Defendant Walgreen Co., which objects to the relief requested herein, hereby respectfully move the Court for an Order pursuant to Federal Rule of Civil Procedure 23(c) certifying the following multi-state class under Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3):

> **Multi-State Class:** All persons, or entities, for whom prescription drug insurance benefits were provided through the Relevant PBMs (a.k.a., A&A Services, LLC d/b/a SAV-RX Prescription Services; Caremark, LLC; Castia Rx (f/k/a Leehar Distributors Missouri, LLC); Express Scripts, Inc.; Medco Health Solutions, Inc.; MedImpact Healthcare Systems, Inc.; MedTrak Services, LLC; and/or OptumRx, Inc.), and who paid or reimbursed, in whole or in

part, for generic prescription drugs from Walgreen Co. at any point in time from the period January 1, 2007 through the present, in Arizona, California, Connecticut, Delaware, Florida, Illinois, Massachusetts, New York, North Carolina, Ohio, Pennsylvania, and Wisconsin, where the usual and customary price was a basis for the amount paid or reimbursed in connection with the purchase of such drug, and the amount paid or reimbursed was inflated because the Prescription Savings Club price was not reported or otherwise included when determining the usual and customary price to report.

Pursuant to Federal Rule of Civil Procedure 23(c)(5), Plaintiffs respectfully move the Court to divide the Multi-State Class into the following subclasses (together with the Multi-State Class, the "Classes"):

**Unfairness Subclass:** All persons, or entities, for whom prescription drug insurance benefits were provided through the Relevant PBMs (a.k.a., A&A Services, LLC d/b/a SAV-RX Prescription Services; Caremark, LLC; Castia Rx (f/k/a Leehar Distributors Missouri, LLC); Express Scripts, Inc.; Medco Health Solutions, Inc.; MedImpact Healthcare Systems, Inc.; MedTrak Services, LLC; and/or OptumRx, Inc.), and who paid or reimbursed, in whole or in part, for generic prescription drugs from Walgreen Co. at any point in time from the period January 1, 2007 through the present, in Arizona, California, Connecticut, Delaware, Florida, Illinois, Massachusetts, and North Carolina, where the usual and customary price was a basis for the amount paid or reimbursed in connection with the purchase of such drug, and the amount paid or reimbursed was inflated because the Prescription Savings Club price was not reported or otherwise included when determining the usual and customary price to report.

**Unjust Enrichment Subclass:** All persons, or entities, for whom prescription drug insurance benefits were provided through the Relevant PBMs (a.k.a., A&A Services, LLC d/b/a SAV-RX Prescription Services; Caremark, LLC; Castia Rx (f/k/a Leehar Distributors Missouri, LLC); Express Scripts, Inc.; Medco Health Solutions, Inc.; MedImpact Healthcare Systems, Inc.; MedTrak Services, LLC; and/or OptumRx, Inc.), and who paid or reimbursed, in whole or in part, for generic prescription drugs from Walgreen Co. at any point in time from the period January 1, 2007 through the present, in California, Connecticut, Illinois, Massachusetts, and New York, where the usual and customary price was a basis for the amount paid or reimbursed in connection with the purchase of such drug, and the amount paid or reimbursed was inflated because the Prescription Savings Club price was not reported or otherwise included when determining the usual and customary price to report.

Excluded from the Classes are: (1) Walgreen Co. and its management, employees,

subsidiaries, and affiliates; (2) the Court, members of their immediate families, and judicial staff; (3) all government entities, including Medicare and Medicaid, and their beneficiaries, except for Medicare Part D beneficiaries; (4) all government-funded entities, and their beneficiaries; (5) all pharmacy benefit managers and entities that have or had a parent or subsidiary relationship with any pharmacy benefit manager at any time since January 1, 2007; and (6) all individuals and entities, except for the named Plaintiffs, that have sued or initiated formal dispute resolution proceedings against Walgreen Co. relating to its determination of usual and customary prices in connection with the Prescription Savings Club.

Pursuant to Federal Rule of Civil Procedure 23(a)(4), Plaintiffs respectfully move the Court to appoint the following as class representatives:

1. For the Multi-State Class: All Plaintiffs;
2. For the Unfairness Subclass: All Plaintiffs; and
3. For the Unjust Enrichment Subclass: The Fund Plaintiffs and Plaintiff Bullard.

Pursuant to Federal Rules of Civil Procedure 23(a)(4) and 23(g), Plaintiffs respectfully move the Court to appoint Scott+Scott Attorneys at Law LLP and Robbins Geller Rudman & Dowd LLP as class counsel.

The bases for Plaintiffs' Motion are set forth in the accompanying memorandum of law, the Declaration of Joseph P. Guglielmo, the expert reports of Dr. Lynette Hilton and Dr. Kenneth Schafermeyer, and the exhibits and appendices attached thereto.

Plaintiffs respectfully request that the Court enter the Proposed Order attached hereto.

Dated: November 17, 2022

Respectfully submitted,
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*/s/ Joseph P. Guglielmo*
Joseph P. Guglielmo (IL Bar #2759819)
Carey Alexander (IL Bar #5188461)
The Helmsley Building
230 Park Avenue, 17th Floor

New York, NY 10169
Telephone: (212) 223-4478
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com
calexander@scott-scott.com

Erin Green Comite (IL Bar #420630)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 S. Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 531-2632
Facsimile: (860) 537-4432
ecomite@scott-scott.com

David W. Mitchell (IL Bar #199706)
Brian O. O'Mara (IL Bar #229737)
Arthur L. Shingler III (IL Bar #181719)
**ROBBINS GELLER RUDMAN
 & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
davidm@rgrdlaw.com
bomara@rgrdlaw.com
ashingler@rgrdlaw.com

Mark J. Dearman (IL Bar #0982407)
Stuart A. Davidson (IL Bar #084824)
Eric Scott Dwoskin (IL Bar # 0112459)
**ROBBINS GELLER RUDMAN
 & DOWD LLP**
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Facsimile: (561) 750-3364
mdearman@rgrdlaw.com
sdavidson@rgrdlaw.com
edwoskin@rgrdlaw.com

*Interim Co-Lead Counsel*

Katrina Carroll (IL Bar #6291405)
**LYNCH CARPENTER LLP**
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Telephone: (312) 750-1265
katrina@lcllp.com
*Local Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed electronically through the Court's Electronic Case Filing System, which will then send a notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Joseph P. Guglielmo*
Joseph P. Guglielmo