# EXHIBIT 53

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA *et al. ex rel.* MARC D. BAKER, Plaintiffs, v. WALGREENS, INC., Defendant. | 12 Civ. 0300 (JPO) |

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Intervenor, v. WALGREEN CO., Defendant. | 12 Civ. 0300 (JPO) |

## STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL

WHEREAS, this Stipulation and Order of Settlement and Dismissal ("Stipulation") is entered into by and among plaintiff the United States of America ("United States" or "Government"), by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York; the *qui tam* relator in *United States* et al. ex rel. *Marc D. Baker v. Walgreens, Inc.*, 12 Civ. 0300 (JPO) ("Relator"), by his authorized representatives; and defendant Walgreen Co. ("Walgreens" and together with the Government and Relator, "Parties"), by its authorized representatives;

WHEREAS, on or about January 13, 2012, the Relator filed a *qui tam* complaint ("Relator Original Complaint") against Walgreens in the United States District Court for the

Southern District of New York ("SDNY"), alleging, *inter alia,* that Walgreens had violated the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, by submitting false claims for reimbursement to federal health care programs for prescription drugs that it sold through a discount drug program, which it referred to as the Prescription Savings Club program ("PSC program"). The Relator filed an amended complaint on December 30, 2013 ("Relator Amended Complaint");

WHEREAS, the Government alleges that, from January 2008 through December 2017 ("Covered Period"), Walgreens violated the FCA by (1) submitting claims to the Medicaid programs of 39 states[1] and the District of Columbia (collectively, "States") in which the prices it identified as the usual and customary ("U&C") prices for certain prescription drugs that it sold through the PSC program were higher than the prices it charged for those drugs pursuant to the PSC program, and thereby (2) obtaining more money in reimbursements from the States' Medicaid programs for sales of such drugs than it was entitled to receive. The claims referenced in the prior sentence relate to Medicaid fee-for-service claims, and do not cover Medicaid managed care claims. The conduct described in this paragraph is the "Covered Conduct" for purposes of this Stipulation;

WHEREAS, contemporaneous with the filing of this Stipulation, the Government is filing a Notice of Election to Partially Intervene and a Complaint-In-Intervention in the above-

---

[1] The 39 states referenced above consist of Alabama, Alaska, Arkansas, California, Connecticut, Colorado, Delaware, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Oregon, Pennsylvania, Rhode Island, Tennessee, Texas, Utah, Vermont, Virginia, West Virginia, Washington, and Wisconsin.

referenced *qui tam* action ("Government Complaint"), in which it is asserting claims under the FCA and the common law for the Covered Conduct;

WHEREAS, Walgreens and the above-referenced States intend to enter into separate settlement agreements ("State Settlements"), to resolve claims asserted by the States for the Covered Conduct, and Walgreens has agreed to pay a total of $27,947,731.59 to the States pursuant to and subject to the execution of the State Settlements; and

WHEREAS, the Parties have, through this Stipulation, reached a mutually-agreeable resolution addressing claims asserted against Walgreens for the Covered Conduct;

NOW, THEREFORE, upon the Parties' agreement, IT IS HEREBY ORDERED that:

## TERMS AND CONDITIONS

1.    The Parties agree that this Court has subject matter jurisdiction over this action and consent to this Court's exercise of personal jurisdiction over each of them.

2.    Walgreens admits, acknowledges, and accepts responsibility for the following conduct:

    a.    Walgreens launched the PSC program in 2007. By 2008, Walgreens was offering the PSC program at its stores across the United States.

    b.    Throughout the Covered Period, customers who enrolled in the PSC program ("PSC program members") were eligible to receive discounts on thousands of generic and brand-name prescription drugs. The specific drugs for which PSC program members were eligible to receive discounts were identified on the PSC program formulary. During the Covered Period, Walgreens offered a savings guarantee pursuant to which PSC program members could recoup (in the form of a store credit) the difference between the amount they paid to enroll in the program in a given year and the amount they received in discounted savings under the program in that year.

    c.    During the Covered Period, most States required that, when Walgreens — or any other pharmacy — submitted a claim for reimbursement in connection with the sale of a prescription drug, the amount that the

pharmacy would be reimbursed was to be the lowest of certain price points, one of which was the pharmacy's U&C price for the drug.

    d.    During the Covered Period, such States had or adopted specific formulations for how pharmacies should identify their U&C prices. Certain formulations defined U&C prices as the lowest prices at which pharmacies offered or sold their drugs to the "general public." Certain formulations further specified that such lowest prices were to include special or discount prices, such as $4 generics, offered or sold to the "general public."

    e.    Throughout the Covered Period, in submitting claims for reimbursement to the States, Walgreens did not identify its PSC program prices as its U&C prices for the drugs on the PSC program formulary. As a result, the States paid Walgreens more money in reimbursements than they would have paid if Walgreens had identified its PSC program prices as its U&C prices.

3.    Walgreens shall pay the Government $32,052,268.41 within fourteen (14) business days of the Effective Date (defined below in Paragraph 27) plus interest, which shall be compounded annually at a rate of 2.87% accruing from October 15, 2018, to the date of payment ("Settlement Amount"). Of the Settlement Amount $16,026,134.20, plus 50% of the accrued interest, constitutes restitution to the United States.

4.    The payment required by Paragraph 3 above shall be made in accordance with instructions to be provided by the Financial Litigation Unit of the United States Attorney's Office for the Southern District of New York.

5.    Walgreens agrees to cooperate fully and truthfully with the United States' investigation relating to the Covered Conduct of individuals and entities not released in this Agreement. Upon reasonable notice, Walgreens shall encourage, and agrees not to impair, the cooperation of its directors, officers, and employees, and shall use its best efforts to make available, and encourage, the cooperation of former directors, officers, and employees for interviews and testimony relating to the Covered Conduct, consistent with the rights and

4

privileges of such individuals. Walgreens further agrees to furnish to the United States, upon request, complete and unredacted copies of all non-privileged documents, reports, memoranda of interviews, and records in its possession, custody, or control concerning any investigation of the Covered Conduct that it has undertaken, or that has been performed by another on its behalf, as well as complete and unredacted copies of any other non-privileged documents in its possession, custody, or control relating to the Covered Conduct.

6.    Subject to the exceptions in Paragraph 9 below (concerning excluded claims) and Paragraph 16 below (concerning bankruptcy proceedings), and conditioned on Walgreens' compliance with the terms of this Stipulation, including full payment of the Settlement Amount as set forth in Paragraph 3 above, the United States releases Walgreens, together with its current and former parent corporations; direct and indirect subsidiaries; brother or sister corporations; divisions; current or former corporate owners; and the corporate successors and assigns of any of them, from any civil or administrative monetary claim that the United States has for the Covered Conduct under the FCA, the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a, the Program Fraud Civil Remedies Act, 31 U.S.C. § 3801-3812, and the common law theories of fraud, payment by mistake and unjust enrichment. This Stipulation is not intended to and does not release any allegations or claims other than the Covered Conduct. For purposes of example only and without limitation, this Stipulation does not release any allegations or claims of the United States relating to Walgreens' pricing of prescription medications, including but not limited to allegations or claims relating to the U&C prices for prescription medications, to the extent that such allegations or claims relate to Medicare or any federal healthcare program other than Medicaid.

7. Conditioned on Walgreens making the required payment set forth in Paragraph 3 above and the payments Walgreens is required to make under the State Settlements, and subject to Paragraph 16 below (concerning bankruptcy proceedings), the Relator, for himself and his heirs, successors, attorneys, agents, and assigns, releases Walgreens, together with its current and former parent corporations; direct and indirect subsidiaries; brother or sister corporations; divisions; current or former corporate owners, directors, officers, and employees; and the corporate successors and assigns of any of them, from: (a) any civil monetary claim that the Relator has on behalf of the United States for the Covered Conduct under the FCA, and (b) any claim that the Relator asserted or could have asserted against Walgreens in the Relator Original Complaint or the Relator Amended Complaint; provided, however, that nothing in this Stipulation shall preclude the Relator from seeking to recover his expenses, costs, or attorney's fees from Walgreens pursuant to 31 U.S.C. § 3730(d).

8. In consideration of the execution of this Stipulation by the Relator, and the releases by the Relator as set forth in Paragraph 7 above, Walgreens, together with its current and former parent corporations; direct and indirect subsidiaries; brother or sister corporations; divisions; current or former corporate owners, directors, officers, and employees; and the corporate successors and assigns of any of them, releases the Relator, and his heirs, successors, attorneys, agents, and assigns, from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that Walgreens has asserted, could have asserted, or may assert in the future against the Relator, relating to the allegations in the Relator Original Complaint, the Relator Amended Complaint, or the Government Complaint; provided, however, that Walgreens reserves and does not release its right to assert any defenses or claims it may

6

have in response to any claims the Relator may assert for expenses, costs or attorneys' fees

pursuant to 31 U.S.C. § 3730(d).

9.     Notwithstanding the releases given in Paragraph 6 above, or any other term of this

Stipulation, the following claims of the Government are specifically reserved and are not

released by this Stipulation:

a.     any liability arising under Title 26, United States Code (Internal

Revenue Code);

b.     any criminal liability;

c.     except as explicitly stated in this Stipulation, any administrative liability,

including mandatory exclusion from Federal health care programs; suspension or debarment

pursuant to 2 C.F.R. Part 376; or actions pursuant to, or otherwise consistent with, 42 C.F.R.

§ 52.9, 45 C.F.R. §§ 75.207-75.208, or 45 C.F.R. §§ 75.371-75.375;

d.     any liability to the Government (or its agencies) for any conduct other than

the Covered Conduct;

e.     any liability based upon obligations created by this Stipulation; and

f.     any liability of individuals.

10.     Walgreens shall be in default of this Stipulation if Walgreens fails to make the

required payment set forth in Paragraph 3 above on or before the due date for such payment, or if

it fails to comply materially with any other term of this Stipulation that applies to it ("Default").

The Government shall provide written notice of any Default in the manner set forth in

Paragraph 26 below.  Walgreens shall then have an opportunity to cure the Default within ten

(10) calendar days from the date of delivery of the notice of Default.  In the event that a Default

is not fully cured within ten (10) calendar days of the delivery of the notice of Default ("Uncured

Default"), interest shall accrue at the rate of 12% per annum compounded daily on the remaining unpaid principal balance of the Settlement Amount, beginning seven (7) business days after mailing of the notice of Default. In the event of an Uncured Default, Walgreens agrees to the entry of the consent judgment attached hereto as Exhibit A and that the Government may take action to collect on the consent judgment. In the event of an Uncured Default, Walgreens further agrees that the United States, at its option, may (a) rescind this Stipulation and reinstate the Government Complaint, as well as any claims that could be asserted for the Covered Conduct (in the event the Government Complaint is reinstated, the Relator could also reinstate the claims in the Relator Amended Complaint that he agreed to release pursuant to this Stipulation); (b) seek specific performance of this Stipulation; (c) offset the remaining unpaid balance of the Settlement Amount (including interest) from any amounts due and owing Walgreens by any department, agency, or agent of the United States; or (d) exercise any other rights granted by law, or under the terms of this Stipulation, or recognizable at common law or in equity. Walgreens shall not contest any offset imposed or any collection undertaken by the Government pursuant to this Paragraph, either administratively or in any Federal or State court. In addition, Walgreens shall pay the Government all reasonable costs of collection and enforcement under this Paragraph, including attorneys' fees and expenses. In the event that the United States opts to rescind this Stipulation pursuant to this Paragraph, Walgreens shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any civil or administrative claims that relate to the Covered Conduct.

11.     The Relator, and his heirs, successors, attorneys, agents, and assigns, shall not object to this Stipulation but agrees and confirms that the terms of this Stipulation are fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B).

8

Subject to any claims that the Relator may have under 31 U.S.C. § 3730(d) and the separate Stipulation and Order of Settlement and Release between the Relator and the United States addressing the Relator's share of the Settlement Amount, the Relator, for himself and his heirs, successors, attorneys, agents, and assigns, releases, waives, and forever discharges the United States, its agencies, officers, agents, employees, and servants, from any claims, known or unknown, arising from the filing of the Relator Original Complaint and the Relator Amended Complaint, and from any claims under 31 U.S.C. § 3730.

12.     Walgreens waives and shall not assert any defenses Walgreens may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Stipulation bars a remedy sought in such criminal prosecution or administrative action.

13.     Walgreens fully and finally releases the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that Walgreens has asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, or servants, related to the Covered Conduct, the United States' investigation, prosecution and settlement of the Covered Conduct, and the United States' investigation of the Covered Conduct.

14.     This Stipulation is intended to be for the benefit of the Parties only.  The Parties do not release any claims against any other person or entity except as otherwise provided herein.

15.     Walgreens represents and warrants that it has reviewed its financial situation, that it is currently solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I), and

that it reasonably believes as of the date hereof that it shall remain solvent following compliance with its obligations under this Stipulation. Further, the Parties warrant that, in evaluating whether to execute this Stipulation, they (a) have intended that the mutual promises, covenants, and obligations set forth constitute a contemporaneous exchange for new value given to Walgreens within the meaning of 11 U.S.C. § 547(c)(1); and (b) have concluded that these mutual promises, covenants, and obligations due, in fact, constitute such a contemporaneous exchange. Further, the Parties warrant that the mutual promises, covenants, and obligations set forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value that is not intended to hinder, delay, or defraud any entity to which Walgreens was or became indebted on or after the date of this Stipulation, within the meaning of 11 U.S.C. § 548(a)(1).

16.     If Walgreens commences, or a third party commences, any case, action, or other proceeding under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors (a) seeking an order for relief of Walgreens' debts, or seeking to adjudicate Walgreens as bankrupt or insolvent; or (b) seeking appointment of a trustee, custodian, or other similar official for Walgreens or for all or any substantial part of Walgreens' assets, Walgreens agrees as follows:

a.     Walgreens' obligations under this Stipulation may not be avoided pursuant to 11 U.S.C. § 547, and Walgreens shall not argue or otherwise take the position in any such case, action, or proceeding that (i) Walgreens' obligations under this Stipulation may be avoided under 11 U.S.C. § 547; (ii) Walgreens was insolvent at the time this Stipulation was entered into; or (iii) the mutual promises, covenants, and obligations set forth in this Stipulation do not constitute a contemporaneous exchange for new value given to Walgreens.

10

    b.  If Walgreens' obligations under this Stipulation are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the Government, at its sole option, may rescind the releases in this Stipulation and reinstate the Government Complaint or bring any civil and/or administrative claim, action, or proceeding against Walgreens that would otherwise be covered by the releases in Paragraph 6 above (in the event the Government Complaint is reinstated, the Relator could also reinstate the claims in the Relator Amended Complaint that he agreed to release pursuant to this Stipulation). Walgreens agrees that (i) any such claim, action, or proceeding brought by the Government or the Relator would not be subject to an "automatic stay" pursuant to 11 U.S.C. § 362(a) as a result of the case, action, or proceeding described in the first clause of this Paragraph, and Walgreens shall not argue or otherwise contend that the claim, action, or proceeding is subject to an automatic stay; (ii) Walgreens shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any claim, action, or proceeding that is brought by the Government or the Relator within 60 calendar days of written notification that the releases in this Stipulation have been rescinded pursuant to this Paragraph, except to the extent such defenses were available on the date the Relator initially filed the above-referenced action; and (iii) the Government has a valid claim against Walgreens for the full Settlement Amount, and the Government may pursue the claim in the case, action, or proceeding described in the first clause of this Paragraph, as well as in any other case, action, or proceeding.

    c.  Walgreens acknowledges that the agreements in this Paragraph are provided in exchange for valuable consideration provided in this Stipulation.

   17.  Walgreens agrees to the following:

a. Unallowable Costs Defined: All costs (as defined in the Office of Management and Budget ("OMB") Uniform Administrative Requirements, Cost Principles, and Audit Requirements for Federal Awards published at 2 C.F.R. § 200 *et seq.*; the Department of Health and Human Services adoption of the OMB Guidance provided at 45 C.F.R. § 75, subpart E *et seq.*; the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47 where applicable; or otherwise as specified by federal statutes, regulations or the terms and conditions of a Federal award) incurred by or on behalf of Walgreens, including its present or former officers, directors, employees, shareholders and agents, in connection with:

(1) the matters covered by this Stipulation;

(2) the United States' audit(s) and civil and/or criminal investigation(s) of matters covered by this Stipulation;

(3) Walgreens' investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil and/or criminal investigation(s) in connection with matters covered by this Stipulation (including attorneys' fees);

(4) the negotiation and performance of this Stipulation;

(5) any payments Walgreens makes to the United States pursuant to this Stipulation and any payments Walgreens may make to the Relator, including expenses, costs and attorneys' fees, and

(6) the negotiation of, and any obligations undertaken pursuant to, the CIA (as that term is defined in Paragraph 29 below), including to:

(i) retain an independent review organization to perform annual reviews as described in Section III of the CIA; and

12

(ii) prepare and submit reports to the Department of Health and

Human Services, Office of Inspector General ("OIG-HHS"),

are unallowable costs for government contracting purposes and under the Medicare

Program, Medicaid Program, TRICARE Program, and Federal Employees Health

Benefits Program (FEHBP) (hereinafter referred to as "Unallowable Costs"). However,

nothing in this paragraph 17.a.(6) that may apply to the obligations undertaken pursuant

to the CIA affects the status of costs that are not allowable based on any other authority

applicable to Walgreens.

b. Future Treatment of Unallowable Costs: Unallowable Costs shall be

separately determined and accounted for by Walgreens, and Walgreens shall not charge

such Unallowable Costs directly or indirectly to any contracts with the United States or

any State Medicaid program, or seek payment for such Unallowable Costs through any

cost report, cost statement, information statement, or payment request submitted by

Walgreens or any of its subsidiaries or affiliates to the Medicare, Medicaid, TRICARE,

or FEHBP Programs.

c. Treatment of Unallowable Costs Previously Submitted for Payment:

Walgreens further agrees that within 90 days of the Effective Date of this Stipulation, it

shall identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, and/or

contractors, and Medicaid and FEHBP fiscal agents, any Unallowable Costs (as defined

in this Paragraph) included in payments previously sought from the United States, or any

State Medicaid Program, including, but not limited to, payments sought in any cost

reports, cost statements, information reports, or payment requests already submitted by

Walgreens or any of its subsidiaries or affiliates, and shall request, and agree, that such

13

cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the Unallowable Costs. Walgreens agrees that the United States, at a minimum, shall be entitled to recoup from Walgreens any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted cost reports, information reports, cost statements, or requests for payment.

Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice and/or the affected agencies. The United States reserves its rights to disagree with any calculations submitted by Walgreens or any of its subsidiaries or affiliates on the effect of inclusion of Unallowable Costs (as defined in this Paragraph) on Walgreens or any of its subsidiaries or affiliates' cost reports, cost statements, or information reports.

d.      Nothing in this Stipulation shall constitute a waiver of the rights of the United States to audit, examine, or re-examine Walgreens' books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this Paragraph.

18.     Except as set forth in Paragraph 7 above (which preserves the Relator's rights against Walgreens to seek reasonable expenses, costs, and attorney's fees), each Party shall bear its own legal and other costs incurred in connection with this matter.

19.     Any failure by the Government to insist upon the full or material performance of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions hereof, and the Government, notwithstanding that failure, shall have the right thereafter to insist upon the full or material performance of any and all of the provisions of this Stipulation.

14

20.     This Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Stipulation is the United States District Court for the Southern District of New York. For purposes of construing this Stipulation, this Stipulation shall be deemed to have been drafted by all Parties to this Stipulation and shall not, therefore, be construed against any Party in any subsequent dispute.

21.     This Stipulation constitutes the complete agreement between the Parties with respect to the subject matter hereof. This Stipulation may not be amended except by written consent of the Parties.

22.     The undersigned counsel and any other signatories represent and warrant that they are fully authorized to execute this Stipulation on behalf of persons and the entities indicated below.

23.     This Stipulation is binding on and inures to the benefit of Walgreens and any successor entities.

24.     This Stipulation is binding on and inures to the benefit of the Relator's successors, transferees, heirs, and assigns.

25.     This Stipulation may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Stipulation. E-mails that attach signatures in PDF form or facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Stipulation.

26.     Any notices or requests pursuant to this Stipulation shall be in writing and shall be delivered by hand, express courier, or email transmission followed by postage-prepaid mail, and shall be addressed as follows:

IF TO THE UNITED STATES:

Pierre G. Armand
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
86 Chambers Street, Third Floor
New York, New York 10007
Email: pierre.armand@usdoj.gov

IF TO WALGREENS:

Rick Robinson
ReedSmithLLP
1301 K Street, N.W.
Suite 1100 – East Tower
Washington, D.C. 20005-3373
Email: frobinson@reedsmith.com

27.     The Effective Date of this Stipulation is the date upon which the Stipulation is approved and entered by the Court.

28.     Upon Walgreens' payment to the Government of the Settlement Amount as described in Paragraph 3 above and Walgreens' payment to the States of the amount it is required to pay under the State Settlements, the United States shall be deemed to have dismissed with prejudice the claims asserted by the United States in the Government Complaint. No other claims of the United States shall be deemed to be dismissed, with prejudice or otherwise. Upon Walgreens' payment to the Government of the Settlement Amount as described in Paragraph 3 above and Walgreens' payment to the States of the amount it is required to pay under the State Settlements, the Relator shall be deemed to have dismissed with prejudice the claims he asserted

16

or could have asserted in the Relator Amended Complaint, other than claims for expenses, costs
or attorneys' fees pursuant to 31 U.S.C. § 3730(d).

29.     In consideration of Walgreens' obligations in this Stipulation and the separate
Corporate Integrity Agreement ("CIA"), entered into between OIG-HHS and Walgreens, and
conditioned upon Walgreens' compliance with the terms of this Stipulation, including full
payment of the Settlement Amount as set forth in Paragraph 3 above, the OIG-HHS agrees to
release and refrain from instituting, directing, or maintaining any administrative action seeking
exclusion from Medicare, Medicaid, and other Federal health care programs (as defined in 42
U.S.C. § 1320a-7b(f)) against Walgreens under 42 U.S.C. § 1320a-7a (Civil Monetary Penalties
Law) or 42 U.S.C. § 1320a-7(b)(7) (permissive exclusion for fraud, kickbacks, and other
prohibited activities) for the Covered Conduct, except as reserved in this Paragraph and in
Paragraph 9 above (concerning excluded claims).  The OIG-HHS expressly reserves all rights to
comply with any statutory obligations to exclude Walgreens from Medicare, Medicaid, and other
Federal health care programs under 42 U.S.C. § 1320a-7(a) (mandatory exclusion) based upon
the Covered Conduct.  Nothing in this Paragraph precludes the OIG-HHS from taking action
against entities or persons, or for conduct and practices, for which claims have been reserved in
Paragraph 9 above.

Agreed to by:

## THE UNITED STATES OF AMERICA

Dated: New York, New York
       December 19, 2018

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2728
Facsimile: (212) 637-2786

By: _____
LISA M. RE
Assistant Inspector General for Legal Affairs
Office of the Inspector General for the U.S.
Department of Health and Human Services

*Attorney for the United States of America*

RELATOR

Dated: December 13, 2018

By: _____

MARC D. BAKER

*Relator*

Dated: December 13, 2018

By: _____

STEIN MITCHELL BEATO & MISSNER LLP

ANDREW M. BEATO
JED WULFEKOTTE
901 15th Street N.W. Suite 700
Washington, D.C. 20005
Telephone: (202) 737-7777
Facsimile: (202) 296-8312

*Attorneys for Relator*

19

**WALGREEN CO.**

Dated: December _14_, 2018

By: _____

RICK ROBINSON
SELINA COLEMAN
ReedSmithLLP
1301 K Street, N.W.
Suite 1100 – East Tower
Washington, D.C. 20005-3373
Telephone: 202-414-9200
Facsimile: 202-414-9299

*Attorneys for Walgreen Co.*

Dated: December _14_, 2018

By: _____

ELENA KRAUS
Senior Vice President and General Counsel

*Walgreen Co.*

SO ORDERED:

_____

J. PAUL OETKEN
UNITED STATES DISTRICT JUDGE

Dated: _1/15/19_

20

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA *et al. ex rel.*<br>MARC D. BAKER,<br><br>    Plaintiffs,<br><br>            v.<br><br>WALGREENS, INC.,<br><br>    Defendant. | 12 Civ. 0300 (JPO) |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Intervenor,<br><br>            v.<br><br>WALGREEN CO.,<br><br>    Defendant. | 12 Civ. 0300 (JPO) |

Upon the consent of plaintiff the United States of America and defendant Walgreen Co.

("Walgreens") it is hereby

ORDERED, ADJUDGED and DECREED:  that plaintiff the United States of America is

awarded judgment in the amount of $32,052,268.41 as against Walgreens, as well as post-

judgment interest at the rate of 12% per annum compounded daily.

Agreed to by:

## THE UNITED STATES OF AMERICA

Dated:          New York, New York
                December 19, 2018

                              GEOFFREY S. BERMAN
                              United States Attorney for the
                              Southern District of New York

                By:           _____

                              CHRISTOPHER B. HARWOOD
                              Assistant United States Attorney
                              86 Chambers Street, Third Floor
                              New York, New York 10007
                              Telephone: (212) 637-2728
                              Facsimile: (212) 637-2786

                              *Attorney for the United States of America*

**WALGREEN CO.**

Dated: December 14, 2018

By: _[signature]_

RICK ROBINSON
SELINA COLEMAN
ReedSmithLLP
1301 K Street, N.W.
Suite 1100 – East Tower
Washington, D.C. 20005-3373
Telephone: 202-414-9200
Facsimile: 202-414-9299

*Attorneys for Walgreen Co.*

Dated: December 14, 2018

By: _[signature]_

ELENA KRAUS
Senior Vice President and General Counsel

*Walgreen Co.*

SO ORDERED:

_[signature]_

J. PAUL OETKEN
UNITED STATES DISTRICT JUDGE

Dated: 1/15/19