# EXHIBIT 57

## UDAP ELEMENTS CHART

| | | |
|---|---|---|
| **ARIZONA CONSUMER FRAUD ACT ("ACFA"), Ariz. Rev. Stat. §§44-1521, *et seq*.** | | |
| **Elements of the Claim** | "[A] plaintiff must establish that (1) the defendant made a misrepresentation in violation of the Act, and (2) defendant's conduct proximately caused plaintiff to suffer damages."[1] *Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815, 825 (D. Ariz. 2016). | |
| **Conduct Prohibited** | **Deceptive or unfair practices** | The ACFA prohibits "any deception, *deceptive or unfair act or practice*, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact." Ariz. Rev. Stat. §44-1522(A). |
| **Deception Standard** | **Capacity to mislead** | "A statement is 'deceptive' if it has the *'tendency and capacity to convey misleading impressions* to consumers,' even if 'interpretations that would not be misleading also are possible.' Whether a statement has the tendency to mislead is determined from the perspective of the 'least sophisticated reader,' in light of 'all that is reasonably implied, not just from what is said.'" *Cheatham*, 161 F. Supp. 3d at 826-27. |
| **Scienter Required?** | **No** | "[T]he only showing of intent required by A.R.S. s 44-1522 is an intent to do the act involved. *It is not necessary to show a specific intent to deceive*." *Arizona ex rel. Babbitt v. Goodyear Tire & Rubber Co.*, 626 P.2d 1115, 1118 (Ariz. Ct. App. 1981); *see also Arizona ex rel. Corbin v. Tolleson*, 773 P.2d 490 (Ariz. Ct. App. 1989). This showing is satisfied where the defendant "voluntarily intended to do the acts performed, that is, voluntarily offered mispriced or non-priced goods for sale." *Arizona ex rel. Horne v. AutoZone, Inc.*, 258 P.3d 289, 296 (Ariz. Ct. App. 2011), *vacated in part on other grounds*, 275 P.3d 1278 (Ariz. 2012). |
| **Actual Reliance Required?** | **No** | "*[A]ctual reliance can be presumed on a class-wide basis by the fact of purchase*: the class members, by definition, paid more than the reissue rate based on Fidelity's representation of the appropriate fee." *Ramirez v. Fid. Nat'l Title Ins. Co.*, No. CV-09-230, 2011 WL 13047300, at *8 (D. Ariz. Mar. 31, 2011). "Plaintiffs, as well as the members of the putative class, satisfy this component because they have readily shown reliance by purchasing the credit life insurance. . . . This alone is sufficient to show reliance to the degree necessary under the ACFA. In addition, the Court need not evaluate the reasonableness of the Plaintiffs' reliance because under the statute, reliance does not have to [be] reasonable." *Siemer v. Assocs. First Cap. Corp.*, No. CV97-281, 2001 WL 35948712, at *4 (D. Ariz. Mar. 30, 2001). |
| **Unfairness Standard** | **Federal Tort Claims Act ("FTCA")** | "It is the intent of the legislature, in construing subsection A, that the courts *may use as a guide interpretations given by the federal trade commission* and the federal courts to 15 United States Code §§45, 52 and 55(a)(1)." Ariz. Rev. Stat. §44-1522(C). |
| **Relief Available** | "A private individual's relief under the Consumer Protection Act is his actual damages suffered as a result of the unlawful act or practice. . . . Punitive damages are allowed for violations of the Consumer Fraud Act where the wrongdoer's conduct is wanton or reckless, shows spite or ill will or where the conduct demonstrates a reckless indifference to the interests of others." *Holeman v. Neils*, 803 F. Supp. 237, 242-43 (D. Ariz. 1992); *see also Dunlap v. Jimmy GMC of Tucson, Inc.*, 666 P.2d 83 (Ariz. Ct. App. 1983) (actual and punitive); Ariz. Rev. Stat. §44-1528 (injunctions). | |

---

[1] All citations are omitted and emphasis is added unless otherwise noted.

# UDAP ELEMENTS CHART

|  | **CALIFORNIA UNFAIR COMPETITION LAW ("UCL"), Cal. Bus. & Prof. Code §§17200, *et seq*.** |
|---|---|---|
| **Elements of the Claim** |  | In order to bring a claim for violation of the UCL, "'a plaintiff must show either an (1) "unlawful, unfair, or fraudulent business act or practice," or (2) "unfair, deceptive, untrue or misleading advertising."'" *Makreas v. First Nat'l Bank of N. Cal.*, 856 F. Supp. 2d 1097, 1101 (N.D. Cal. 2012). "Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 . . . ." Cal. Bus. & Prof. Code §17203. To meet the standing requirement, a plaintiff must be "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code §17204. |
| **Conduct Prohibited** | **Deceptive or unfair practices** | The UCL prohibits any "unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code §17200. |
| **Deception Standard** | **Likely to deceive** | "To state a cause of action under the fraudulent prong of Section 17200, it is necessary only to show members of the public are ***likely to be deceived*** . . . ." *Makreas*, 856 F. Supp. 2d at 1102. *See Colgan v. Leatherman Tool Grp., Inc.*, 38 Cal. Rptr. 3d 36, 48-49 (Cal. Ct. App. 2006) (same). |
| **Scienter Required?** | **No** | A "plaintiff ***need not show that a UCL defendant intended to injure anyone*** through its unfair or unlawful conduct. The UCL imposes ***strict liability*** when property or monetary losses are occasioned by conduct that constitutes an unfair business practice." *Cortez v. Purolator Air Filtration Prods. Co.*, 96 Cal. Rptr. 2d 518, 530 (Cal. 2000). |
| **Actual Reliance Required?** | **Yes, but only named plaintiffs** | "'California courts have held that when the "unfair competition" underlying a plaintiff's UCL claim consists of a defendant's misrepresentation or omission, a plaintiff must have actually relied on the misrepresentation or omission, and suffered economic injury as a result of that reliance, to have standing to sue.'" *Ahern v. Apple Inc.*, 411 F. Supp. 3d 541, 563 (N.D. Cal. 2019). But, in a class action, ***only the named plaintiffs need establish reliance***, and reliance can be established by a showing that the misrepresentation was a substantial factor in the purchasing decision. *See In re Tobacco II Cases*, 93 Cal. Rptr. 3d 559, 581-83 (Cal. 2009). |
| **Unfairness Standard** | **FTCA & Cigarette Rule** | "'"An 'unfair' business practice occurs when that practice '***offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers***.'"'" *Candelore v. Tinder, Inc.*, 228 Cal. Rptr. 3d 336, 351 (Cal. Ct. App. 2018). *see also Cel-Tech Commc'ns, Inc. v, L.A. Cellular Tel. Co.*, 83 Cal. Rptr. 2d 548, 565-66 (Cal. 1999) (pointing to the "parallel" §17200 and FTC Act §5, which both broadly define "unfairness"). |
| **Relief Available** |  | "Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, . . . as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." Cal. Bus. & Prof. Code §17203. Since the UCL is equitable in nature, monetary relief is available in the form of restitution. *See Bank of the W. v. Super Court*, 10 Cal. Rptr. 2d 538 (Cal. 1992). Attorneys' fees are available for the prevailing party conferring benefit on public. *See* Cal. Civ. Proc. Code. §1021.5. |

**UDAP ELEMENTS CHART**

| | | |
|---|---|---|
| **CONNECTICUT UNFAIR TRADE PRACTICES ACT ("CUTPA"), Conn. Gen. Stat., §§42-110a, *et seq*.** | | |
| **Elements of the Claim** |  | To prevail under CUTPA, a plaintiff must demonstrate "'(1) the defendant engaged in unfair or deceptive acts or practices in the conduct of any trade or commerce; and (2) each class member claiming entitlement to relief under CUTPA has suffered an ascertainable loss of money or property as a result of the defendant's act or practices.'" *Neighborhood Builders, Inc. v. Town of Madison*, 986 A.2d 278, 282 (Conn. 2010). |
| **Conduct Prohibited** | **Deceptive or unfair practices** | CUTPA prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce. Conn. Gen. Stat. §42-110b(a). |
| **Deception Standard** | **Capacity to deceive** | """For a trade practice to be deceptive, it must have a ***tendency and capacity to deceive*** the consumer."" *McLaughlin Ford, Inc. v. Ford Motor Co.*, 473 A.2d 1185, 1190 (Conn. 1984). |
| **Scienter Required?** | **No** | "'In addition to establishing a standard of conduct more flexible than traditional common law claims, the expansive language of CUTPA prohibits unfair or deceptive trade practices ***without requiring proof of intent to deceive, to defraud or to mislead***.'" *Dispazio v. Oakleaf Waste Mgmt., LLC*, No. CV106012650, 2011 WL 1026094, at *18 (Conn. Super. Ct. Feb. 18, 2011); *see also Web Press Servs. Corp. v. New London Motors, Inc.*, 525 A.2d 57, 68 (Conn. Super. Ct. 1987). |
| **Actual Reliance Required?** | **No** | "The CUTPA plaintiff ***need not prove reliance*** or that the representation became part of the basis of the bargain." *Hinchliffe v. Am. Motors Corp.*, 440 A.2d 810, 815-16 (Conn. 1981). |
| **Unfairness Standard** | **FTCA & Cigarette Rule** | "It is the intent of the legislature that in construing subsection (a) of this section, the commissioner and the courts of this state ***shall be guided by interpretations given by the Federal Trade Commission*** and the federal courts to Section 5(a)(1) of the Federal Trade Commission Act (15 USC 45(a)(1)), as from time to time amended." Conn. Gen. Stat. §42-110b(b).<br><br>"'It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the [F]ederal [T]rade [C]ommission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise – in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businesspersons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three.'" *Edmands v. CUNO, Inc*., 892 A.2d 938, 954 n.16 (Conn. 2006) (brackets in original). |
| **Relief Available** |  | "Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action in the judicial district in which the plaintiff or defendant resides or has his principal place of business or is doing business, to recover actual damages. Proof of public interest or public injury shall not be required in any action brought under this section. The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper." Conn. Gen. Stat. §42-110g(a). |

**UDAP ELEMENTS CHART**

| | | |
|---|---|---|
| **DELAWARE CONSUMER FRAUD ACT ("DCFA"), Del. Code Ann. tit. 6, §§2511, *et seq.*** | | |
| **Elements of the Claim** | "Under the Consumer Fraud Act, the Plaintiff must show: (1) the defendant engaged in conduct which violated the statute; (2) the plaintiff was a victim of the unlawful conduct; and (3) a causal relationship exists between the defendant's unlawful conduct and the plaintiff's ascertainable loss." *Cont'l Elec. Servs., LLC v. Del. Hall Condo. Apartments Ass'n*, No. CPU4-14-001173, 2019 WL 339978, at *12 (Del. Ct. Com. Pl. Jan. 16, 2019). | |
| **Conduct Prohibited** | **Deceptive or unfair practices** | Under the DCFA "[t]he act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale, lease, receipt, or advertisement of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is an unlawful practice". Del. Code Ann. tit. 6, §2513(a). |
| **Deception Standard** | **Likely to deceive** | *Del. Solid Waste Auth. v. E. Shore Env't, Inc.*, No. CIV.A. 1472-K, 2002 WL 537691, at *6 (Del. Ch. Mar. 28, 2002), *on reargument*, No. CIV. A. 1472-K, 2002 WL 749185 (Del. Ch. Apr. 12, 2002) (citing to those Comments of the Uniform Act related to 6 Del. C. §2532(a)(12), to explain the drafters' intention "to enable courts to prevent 'new kinds of deceptive trade practices,'" and that the standard for a court to find such practices is if the conduct "creates '*a likelihood of public deception*' in any legally meaningful sense"); *Curtis Lumber Co., Inc. v. La. Pac. Corp.*, 618 F.3d 762, 778-79 (8th Cir. 2010) (referring to Arkansas consumer-protection law as "materially indistinguishable" from Delaware's, finding "many courts have defined trade practices as deceptive if they are likely to deceive or have a capacity to deceive a reasonable consumer," and holding that is the standard under Arkansas consumer-protection law). |
| **Scienter Required?** | **No** | "The defendant ***need not have intended to misrepresent*** or to make a deceptive or untrue statement." *Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del. 1983). |
| **Actual Reliance Required?** | **No** | "In addition to the requirement that there be a false statement, the statute requires that the person making the statement intend others to rely upon the deception, false promise or misrepresentation. However, ***the consumer need not prove that she herself relied upon the false statement***, only that the defendant made the statement with the intent that someone would rely upon it." *Ayers v. Quillen*, No. Civ.A.03C-02-004, 2004 WL 1965866, at *6 (Del. Super. Ct. June 30, 2004). |
| **Unfairness Standard** | **FTCA** | Unfair practice means "any act or practice that ***causes or is likely to cause substantial injury*** to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to competition. In determining whether an act or practice is unfair, violations of public policy as established by law, regulation, or judicial decision applicable in this State may be considered as evidence of substantial injury." Del. Code Ann. tit. 6, §2511(9). |
| **Relief Available** | The court is authorized to issue injunctions only where it is necessary to prevent unlawful trade practices or where "necessary to restore to any person in interest any money or property." Del. Code Ann. tit. 6, §2523. | |

## UDAP ELEMENTS CHART

| FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTIFCES ACT ("FDUTPA"), Fla. Stat. §§501.201, *et seq.* | | |
|---|---|---|
| **Elements of the Claim** | "[A] consumer claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. Dist. Ct. App. 2006). | |
| **Conduct Prohibited** | **Deceptive or unfair practices** | FDUTPA prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. §501.204(1). |
| **Deception Standard** | **Likely to mislead** | "The Florida Supreme Court has noted that 'deception occurs if there is a representation, omission, or practice that is ***likely to mislead the consumer acting reasonably in the circumstances***, to the consumer's detriment.'" *Zlotnick v. Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007). Materiality of representation or omission is judged objectively through a "reasonable consumer" standard. *See, e.g.*, *Davis v. Powertel, Inc.*, 776 So. 2d 971, 974 (Fla. Dist. Ct. App. 2000); *Lady of Am. Franchise Corp. v. Arcese*, No. 05-61306-CIV, 2006 WL 8432278, at *6 (S.D. Fla. Sept. 20, 2006). |
| **Scienter Required?** | **No** | *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 984 (11th Cir. 2016) (***intent not an element of FDUTPA claim***). |
| **Actual Reliance Required?** | **No** | A "'party asserting a deceptive trade practice claim ***need not show actual reliance*** on the representation or omission at issue.'" *Carriuolo*, 823 F.3d at 984. |
| **Unfairness Standard** | **FTCA & Cigarette Rule** | In construing FDUTPA, "due consideration and great ***weight shall be given to the interpretations of the Federal Trade Commission*** and the federal courts relating to s. 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. s. 45(a)(1)." Fla. Stat. §501.204(2); *see also* Fla. Stat. §501.203(3)(a)-(b) (a violation of FDUTPA may be determined by "[a]ny rules promulgated pursuant to the Federal Trade Commission Act, 15 U.S.C. ss. 41 *et seq.*" or the "standards of unfairness and deception set forth and interpreted by the Federal Trade Commission or the federal courts"); *see also PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003) ("An unfair practice is 'one that "offends established public policy" and one that is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers."'"); *Porsche Cars N. Am., Inc. v. Diamond*, 140 So. 3d 1090, 1096-98 (Fla. Dist. Ct. App. 2014) (applying cigarette rule). |
| **Relief Available** | Under FUDTPA, "anyone aggrieved" may bring a declaratory judgment action to enjoin a FDUTPA violator. Fla. Stat. §501.211(1). In addition, "a person who has suffered a loss as a result of" a FDUTPA violation "may recover actual damages, plus attorney's fees and court costs." Fla. Stat. §501.211(2). | |

## UDAP ELEMENTS CHART

| | |
|---|---|
| **ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT ("ICFA"), 815 Ill. Comp. Stat. Ann. 505/1, *et seq*.** | |

| | | |
|---|---|---|
| **Elements of the Claim** |  | Under ICFA, a plaintiff must show "'(1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception.'" *Amerigas Propane, L.P. v. BP Am., Inc.*, 691 F. Supp. 2d 844, 851 (N.D. Ill. 2010). |
| **Conduct Prohibited** | **Deceptive or unfair practices** | ICFA prohibits "unfair or deceptive acts or practices . . . in the conduct of any trade or commerce." 815 Ill. Comp. Stat. Ann. 505/2. |
| **Deception Standard** | **Likelihood of deception** | "[A] practice is deceptive 'if it creates a ***likelihood of deception or has the capacity to deceive***.'" *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019); *see also Rudy v. Fam. Dollar Stores, Inc.*, No. 21-CV-3575, 2022 WL 345081, at *3 (N.D. Ill. Feb. 4, 2022) (quoting *Benson*, 944 F.3d 639 at 646) ("'[A] practice is deceptive "if it creates a likelihood of deception or has the capacity to deceive."'"). |
| **Scienter Required?** | **No** | "[E]ven though, to show a violation of the Act, a plaintiff must establish, *inter alia*, a deceptive act or practice *and* intent on the defendant's part that the plaintiff rely on the deception, an Illinois federal court has emphasized that those requirements 'are not as strict as they sound . . . ***The deceptive act and intent requirements can be satisfied by innocent misrepresentations of a defendant***.'" *See In re Chrysler-Dodge-Jeep EcoDiesel Mktg., Sales Pracs. & Prods. Liab. Litig.*, 295 F. Supp. 3d 927, 1018 (N.D. Cal. 2018). |
| **Actual Reliance Required?** | **No** | "***[R]eliance is not required*** to establish a consumer fraud claim." *Cozzi Iron & Metal, Inc. v. U.S. Off. Equip., Inc.*, 250 F.3d 570, 576 (7th Cir. 2001). |
| **Unfairness Standard** | **FTCA & Cigarette Rule** | "In construing this section ***consideration shall be given to the interpretations of the Federal Trade Commission*** and the federal courts relating to Section 5(a) of the Federal Trade Commission Act." 815 Ill. Comp. Stat. Ann. 505/2; *see also Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960-61 (Ill. 2002) (adopting cigarette rule). |
| **Relief Available** |  | A court may award "actual economic damages or any other relief which the court deems proper" as well as injunctive relief and reasonable attorney's fees and costs to the prevailing party. 815 Ill. Comp. Stat. Ann. 505/10a(a), (c). |

## UDAP ELEMENTS CHART

| **MASSACHUSETTS CONSUMER PROTECTION LAW, Mass. Gen. Laws ch. 93A, *et seq*. ("Ch. 93A")** | | |
|---|---|---|
| **Elements of the Claim** | "To state a claim under the consumer protection statute, G. L. c. 93A, § 9, a plaintiff must allege facts sufficient to establish four elements: first, that the defendant has committed an unfair or deceptive act or practice; second, that the unfair or deceptive act or practice occurred 'in the conduct of any trade or commerce;' third, that the plaintiff suffered an injury; and fourth, that the defendant's unfair or deceptive conduct was a cause of the injury." *Rafferty v. Merck & Co.*, 92 N.E.3d 1205, 1222 (Mass. 2018). | |
| **Conduct Prohibited** | **Deceptive or unfair practices** | Ch. 93A prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." Mass. Gen. Laws ch. 93A, §2(a). |
| **Deception Standard** | **Tendency to deceive** | Under Ch. 93A, an act is deceptive "'if it "could reasonably be found to have caused a person to act differently from the way he [or she] otherwise would have acted"'" or "if it possesses '***a tendency to deceive***.'" *Aspinall v. Philip Morris Cos., Inc.*, 813 N.E.2d 476, 486-87 (Mass. 2004). |
| **Scienter Required?** | **No** | "A successful G.L. c. 93A action based on deceptive acts or practices ***does not require proof . . . that the defendant intended to deceive the plaintiff***, or even knowledge on the part of the defendant that the representation was false." *Aspinall*, 813 N.E.2d at 486. |
| **Actual Reliance Required?** | **No** | "'The ***plaintiffs need not show proof of actual reliance*** on a misrepresentation in order to recover damages'" under Ch. 93A. *Casavant v. Norwegian Cruise Line Ltd.*, 952 N.E.2d 908, 912 (Mass. 2011). |
| **Unfairness Standard** | **FTCA & Cigarette Rule** | "[T]he courts will be ***guided by the interpretations given by the Federal Trade Commission*** and the Federal Courts to section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)) . . . ." Mass. Gen. Laws Ann. ch. 93A, §2(b); *see also Barron Chiropractic & Rehab., P.C. v. Norfolk & Dedham Grp.*, 17 N.E.3d 1056, 1065-66 (Mass. 2014) (applying cigarette rule). |
| **Relief Available** | Actual damages or $25, whichever is greater; or, if willful or knowing, treble, but not less than double actual damages. Equitable relief and fees and costs. Mass. Gen. Laws ch. 93A, §9. | |

**UDAP ELEMENTS CHART**

| | | |
|---|---|---|
| **NEW YORK DECEPTIVE ACTS AND PRACTICES STATUTE, N.Y. Gen. Bus. Law §§349, *et seq*. ("GBL 349")** | | |
| **Elements of the Claim** | Plaintiff must demonstrate (1) defendant's deceptive acts were directed at consumers, (2) acts were misleading in a (3) material way, and (4) the plaintiff has been injured as a result. Plaintiff must show the act was likely to "'mislead a ***reasonable consumer*** acting reasonably under the circumstances'" where courts view each misleading statement in light of its context. *Belfiore v. Procter & Gamble Co.*, 311 F.R.D. 29, 53 (E.D.N.Y. 2015) (emphasis in original). | |
| **Conduct Prohibited** | **Deceptive practices** | GBL 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service" in New York State. N.Y. Gen. Bus. Law §349(a). |
| **Deception Standard** | **Likely to mislead** | New York courts have adopted "an objective definition of deceptive acts and practices, whether representations or omissions, limited to those ***likely to mislead*** a reasonable consumer acting reasonably under the circumstances." *Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 745 (N.Y. 1995); *see also St. Patrick's Home for Aged & Infirm v. Laticrete Int'l, Inc.*, 696 N.Y.S.2d 117, 122 (N.Y. App. Div. 1999). |
| **Scienter Required?** | **No** | "Although it is ***not necessary under the statute that a plaintiff establish the defendant's intent*** to defraud or mislead, proof of scienter permits the court to treble the damages up to $1,000." *Oswego Laborers'*, 647 N.E.2d at 745. |
| **Actual Reliance Required?** | **No** | The Court of Appeals has held that ***reliance is not an element of a GBL §349 claim***. *See Oswego Laborers'*, 647 N.E.2d at 745. |
| **Relief Available** | *Super Glue Corp. v. Avis Rent a Car Sys., Inc.*, 517 N.Y.S.2d 764, 766 (N.Y. App. Div. 1987) (addressing damages in a class action versus an individual action). | |

## UDAP ELEMENTS CHART

| **N.C. UNFAIR AND DECEPTIVE TRADE PRACTICES ACT ("NCUDTPA"), N.C. Gen. Stat. §§75-1,** *et seq***.** | | |
|---|---|---|
| **Elements of the Claim** | "'[I]n order to establish a violation of N.C.G.S. § 75-1.1, a plaintiff must show: (1) an unfair or deceptive act or practice, (2) in or affecting commerce, and (3) which proximately caused injury to plaintiffs.'" *Walker v. Fleetwood Homes of N.., Inc.*, 653 S.E.2d 393, 399-400 (N.C. 2007). | |
| **Conduct Prohibited** | **Deceptive or unfair practices** | The NCUDTPA prohibits "unfair or deceptive acts or practices in or affecting commerce." N.C. Gen. Stat. §75-1.1(a). |
| **Deception Standard** | **Capacity to deceive** | "A practice is deceptive if it has the *capacity or tendency to deceive* the average consumer, but proof of actual deception is not required." *Spartan Leasing Inc. v. Pollard*, 400 S.E.2d 476, 482 (N.C. 1991) (citing *Johnson v. Phx. Mut. Life Ins. Co.*, 266 S.E.2d 610 (N.C. 1980)). |
| **Scienter Required?** | **No** | "*'[T]he intent of the actor' and good faith are irrelevant*." *Belk, Inc. v. Meyer Corp.*, 679 F.3d 146, 164 (4th Cir. 2012). |
| **Actual Reliance Required?** | **Yes** | The North Carolina Supreme Court has held that, when a claim stems from an alleged misrepresentation, the plaintiff must show reasonable reliance in order to demonstrate proximate causation. *See Bumpers v. Cmty. Bank of N. Va.*, 747 S.E.2d 220 (N.C. 2013). Reliance can be proven on a classwide basis where representations to the class are *substantially the same*. *See, e.g., Pitts v. Am. Sec. Ins. Co.*, 550 S.E.2d 179, 189 (N.C. 2001), *aff'd*, 569 S.E.2d 647 (N.C. 2002). |
| **Unfairness Standard** | **FTCA & Cigarette Rule** | "[T]he substantive provisions of the North Carolina act are reproduced *verbatim* from § 5 of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), and that the North Carolina Supreme Court, consistent with that observation, had held that *'[b]ecause of the similarity in language, it is appropriate for us to look to the federal decisions interpreting the FTC Act for guidance* in construing the meaning of . . . § 75-1.1.'" *ITCO Corp. v. Michelin Tire Corp., Com. Div.*, 722 F.2d 42, 48 (4th Cir. 1983) (quoting *Johnson*, 266 S.E.2d at 620); *see also Marshall v. Miller*, 276 S.E.2d 397, 403 (N.C. 1981) (applying cigarette rule). |
| **Relief Available** | "[I]f damages are assessed in such case[,] judgment shall be rendered in favor of the plaintiff and against the defendant for treble the amount fixed by the verdict." N.C. Gen. Stat. §75-16. Attorneys' fees may be awarded to the prevailing party. N.C. Gen. Stat. §75-16.1. | |

## UDAP ELEMENTS CHART

| **OHIO DECEPTIVE TRADE PRACTICES ACT ("ODTPA"), Ohio Rev. Code §§4165.01, *et seq*.** | | |
|---|---|---|
| **Elements of the Claim** | A plaintiff establishes an ODTPA claim by showing "(1) a false statement or statement which is misleading; (2) which statement actually deceived or has the tendency to deceive a substantial segment of the target audience; (3) the deception is material in that it is likely to influence a purchasing decision; and (4) the plaintiff has been or is likely to be injured as a result." *Strama v. Allstate Ins. Co.*, No. 14 BE 8, 2015 WL 3946373, at *9 (Ohio Ct. App. June 17, 2015). With respect to a claim under Ohio Rev. Code §4165.02(A)(12) relating to "*false statements of fact* concerning the reasons for, existence of, or amounts of price reductions," that a defendant "allegedly reported *higher* than actual prices for their drugs" is adequate to state a claim. *State v. Dey, Inc.*, No. A0402047, 2005 WL 6294429 (Ohio Com. Pl. June 13, 2005). | |
| **Conduct Prohibited** | **Deceptive practices** | The ODTPA prohibits deceptive trade practices. Ohio Rev. Code §§4165.02, 4165.03(A)(1)-(2). |
| **Deception Standard** | **False statement** | If a plaintiff proves that the statements were literally false, ***the plaintiff may prevail without evidence that the false statements actually misled consumers*** because actual deception is presumed. *See LidoChem, Inc. v. Stoller Enters., Inc.*, 500 F. App'x 373, 380 (6th Cir. 2012).[2] |
| **Scienter Required?** | **No** | A ***plaintiff does not need to prove intent*** or willfulness to establish an ODTPA violation. *See also Evanston Ins. Co. v. Certified Steel Stud Ass'n, Inc.*, 787 F. App'x 879, 885 (6th Cir. 2019). |
| **Actual Reliance Required?** | **No** | ***Where a representation is literally false, there is no need for evidence on the issue of the impact of the statement on consumers***; the false statement is likely to have influenced the purchasing decision. *See Haas Door Co. v. Haas Garage Door Co.*, No. 3:13 CV 2507, 2016 WL 1047242, at *16 (N.D. Ohio Mar. 16, 2016). |
| **Relief Available** | "A person who is likely to be damaged by a person who commits a deceptive trade practice . . . may commence a civil action for injunctive relief . . . . Proof of monetary damage or loss of profits is not required . . . ." Ohio Rev. Code §4165.03(A)(1). "A person who is injured by a person who commits a deceptive trade practice . . . may commence a civil action to recover actual damages . . . ." Ohio Rev. Code §4165.03(A)(2). The court may award attorneys' fees to the prevailing party. Ohio Rev. Code §4165.03(B). | |

---

[2] "Both Ohio and federal courts have recognized that the same analysis applies to claims under Ohio's statutory and common law of unfair competition and the Lanham Act." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 626 n.2 (6th Cir. 2002).

## UDAP ELEMENTS CHART

| | | |
|---|---|---|
| **PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. Cons. Stat. §§201-2, *et seq*.** | | |
| **Elements of the Claim** | Under the "deceptive" portion of the catch-all provision of the UTPCPL, which prohibits "[e]ngaging in any other . . . deceptive conduct which creates a likelihood of confusion or of misunderstanding," 73 Pa. Cons. Stat. §201-2(4)(xxi), a plaintiff establishes a claim by showing (1) a deceptive act; (2) the plaintiff's justifiable reliance on that deceptive act; and (3) that the plaintiff's justifiable reliance resulted in ascertainable loss. *See Seldon v. Home Loan Servs., Inc.*, 647 F. Supp. 2d 451, 470 (E.D. Pa. 2009). | |
| **Conduct Prohibited** | **Deceptive practices** | The UTPCPL prohibits "deceptive acts or practices in the conduct of any trade or commerce." 73 Pa. Cons. Stat. §201-3(a). |
| **Deception Standard** | **Capacity to deceive** | "'An act or a practice is deceptive or unfair if it has the *capacity or tendency to deceive* . . . .'" *Pennsylvania v. Golden Gate Nat'l Senior Care LLC*, 194 A.3d 1010, 1023 (Pa. 2018). |
| **Scienter Required?** | **No** | "[U]nder the plain meaning of the statute, deceptive conduct during a consumer transaction that creates a likelihood of confusion or misunderstanding and upon which the consumer relies to his or her financial detriment does not depend upon the actor's state of mind. . . . *Without a state of mind requirement, the amended catch-all provision fairly may be characterized as a strict liability offense*." *Gregg v. Ameriprise Fin., Inc.*, 245 A.3d 637, 649-50 (Pa. 2021). |
| **Actual Reliance Required?** | **Yes, but presumed where representation material** | "[T]he Pennsylvania Supreme Court has held that *'reliance' can be presumed when a party makes material misrepresentations*." *Zwiercan v. Gen. Motors Corp.*, 58 Pa. D. & C.4th 251 (Pa. Com. Pl. 2002). "'To be justifiable, reliance on the representation of another must be reasonable.'" *Palek v. State Farm Fire & Cas. Co.*, 535 F. Supp. 3d 382, 392 (W.D. Pa. 2021). |
| **Relief Available** | (1) Greater of actual damages or $100; (2) treble damages not less than $100; (3) attorneys' fees and costs; and (4) equitable relief. 73 Pa. Cons. Stat. §201-9.2(a). | |

**UDAP ELEMENTS CHART**

| | WISCONSIN DECEPTIVE TRADE PRACTICES ACT, Wis. Stat. Ann. §§100.18(1) | |
|---|---|---|
| **Elements of the Claim** | "[W]ith regard to a claim made pursuant to Wis. Stat. § 100.18(1), a plaintiff must allege facts that would fulfill three elements: (1) the defendant made a representation to one or more members of the public with the intent to induce an obligation; (2) the representation was untrue, deceptive or misleading; and (3) the representation materially induced a pecuniary loss to the plaintiff." *Hinrichs v. DOW Chem. Co.*, 937 N.W.2d 37, 56 (Wis. 2020). | |
| **Conduct Prohibited** | **Deceptive practices** | A plaintiff must demonstrate that "the defendant made a representation to one or more members of the public with the intent to induce an obligation; [and that] the representation was untrue, deceptive or misleading[.]" *Hinrichs*, 937 N.W.2d at 56. |
| **Deception Standard** | **False statement** | A representation "is untrue if it is false, erroneous, or does not state or represent things as they are. *[A representation] is deceptive or misleading if it causes a reader or listener to believe something other than what is in fact true or leads to a wrong belief*." Wis. JI-Civil 2418 (2021). |
| **Scienter Required?** | **No** | "We conclude, therefore, that § 100.18(1), Stats., by its plain terms, *does not require that the advertisement or statement be made with the specific intent to defraud or to mislead*, but applies with equal force to representations that are negligently made." *HBN P'ship v. Schappe*, 532 N.W.2d 144 (Wis. Ct. App. 1995). |
| **Actual Reliance Required?** | **No** | "A plain reading of the statute reveals that *reasonable reliance is not an element of a statutory false representation claim*." *Novell v. Migliaccio*, 749 N.W.2d 544, 550 (Wis. 2008). |
| **Relief Available** | "[P]ecuniary loss, together with costs, including reasonable attorney fees . . . ." Wis. Stat. Ann. §100.18(11)(b)(2). | |