**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CYNTHIA RUSSO, LISA BULLARD, RICARDO GONZALES, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 38 HEALTH AND WELFARE FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 295-295C WELFARE FUND, AND STEAMFITTERS FUND LOCAL 439, on Behalf of Themselves and All Others Similarly Situated,<br><br>         Plaintiffs,<br><br>  v.<br><br>WALGREEN CO.,<br><br>         Defendant. | Civil No. 17-cv-2246<br><br>Judge Edmond E. Chang<br>Magistrate Judge Sheila Finnegan<br><br>**JOINT STATUS REPORT RELATING TO PLAINTIFFS' SEPTEMBER 30, 2022 INFORMATION REQUESTS** |

Pursuant to the Court's November 17, 2022 Order (ECF No. 550), the parties, through their respective counsel, respectfully submit the following Joint Status Report specific to Plaintiffs' September 30, 2022 information requests regarding the recently disclosed PSC Database and the PSC enrollment and renewal data that Walgreens produced on August 23, 2022.

**I. Update on the Status of Plaintiffs' Requests Related to the Recently Disclosed PSC Database**

 **A. Plaintiffs' Position**

As set forth in the parties' last Joint Status Report, on September 30, 2022, "Plaintiffs asked Walgreens to provide basic information about its recently disclosed PSC Database, including to

identify what data the database contains and to provide a data dictionary…." ECF No. 549 at 3.

Since the filing of the last Joint Status Report, Plaintiffs have received no information from Walgreens whatsoever in response to Plaintiffs' September 30, 2022 requests for basic information regarding the complete set of tables with data in the PSC Database. While Walgreens today provided a draft supplemental declaration addressing the PSC enrollment and renewal data, the PSC enrollment and renewal data represents just two of a still unknown number of tables with data available in the PSC Database. Walgreens still has yet to provide any information about what other tables are available in the PSC Database, or provide the requested data dictionaries associated with such data. As stated in the last Joint Status Report, Plaintiffs have been given no information to suggest that this information is timely forthcoming. After two months, Walgreens still does not appear to have identified personnel with information responsive to these requests.

As fact discovery has been closed for almost two years, ECF No. 320, Plaintiffs' position is that the parties' discussions regarding the PSC Database should be expeditiously concluded to facilitate resolution by the Court as needed. Plaintiffs accordingly ask that the Court provide the parties three weeks, until December 21, 2022, to conclude their neogiations as to the PSC Database, or be deemed to be at impasse such that the parties may engage in motion practice.

      **B.**    **Defendant's Position**

As set forth in the November 14, 2022 Joint Status Report, because Walgreens was still seeking to locate the information related to the PSC Database and the PSC enrollment and renewal data, the parties agreed that Walgreens would execute a data declaration covering the other requested information (which it did) and that Walgreens would execute a separate declaration related to the PSC Database and the PSC enrollment and renewal data before Plaintiffs' reply to its class certification brief is due on June 20, 2023. Although Plaintiffs will not need this information until well into next year, to the extent they need it at all, Walgreens had been

identifying and scheduling calls with the appropriate personnel to answer the highly technical questions posed by Plaintiffs. Consistent with the Court's November 17, 2022 minute order ordering an update by November 30, 2022, and working around the Thanksgiving holiday, Walgreens delivered a draft supplemental declaration to Plaintiffs today that addresses Plaintiffs' questions related to the PSC Database and the PSC enrollment and renewal data.

Moreover, while Plaintiffs ask the Court to give the parties a mere three weeks to conclude their negotiations as to the PSC Database before it is deemed that the parties are an impasse, that request is completely arbitrary and would cause the Court to be needlessly involved in an issue before the parties are truly at an impasse. And a three-week deadline is wholly unnecessary. As stated above, Plaintiffs will not be filing a reply brief and rebuttal expert reports until June 20, 2023. Walgreens' response brief and expert reports are not due until March 17, 2023. In other words, Plaintiffs have no need for this information in the next few weeks or even the next few months, to the extent they need the information at all, which they have not shown. Further, Walgreens cannot control how long it takes Plaintiffs to provide any comments to the draft declaration Walgreens served on them today. Asking the Court to deem the parties at an impasse at an arbitrary date before the parties actually are at an impasse is unreasonable and would be a waste of the Court's time. Walgreens will endeavor to move this process to a conclusion as soon as possible and is happy to provide the Court with regular updates. In the event the parties do reach an impasse, or if Plaintiffs believe Walgreens is not responding in a timely fashion, Plaintiffs can, of course, raise the issue before the Court at that time.

## II. Update on the Status of Plaintiffs' Requests Related to PSC Enrollment and Renewal Data

As the Court is aware, the parties have been negotiating language in a declaration to address Plaintiffs' requests pursuant to Rule 30(b)(6) for testimony related to Walgreens' production of structured data and Walgreens' April 6, 2022 Production. As set forth in the parties' November

14, 2022 Joint Status Report, the parties had been meeting and conferring regarding Plaintiffs' September 30, 2022 edits and questions to the Sixteenth Amended Draft Declaration, requesting certain additional information related to the PSC Database and PSC enrollment and renewal data Walgreens produced on August 23, 2022.

At the time the Court issued its November 4, 2022 Minute Entry, Walgreens had located personnel with certain information responsive to Plaintiffs' September 30, 2022 requests and was continuing to seek to locate additional personnel with responsive information to respond to all of Plaintiffs' questions. Accordingly, in response to the Court's November 4, 2022 Minute Entry, the parties agreed to execute the data declaration with the exception of the paragraph relating to the PSC enrollment and renewal data, which Plaintiffs requested that Walgreens provide before Plaintiffs' reply to its class certification brief was due. Walgreens agreed to do so. Walgreens provided the executed data declaration as agreed on November 9, 2022. On November 10, 2022, the parties also executed a stipulation related to the admissibility of the transactional data Walgreens has produced.

Since that time, Walgreens has located additional information responding to Plaintiffs' September 30, 2022 requests, and on November 30, 2022, provided Plaintiffs with a draft declaration in response to Plaintiffs' September 30, 2022 requests addressing the PSC enrollment and renewal data. Although Walgreens' counsel based the draft on information it received from its client, Walgreens has not reviewed this version of the draft declaration, and the final language is subject to client review. Plaintiffs are reviewing Walgreens' draft declaration. To the extent the parties are unable to resolve any disputes, motion practice may be required. The parties have agreed that, if they reach an impasse on the supplemental declaration, they will promptly bring a motion before the Court. The parties will continue to meet and confer as needed.

**III. Whether the Parties Believe a Telephonic Hearing or In-Person Hearing Is Necessary Within the Next 60 Days**

The parties will file a Joint Status Report on or before January 27, 2023, as set forth in the Court's November 17, 2022 Order (ECF No. 550). The parties' position regarding the necessity of a telephonic or in-person hearing remains as stated in the parties' last Joint Status Report. ECF No. 549.

DATED: November 30, 2022

| | |
|---|---|
| *s/Michael Scott Leib* | *s/Joseph P. Guglielmo (with permission)* |
| Michael Scott Leib | Joseph P. Guglielmo (IL Bar #2759819) |
| Anthony Robert Todd | Carey Alexander (IL Bar #5188461) |
| **REED SMITH LLP** | **SCOTT+SCOTT ATTORNEYS AT LAW LLP** |
| 10 S Wacker Dr # 4000 | The Helmsley Building |
| Chicago, IL 60606 | 230 Park Avenue, 17th Floor |
| Telephone: 312-207-1000 | New York, NY 10169 |
| *mleib@reedsmith.com* | Telephone: 212-223-4478 |
| *atodd@reedsmith.com* | *jguglielmo@scott-scott.com* |
| | *calexander@scott-scott.com* |
| Frederick Robinson (*pro hac vice*) | |
| Selina Coleman (*pro hac vice*) | |
| Jessica Christensen (*pro hac vice*) | Erin Green Comite (IL Bar #420630) |
| **REED SMITH LLP** | **SCOTT+SCOTT ATTORNEYS AT LAW LLP** |
| 1301 K Street, N.W. Suite 1100 East Tower | 156 S. Main Street |
| Washington, DC 20005 | P.O. Box 192 |
| Telephone: 202-414-9200 | Colchester, CT 06415 |
| *frobinson@reedsmith.com* | Telephone: 860-531-2632 |
| *scoleman@reedsmith.com* | Facsimile: 860-537-4432 |
| *jchristensen@reedsmith.com* | *ecomite@scott-scott.com* |
| **Attorneys for Defendant Walgreen Co.** | David W. Mitchell (IL Bar # 199706) |
| | Brian O'Mara (IL Bar # 229737) |
| | Arthur L. Shingler III (IL Bar # 181719) |
| | **ROBBINS GELLER RUDMAN & DOWD LLP** |
| | 655 West Broadway, Suite 1900 |
| | San Diego, CA 92101 |
| | Telephone: 619-231-1058 |
| | *davidm@rgrdlaw.com* |
| | *bomara@rgrdlaw.com* |
| | *ashingler@rgrdlaw.com* |

Stuart A. Davidson (*pro hac vice*)
Mark J. Dearman (*pro hac vice to be filed*)
Eric Scott Dwoskin (IL Bar # 0112459)
**ROBBINS GELLER RUDMAN**
**& DOWD LLP**
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561-750-3000
*sdavidson@rgrdlaw.com*
*mdearman@rgrdlaw.com*
*edwoskin@rgrdlaw.com*

*Interim Co-Lead Counsel*

Katrina Carroll
**CARLSON LYNCH LLP**
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Telephone: 312-750-1265
*kcarroll@carlsonlynch.com*

*Local Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document was filed electronically through the Court's Electronic Case Filing System, which will then send a notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

                                              *s/ Michael Scott Leib*
                                              Michael Scott Leib