# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CYNTHIA RUSSO, LISA BULLARD, RICARDO GONZALES, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 38 HEALTH AND WELFARE FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 295-295C WELFARE FUND, AND STEAMFITTERS FUND LOCAL 439, on Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> WALGREEN CO., <br><br> Defendant. | Civil No. 17-cv-2246 <br><br> Judge Edmond E. Chang <br> Magistrate Judge Sheila Finnegan |

## WALGREENS' MOTION FOR LEAVE TO
## EXCEED PAGE LIMITS FOR CLASS CERTIFICATION BRIEFING

Defendant Walgreen Co. ("Walgreens") moves for leave to file an opposition to Plaintiffs' November 17, 2022 motion for class certification (the "Motion") in excess of the page limits set forth in the Court's March 28, 2022 Minute Entry. (Dkt. 519). Specifically, Walgreens seeks leave to file an opposition memorandum of up to 50 pages: i.e., 10 pages beyond the limit previously set by the Court. Having met and conferred, Plaintiffs have indicated that they object to and will oppose this motion, despite Walgreens' proposal that Plaintiffs also be entitled to file a reply memorandum of up to 30 pages, which is also 10 pages beyond the limit previously set by the Court. In support, Walgreens states as follows:

1.  Walgreens has a Prescription Savings Club ("PSC") in which, for $20 for an individual or $35 for a family, consumers are provided certain prescription drugs at prices lower

than retail prices. When an insured consumer purchases a drug, the consumer pays Walgreens a certain amount for that drug in the form of a deductible or copay or coinsurance. A pharmacy benefit manager ("PBM") pays Walgreens an additional amount. Third-party payers ("TPP"), such as health insurance companies, employers, or Union Funds, then pay the PBM an amount for that prescription drug purchase. Plaintiffs claim in this case that the amount paid by the consumer and TPP combined should never be more than the PSC price. Walgreens disagrees.

2. In Plainitffs' Motion, they seek certification of a class of insured consumers and TPPs whose prescription drug insurance benefits were provided by one of eight "Relevant PBMs."

3. On March 24, 2022, the Parties jointly moved for leave to exceed the page limits for class certification contained in Local Rule 7.1 (the "Joint Agreed Motion"), seeking leave for: (i) Plaintiffs to file a motion for class certification of up to 40 pages; (ii) Walgreens to file a memorandum in opposition to Plaintiffs' Motion of up to 50 pages; and (iii) Plaintiffs to file a reply memorandum of up to 50 pages. (Dkt. # 518).

4. On March 28, 2022, the Court granted the Joint Agreed Motion, in part, limiting Plaintiffs' opening memorandum to 30 pages, Walgreens' response memorandum to 40 pages, and Plaintiffs' reply memorandum to 20 pages. (Dkt. 519).

5. In preparing its draft response, Walgreens has determined that, in light of the need to engage in a robust discussion of the considerable record generated through discovery, as well as complex questions of law spanning multiple jurisdictions and relating to two different types of class members, consumers and TPPs, it would be extremely difficult for it to present all of its arguments in 40 pages. Indeed, to fully address Plaintiffs' Motion, Walgreens will be raising different arguments relating to the two types of putative class members (i.e., consumers and TPPs).

6. CVS has had two similar cases brought against it relating to their pharmacy club pricing, one by consumers (*Washington v. CVS Pharmacy, Inc.*, No. 4:15-cv-3504 (N.D. Cal.)) and one by TPPs (*Sheet Metal Workers Local No. 20 Welfare & Benefit Fund v. CVS Pharmacy, Inc.*, No. 1:16-cv-46 (D.R.I.)). Between the two cases combined, CVS was given 116 pages for their opposition briefs. (ECF Nos. 128-1 (D.R.I.); *Washington v. CVS Pharmacy, Inc.*, ECF No. 184 (N.D. Cal.). Although there is some overlap in arguments such that Walgreens seeks less than half of this number of pages, because this case combines consumers and TPPs, and because Walgreens intends to make arguments unique to each, it believes it needs more than 40 pages for its opposition.

7. Plaintiffs have objected to Walgreens' request, stating that Walgreens has known there would be "two different types of class members" since the initial complaint was filed in March 2017. (*See* Feb. 14, 2023 corresp. fr. C. Alexander (Ex. A, hereto).) While this is true, Plaintiffs did not file their Motion in March 2017; they have now. And having reviewed the Motion and begun drafting the response, Walgreens has determined that the sheer number of arguments it intends to make necessitates additional pages so that the Court can have all the information needed on this critical and consequential Motion.

8. Walgreens views its request as reasonable. Indeed, Walgreens seeks only 10 additional pages beyond the limit set by the Court in the matter of *Washington v. CVS Pharmacy, Inc.*, No 4:15-cv-3504, ECF No. 176 (N.D. Cal.), which involved only consumer plaintiffs, and far fewer than the 76 pages given in *Sheet Metal Workers Local No. 20 Welfare & Benefit Fund v. CVS Pharmacy, Inc.*, No. 1:16-cv-46 (D.R.I.), which involved only TPP plaintiffs.

9. Accordingly, Walgreens requests an additional 10 pages above those previously granted for its opposition memorandum (i.e., a 50-page limit for Walgreens' opposition). If the

Court also wishes to grant Plaintiffs an additional 10 pages for their reply, Walgreens would not object.

WHEREFORE, Walgreens respectfully requests that the Court grant its Motion For Leave to Exceed Page Limits For Class Certification Briefing and grant it 50 pages for its opposition to Plaintiffs' Motion.

DATED: February 15, 2023

/s/ *Michael S. Leib*
Michael Scott Leib
Anthony Robert Todd
**REED SMITH LLP**
10 S Wacker Dr # 4000
Chicago, IL 60606
Telephone: 312/207-1000
*mleib@reedsmith.com*
*atodd@reedsmith.com*

Frederick Robinson (*pro hac vice*)
Selina Coleman (*pro hac vice*)
Jessica Christensen (*pro hac vice*)
**REED SMITH LLP**
1301 K Street, N.W.
Suite 1100 East Tower
Washington, DC 20005
Telephone: 202-414-9200
*frobinson@reedsmith.com*
*scoleman@reedsmith.com*

**Attorneys for Defendant Walgreen Co.**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 15th day of February, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

              */s/ Michael S. Leib*
              Michael S. Leib