**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CYNTHIA RUSSO, LISA BULLARD, RICARDO GONZALES, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 38 HEALTH AND WELFARE FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 295-295C WELFARE FUND, AND STEAMFITTERS FUND LOCAL 439, on Behalf of Themselves and All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>   v.<br><br>WALGREEN CO.,<br><br>                Defendant. | Civil No. 1:17-cv-02246<br><br>Judge Edmond E. Chang<br><br>Magistrate Judge Sheila Finnegan<br><br>**PLAINTIFFS' OPPOSITION TO WALGREENS' MOTION FOR LEAVE TO EXCEED PAGE LIMITS FOR CLASS CERTIFICATION BRIEFING** |

Plaintiffs Cynthia Russo, Lisa Bullard, Ricardo Gonzales, International Brotherhood of Electrical Workers Local 38 Health and Welfare Fund, International Union of Operating Engineers Local 295-295C Welfare Fund, and Steamfitters Fund Local 439 ("Plaintiffs") respectfully submit this opposition to Defendant Walgreen Co.'s ("Walgreens") Motion for Leave to Exceed Page Limits for Class Certification Briefing. In opposition, Plaintiffs state as follows:

1. On March 24, 2022, the Parties jointly requested leave, in relevant part, for (i) "Plaintiffs to file a memorandum of up to 40 pages in support" of Plaintiffs' Motion for Class Certification; (ii) "Walgreens to file a memorandum of up to 50 pages in opposition" to Plaintiffs' Motion for Class Certification; and (iii) "Plaintiffs to file a reply memorandum of up to 50 pages in further support" of the Motion for Class Certification. ECF No. 518.

2. On March 28, 2022, the Court granted in part and denied in part the Parties' request, ordering: "Plaintiffs' opening brief will be limited to 30 pages; Defendant's response brief will be limited to 40 pages; Plaintiffs' reply brief will be limited to 20 pages." ECF No. 519.

3. By renewing its request for "a 50-page limit for Walgreens' opposition," ECF No. 572, ¶9, Walgreens essentially now moves the Court to reconsider its March 28, 2022 Order. "Motions for reconsideration serve the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence." *Duberville v. WMG, Inc.*, No. 13 C 02061, 2015 WL 10853984, at *2 (N.D. Ill. Feb. 11, 2015) (Chang, J.)[1] ("[A] motion to reconsider is proper when 'the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'"). Walgreens fails to meet this standard.

4. Walgreens purported rationale for exceeding the page limit is baseless. Walgreens has always been on notice that this action involved both consumer and third-party payors. Plaintiffs' initial complaint, filed in March 2017, opens by stating that Plaintiffs are "consumers" and "third-party payor[s]" that brought this action on behalf of themselves and all others similarly situated. ECF No. 1, ¶1.

5. Before ever seeing Plaintiffs' Motion for Class Certification, Walgreens claimed that "it will need at least 50 pages for its Opposition." *See* email from M. Leib, dated March 22, 2022 at 2:38 PM & March 18, 2022 at 4:03 PM (attached hereto as Ex. 1). The Court already rejected this request and nothing in Plaintiffs' Motion for Class Certification compels a different result now.

---

[1] Unless otherwise indicated, citations are omitted and emphasis is added.

6. Plaintiffs abided by the Court's 30-page briefing limit in preparing their Motion for Class Certification, all while addressing the Rule 23 elements and "the considerable record generated through discovery, as well as complex questions of law spanning multiple jurisdictions and relating to two different types of class members, consumers and TPPs." ECF No. 572, ¶5. Walgreens provides no justification why it, like Plaintiffs, cannot conform to the Court's ordered page limits. As Walgreens acknowledges, its current allowance of 40 pages is the same provided to defendant in *Washington v. CVS Pharmacy, Inc.*, No 4:15-cv-3504, ECF No. 176 (N.D. Cal.). ECF No. 572, ¶8.

7. To the extent the Court reconsiders its decision and provides Walgreens leave to file a 50-page opposition, Plaintiffs respectfully request that the Court enter the Parties' originally agreed page limits and provide Plaintiffs leave to "file a reply memorandum of up to 50 pages in further support" of the Motion for Class Certification. *Id.* This would both reflect the Parties' original agreement, *see* Ex. 1, and would reflect the principle embodied in Northern District of Illinois Local Rule 7.1 that provides an equal page limit applicable to all memoranda.

WHEREFORE, Plaintiffs respectfully request that the Court deny Walgreens' Motion for Leave to Exceed Page Limits for Class Certification Briefing.

Dated: February 16, 2023

Respectfully submitted,
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*/s/ Joseph P. Guglielmo*
Joseph P. Guglielmo (IL Bar #2759819)
Carey Alexander (IL Bar #5188461)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-4478
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com
calexander@scott-scott.com

Erin Green Comite (IL Bar #420630)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 S. Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 531-2632
Facsimile: (860) 537-4432
ecomite@scott-scott.com

David W. Mitchell (IL Bar #199706)
Arthur L. Shingler III (IL Bar #181719)
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
davidm@rgrdlaw.com
ashingler@rgrdlaw.com

Mark J. Dearman (IL Bar #0982407)
Stuart A. Davidson (IL Bar #084824)
Eric Scott Dwoskin (IL Bar # 0112459)
**ROBBINS GELLER RUDMAN & DOWD LLP**
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Facsimile: (561) 750-3364
mdearman@rgrdlaw.com
sdavidson@rgrdlaw.com
edwoskin@rgrdlaw.com

*Interim Co-Lead Counsel*

Katrina Carroll (IL Bar #6291405)
**CARLSON LYNCH LLP**
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Telephone: (312) 750-1265
kcarroll@carlsonlynch.com

*Local Counsel*

4

## **CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing document was filed electronically through the Court's Electronic Case Filing System, which will then send a notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

                                                   */s/ Joseph P. Guglielmo*
                                                   Joseph P. Guglielmo