# EXHIBIT 1

| | |
|---|---|
| **Subject:** | RE: External: Forth v. Walgreen Co.: Class Certification Page Limits |
| **Date:** | Wednesday, March 23, 2022 at 12:55:11 PM Eastern Daylight Time |
| **From:** | Leib, Michael S. |
| **To:** | Carey Alexander, Christensen, Jessica R., Coleman, Selina P., Chambers, Caitlin A., Todd, Anthony R., Parker, Kristin B. |
| **CC:** | Joseph P. Guglielmo, Erin Green Comite, Eric Dwoskin, BOMara, ashingler, DavidM |
| **Attachments:** | image001.png |

Carey,

This proposal is acceptable to Walgreens, pending our review of the draft motion.

Thanks,
Michael

---

**From:** Carey Alexander <calexander@scott-scott.com>
**Sent:** Tuesday, March 22, 2022 2:59 PM
**To:** Leib, Michael S. <MLeib@ReedSmith.com>; Christensen, Jessica R. <JChristensen@reedsmith.com>; Coleman, Selina P. <SColeman@reedsmith.com>; Chambers, Caitlin A. <CAChambers@reedsmith.com>; Todd, Anthony R. <ATodd@ReedSmith.com>; Parker, Kristin B. <KParker@reedsmith.com>
**Cc:** Joseph P. Guglielmo <jguglielmo@scott-scott.com>; Erin Green Comite <ecomite@scott-scott.com>; Eric Dwoskin <EDwoskin@rgrdlaw.com>; BOMara <BOMara@rgrdlaw.com>; ashingler <AShingler@rgrdlaw.com>; DavidM <DavidM@rgrdlaw.com>
**Subject:** Re: External: Forth v. Walgreen Co.: Class Certification Page Limits

EXTERNAL E-MAIL - From calexander@scott-scott.com

Michael,

My email from yesterday may have been misunderstood. To clarify, Plaintiffs are willing to agree to Walgreens' request to file an opposition brief of up to 50 pages if Walgreens agrees to Plaintiffs' request to file a reply brief of the same length. Plaintiffs note that the reply brief filed in *Sheet Metal* was 49 pages, which was longer than the opening brief that addressed the preliminary matters you identified.

The proposal set forth in my email from yesterday was:

1. 40 pages for the opening brief;
2. 50 pages for the opposition brief without prejudice to Walgreens seeking additional pages if it determines it necessary after reviewing Plaintiffs' opening brief; and
3. 50 pages for the reply brief without prejudice to Plaintiffs seeking additional pages if they determines it necessary after reviewing Walgreens' opposition brief.

Please let us know if this proposal is acceptable or if you would like to discuss as part of tomorrow's meet and confer.

Thank you.

External Signed

---

**From:** Michael Leib <MLeib@ReedSmith.com>
**Date:** Tuesday, March 22, 2022 at 2:38 PM
**To:** Carey Alexander <calexander@scott-scott.com>, "Christensen, Jessica R." <JChristensen@reedsmith.com>, Selina Coleman <SColeman@reedsmith.com>, Caitlin Chambers <CAChambers@reedsmith.com>, "Todd, Anthony R." <ATodd@ReedSmith.com>, "Parker, Kristin B." <KParker@reedsmith.com>
**Cc:** Joseph Guglielmo <jguglielmo@scott-scott.com>, Erin Comite <ecomite@scott-scott.com>, Eric Dwoskin <EDwoskin@rgrdlaw.com>, Brian O'Mara <BOMara@rgrdlaw.com>, Art Shingler <AShingler@rgrdlaw.com>, David Mitchell <DavidM@rgrdlaw.com>
**Subject:** RE: External: Forth v. Walgreen Co.: Class Certification Page Limits

Carey,

Walgreens believes it will need at least 50 pages for its Opposition and, therefore, cannot agree to limit itself to 40 pages as you propose below. Again, I refer you to the number of pages CVS used for their opposition briefs in *Corcoran* (40) and *Sheet Metal* (76), and the fact that we need to address both types of named plaintiffs addressed in these two separate CVS cases in our single Walgreens case. Further, while Local Rule 7.1 discusses all briefs being 15 pages, it does not state that, in the event the court grants leave for excess pages, that all briefs must be the same number of pages. And we do not believe in this situation that the reply brief will necessarily need to be as long as the opposition given that preliminary matters such as standards and background facts will have been dealt with in the opening brief. That being said, we would support the following proposal:

1. 35 pages for the opening brief;
2. 50 pages for the opposition without prejudice to Walgreens seeking additional pages if it determines it necessary after reviewing Plaintiffs' opening brief; and
3. 40 pages for Plaintiffs' reply brief without prejudice to Plaintiffs seeking additional pages if they determine it necessary after reviewing Walgreens' reply brief.

Please let us know if you agree with this proposal. If you would like to meet and confer on this issue, we can do so on tomorrow afternoon's call.

Michael

---

**From:** Carey Alexander <calexander@scott-scott.com>
**Sent:** Monday, March 21, 2022 4:57 PM
**To:** Leib, Michael S. <MLeib@ReedSmith.com>; Christensen, Jessica R. <JChristensen@reedsmith.com>; Coleman, Selina P. <SColeman@reedsmith.com>; Chambers, Caitlin A. <CAChambers@reedsmith.com>; Todd, Anthony R. <ATodd@ReedSmith.com>; Parker, Kristin B. <KParker@reedsmith.com>
**Cc:** Joseph P. Guglielmo <jguglielmo@scott-scott.com>; Erin Green Comite <ecomite@scott-scott.com>; Eric Dwoskin <EDwoskin@rgrdlaw.com>; BOMara <BOMara@rgrdlaw.com>; ashingler <AShingler@rgrdlaw.com>; DavidM <DavidM@rgrdlaw.com>
**Subject:** Re: External: Forth v. Walgreen Co.: Class Certification Page Limits

EXTERNAL E-MAIL - From calexander@scott-scott.com

Michael,

Thank you for your proposal. Northern District of Illinois Local Rule 7.1 provides an equal page limit that applies to all memoranda. Plaintiffs should thus be given an equal number of pages for a reply brief. If Walgreens seeks leave to file an opposition brief of up to 50 pages, Walgreens should agree to Plaintiffs' request for leave to file a reply brief of the same length, without prejudice to either party seeking leave to file a longer brief if they deem it necessary. Notwithstanding the equality reflected in the local rules, Plaintiffs are willing to file an opening brief that is shorter than the opposition brief. While we appreciate Walgreens' offer to file an opening brief of up to 50-pages, we believe that leave to file an opening brief of up to 40-pages would be appropriate.

If Walgreens agrees, Plaintiffs will prepare and circulate a draft motion. If you would like to meet and confer, please provide times on Tuesday and Wednesday that you are available.

Thank you.

External Signed

**From:** Michael Leib <MLeib@ReedSmith.com>
**Date:** Friday, March 18, 2022 at 4:03 PM
**To:** Carey Alexander <calexander@scott-scott.com>, "Christensen, Jessica R." <JChristensen@reedsmith.com>, Selina Coleman <SColeman@reedsmith.com>, Caitlin Chambers <CAChambers@reedsmith.com>, "Todd, Anthony R." <ATodd@ReedSmith.com>, "Parker, Kristin B." <KParker@reedsmith.com>
**Cc:** Joseph Guglielmo <jguglielmo@scott-scott.com>, Erin Comite <ecomite@scott-scott.com>, Eric Dwoskin <EDwoskin@rgrdlaw.com>, Brian O'Mara <BOMara@rgrdlaw.com>, Art Shingler <AShingler@rgrdlaw.com>, David Mitchell <DavidM@rgrdlaw.com>
**Subject:** RE: External: Forth v. Walgreen Co.: Class Certification Page Limits

Carey,

In theory, Walgreens does not oppose Plaintiffs request that they be given 35 pages for their opening brief in support. Walgreens, however, believes that it will need more than 35 pages in opposition. Walgreens cannot know the exact number of pages it will need, however, until it sees Plaintiffs' opening brief, but believes it will need at least 50 pages. For reference, CVS filed a 40 page opposition brief in *Corcoran* and a 76 page opposition brief in *Sheet Metal*. And, unlike in those cases, this case involves **both** consumer plaintiffs and TPP plaintiffs. Therefore, Walgreens believes an estimate of at least 50 pages is reasonable.

With the above in mind, Walgreens will agree to join a motion that requests Plaintiffs be given 35 pages for an opening brief (if you want 50, Walgreens will agree to 50), provided that the Motion requests that Walgreens be given leave to file a brief of up to 50 pages without prejudice to it moving for additional pages if Walgreens deems it necessary after seeing Plaintiffs' opening brief. As for a reply, Walgreens does not agree that Plaintiffs should be given the same number of pages for a reply, but would be willing to agree to Plaintiffs being given 30 pages, also without prejudice to Plaintiffs moving for more pages if Plaintiffs deem it necessary after seeing Walgreens' opposition brief.

If this is acceptable, please send us a draft motion for our review. If you would like to meet and confer on this issue, just let us know times next week that would work.

Michael

**From:** Carey Alexander <calexander@scott-scott.com>
**Sent:** Wednesday, March 16, 2022 10:41 PM
**To:** Christensen, Jessica R. <JChristensen@reedsmith.com>; Coleman, Selina P. <SColeman@reedsmith.com>; Leib, Michael S. <MLeib@ReedSmith.com>; Chambers, Caitlin A. <CAChambers@reedsmith.com>; Todd, Anthony R. <ATodd@ReedSmith.com>; Parker, Kristin B. <KParker@reedsmith.com>
**Cc:** Joseph P. Guglielmo <jguglielmo@scott-scott.com>; Erin Green Comite <ecomite@scott-scott.com>; Eric Dwoskin <EDwoskin@rgrdlaw.com>; BOMara <BOMara@rgrdlaw.com>; ashingler <AShingler@rgrdlaw.com>; DavidM <DavidM@rgrdlaw.com>
**Subject:** External: Forth v. Walgreen Co.: Class Certification Page Limits

EXTERNAL E-MAIL - From calexander@scott-scott.com

Counsel,

I write regarding the page limits that will apply to the briefs addressing Plaintiffs' forthcoming motion for class certification. Given the complexity of the issues, Plaintiffs propose that the parties jointly move for leave to file briefs of up to 35 pages in support, opposition, and in reply to Plaintiffs' motion. If Walgreens agrees, we will prepare and circulate a draft joint motion. Please provide Walgreens' position.

Thank you.



**Carey Alexander,** Attorney
212.519.0512
calexander@scott-scott.com
www.scott-scott.com
The Helmsley Building + 230 Park Avenue, 17th Fl
New York, NY 10169

NEW YORK+LONDON+AMSTERDAM+BERLIN+CALIFORNIA+CONNECTICUT+VIRGINIA+OHIO+ARIZONA

This e-mail may contain confidential or privileged information. If you believe you have received it in error, please notify the sender immediately and delete this message without copying or disclosing it.

External Signed