# EXHIBIT 12

*REDACTED*

Page 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOROTHY FORTH, ET AL.,

    PLAINTIFFS,

vs.   No. 17-cv-02246

WALGREEN CO.,

    DEFENDANT.

_____

REMOTE VIDEO DEPOSITION OF

DAVID SCHROFF

JUNE 15, 2020

Page 57

1  yes, that is correct.
2       Q    (MR. LEIB) Are you familiar with the term
3  usual and customary price?
4       A    Yes, I am.
5       Q    And that's often referred to as U&C,
6  correct?
7       A    That's also correct.
8       Q    And it's the pharmacy that determines what
9  the usual and customary price is for a prescription
10 drug, correct?
11      A    That is also correct, yes.
12      Q    When a prescription is filled by a
13 Steamfitters member at a participating pharmacy, is
14 the pharmacy required to report to LDI what drugs
15 usual and customary price is?
16      A    My understanding has always been that yes,
17 that is a field that is, that should be filled in
18 whenever adjudicating any claim.
19      Q    Are the terms usual and customary, or U&C,
20 referred to anywhere in the 2014 agreement?
21      A    They are not.
22      Q    So under this agreement, when LDI
23 determines the amount it will charge Steamfitters
24 for a prescription filled by one of the
25 Steamfitters' members, does LDI have to take into

Page 58

1  consideration the usual and customary price of that
2  drug as reported by the pharmacy?
3          MR. TUSA:  Objection, form.
4      Q    (MR. LEIB) You can answer the question,
5  Mr. Schroff.
6      A    Can you repeat the question for me,
7  please?
8      Q    Sure.  The pharmacy reports, strike that.
9           When a member, when a Steamfitters
10 Local 439 member goes into a pharmacy to purchase a
11 drug, the pharmacy is supposed to report to LDI the
12 usual and customary price of that drug, correct?
13     A    That is correct.
14     Q    But usual and customary is not referred to
15 anywhere in the 2014 agreement, correct?
16          MR. TUSA:  Objection.
17     A    That is also correct, yes.
18     Q    (MR. LEIB) So under the 2014 agreement,
19 when LDI determines the amount it will charge
20 Steamfitters for that prescription filled by that
21 Steamfitters beneficiary, does LDI have to take into
22 consideration the U&C price of that drug?
23          MR. TUSA:  Object to the form.
24     A    Am I okay to answer?
25     Q    (MR. LEIB) Yes.

Veritext Legal Solutions
212-279-9424                    www.veritext.com                    212-490-3430

```
                                                    Page 59
 1        A    Okay.  According to this contract, no.
 2        Q    And just for going forward with the dep,
 3   any time there's an objection, as I said earlier,
 4   you are allowed to answer unless your counsel,
 5   Mr. Donnini, tells you not to answer.
 6        A    Okay.
 7             MR. TUSA:  My objection is for the record,
 8   Mr. Schroff.
 9        A    Okay.  Not a problem.  I just wanted to
10   make sure I wasn't talking over either one of you.
11   Thank you.
12             MR. LEIB:  We appreciate that.
13   ██   ████████████████████████████████████████
14   ██████  ████████████████████████  ██████████████
15   ██████  █████████████████████████████  ████████
16   ██  ████████████████████████████████████████████
17   ██  ████████████████████████████████████████
18             Do you see that?
19        A    Yes.
20        Q    Under this 2014 agreement, when LDI
21   determines the amount it is going to charge
22   Steamfitters Local 439 for a prescription filled by
23   one of its members, does LDI have to take into
24   consideration the AWP of that drug for that specific
25   fill?
```

```
                                              Page 111
 1      A     That is correct.
 2      Q     You could put tab F, this was put into
 3   Egnyte.  This has already been marked as Exhibit
 4   110.
 5            Do you recognize this document?
 6      A     Yes.
 7      Q     What is this document?
 8      A     This is an agreement from our provider
 9   relations department.  Primarily an agreement that
10   spells out the agreement between LDI and Walgreens.
11      Q     I want to go to page five.  You see
12   section 124 is a definition for usual and customary
13   ████████████  ████████████████████████████████████
14   ███████████████████████████████████████████
15   █████████████████████████████████████████████████
16   ███████████████████████████████████████████
17   █████████████████████████
18      A     Yes, that's correct and yes, I see it.
19      Q     Do you remember in the 2019 agreement we
20   had discussed the term a custom paying cash.
21            Do you recall that?
22      A     Yes.
23      Q     Is a customer involved in a cash
24   transaction, the same as a customer paying cash?
25            MR. TUSA:  Objection.
```

Page 112

1     A    Yes, yes, for your -- yes, it is.
2     Q    (MR. LEIB) So under this definition, when
3 Walgreens reports a U&C, I'm sorry, when Walgreens
4 usual and customary retail price of a prescription
5 drug to LDI, would it ever have to report
6 prescription savings club price of that drug as
7 usual and customary retail price?
8     MR. TUSA:  Objection to form.
9     A    My response would be no.
10     MR. LEIB:  I have no further questions for
11 you, Mr. Schroff, at this time.  I reserve the right
12 to redirect after Mr. Tusa's questions.  I
13 appreciate your time.
14     A    Yes, thank you.
15     MR. TUSA:  Can we go off the record for
16 five minutes as I transition?
17     MR. LEIB:  Sure.
18     THE VIDEOGRAPHER:  Going off the record.
19 The time is 1:42 p.m.
20     (Off the record.)
21     THE VIDEOGRAPHER:  Going back on the
22 record.  The time is 1:52 p.m.
23         **EXAMINATION**
24 BY MR. TUSA:
25     Q    Good afternoon, Mr. Schroff.

Page 291

1  State of Missouri
2                    SS.
3  County of St. Louis
4       I, Randy R. Dunn, a Licensed Certified Court
5  Reporter by the Supreme Court in and for the State
6  of Missouri, duly commissioned, qualified and
7  authorized to administer oaths and to certify to
8  depositions, do hereby certify that pursuant to
9  Notice in the civil cause now pending and
10 undetermined in the State of New York, to be used in
11 the trial of said cause in said court on the 15th
12 day of June, 2020.
13      The said witness, being of sound mind and being
14 by me first carefully examined and duly cautioned
15 and sworn to testify the truth, the whole truth, and
16 nothing but the truth in the case aforesaid,
17 thereupon testified as is shown in the foregoing
18 transcript, said testimony being by me reported in
19 shorthand and caused to be transcribed into
20 typewriting, and that the foregoing page correctly
21 set forth the testimony of the aforementioned
22 witness, together with the questions propounded by
23 counsel and remarks and objections of counsel
24 thereto, and is in all respects a full, true,
25 correct and complete transcript of the questions

1  propounded to and the answers given by said witness.
2       I further certify that I am not of counsel or
3  attorney for either of the parties to said suit, not
4  related to nor interested in any of the parties or
5  their attorneys.
6
7
8       Randy R. Dunn RPR, CRR, CCR No. 193