# EXHIBIT 18

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CYNTHIA RUSSO, LISA BULLARD, RICARDO GONZALES, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 38 HEALTH AND WELFARE FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 295-295C WELFARE FUND, AND STEAMFITTERS FUND LOCAL 439, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WALGREEN CO.,<br><br>Defendant. | Civil No. 17-cv-02246<br><br><br>Judge Edmond E. Chang<br>Magistrate Judge Sheila Finnegan |

**PLAINTIFFS' THIRD AMENDED RESPONSES AND OBJECTIONS TO
DEFENDANT'S THIRD SET OF INTERROGATORIES**

Pursuant to the Federal Rules of Civil Procedure and the Local Rules for the Northern District of Illinois, Cynthia Russo, Lisa Bullard, Ricardo Gonzales, (collectively, "Individual Plaintiffs"), International Brotherhood Of Electrical Workers Local 38 Health and Welfare Fund ("IBEW Local 38"), International Union Of Operating Engineers Local 295-295c Welfare Fund ("Local 295"), and Steamfitters Fund Local 439 ("Steamfitters 439") (collectively, "Union Plaintiffs") (together with the Individual Plaintiffs, "Plaintiffs") hereby submit their third amended objections and responses ("Responses") to Defendant Walgreen Co.'s ("Defendant" or "Walgreens") Third Set of Interrogatories ("Interrogatories") as follows:

present for all transactions made by insured and non-insured customers of Walgreens of generic prescription drugs that were included as part of Walgreens' PSC formulary."

**INTERROGATORY NO. 9**

For each Individual Plaintiff, identify each purchase of a generic drug made at Walgreens during the Relevant Time Period in which Plaintiffs contend Walgreens overcharged the Individual Plaintiff for that generic drug, including the date of purchase, the name of the drug, the amount paid by the Individual Plaintiff, the price Plaintiffs contend was the PSC Price for that drug on the date of purchase, and the amount the Individual Plaintiff believes it should have been charged for that generic drug purchase.

**RESPONSE TO INTERROGATORY NO. 9**

Plaintiffs object to this request as overly broad and unduly burdensome because it would require Plaintiffs to provide information relating to transactions for thousands of drugs over the Relevant Time Period. Plaintiffs further object to this request because it is worded as a multi-part compound request under the guise of a single interrogatory, and should instead be counted as five separate interrogatories, as this Interrogatory does not comply with Fed. R. Civ. P. 33. Plaintiffs further object to this Interrogatory as prematurely calling for expert testimony, which will be disclosed as required by the Federal Rules of Civil Procedure and any scheduling orders that govern this case. Subject to and without waiving these objections, Plaintiffs will rely upon Fed. R. Civ. P. 33(d)(1) to respond to this Interrogatory as well as expert discovery at such time as the parties may agree to exchange such information or as the Court may order.

Pursuant to Fed. R. Civ. P. 33(d), Individual Plaintiffs respond to this Interrogatory by directing Walgreens to Exhibit 3A of the Report of Lynette Hilton, Ph.D., Ex. 55, attached to the Declaration of Joseph P. Guglielmo in Support of Plaintiffs' Motion for Class Certification (ECF

11

No. 556) ("Hilton Report"), that provides examples of overpayments for each of the named Individual Plaintiffs proposed as class representatives in Plaintiffs' Motion for Class Certification – Bullard, Gonzales, and Russo – for purchases made at Walgreens. For the examples identified, Exhibit 3A identifies by Individual Plaintiff the relevant PBM, the state, the date, the drug ID, the drug name, the quantity, the PSC price, the amount paid by the consumer, and the consumer overpayment. Pursuant to Fed. R. Civ. P. 33(d), Individual Plaintiffs further respond to this Interrogatory by directing Walgreens to HILTON_0000017-HILTON_0000033 and HILTON_0000079-HILTON_0000132.

**INTERROGATORY NO. 10**

For each Fund Plaintiff, identify each purchase of a generic drug made at Walgreens during the Relevant Time Period by one of the Fund's beneficiaries in which Plaintiffs contend the Fund was overcharged for that generic drug, including the name of the beneficiary, the date of purchase, the name of the drug, the amount paid by the beneficiary, the amount charged to the Fund, the price Plaintiffs contend was the PSC Price for that drug on the date of purchase, and the amount the Fund Plaintiff believes it should have been charged for that generic drug purchase.

**RESPONSE TO INTERROGATORY NO. 10**

Plaintiffs object to this request as overly broad and unduly burdensome because it would require Plaintiffs to provide information relating to transactions for thousands of drugs over the Relevant Time Period. Plaintiffs further object to this request because it is worded as a multi-part compound request under the guise of a single interrogatory and should instead be counted as five separate interrogatories, as this Interrogatory does not comply with Fed. R. Civ. P. 33. Plaintiffs further object to this Interrogatory as prematurely calling for expert testimony, which will be disclosed as required by the Federal Rules of Civil Procedure and any scheduling orders that

12

Plaintiffs have already supplied in their Responses and Objections to Defendant's Second Set of Requests for Admission. Plaintiffs further object to this Interrogatory as unduly burdensome and not proportional to the needs of the case. Plaintiffs will not provide responses in excess of the 25-interrogatory limit in Rule 33(a)(1) of the Federal Rules of Civil Procedure. Subject to and without waiving these objections, Plaintiffs refer Walgreens to Plaintiffs' Responses and Objections to Defendant's Second Set of Requests for Admission.

Dated: February 3, 2023

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

_____
Joseph P. Guglielmo (IL Bar #2759819)
Carey Alexander (IL Bar #5188461)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-4478
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com
calexander@scott-scott.com

Erin Green Comite (IL Bar #420630)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 S. Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 531-2632
Facsimile: (860) 537-4432
ecomite@scott-scott.com

David W. Mitchell (IL Bar #199706)
Arthur L. Shingler III (IL Bar #181719)
**ROBBINS GELLER RUDMAN
 & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
davidm@rgrdlaw.com
ashingler@rgrdlaw.com

Mark J. Dearman (IL Bar #0982407)

>Stuart A. Davidson (IL Bar #084824)
>Eric Scott Dwoskin (IL Bar # 0112459)
>**ROBBINS GELLER RUDMAN**
> **& DOWD LLP**
>120 East Palmetto Park Road, Suite 500
>Boca Raton, FL  33432
>Telephone: (561) 750-3000
>Facsimile:  (561) 750-3364
>mdearman@rgrdlaw.com
>sdavidson@rgrdlaw.com
>edwoskin@rgrdlaw.com
>
>*Interim Co-Lead Counsel*
>
>Katrina Carroll (IL Bar #6291405)
>**LYNCH CARPENTER LLP**
>111 W. Washington Street, Suite 1240
>Chicago, IL 60602
>Telephone: (312) 750-1265
>katrina@lcllp.com
>
>*Local Counsel*

15

**CERTIFICATE OF SERVICE**

I, Joseph P. Guglielmo, an attorney, hereby certify that the foregoing was served upon the parties below on February 3, 2023, by email.

Frederick Robinson
Selina P. Coleman
**REED SMITH LLP**
1301 K Street, N.W., Suite 1000, East Tower
Washington, D.C. 20005
frobinson@reedsmith.com
scoleman@reedsmith.com

Michael S. Leib
**REED SMITH LLP**
10 South Wacker Drive, 40th Floor
Chicago, IL 60606-7507
mleib@reedsmith.com

_____
Joseph P. Guglielmo (IL Bar #2759819)