# EXHIBIT 48

```
                                                            Page 1

 1              UNITED STATES DISTRICT COURT
 2              NORTHERN DISTRICT OF ILLINOIS
 3                   EASTERN DIVISION
 4
 5   CYNTHIA RUSSO, LISA BULLARD,         )
     RICARDO GONZALES, INTERNATIONAL      )
 6   BROTHERHOOD OF ELECTRICAL WORKERS    )
     LOCAL 38 HEALTH AND WELFARE FUND,    )
 7   INTERNATIONAL UNION OF OPERATING     )
     ENGINEERS LOCAL 295-295C WELFARE     )
 8   FUND, AND STEAMFITTERS FUND LOCAL    )
     439, on Behalf of Themselves and     )
 9   All Others Similarly Situated,       )
                                          )
10              Plaintiffs,               )
                                          )
11                vs.                     )Case No.
                                          )17-cv-2246
12   WALGREEN CO.,                        )
                                          )
13              Defendant.                )
     _____)
14
15
16         VIDEO-RECORDED REMOTE DEPOSITION OF
17                LYNETTE HILTON, Ph.D.
18             Tuesday, January 17, 2023
19                    Volume I
20
21    *** CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER ***
22   Reported by:
     CARLA SOARES
23   CSR No. 5908
24   Job No. 5645367
25   Pages 1 - 347
```

```
                                                        Page 77
 1      A    I see.  No.                                17:23:10
 2      Q    And did you consider the term "or
 3  reimbursed" in your methodology in any way?
 4      A    No, I don't think so.
 5      Q    And then it says -- after it talks about   17:23:14
 6  the time period, January 1st through the present,
 7  and the states that we've already referred to, it
 8  says, "where the usual and customary price was a
 9  basis for the amount paid or reimbursed in
10  connection with the purchase of such drug."         17:23:19
11           Do you see that?
12      A    Yes.
13      Q    So if the U&C price was not the basis of
14  the amount paid or reimbursed, would that
15  transaction be excluded from your analysis of who's 17:23:23
16  in the class?
17           MR. ALEXANDER:  Objection to form.
18           THE WITNESS:  Yeah.  Can you repeat that
19  question?  Because I'm not sure --
20  BY MR. LEIB:                                        17:23:27
21      Q    Sure.  I'm going to break it up a little
22  bit.
23      A    Yeah.  Okay.
24      Q    To determine if a person or an entity for
25  whom prescription drug benefits were provided       17:23:30
```

```
                                                          Page 307
 1    than the consumer overpayment.  The TPP overpayment      18:39:01

 2    is estimated as TPP overpayment equals total

 3    overpayment, minus consumer overpayment."

 4            Did I read that correctly?

 5        A   Yes.                                             18:39:05

 6        Q   Somehow, you're still not coming across.

 7        A   Yes.

 8        Q   And the word "estimated" there, you just

 9    meant "calculated"; is that correct?

10        A   That's correct.                                  18:39:08

11        Q   If the consumer's damage increases, then

12    the TPP's damage is going to be reduced, correct?

13            MR. ALEXANDER:  Objection to form.

14            THE WITNESS:  Increases relative to what?

15    BY MR. LEIB:                                             18:39:12

16        Q   There's a total overpayment, right?

17            That's a question.  There's a total

18    overpayment, right?

19        A   Yes.

20        Q   And the consumer gets a part of that and        18:39:15

21    the TPP gets a part of that, correct?

22        A   Correct.

23        Q   The greater the consumer's share of that

24    total overpayment, the lower the TPP's share of that

25    overpayment, correct?                                    18:39:18
```

```
                                                          Page 308
 1       A   That's correct.                              18:39:20
 2       Q   The lower the consumer's portion of that
 3   payment is, the greater the TPP's portion of that
 4   overpayment is, correct?
 5       A   Correct.                                     18:39:23
 6       Q   So would you agree that the TPP has an
 7   interest in your calculation of the consumer
 8   overpayment being as low as possible?
 9           MR. ALEXANDER:  Objection to form.
10           THE WITNESS:  No.                            18:39:26
11   BY MR. LEIB:
12       Q   Why do you say no?
13       A   The -- I would assume that the TPP
14   would -- I don't know what the TPP would consider,
15   but the consumer overpayment is whatever the        18:39:29
16   consumer overpayment is.  And the remaining is the
17   TPP's.
18           I wouldn't think that they would have an
19   opinion about that one way or the other.
20       Q   Do you expect Walgreens to agree with       18:39:33
21   every calculation that you do in this case?
22           MR. ALEXANDER:  Objection to form.
23           THE WITNESS:  I expect -- let's see.  I
24   guess based on my history with defendant's
25   responses, no.                                      18:39:37
```

```
                                                              Page 313
 1    Some people might do a lot of different things.  I        18:40:49
 2    don't know.
 3           Sitting here today, I can't tell you what
 4    other people may or may not do.
 5    BY MR. LEIB:                                              18:40:52
 6        Q   And doing it a different way might affect
 7    the division between the consumer and the TPP,
 8    correct?
 9           MR. ALEXANDER:  Same objections.
10           THE WITNESS:  Potentially.                         18:40:55
11    BY MR. LEIB:
12        Q   In paragraph 27, you say -- you talk about
13    how you're going to divide -- how you're going to
14    figure out statutory damages, correct?
15           "Figure out" is the wrong word.                    18:40:59
16           In paragraph 27, you state how you're
17    going to take into account statutory damages in your
18    damages calculation, correct?
19        A   Yes.
20        Q   And you say that "If statutory damages are        18:41:02
21    available, they would be assessed on each
22    transaction where statutory damages are greater than
23    the TPP overpayment and/or greater than the consumer
24    overpayment," correct?
25        A   That's correct.                                   18:41:06
```

```
                                                          Page 317
 1   in paragraph 7 of my report, states that "I was       18:41:57

 2   asked to develop a formulaic methodology that can

 3   identify and calculate overpayments by plaintiffs

 4   and class members as a result of Walgreens' failure

 5   to report or otherwise include PSC prices when        18:42:01

 6   determining the U&C price to report for PSC

 7   generics."

 8           And then there's a second part to that

 9   involving the unjust enrichment.

10           And then I state in my report, "I have        18:42:06

11   developed and present below illustrative

12   calculations."  I state that in paragraph 9.

13   BY MR. LEIB:

14        Q   Why only illustrative?

15           Let me ask you a different question.          18:42:10

16           You have all the data you need to figure

17   out all of the alleged overpayments for the

18   individual named consumer plaintiffs, correct?

19        A   No.

20        Q   According to your methodology, you need      18:42:13

21   Walgreens' data, correct?

22        A   Yes.

23        Q   You need the PSC transactional claims

24   data, correct?

25        A   Yes.                                         18:42:16
```

Page 318

| | | |
|---|---|---|
| 1 | Q   You need the ESI formularies, correct? | 18:42:17 |
| 2 | A   Yes. | |
| 3 | Q   You need the Connecticut reconciliation | |
| 4 | data, correct? | |
| 5 | A   Yes. | 18:42:19 |
| 6 | Q   And those four pieces of information, you | |
| 7 | have complete sets of those, correct? | |
| 8 | A   No. | |
| 9 | Q   You only have it up to 2019, correct? | |
| 10 | A   That's correct. | 18:42:23 |
| 11 | Q   Did you figure out all individual consumer | |
| 12 | plaintiff alleged overpayments up through 2019 -- up | |
| 13 | until -- I'm sorry -- through 2019? | |
| 14 | MR. ALEXANDER:  Objection to form. | |
| 15 | THE WITNESS:  Sorry.  I'm just rereading | 18:42:28 |
| 16 | the question. | |
| 17 | Did I figure out all -- no.  No.  That | |
| 18 | wasn't something I was asked to do.  I was just | |
| 19 | asked to develop a methodology, and I was showing | |
| 20 | that the methodology worked by providing an | 18:42:32 |
| 21 | illustrative example. | |
| 22 | BY MR. LEIB: | |
| 23 | Q   So it looks like you provided at least one | |
| 24 | example for every state that the person might be a | |
| 25 | class representative of; is that correct? | 18:42:36 |

Page 347

1          I, the undersigned, a Certified Shorthand
2    Reporter of the State of California, do hereby
3    certify:
4          That the foregoing proceedings were taken
5    before me at the time and place herein set forth;
6    that any witnesses in the foregoing proceedings,
7    prior to testifying, were administered an oath; that
8    a record of the proceedings was made by me using
9    machine shorthand which was thereafter transcribed
10   under my direction; that the foregoing transcript is
11   a true record of the testimony given.
12         Further, that if the foregoing pertains to
13   the original transcript of a deposition in a Federal
14   Case, before completion of the proceedings, review
15   of the transcript [ ] was [x] was not requested.
16         I further certify I am neither financially
17   interested in the action nor a relative or employee
18   of any attorney or any party to this action.
19         IN WITNESS WHEREOF, I have this date
20   subscribed my name.
21
22   Dated: January 23, 2023
23                    *Carla Soares*
24
25                    CARLA SOARES
                      CSR No. 5908