# APPENDIX A

APPENDIX -- A

(Chart of Consumer Fraud Statutes)

| State | Statute | Elements | Private Right of Action | Class Action Permitted | Damages |
|---|---|---|---|---|---|
| Arizona | Consumer Fraud Act; Ariz. Rev. Stat. §§ 44-1521 *et seq.* | "The elements of a private cause of action under the [Arizona Consumer Fraud] Act are a false promise or misrepresentation made in connection with the sale or advertisement of merchandise and the hearer's consequent and proximate injury." *Weese v. Lusso Auto LLC*, No. CV-22-01564-PHX-SPL, 2023 U.S. Dist. LEXIS 8702, at *10 (D. Ariz. Jan. 17, 2023). | Yes. *Haisch v. Allstate Ins. Co.*, 5 P.3d 940, 944 (Ariz. Ct. App. 2000). | Yes. *Haisch v. Allstate Inc. Co.*, 5 P.3d 940, 944 (Ariz. Ct. App. 2000). | Actual money or property, real or personal, acquired by unlawful practice; no multiplier, no statutory damages. Punitive damages are available if "wanton or reckless" conduct, "spite or ill will" or "a reckless indifference to the interests of others." *Holeman v. Neils*, 803 F. Supp. 237, 242-43 (D. Ariz. 1992). |
| California | Unfair Competition Law; Cal. Bus. & Prof. Code §§ 17200 *et seq.* | ""[T]o state a claim for a violation of the [California UCL], a plaintiff must allege that the defendant committed a business act that is either fraudulent, unlawful, or unfair." *Levine v. Blue Shield of Cal.*, 117 Cal. Rptr. 3d 262, 277 (Cal. Ct. App. 2010). | Yes. Cal. Bus. & Prof. Code §§ 17203, 17204. | Yes. Cal. Bus. & Prof. Code § 17203. | Injunctive, restitution; no multiplier, no statutory damages; attorneys fees available. Cal. Bus. & Prof. Code § 17203. |
| Connecticut | Unfair Trade Practices Act; Conn. Gen. Stat. §§ 42-110a *et seq.* | "To state a claim under CUTPA, a plaintiff must plead that she (1) suffered an ascertainable loss of money or property, (2) that was caused by, (3) an unfair method of competition or an unfair or deceptive act in the conduct of any trade or commerce." *Smith v. Wells Fargo Bank, N.A.*, 158 F. Supp. 3d 91, 100 (D. Conn.), *aff'd*, 666 F. App'x 84 (2d Cir. 2016). | Yes. Conn. Gen. Stat. § 42-110g(a). | Only on behalf of CT residents and persons injured in CT. Conn. Gen. Stat. § 42-110g(b). | Actual and attorneys' fees, punitive damages, equitable relief; no multiplier, no statutory damages. Conn. Gen. Stat. § 42-110g(a), (d). |
| Delaware | Consumer Fraud Act; Del. Code tit. 6, §§ 2511 *et seq.* | "[A] plaintiff must allege three elements: (1) a defendant engaged in conduct which violated the statute; (2) the plaintiff was a 'victim' of the unlawful conduct; and (3) a causal relationship exists between the defendant's unlawful conduct and the plaintiff's ascertainable loss." *Teamsters Local 237 Welfare Fund v. Astrazeneca Pharms. LP*, 136 A.3d 688, 693 (Del. 2016) (citing Del. Code tit. 6, §§ 2513, 2525). | Private right of action and class action permitted if the plaintiff pleads that the misrepresentation was made wholly or in part in Delaware. Del. Code tit. 6, § 2525; *Spark v. MBNA Corp.*, 157 F. Supp. 2d 330, 331-32 (D. Del. 2001), *aff'd*, 48 Fed. App'x. 385 (3d Cir. 2002). | Private right of action and class action permitted if the plaintiff pleads that the misrepresentation was made wholly or in part in Delaware. Del. Code tit. 6, § 2525; *Spark v. MBNA Corp.*, 157 F. Supp. 2d 330, 331-32 (D. Del. 2001), *aff'd*, 48 Fed. App'x. 385 (3d Cir. 2002). | Actual and punitive damages; punitive damages available if fraud "gross, oppressive, or aggravated, or where it involves breach of trust or confidence". *Ayers v. Quillen*, No. 03C-02-004-RFS, 2004 Del. Super. LEXIS 443, at *25 (Del. Super. Ct. June 30, 2004). |
| Florida | Deceptive and Unfair Trade Practices Act; Fla. Stat. §§ 501.201 *et seq.* | "In order to state a FDUTPA claim, a plaintiff 'must allege (1) a deceptive act or unfair trade practice; (2) causation; and (3) actual damages.'" *State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery*, LLC, 278 F. Supp. 3d 1307, 1326 (S.D. Fla. 2017). | Private right of action for anyone "aggrieved by a violation of [the act]." Fla. Stat. § 501.211. | Yes. Fla. Stat. § 501.211; *S.D.S. Autos, Inc. v. Chrzanowski*, 976 So. 2d 600, 610 (Fla. Dist. Ct. App. 2007). | Actual, plus attorney's fees and court costs. Fla. Stat. § 501.211(2). |
| Illinois | Consumer Fraud and Deceptive Business Practices Act; 815 Ill. Comp. Stat. 505/1 *et seq.* | "The elements of a claim under the Consumer Fraud Act are (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, and (3) the occurrence of the deception during a course of conduct involving trade or commerce." *Joseph T. Ryerson & Son, Inc. v. Travelers Indem. Co. of Am.*, 165 N.E.3d 439, 464-65 (Ill. App. Ct. 2020). | Private right of action permitted. 815 Ill. Comp. Stat. 505/10a. | Class action permitted. 815 Ill. Comp. Stat. 505/10. | Actual "or any other relief which the court deems proper"; reasonable attorney's fees and costs are available. 815 Ill. Comp. Stat. 505/10a(a), (c). |
| Massachusetts | Consumer Protection Act; Mass. Gen. Laws ch. 93A, §§ 1 *et seq.* | "To plausibly state a Chapter 93A claim premised on a deceptive act, the plaintiff must allege (1) a deceptive act or practice on the part of the seller; (2) an injury or loss suffered by the consumer; and (3) a causal connection between the seller's deceptive act or practice and the consumer's injury." *Patenaude v. Orgain, LLC*, 594 F. Supp. 3d 108, 112 (D. Mass. 2022). | Private right of action and class actions allowed. Mass. Gen. Laws ch. 93A, § 9(1). | Private right of action and class actions allowed. Mass. Gen. Laws ch. 93A, § 9(2). | Actual damages or $25, whichever is greater; or, if willful or knowing, treble, but not less than double actual damages. Equitable relief and attorneys fees and costs. Mass. Gen. Laws ch. 93A, § 9. |
| New York | Consumer Protection from Deceptive Acts and Practices; N.Y. Gen. Bus. Law §§ 349 *et seq.* | "A plaintiff under section 349 must prove three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act." *Bildstein v. MasterCard Int'l Inc.*, 329 F. Supp. 2d 410, 413 (S.D.N.Y. 2004). | Private right of action available. N.Y. Gen. Bus. Law § 349(h). | Class actions available. *Super Glue Corp. v. Avis Rent A Car Sys., Inc.*, 517 N.Y.S.2d 764, 767 (N.Y. App. Div. 1987). | Injunctive relief and/or the greater of actual damages and $50. See N.Y. Gen. Bus. Law § 349(h). |
| North Carolina | North Carolina Unfair and Deceptive Trade Practices Act; N.C. Gen. Stat. §§ 75-1 *et seq.* | "To state a claim under the UDTPA, a claimant must allege (1) an unfair or deceptive act or practice (2) in or affecting commerce (3) which proximately caused injury to plaintiffs or his business." *Rahamankhan Tobacco Enters. PVT. Ltd. v. Evans MacTavish Agricraft, Inc.*, 989 F. Supp. 2d 471, 477 (E.D.N.C. 2013). | Private right of action allowed. N.C. Gen. Stat. § 75-16. | Private right of action and class actions allowed. N.C. Gen. Stat. § 75-16. | Actual; 3x multiplier, no statutory damages; attorneys fees available. N.C. Gen. Stat. §§ 75-16, 75-16.1. |
| Ohio | Ohio Deceptive Trade Practices Act; Ohio Rev. Code §§ 4165.01 *et seq.* | "[T]he elements necessary for an ODTPA claim have been described as (1) a false statement or statement that is misleading, (2) which statement actually deceived or has the tendency to deceive a substantial segment of the target audience, (3) the deception is material in that it is likely to influence a purchasing decision, and (4) the plaintiff has been or is likely to be injured as a result." *Torrance v. Rom*, 157 N.E.3d 172, 188 (Ohio Ct. App. 2020). | Private right of action allowed. Ohio Rev. Code § 4165.03. | Class actions allowed. Ohio Rev. Code §§ 4165.01, 4165.03. | Actual, plus attorneys' fees (upon a showing of willfulness). Ohio Rev. Code § 4165.03. |
| Pennsylvania | Unfair Trade Practices and Consumer Protection Law; 73 Pa. Cons. Stat. §§ 201-1 *et seq.* | "[A] plaintiff must present evidence showing: (1) a deceptive act that is likely to deceive a consumer acting reasonably under similar circumstances; (2) justifiable reliance; and (3) that the plaintiff's justifiable reliance caused ascertainable loss." *Slapikas v. First Am. Title Ins. Co.*, 298 F.R.D. 285, 292 (W.D. Pa. 2014). | Private right of action allowed. 73 Pa. Cons. Stat. § 201-9.2. | Private right of action and class action allowed. 73 Pa. Cons. Stat. § 201-9.2. | Greater of actual damages or $100; up to 3x discretionary multiplier (but not less than $100); additional relief as necessary or proper; costs and reasonable attorneys fees may be available. 73 Pa. Cons. Stat. § 201-9.2(a). |
| Wisconsin | Deceptive Trade Practices Act; Wis. Stat. §§ 100.18 *et seq.* | To prove a claim under the DTPA, a plaintiff must prove three elements: (1) the defendant made a representation to the public with the intent to induce an obligation; (2) the representation was untrue, deceptive, or misleading; and (3) the representation caused the plaintiff a pecuniary loss. *K&S Tool & Die Corp. v. Perfection Mach. Sales, Inc.*, 732 N.W.2d 792, 798-99 (Wis. 2007). | Private right of action allowed. Wis. Stat. § 100.18(11)(b)(2). | Private right of action and class actions allowed. Wis. Stat. § 100.18(11)(b)(2). | Actual, plus reasonable attorneys' fees and costs. Wis. Stat. § 100.18(11)(b)(2). |

APPENDIX -- A
(Chart of Consumer Fraud Statutes)

| State | Statute of Limitations | Actual Injury/Deception | Causation | Reliance |
|---|---|---|---|---|
| Arizona | 1 year from discovery. Ariz. Rev. Stat. § 12-541; *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011). | Actual damage or injury required. *Holeman v. Neils*, 803 F. Supp. 237, 242 (D. Ariz. 1992). | Proximate causation required. *Diaz v. Health Plan Intermediaries Holdings LLC*, No. CV-18-04240-PHX-SMM, 2021 U.S. Dist. LEXIS 203614, at *13-*15 (D. Ariz. June 7, 2021). | Required, but need not be reasonable or justifiable. *Naiman v. Alle Processing Corp.*, No. CV20-0963-PHX-DGC, 2020 U.S. Dist. LEXIS 218549, at *12 (D. Ariz. Nov. 23, 2020). |
| California | 4 year from accrual of action. Cal. Bus. & Prof. Code § 17208. | Actual injury required. Cal. Bus. & Prof. Code §§ 17203, 17204 (amended by Prop. 64 in November 2004). | Causation required. *Moran v. Prime Healthcare Mgmt., Inc.*, 208 Cal. Rptr. 3d 303, 312 (Cal. Ct. App. 2016). | Actual reliance is required. *Moran v. Prime Healthcare Mgmt., Inc.,* 208 Cal. Rptr. 3d 303, 312 (Cal. Ct. App. 2016) Presumption/inference of reliance arises from material misrepresentation. *Phillips v. Apple Inc.*, No. 15-CV-04879-LHK, 2016 U.S. Dist. LEXIS 53148, at *16 (N.D. Cal. Apr. 19, 2016). A California class suing under the state's consumer protection statutes need not show individualized reliance if it can establish the materiality of the statement. *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 983 (C.D. Cal. 2015). *See also Tracy Anderson Mind & Body, LLC v. Roup*, No. CV 22-4735-RSWL-Ex, 2022 U.S. Dist. LEXIS 225714, at *21 (C.D. Cal. Dec. 12, 2022) ("To have standing under the UCL's fraud prong, a claim must plead 'actual reliance by the [party] seeking relief under [the statute].'"). |
| Connecticut | 3 years "after the occurrence of a violation." Conn. Gen. Stat. § 42-110g(f). | Requires "ascertainable loss of money or property" for private right of action. Conn. Gen. Stat. § 42-110g(a). | "[A] CUTPA plaintiff need not show reliance, but must prove proximate cause." *In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 393 F. Supp. 3d 745, 757 (N.D. Ill. 2019). "[T]o prevail in a CUTPA action, a plaintiff must establish both that the defendant has engaged in a prohibited act and that, 'as a result of' this act, the plaintiff suffered an injury." *Royal Indem. Co. v. King*, 532 F. Supp. 2d 404, 411 (quoting *Abrahams v. Young & Rubicam*, 692 A.2d 709, 712 (1997). "The language 'as a result of' requires a showing that the prohibited act was the proximate cause of a harm to the plaintiff." *Tucker v. Am. Int'l Gr., Inc.*, 179 F. Supp. 3d 224, 229-30 (D. Conn. 2016) (quoting *Abrahams*, 692 A.2d at 712). | "[A] CUTPA plaintiff need not show reliance, but must prove proximate cause." *In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 393 F. Supp. 3d 745, 757 (N.D. Ill. 2019). |
| Delaware | 3 years from discovery. Del. Code tit. 10, § 8106. | Neither deception nor injury are required elements under the act. Del. Code tit. 6, § 2513(a). | Required. *Teamsters Local 237 Welfare Fund v. Astrazeneca Pharms. LP*, 136 A.3d 688, 694 (Del. 2016). | Actual reliance not required. *Teamsters Local 237 Welfare Fund v. Astrazeneca Pharms. LP*, 136 A.3d 688, 694 (Del. 2016). |
| Florida | 4 years. Fla. Stat. § 95.11(3)(f). | "Without regard to any other remedy or relief to which a person is entitled, anyone aggrieved by a violation of this part may bring an action to obtain a declaratory judgment." Fla. Stat. § 501.211(1). But, to recover damages, must show a "loss as a result" of violation. Fla. Stat. § 501.211(2). | Yes. *Pop's Pancakes, Inc. v. NuCO2, Inc.*, 251 F.R.D. 677, 685 (S.D. Fla. 2008). | "Reliance is not an element of a claim for damages under the FDUTPA." *Gundel v. AV Homes, Inc.*, 290 So. 3d 1080, 1087 n.5 (Fla. Dist. Ct. App. 2020). |
| Illinois | 3 years after the cause of action accrues. 815 Ill. Comp. Stat. 505/10a(e). | Actual deception and actual injury required. 815 Ill. Comp. Stat. 505/10a. | Yes. *Siegel v. Shell Oil Co.*, 612 F.3d 932, 935 (7th Cir. 2010). | No. *Joseph T. Ryerson & Son, Inc. v. Travelers Indem. Co. of Am.*, 165 N.E.3d 439, 464-65 (Ill. App. Ct. 2020). |
| Massachusetts | 4 years after the cause of action accures. Mass. Gen. Laws ch. 260, § 5A. | Injury required. Mass. Gen. Laws ch. 93A, § 9(1). | Yes. Causation required between unfair acts and claimed loss. *Hershenow v. Enter. Rent-A-Car Co. of Bos.*, 840 N.E.2d 526, 532 (Mass. 2006). | "[P]roof of actual reliance on a misrepresentation is not required so long as the evidence warrants a finding of a causal relationship between the misrepresentation and the injury to the plaintiff." *Sebago, Inc. v. Beazer E., Inc.*, 18 F. Supp. 2d 70, 103 (D. Mass. 1998). |
| New York | 3 years from the time of injury. *Gaidon v. Guardian Life Ins. Co. of Am.*, 750 N.E.2d 1078, 1082 (N.Y. 2001); *see also Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1184-85 (N.Y. 2012). | Plaintiff must prove actual injury but "not necessarily pecuniary harm." *Stutman v. Chem. Bank*, 731 N.E.2d 608, 611-12, (N.Y. 2000). | Yes. *Newman v. RCN Telecom Servs.*, 238 F.R.D. 57, 74 (S.D.N.Y. 2006). | No. *Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482, 526 (E.D.N.Y. 2017). |
| North Carolina | 4 years after the cause of action accrues. N.C. Gen. Stat. § 75-16.2. | Actual injuries required. *Wilson v. Blue Ridge Elec. Membership Corp.*, 578 S.E.2d 692, 694 (N.C. Ct. App. 2003). | Defendant's unfair or deceptive act must have "proximately caused actual injury to plaintiff." *Wilson v. Blue Ridge Elec. Membership Corp.*, 578 S.E.2d 692, 694 (N.C. Ct. App. 2003). | "When a claim is based in an alleged misrepresentation, plaintiffs cannot show proximate cause without establishing both actual and reasonable reliance." *Sparks v. Oxy-Health, LLC*, 134 F. Supp. 3d 961, 998-99 (E.D.N.C. 2015); *Bumpers v. Cmty. Bank*, 747 S.E.2d 220, 226-27 (N.C. 2013). |
| Ohio | 2 years from occurrence. *Barrio Bros., LLC v. Revolucion, LLC*, No. 1:18-CV-02052, 2019 U.S. Dist. LEXIS 179092, at *14 (N.D. Ohio Oct. 16, 2019). | Plaintiff must have been or is likely to be injured because of false or misleading statement. *Torrance v. Rom*, 157 N.E.3d 172, 188 (Ohio Ct. App. 2020). | Not actual causation. Must be "some causal link between the challenged statements and harm to the plaintiff." *Collins Inkjet Corp. v. Eastman Kodak Co.*, No. 1:13CV664, 2014 U.S. Dist. LEXIS 188283, at *42-43 (S.D. Ohio Mar. 21, 2014). | No. *Haas Door Co. v. Haas Garage Door Co.*, No. 3:13 CV 2507, 2016 U.S. Dist. LEXIS 33970, at *46 (N.D. Ohio Mar. 16, 2016). |
| Pennsylvania | 6 years. 42 Pa. Cons. Stat. § 5527(b). | Must suffer "ascertainable loss of money or property" to recover "actual damages." 73 Pa. Cons. Stat. § 201-9.2(a). | Yes. *Gregg v. Ameriprise Fin., Inc.*, 245 A.3d 637, 644 (Pa. 2021). | Yes, must be justifiable. *Gregg v. Ameriprise Fin., Inc.*, Gregg v. Ameriprise Fin., Inc., 245 A.3d 637, 644, 646 (Pa. 2021). |
| Wisconsin | 3 years "after the occurrence of the unlawful act or practice which is the subject of the action." Wis. Stat. § 100.18(11)(b)(3). | A plaintiff must have suffered "pecuniary loss." Wis. Stat. § 100.18(11)(b)(2). | Yes. *Yvonne Mart Fox v. Iowa Health Sys.*, 399 F. Supp. 3d 780, 798 (W.D. Wis. 2019). | No. *Yvonne Mart Fox v. Iowa Health Sys*., 399 F. Supp. 3d 780, 798 (W.D. Wis. 2019). |

# APPENDIX -- A
## (Chart of Consumer Fraud Statutes)

| State | Impact of Continuing Purchases | Scienter | Materiality with Regard to Misstatements | Notes |
|---|---|---|---|---|
| Arizona | Does not prevent a finding of liability. *In re Riddell Concussion Reduction Litig.*, 121 F. Supp. 3d 402, 420 n.19 (D.N.J. 2015). | Wrongful concealment must be with "intent that others rely on such concealment." Ariz. Rev. Stat. § 44-1522(A). | Prohibits concealment of a "material" fact. Ariz. Rev. Stat. § 44-1522(A). | |
| California | Undercuts individual claims, but does not invalidate class claims based on initial deception and does not void standing. *Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1144 (S.D. Cal. 2021); *In re NJOY Consumer Class Action Litig.*, 120 F. Supp. 3d 1050, 1087 (C.D. Cal. 2015); *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 967-68 (C.D. Cal. 2015). | No scienter requirements; effect on consumer is judged under reasonable person standard. *Pfizer, Inc. v. Superior Court*, 45 Cal. Rptr. 3d 840, 847-50 (Cal. Ct. App. 2006) (review granted Nov. 1, 2006, S145775). | Unclear; no cases found. | |
| Connecticut | Courts recognize that an injury must be one that "consumers themselves could not reasonably have avoided." *Soto v. Bushmaster Firearms Int'l, LLC*, 202 A.3d 262, 305 (Conn. 2019). | Not required. *Calandro v. Allstate Ins. Co.*, 778 A.2d 212, 221 (Conn. App. Ct. 2001). | Materiality not required because misrepresentation need not be part of the basis of the bargain. *Izzarelli v. R.J. Reynolds Tobacco Co.*, 117 F. Supp. 2d 167, 176 (D. Conn. 2000). | For a CUTPA claim to stand, the alleged violation must be "tied to a form of trade or commerce intimately associated with Connecticut," or the "choice of law principles [must] dictate that Connecticut law applies." *Edwards v. N. Am. Power & Gas, LLC*, 120 F. Supp. 3d 132, 145 (D. Conn. 2015) (citation omitted). |
| Delaware | Prevents finding of causation when sophisticated entities like Third Party Payors continue to buy. *Teamsters Local 237 Welfare Fund v. Astrazeneca Pharms. LP*, 136 A.3d 688, 695-96 (Del. 2016). | Neither intent to make a deceptive or untrue statement nor intent to induce reliance required, but concealment claims require "intent that others rely" on concealment. Del. Code tit. 6, § 2513(a). | Prohibits concealment of a "material" fact. Del. Code tit. 6, § 2513(a). | |
| Florida | Continued use/purchase "after alleging deceptive practice does not always preclude damages if plaintiff has a 'plausible reason' for continuing use." *Waste Pro USA v. Vision Constr. ENT, Inc.*, 282 So. 3d 911, 923 (Fla. Dist. Ct. App. 2019). | Not required; must show that only conduct is "likely to mislead" reasonable consumers. *Davis v. Powertel, Inc.*, 776 So. 2d 971, 974 (Fla. Dist. Ct. App. 2000). | Does not appear to be part of a consumer fraud claim; plaintiffs in FL appear to regularly plead a concurrent negligent misrepresentation, fraudulent misrepresentation and/or common law fraud claim, which do require materiality. *See, e.g, Jovine v. Abbott Labs., Inc.*, 795 F. Supp. 2d 1331, 1338 (S.D. Fla. 2011). | There is a dispute of authority, with some courts saying only a consumer may sue for damages under the FDUTPA and some saying that non-consumers may sue. *See Kertesz v. Net Transactions, Ltd.*, 635 F. Supp. 2d 1339, 1349-50 (S.D. Fla. 2009). |
| Illinois | For claim of unfair trade practices, prevents a finding of proximate causation, especially when consumer demonstrates ability to employ alternatives and shows "countervailing benefits" from the trade practice that work against establishing injury. *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934, 937 (7th Cir. 2010); *Kremers v. Coca-Cola*, 712 F. Supp. 2d 759, 773-74 (S.D. Ill. 2010). | Intent to deceive is not required, but intent that consumer rely on the information is required. *Griffin v. Universal Cas. Co.*, 654 N.E.2d 694, 700-01 (Ill. App. Ct. 1995). | Misrepresentations must be material. 815 Ill. Comp. Stat. 505/2. | An out-of-state citizen whose dealings with the defendant occur exclusively outside of Illinois "could never assert a claim under the Illinois Consumer Fraud Act." *Tillman v. U.S. Energy Sav. Corp.*, No. 08 C 1641, 2008 U.S. Dist. LEXIS 53313, at *6 (N.D. Ill. July 14, 2008); *Kubilius v. Barilla Am., Inc.*, No. 18 C 6656, 2019 U.S. Dist. LEXIS 110025, at *4 (N.D. Ill. July 2, 2019) (holding that a consumer that purchased a product outside Illinois cannot assert a claim under the ICFA). |
| Massachusetts | Unclear; no cases found. | No intention to deceive need be shown. *Swanson v. Bankers Life Co.*, 450 N.E.2d 577, 580 (Mass. 1983). | "The Massachusetts Court of Appeals has held that causation under its consumer fraud statute "is established if the deception could reasonably be found to have caused a person to act differently from the way he [or she] otherwise would have acted," and "can also be established by determining whether the nondisclosure [or misrepresentation] was of a material fact" because "[m]ateriality . . . is in a sense a proxy for causation." *Casavant v. Norwegian Cruise Line, Ltd.*, 919 N.E.2d 165, 169 (Mass Ct. App. 2009), *aff'd*, 952 N.E.2d 908 (Mass. 2011). "Materiality is an objective inquiry." *Rikos v. P&G*, 799 F.3d 497, 516 (6th Cir. 2015). | |
| New York | Voluntary payment doctrine may bar compensation for purchases with knowledge of the facts. *Newman v. RCN Telecom Servs.*, 238 F.R.D. 57, 78 (S.D.N.Y. 2006). | Intent to defraud is not an element of a claim under the Act. *Stutman v. Chem. Bank*, 731 N.E.2d 608, 612 (N.Y. 2000). | Materiality is required. *Newman v. RCN Telecom Servs.*, 238 F.R.D. 57, 74 (S.D.N.Y. 2006). | "[T]he New York Court of Appeals has made clear that only plaintiffs who suffer an actual, direct, non-derivative injury may recover under Section 349." *Einhorn v. Mergatroyd Prods.*, No. 05 Civ. 8600 (LAK), 2006 U.S. Dist. LEXIS 20645, at *13 (S.D.N.Y. Apr. 17, 2006). |
| North Carolina | Unclear; no cases found. | No particular scienter requirements; "the 'intent of the actor is irrelevant.'" *Excel Staffing Serv., Inc. v. HP Reidsville, Inc.*, 616 S.E.2d 349, 355 (N.C. Ct. App. 2005). | In determining whether a representation is deceptive, "its effect on the average consumer is considered." *Spartan Leasing, Inc. v. Pollard*, 400 S.E.2d 476, 482 (N.C. Ct. App. 1991). | "In enacting G.S. 75-16 and G.S. 75-16.1, our Legislature intended to establish an effective private cause of action for aggrieved consumers in this State." *Marshall v. Miller*, 276 S.E.2d 397, 400 (N.C. 1981). |
| Ohio | Continuing purchases do not preclude class certification because of atypical defenses. *Baughman v. State Farm Mut. Auto. Ins. Co.*, 727 N.E.2d 1265, 1272 (Ohio 2000). | Does not require proximate causation; it is enough to show that defendant's conduct "has the tendency to deceive." *Torrance v. Rom*, 157 N.E.3d 172, 188 (Ohio Ct. App. 2020). | Materiality required. *Torrance v. Rom*, 157 N.E.3d 172, 188 (Ohio Ct. App. 2020). | |
| Pennsylvania | The voluntary payment rule *may* preclude claims, depending on whether payment was "made with an unadulterated understanding of all of the elements of the payment." *Lawn v. Enhanced Serv. Billing, Inc.*, No. 10-cv-1196, 2010 U.S. Dist. LEXIS 69738, at *4 (E.D. Pa. July 8, 2010). | Plaintiff must show all the elements of common-law fraud, including scienter (knowledge of fraud or reckless disregard thereto). *Debbs v. Chrysler Corp.*, 810 A.2d 137, 155 (Pa. Super. Ct. 2002). *But see also Gregg v. Ameriprise Fin., Inc.*, 245 A.3d 637, 649-50 (Pa. 2021) (stating that the actor's frame of mind is irrelevant). | For fraud-based deceptive acts and practices, plaintiff must show all the elements of common law fraud, including materiality. *Debbs v. Chrysler Corp.*, 810 A.2d 137, 155-56 (Pa. Super. Ct. 2002). | |
| Wisconsin | Unclear; no cases found. | A plaintiff must prove the defendant made a representation to the public with the intent to induce an obligation. *K&S Tool & Die Corp. v. Perfection Mach. Sales, Inc.*, 732 N.W.2d 792, 798-99 (Wis. 2007). | Yes. Wisconsin requires that "the representation materially induced a pecuniary loss to the plaintiff." *MDS Enters. v. Mid-State Truck Serv.*, No. 2019AP1575, 2021 WI App 20, 25 (Wis. Ct. App. Feb. 25, 2021). | |