# EXHIBIT 65

**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CYNTHIA RUSSO, LISA BULLARD, RICARDO GONZALES, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 38 HEALTH AND WELFARE FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 295-295C WELFARE FUND, AND STEAMFITTERS FUND LOCAL 439, on Behalf of Themselves and All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>   v.<br><br>WALGREEN CO.,<br><br>                Defendant. | Civil No. 1:17-cv-02246<br><br>Judge Edmond E. Chang<br><br>Magistrate Judge Sheila Finnegan<br><br>**[CORRECTED] [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

The Court, having considered the papers and arguments submitted in support of and in opposition to Plaintiffs' Motion for Class Certification, finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3) have been satisfied in that:

    1.    The number of class members is so numerous that joinder of all members thereof is impracticable;

    2.    There are questions of law and fact common to the class;

    3.    The claims of the proposed class representatives are typical of the claims of the class they seek to represent;

    4.    The class representatives will fairly and adequately protect the interests of the class;

5. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members of the class;

6. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy; and

7. The law firms of Scott+Scott Attorneys at Law LLP and Robbins Geller Rudman & Dowd LLP will fairly and adequately represent the interests of the class as class counsel.

Therefore, for good cause shown, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Class Certification is **GRANTED**.

2. Pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3), the Court certifies the following:

> **Multi-State Class:** All persons, or entities, for whom prescription drug insurance benefits were provided through the Relevant PBMs (a.k.a., A&A Services, LLC d/b/a SAV-RX Prescription Services; Caremark, LLC; Castia Rx (f/k/a Leehar Distributors Missouri, LLC); Express Scripts, Inc.; Medco Health Solutions, Inc.; MedImpact Healthcare Systems, Inc.; MedTrak Services, LLC; and/or OptumRx, Inc.), and who paid or reimbursed, in whole or in part, for generic prescription drugs from Walgreen Co. at any point in time from the period January 1, 2007 through the present, in Arizona, California, Connecticut, Delaware, Florida, Illinois, Massachusetts, New York, North Carolina, Ohio, Pennsylvania, and Wisconsin, where the usual and customary price was a basis for the amount paid or reimbursed in connection with the purchase of such drug, and the amount paid or reimbursed was inflated because the Prescription Savings Club price was not reported or otherwise included when determining the usual and customary price to report.

3. Pursuant to Federal Rule of Civil Procedure 23(c)(5), the Court certifies the following (together with the Multi-State Class, the "Classes"):

> **Unfairness Subclass:** All persons, or entities, for whom prescription drug insurance benefits were provided through the Relevant PBMs (a.k.a., A&A Services, LLC d/b/a SAV-RX Prescription Services; Caremark, LLC; Castia Rx (f/k/a Leehar Distributors Missouri, LLC); Express Scripts, Inc.; Medco Health Solutions, Inc.; MedImpact Healthcare Systems, Inc.; MedTrak

Services, LLC; and/or OptumRx, Inc.), and who paid or reimbursed, in whole or in part, for generic prescription drugs from Walgreen Co. at any point in time from the period January 1, 2007 through the present, in Arizona, California, Connecticut, Delaware, Florida, Illinois, Massachusetts, and North Carolina, where the usual and customary price was a basis for the amount paid or reimbursed in connection with the purchase of such drug, and the amount paid or reimbursed was inflated because the Prescription Savings Club price was not reported or otherwise included when determining the usual and customary price to report.

**Unjust Enrichment Subclass:** All persons, or entities, for whom prescription drug insurance benefits were provided through the Relevant PBMs (a.k.a., A&A Services, LLC d/b/a SAV-RX Prescription Services; Caremark, LLC; Castia Rx (f/k/a Leehar Distributors Missouri, LLC); Express Scripts, Inc.; Medco Health Solutions, Inc.; MedImpact Healthcare Systems, Inc.; MedTrak Services, LLC; and/or OptumRx, Inc.), and who paid or reimbursed, in whole or in part, for generic prescription drugs from Walgreen Co. at any point in time from the period January 1, 2007 through the present, in California, Connecticut, Illinois, Massachusetts, and New York, where the usual and customary price was a basis for the amount paid or reimbursed in connection with the purchase of such drug, and the amount paid or reimbursed was inflated because the Prescription Savings Club price was not reported or otherwise included when determining the usual and customary price to report.

4. Excluded from the Classes are: (1) Walgreen Co. and its management, employees, subsidiaries, and affiliates; (2) the Court, members of their immediate families, and judicial staff; (3) all federal government entities, including Medicare and Medicaid, and their beneficiaries, except for Medicare Part D beneficiaries; (4) all state government ~~funded~~ entities, and their beneficiaries, except for state political subdivisions, such as, for example, cities, towns, municipalities, counties, and school districts, and their beneficiaries; (5) all pharmacy benefit managers and entities that have or had a parent or subsidiary relationship with any pharmacy benefit manager at any time since January 1, 2007; and (6) all individuals and entities, except for the named Plaintiffs, that have sued or initiated formal dispute resolution proceedings against Walgreen Co.

relating to its determination of usual and customary prices in connection with the Prescription Savings Club.

5. Pursuant to Federal Rules of Civil Procedure 23(a)(4), the Court appoints the following as class representatives:

    a. For the Multi-State Class certified pursuant to Rule 23(b)(3): All Plaintiffs[1];
    b. For the Multi-State Class certified pursuant to Rule 23(b)(2): The Fund Plaintiffs, Plaintiff Bullard, and Plaintiff Russo;
    c. For the Unfairness Subclass: All Plaintiffs; and
    d. For the Unjust Enrichment Subclass: The Fund Plaintiffs and Plaintiff Bullard.

6. Pursuant to Federal Rules of Civil Procedure 23(a)(4) and 23(g), the Court appoints Scott+Scott Attorneys at Law LLP and Robbins Geller Rudman & Dowd LLP as class counsel.

**IT IS SO ORDERED**.

Dated: _____

                                                                The Hon. Edmond E. Chang
                                                                United States District Judge

---

[1] Plaintiffs International Brotherhood of Electrical Workers Local 38 Health and Welfare Fund, International Union of Operating Engineers Local 295-295 Welfare Fund, and Steamfitters Fund Local 439 (the "Fund Plaintiffs"), Cynthia Russo ("Russo"), Lisa Bullard ("Bullard"), Ricardo Gonzales (collectively with the Fund Plaintiffs, "All Plaintiffs").