# EXHIBIT 76

Page 1

1  IN THE UNITED STATES DISTRICT COURT
2  FOR THE NORTHERN DISTRICT OF ILLINOIS
3  EASTERN DIVISION
4
5  DOROTHY FORTH, DONNA BAILEY,           )
   LISA BULLARD, RICARDO GONZALES,        )
6  CYNTHIA RUSSO, TROY TERMINE,           )
   INTERNATIONAL BROTHERHOOD OF           )
7  ELECTRICAL WORKERS LOCAL 38            )
   HEALTH AND WELFARE FUND,               )
8  INTERNATIONAL UNION OF OPERATING       )
   ENGINEERS LOCAL 295-295C WELFARE       )
9  FUND, AND STEAMFITTERS FUND            )
   LOCAL 439, on Behalf of                )
10 Themselves and All Others              )
   similarly Situated,                    )
11                                        )
            Plaintiffs,                   )
12                                        ) Case No.
       vs.                                ) 1:17-cv-02246
13                                        )
   WALGREEN CO.,                          )
14                                        )
            Defendant.                    )
15
16
17     The videotaped deposition of EDWARD FOX,
18  taken before Maria S. Winn, CSR, RPR and CRR,
19  pursuant to the Federal Rules of Civil Procedure
20  for the United States District Courts pertaining
21  to the taking of depositions, at Reed Smith,
22  10 South Wacker Drive, Suite 4000, Chicago,
23  Illinois, commencing at 9:22 a.m. on May 7, 2019.
24

```
 1   PRESENT:
 2
 3       SCOTT + SCOTT ATTORNEYS AT LAW, LLP
         By MR. JOSEPH P. GUGLIELMO
 4       230 Park Avenue - 17th Floor
         New York, New York  10169
 5       (212) 223-6444
         jguglielmo@scott-scott.com
 6       dbroggi@scott-scott.com
 7           appeared on behalf of the Plaintiffs;
 8
 9
         REED SMITH, LLP
10       By MR. MICHAEL S. LEIB and
            MS. SELINA P. COLEMAN
11          MR. ANTHONY R. TODD
         10 South Wacker Drive
12       Chicago, Illinois  60606
         (312) 207-3928
13       mleib@reedsmith.com
         scoleman@reedsmith.com
14
              and
15
         MILLIMAN, INC.
16       By MR. JASON GOMBERG
         15800 W. Bluemound Road - Suite 100
17       Brookfield, Wisconsin  53005-6069
         (262) 784-2250
18       jason.gomberg@milliman.com
19           appeared on behalf of the Defendant;
20
21
22   ALSO PRESENT:
23       MR. DANIEL FROMAN, Legal Videographer.
24
```

Page 118

```
 1    discuss the allegations in the second amended
 2    complaint with you, or anyone at the Fund, before
 3    it was filed?
 4        A    I do not -- I do not remember.
 5        Q    Prior to being made aware that you were
 6    going to be deposed in this case, when was the
 7    last time you spoke to counsel about this case?
 8        A    Probably -- that I remember recently, was
 9    probably in the January/February time frame.
10        Q    Was that about your deposition?
11        A    No.
12        Q    Do you -- strike that.
13             When did the Fund first learn that
14    Walgreens had a prescription savings club?
15        A    The Fund itself never knew it.  I mean,
16    we don't, you know, go out to...
17        Q    Well, you know about it now, right?
18        A    Yes.
19        Q    So when was the first time that the Fund
20    learned about the Walgreens prescription savings
21    club?
22        A    I mean, the Fund would have learned about
23    it when we were approached from Scott & Scott
24    concerning the possible litigation.
```

Page 177

1    over the pharmacy's usual and customary price,
2    correct?
3         A    That's what it states.
4         Q    Earlier, you said that you thought the
5    U&C price includes all discounts.
6              This is a discount, isn't it?
7         A    I mean, I'm not familiar with how the
8    actual program works.  I was aware that the card
9    existed.  But you know, why they would state the
10   32 percent, I am unaware.
11        Q    Is it fair to say, then, anybody who was
12   using this card for those prescription fills, the
13   Fund paid zero?
14        A    Well, the Fund wouldn't have paid
15   anything anyhow, because the person was not
16   eligible for the healthcare.
17        Q    I think you already told me, or you
18   told -- testified today that the first time you
19   learned about the -- or the Fund learned about the
20   Walgreens program, the PSC program, was through
21   counsel, correct?
22        A    Correct.
23        Q    So is it fair to say that's when the Fund
24   became aware of the alleged discrepancy between

Page 178

```
 1    the price Walgreens charged its beneficiaries for
 2    PSC generics and the PSC price?
 3         A    Yes.
 4         Q    What actions, if any, did the Fund do
 5    once it became aware of this alleged discrepancy,
 6    other than file this lawsuit?
 7         A    Nothing.
 8         Q    Did it preclude its members from using
 9    Walgreens?
10         A    No.
11         Q    Did it take any steps to discourage its
12    members from using Walgreens?
13         A    No.
14         Q    It Walgreens still a retail pharmacy that
15    the Fund beneficiaries can use?
16         A    Yes.
17         Q    The Fund, however, could have prohibited
18    its members from using Walgreens, correct?
19              MR. GUGLIELMO:  Objection, form.
20         A    Yes.
21    BY MR. LEIB:
22         Q    If the Fund believes Walgreens is
23    overcharging it for PSC generics, why, in the time
24    since December 21, 2016, has the Fund not
```

Page 299

1        We have no further questions.
2        MR. LEIB:  With that, I think we can
3    complete the deposition.
4        Thank you, Mr. Fox.
5        THE VIDEOGRAPHER:  This marks the end of
6    Media Set 7 and the end of this deposition at
7    6:44 p.m.
8                (WITNESS EXCUSED)
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

Page 300

```
 1   STATE OF ILLINOIS )
                       ) SS:
 2   COUNTY OF C O O K )
 3
 4          The within and foregoing deposition of
 5   the aforementioned witness was taken before
 6   MARIA S. WINN, CSR, RPR and CRR, at the place,
 7   date and time aforementioned.
 8          There were present during the taking of
 9   the deposition the previously named counsel.
10          The said witness was first duly sworn and
11   was then examined upon oral interrogatories; the
12   questions and answers were taken down in shorthand
13   by the undersigned, acting as stenographer; and
14   the within and foregoing is a true, accurate and
15   complete record of all of the questions asked of
16   and answers made by the aforementioned witness, at
17   the time and place hereinabove referred to.
18          The signature of the witness was not
19   waived, and the deposition was submitted,
20   pursuant to Rule 30(e) and 32(d)4 of the Rules
21   of Civil Procedure for the United States District
22   Courts, to the deponent per copy of the attached
23   letter.
24
```

Page 301

1      The undersigned is not interested in the
2  within case, nor of kin or counsel to any of the
3  parties.
4      In witness whereof, I have hereunto set
5  my hand and seal of office this day, May 8, 2019.

*Maria S. W[signature]*

10  CSR No. 084-003784 - Expiration Date: May 31, 2019