# EXHIBIT 81



**Michael S. Leib**
Direct Phone: +1 212 549 4235
Email: mleib@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

May 12, 2023

<u>**Via Email**</u>

Joseph Guglielmo
Carey Alexander
SCOTT+SCOTT, Attorneys at Law, LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
jguglielmo@scott-scott.com
calexander@scott-scott.com

David Mitchell
Arthur Shingler
Robbins Geller Rudman & Dowd
655 West Broadway
Suite 1900
San Diego, CA 92101
davidm@rgrdlaw.com
ashingler@rgrdlaw.com

Erin Green Comite
SCOTT+SCOTT, Attorneys at Law, LLP
156 South Main Street
P.O. Box 192
Colchester, CT 06415
ecomite@scott-scott.com

Re: *Russo, et al. v. Walgreen Co.*, Case No. 1:17-cv-02246

Dear Counsel:

I write in response to your May 8, 2023 letter regarding Walgreens' retained experts.

**I.   Jed Smith**

Plaintiffs' assertion that Walgreens' expert Jed Smith has failed to produce documents responsive to Plaintiffs' subpoena is incorrect. In forming the opinions in his expert report regarding the enrollment and renewal data, Mr. Smith primarily relied on his own review of the enrollment and renewal data and the information in the document entitled "Wcard tables – field names and descriptions" that Walgreens provided to Plaintiffs contemporaneously with the enrollment and renewal data production on August 23, 2022. As Mr. Smith testified in his deposition, as to any additional information regarding Mr. Smith's analysis regarding the enrollment and renewal data, counsel spoke to Mr. Smith's staff and Mr. Smith's staff spoke with Mr. Smith in person. Mr. Smith has no additional documents to produce responsive to Plaintiffs' subpoena for documents. That said, information about how to read the enrollment and renewal data is the subject of the supplemental data declaration the parties are attempting to finalize.

ABU DHABI ♦ ASTANA ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG
HOUSTON ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ ORANGE COUNTY ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH
PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

May 12, 2023
Page 2



## II. Professor James Hughes

With respect to the three documents discussed during the deposition of Professor Hughes, provided by email during that deposition and later formally produced on May 4, 2023 as Walg_Forth_Hughes01103 – Walg_Forth_Hughes01105, as acknowledged in Plaintiffs' letter, these three spreadsheets contain only excerpts taken from data sets that were already in Plaintiffs' possession prior to the deposition. In addition, using the unique identifiers present in Professor Hughes's Expert Report, Plaintiffs certainly could have identified the transactions discussed in the report from the larger data set if they wished to do so. Further, during Professor Hughes's deposition, counsel for Walgreens offered you the opportunity to take an hour-long break in the deposition to allow Plaintiffs (and Plaintiffs' damages expert who appeared for the deposition) to review the documents and "determine if you have any further questions relating" to the three data samples, which are not particularly long documents. Plaintiffs declined to do so. Moreover, we note that, prior to the deposition, Plaintiffs appear to have been aware that these three spreadsheets had not been produced, yet did not reach out to Walgreens' counsel ahead of the deposition to request production of these documents, which, again, were only samples of data sets that were already in Plaintiffs' possession. Walgreens declines to provide any further information or explanation related to the production of these documents.

With respect to your claim that "Dr. Hughes testified that additional documents responsive to Plaintiffs' subpoena exist . . . relating to the creation of Walg_Forth_Hughes01103 – Walg_Forth_Hughes01105," we do not agree that he provided that testimony, and no such documents exist. Neither Professor Hughes nor Analysis Group had any role in generating the samples of data reflected in Walg_Forth_Hughes01103 – Walg_Forth_Hughes01105, and neither knows how the samples were created. As such, neither Professor Hughes nor Analysis Group is in possession of any documents responsive to Plaintiffs' subpoena. Moreover, Dr. Hughes testified that it did not matter to his opinion how the sample was created.

Very truly yours,

Michael S. Leib

cc:  Selina Coleman (Reed Smith)
    Jessica Christensen (Reed Smith)
    Anthony Todd (Reed Smith)
    Caitlin Chambers (Reed Smith)