**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CYNTHIA RUSSO, LISA BULLARD, RICARDO GONZALES, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 38 HEALTH AND WELFARE FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 295-295C WELFARE FUND, AND STEAMFITTERS FUND LOCAL 439, on Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> WALGREEN CO., <br><br> Defendant. | Civil No. 1:17-cv-02246 <br><br> Judge Edmond E. Chang <br><br> Magistrate Judge Sheila Finnegan |

**MOTION TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF JED SMITH
UNDER FEDERAL RULE OF EVIDENCE 702 TO THE EXTENT MR. SMITH
<u>PURPORTS TO HAVE DETERMINED PSC PRICES</u>**

**TABLE OF CONTENTS**

LEGAL STANDARDS ................................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

I.     Mr. Smith Did Not Create A Methodology To Determine PSC Prices .............................. 2

II.    Mr. Smith's Testimony Regarding PSC Prices Identified by Dr. Hilton's Methodology Should be Excluded Because Mr. Smith Failed to Reliably Recreate Dr. Hilton's Methodology ........................................................................................................................ 4

    A.     Dr. Hilton Identified PSC Transactions as Directed by Walgreens; Mr. Smith Failed to Replicate this Methodology and Instead Analyzed a Materially Different Universe of PSC Transactions ................................................................. 4

    B.     Dr. Hilton Identified the Specific Connecticut Reconciliation Data Files She Used in Her Methodology; Mr. Smith Analyzed a Materially Different Universe of Data ................................................................................................................................ 6

CONCLUSION ............................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Affinity Mut. Ins. v. Thacker Air Conditioning-Refrigeration-Heating, Inc.*,
    No. 3:16-CV-279 JD, 2019 WL 2174121 (N.D. Ind. May 20, 2019) ......................................3

*Gopalratnam v. Hewlett-Packard Co.*,
    877 F.3d 771 (7th Cir. 2017) ...............................................................................................2, 7

*Mihailovich v. Laatsch*,
    359 F.3d 892 (7th Cir. 2004) ...................................................................................................2

*Timm v. Goodyear Dunlop Tires N. Am., Ltd.*,
    932 F.3d 986 (7th Cir. 2019) ...................................................................................................1

*Varlen Corp. v. Liberty Mut. Ins. Co.*,
    924 F.3d 456 (7th Cir. 2019) ...................................................................................................3

*Victory Recs., Inc. v. Virgin Recs. Am., Inc.*,
    No. 08 C 3977, 2011 WL 382743 (N.D. Ill. Feb. 3, 2011) .......................................................8

**Statutes, Rules & Regulations**

Federal Rule of Evidence 702 .................................................................................................1, 2

Plaintiffs Cynthia Russo, Lisa Bullard, Ricardo Gonzales, International Brotherhood of Electrical Workers Local 38 Health and Welfare Fund, International Union of Operating Engineers Local 295-295 Welfare Fund, and Steamfitters Fund Local 439 ("Plaintiffs") respectfully submit this memorandum of law in support of their Motion to Exclude the Expert Report and Testimony of Jed Smith Under Federal Rule of Evidence 702 to the Extent Mr. Smith Purports to Have Determined PSC Prices.

Mr. Smith's testimony was clear: "I was not asked to undertake an effort to calculate my own independent determination of PSC prices for this report." Smith Tr.[1] at 187:2-4. Instead, Mr. Smith purports only to have considered "whether I would get the same PSC price if I applied the methodology that Dr. Hilton applied." *Id.* at 185:23-25. But even though Mr. Smith was provided with the exact code that constitutes Dr. Hilton's methodology, he failed to use that code. Instead, Mr. Smith wrote his own code that fails to replicate material aspects of Dr. Hilton's methodology and, by his own admission, does not represent an independent methodology to determine PSC prices. Because Mr. Smith has neither created nor replicated a reliable methodology for determining PSC prices, the Court should exclude his testimony to the extent he purports to have determined PSC prices.

## LEGAL STANDARDS

"Federal Rule of Evidence 702 and Daubert govern the admissibility of expert testimony." *Timm v. Goodyear Dunlop Tires N. Am., Ltd.*, 932 F.3d 986, 993 (7th Cir. 2019). Under Federal Rule of Evidence 702, expert testimony is admissible when: (1) "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"; (2) "the testimony is based on sufficient facts or data";

---

[1] Supplemental Declaration of Joseph P. Guglielmo in Support of Plaintiffs' Motion for Class Certification ("Supp. Guglielmo Decl."), Ex. 68 ("Smith Tr.").

1

(3) "the testimony is the product of reliable principles and methods"; and (4) "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Under Daubert, the Court engages in a three-step analysis that evaluates: "(1) the proffered expert's qualifications; (2) the reliability of the expert's methodology; and (3) the relevance of the expert's testimony." *Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 779 (7th Cir. 2017).

For expert testimony to be reliable, it must satisfy three requirements: "'(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.'" *Mihailovich v. Laatsch*, 359 F.3d 892, 918 (7th Cir. 2004).[2] Several factors bear upon this analysis, including: whether the proffered theory can be and has been tested; whether the theory has been evaluated in light of potential rates of error; whether "maintenance standards and controls" exist; whether the testimony relates to "matters growing naturally and directly out of research they have conducted independent of the litigation," or developed "expressly for purposes of testifying"; whether the expert has unjustifiably extrapolated from an accepted premise to an unfounded conclusion; and whether the expert has adequately accounted for obvious alternative explanations. *Gopalratnam*, 877 F.3d at 779-80 (internal quotations omitted).

## ARGUMENT

I.  **MR. SMITH DID NOT CREATE A METHODOLOGY TO DETERMINE PSC PRICES**

Mr. Smith's deposition testimony makes clear that he proffers no methodology for determining PSC prices:

> Q. Okay. You created a methodology to identify PSC prices in this action, right?

---

[2] Unless otherwise indicated, citations are omitted and emphasis is added.

>A. I applied Dr. Hilton's methodology and I adjusted it for the purposes of applying the PSC enrollment fee, but other than that that's the only methodology I applied.
>
>Q. You didn't create your own methodology for identifying PSC prices?
>
>A. I did not.
>
>\* \* \*
>
>Q. So you're offering no opinion that relies on your own methodology as to what the PSC price should be in connection with any PSC drug, correct?
>
>A. It was for this part of the matter I was not asked to calculate a specific PSC price for any given transaction, so I analyzed Dr. Hilton's PSC prices and applied the enrollment fee per my scope of work.
>
>\* \* \*
>
>Q. So to the extent that you identify a PSC price in your report, you have no idea whether that's correct, right?
>
>A. Again, my analysis was whether it was the correct price under Dr. Hilton's methodology, not whether it's the actual PSC price at the time.

Smith Tr. at 182:25-184:3; 187:15-22.

Mr. Smith's failure to proffer his own methodology for determining PSC prices means that any testimony Mr. Smith purports to provide regarding what PSC prices were or were not is unreliable. Any such testimony should thus be excluded. *Varlen Corp. v. Liberty Mut. Ins. Co.*, 924 F.3d 456, 460 (7th Cir. 2019) (excluding testimony as unreliable where expert proffered "no methodology to explain how he drew those conclusions"); *Affinity Mut. Ins. v. Thacker Air Conditioning-Refrigeration-Heating, Inc.*, No. 3:16-CV-279 JD, 2019 WL 2174121, at \*5 (N.D. Ind. May 20, 2019) (same).

## II. MR. SMITH'S TESTIMONY REGARDING PSC PRICES IDENTIFIED BY DR. HILTON'S METHODOLOGY SHOULD BE EXCLUDED BECAUSE MR. SMITH FAILED TO RELIABLY RECREATE DR. HILTON'S METHODOLOGY

Mr. Smith testified that to determine the PSC prices identified in his report, he only "applied Dr. Hilton's methodology." Smith Tr. at 183:3-6; *see also id. at* 185:23-25 ("My review was to determine whether I would get the same PSC price if I applied the methodology that Dr. Hilton applied . . . ."); 187:9-14 ("My analysis was whether Dr. Hilton implemented her own methodology consistently.").

Yet, Mr. Smith did not "apply" Dr. Hilton's methodology in any sense. As set forth in the rebuttal report of Lynette Hilton, Ph.D., Supp. Guglielmo Decl., Ex. 61 ("Hilton Rebuttal Rpt."), Mr. Smith failed to implement several material aspects of Dr. Hilton's methodology. Thus, any testimony Mr. Smith purports to offer regarding the PSC prices determined by Dr. Hilton's methodology is also unreliable.

### A. Dr. Hilton Identified PSC Transactions as Directed by Walgreens; Mr. Smith Failed to Replicate this Methodology and Instead Analyzed a Materially Different Universe of PSC Transactions

As explained in Dr. Hilton's rebuttal report, Mr. Smith considered a different universe of PSC transactions than Dr. Hilton. Dr. Hilton derived PSC prices by reference to PSC transactions that were identified consistent with Walgreens' testimony as set forth in the declaration executed on behalf of Walgreens by Christopher Dymon, dated November 9, 2022. Declaration of Joseph P. Guglielmo in Support of Plaintiffs' Motion for Class Certification, ECF 556 (Nov. 17, 2022) ("Guglielmo Decl."), Ex. 58 ("Dymon Decl."). According to Walgreens' testimony:



4

*Id.*, ¶32. This is the methodology Dr. Hilton used to identify PSC transactions.

Yet, Mr. Smith testified that he did not consider these limitations when identifying the universe of PSC transactions to analyze:


Q. Four lines from the bottom, paragraph 32, "

Do you see that line?

Smith Tr. at 296:14-25; *see also* 295:15-18 . Mr. Smith testified that he simply assumed that the referenced " ." *Id.* at 295:20-23. But Walgreens' testimony establishes that this assumption was unfounded:



Dymon Decl., ¶32.

Because Mr. Smith failed to use the filters identified by Walgreens and implemented by Dr. Hilton to identify PSC transactions, Mr. Smith materially failed to replicate Dr. Hilton's methodology.

5

> **B.     Dr. Hilton Identified the Specific Connecticut Reconciliation Data Files She Used in Her Methodology; Mr. Smith Analyzed a Materially Different Universe of Data**

In Exhibit 2 to Dr. Hilton's report,[3] Dr. Hilton identified the specific data files used in her methodology. Hilton Rpt., Ex. 2. Though Mr. Smith purports to replicate Dr. Hilton's methodology, he failed to consider the Connecticut Reconciliation Data that Dr. Hilton identified by Bates number.

In his report, Mr. Smith states that he primarily considered Connecticut Reconciliation Data "files bearing the filename 'CTMED vs PSC.'" Smith Rpt.,[4] App'x A., ¶22. Mr. Smith testifies that these files ███████████████████████████████████████████ ███████████████████████████████████████████ Smith Rpt., ¶62(e).

But these are not the files Dr. Hilton used as part of her methodology. Instead, to identify Non-VPG prices by reference to the Connecticut Reconciliation Data, Dr. Hilton's methodology uses "pscrate" files, which report the unit price separately from the dispensing fee. Hilton Rebuttal Rpt.,[5] ¶¶38-39 & n.66.

As Walgreens testified, ███████████████████████████████████████████ ███████████████████████████ Dymon Decl., ¶60(d). Walgreens further testified:



---

[3]     Declaration of Joseph P. Guglielmo in Support of Plaintiffs' Motion for Class Certification, ECF 556 (Nov. 17, 2022) ("Guglielmo Decl."), Ex. 55 ("Hilton Rpt.").

[4]     Declaration of Michael S. Leib in Support of Defendant Walgreen Co.'s Opposition to Plaintiffs' Motion for Class Certification, ECF 588 (Mar. 17, 2023), Ex. 1 ("Smith Rpt").

[5]     Supp. Guglielmo Decl., Ex. 61 ("Hilton Rebuttal Rpt.").

██████████████████████████████████████

*Id.*, ¶62(a).

At deposition, Mr. Smith conceded that his failure to consider these files meant that he would not have accurately replicated Dr. Hilton's methodology:

> Q. Assuming that assumption is correct and that Dr. Hilton used all of the files bearing the file name prefix VPG Rate, and all of the files bearing file name prefix PSC Rate, would you agree that you have not fully replicated Dr. Hilton's methodology as it relates to Connecticut Reconciliation data?
>
> A. If she used information that I did not use, then it's possible I did not replicate her analysis.

Smith Tr. at 214:18-215:3.

Mr. Smith's failure to replicate Dr. Hilton's methodology is inexplicable given that Dr. Hilton produced the exact queries that constitute her methodology and identified the exact Bates-numbered data files that she considered. *Compare* Hilton Rpt., Ex. 2 *with* Smith Rpt., App'x A, ¶22. Despite having been provided the exact Bates-numbered data Dr. Hilton considered, Mr. Smith testified that he still "could not determine what she used for the Connecticut Reconciliation data." Smith Tr. at 217:9-11.

The Court should exclude Mr. Smith's testimony regarding PSC prices that were purportedly determined by reference to Dr. Hilton's methodology because Mr. Smith failed to reliably replicate that methodology. Mr. Smith's testimony violates several of the red flags identified in *Gopalratnam*, 877 F.3d at 779. Mr. Smith inadvertently established that his purported replication of Dr. Hilton's methodology had a high rate of error. Though Attachment 4 to Mr. Smith's Report purports to identify instances where Dr. Hilton failed to determine PSC prices consistent with her methodology, as set forth in Dr. Hilton's rebuttal report, many of the transactions identified actually represent Mr. Smith's failure to apply or understand Dr. Hilton's

7

methodology. Hilton Rebuttal Rpt. ¶¶42-44. Mr. Smith unjustifiably extrapolated that Dr. Hilton's methodology must be wrong. Indeed, Mr. Smith failed to account for the most obvious alternate explanation: he got different results because he failed to reliably replicate Dr. Hilton's methodology. This warrants exclusion of his testimony regarding PSC prices. *Victory Recs., Inc. v. Virgin Recs. Am., Inc.*, No. 08 C 3977, 2011 WL 382743, at *6-*7 (N.D. Ill. Feb. 3, 2011) (excluding testimony for failure to account for obvious alternative explanations).

## CONCLUSION

For the foregoing reasons, the Court should exclude Mr. Smith's testimony to the extent Mr. Smith purports to have determined PSC prices.

Dated: June 20, 2023　　　　　　　　　　**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*/s/ Joseph P. Guglielmo*
Joseph P. Guglielmo (IL Bar #2759819)
Carey Alexander (IL Bar #5188461)
Amanda M. Rolon (*admitted pro hac vice*)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-4478
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com
calexander@scott-scott.com
arolon@scott-scott.com

Erin Green Comite (IL Bar #420630)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 S. Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 531-2632
Facsimile: (860) 537-4432
ecomite@scott-scott.com

David W. Mitchell (IL Bar #199706)
Arthur L. Shingler III (IL Bar # 181719)
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101

8

Telephone: (619) 231-1058
Facsimile: (619) 231-7423
davidm@rgrdlaw.com
ashingler@rgrdlaw.com

Mark J. Dearman (IL Bar #0982407)
Stuart A. Davidson (IL Bar #084824)
**ROBBINS GELLER RUDMAN & DOWD LLP**
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Facsimile: (561) 750-3364
mdearman@rgrdlaw.com
sdavidson@rgrdlaw.com

*Interim Co-Lead Counsel*

Katrina Carroll (IL Bar #6291405)
**LYNCH CARPENTER LLP**
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Telephone: (312) 750-1265
katrina@lcllp.com

*Local Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed electronically through the Court's Electronic Case Filing System, which will then send a notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Joseph P. Guglielmo*
Joseph P. Guglielmo
