UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Cynthia Russo, et al.
                      Plaintiff,

v.                                                   Case No.: 1:17−cv−02246
                                                       Honorable Edmond E. Chang

Walgreen Co., et al.
                      Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Thursday, August 31, 2023:

      MINUTE entry before the Honorable Edmond E. Chang: Telephone status hearing held with counsel for the parties. (1.) As discussed at the hearing, the certification briefing began well before expert discovery on the propriety of certification finished, and indeed expert discovery actually only **started** with the filing of the opening certification briefing. The last expert−deposition deadline was 08/11/2023, some 9 months after the filing of the certification motion. The premature start of briefing resulted in incomplete briefing on certification, guaranteed extra briefs (with the corresponding repeat of facts and some arguments, and the repeated, self−automatic expansion of the 15−page limits), and did not tightly anchor the Rule 702 disputes to the certification arguments. Indeed, at this point, beyond the initial three certification briefs, there will be ***24*** briefs on expert evidence, including in two instances (for Schafermeyer and Hilton) of **separate** set−of−three briefs on the **same** expert, spread across those experts' original and rebuttal reports. See R. 619−1. It would have been far superior if, as hinted but unfortunately not directed in R. 548, the parties had actually completed expert discovery on the propriety of class certification before the certification motion was filed. Overall, the point is that a motion should not be filed when the parties are nowhere near ready to litigate it. For that reason, the original, not−ready−for−litigation certification motion [554] is terminated without prejudice, but all of the briefing and the actual request for certification all remain operative and intact for consideration. It would be too difficult at this point to require some combination of the briefs (including the upcoming expert briefs). (2.) Separately, during the hearing, the Defendant reported that defense expert John Hanifin is **not** being relied on by the defense to oppose certification, so the motion to exclude his opinions, R. 599, need not be decided along with the certification decision. On that understanding, the Court will not consider Hanifin's opinions in deciding certification, and R. 599 is terminated without prejudice. (2.) The joint motion to set a briefing schedule [619] is granted for the most part, just leaving out Hanifin−related briefing because his opinions are not relied on by the defense to oppose certification. The parties are otherwise given leave to proceed with the schedule, and the scheduling order will be posted separately. (3.) A tracking status hearing is set for 12/08/2023 at 8:30 a.m., but to track the briefing and the case only (no appearance is required, the case will not be called). Emailed notice (mw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.