**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CYNTHIA RUSSO, LISA BULLARD, RICARDO GONZALES, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 38 HEALTH AND WELFARE FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 295-295C WELFARE FUND, and STEAMFITTERS FUND LOCAL 439, on behalf of themselves and all others similarly situated, | Civil No. 17-cv-2246 |
| Plaintiffs, | |
| v. | Judge Edmond E. Chang |
| WALGREEN CO., | Magistrate Judge Sheila Finnegan |
| Defendant. | |

**WALGREENS' UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF ITS SEPTEMBER 14, 2023 FILINGS, AS WELL AS CERTAIN EXHIBITS FILED IN SUPPORT OF ITS SEPTEMBER 14, 2023 FILINGS**

Defendant Walgreen Co. ("Walgreens") moves the Court for leave, pursuant to Local Rule 26.2, for an Order allowing Walgreens to file under seal limited information in Walgreens' September 14, 2023 Filings[1], as well as certain exhibits filed in support of its September 14, 2023 filings. In support of this Motion, Walgreens states as follows:

1.      Pursuant to Local Rule 26.2, "[a]ny party wishing to file a document or portion of a document electronically under seal in connection with a motion, brief or other submission must:

---

[1] These filings include (1) Walgreens' Motion to Strike or Exclude Hilton's Rebuttal Report and Any Testimony Regarding the Same Pursuant to Federal Rules of Evidence 702 and 403 and Federal Rule of Civil Procedure 26; (2) Walgreens' Reply in Support of its Motion to Exclude Hilton's Expert Report and Testimony Pursuant to Federal Rule of Evidence 702; (3) Walgreens' Opposition to Plaintiffs' Motion to Exclude the Expert Report and Testimony of Jed Smith Pursuant to Federal Rule of Evidence 702 to the Extent He Purports to Have Determined PSC Prices; (4) Walgreens' Motion to Strike or Exclude the Opinions and Testimony of Susan A. Hayes Pursuant to Federal Rules of Evidence 702 and 403 and Federal Rule of Civil Procedure 26; (5) Walgreens' Opposition to Plaintiffs' Motion to Exclude the Expert Report and Testimony of James W. Hughes Pursuant to Federal Rule of Evidence 702; and (6) Walgreens' Proposed Surreply in Opposition to Plaintiffs Motion for Class Certification.

(1) provisionally file the document electronically under seal; (2) file electronically at the same time a public-record version of the brief, motion or other submission with only the sealed document excluded; and (3) move the court for leave to file the document under seal."

2.      Walgreens' Motion to Strike or Exclude Hilton's Rebuttal Report and Any Testimony Regarding the Same Pursuant to Federal Rules of Evidence 702 and 403 and Federal Rule of Civil Procedure 26 contains references to the Amended Report of Jed Smith and the Proposed Surrebuttal Report of Jed Smith that Walgreens has designated as "Confidential," as well as references to the Amended Rebuttal Report of Dr. Lynette Hilton that Plaintiffs have designated as "Confidential" pursuant to Sections 3 and 4 of the Agreed Confidentiality Order (ECF No. 79).

3.      Walgreens' Reply in Support of Its Motion to Exclude Hilton's Expert Report and Testimony Pursuant to Federal Rule of Evidence 702 contains references to the Amended Report of Jed Smith and the Proposed Surrebuttal Report of Jed Smith that Walgreens has designated as "Confidential" pursuant to Sections 3 and 4 of the Agreed Confidentiality Order (ECF No. 79).

4.      Walgreens' Motion to Strike or Exclude the Opinions and Testimony of Susan A. Hayes Pursuant to Federal Rules of Evidence 702 and 403 and Federal Rule of Civil Procedure 26 contains references to the Proposed Surrebuttal Report of Jed Smith that Walgreens has designated as "Confidential" pursuant to Sections 3 and 4 of the Agreed Confidentiality Order (ECF No. 79).

5.      Walgreens' Opposition to Plaintiffs' Motion to Exclude the Expert Report and Testimony of James W. Hughes Pursuant to Federal Rule of Evidence 702 contains references to the Proposed Surrebuttal Report of Jed Smith and the Amended Report of James W. Hughes that Walgreens has designated as "Confidential" pursuant to Sections 3 and 4 of the Agreed Confidentiality Order (ECF No. 79).

6.     Walgreens' Proposed Surreply in Opposition to Plaintiffs' Motion for Class Certification contains references to the Proposed Surrebuttal Report of Jed Smith and the Amended Report of Jed Smith that Walgreens has designated as "Confidential" pursuant to Sections 3 and 4 of the Agreed Confidentiality Order (ECF No. 79).

7.     In addition, the following Exhibits filed in support of Walgreens' September 14, 2023 Filings contain confidential information:

> a.   Exhibit A to Walgreens' Motion to Strike or Exclude Hilton's Rebuttal Report and Any Testimony Regarding the Same Pursuant to Federal Rules of Evidence 702 and 403 and Federal Rule of Civil Procedure 26 is the Amended Rebuttal Report of Dr. Lynette Hilton and contains information that Plaintiffs have designated as "Confidential" pursuant to Sections 3 and 4 of the Agreed Confidentiality Order (ECF No. 79).

> b.   Exhibit B to Walgreens' Opposition to Plaintiffs' Motion to Exclude the Expert Report and Testimony of Jed Smith Pursuant to Federal Rule of Evidence 702 to the Extent He Purports to Have Determined PSC Prices is portions of the transcript of the Deposition of Jed Smith, which Walgreens has designated as "Confidential" pursuant to Sections 3 and 4 of the Agreed Confidentiality Order (ECF No. 79).

> c.   Exhibits C-J to Walgreens' Opposition to Plaintiffs' Motion to Exclude the Expert Report and Testimony of Jed Smith Pursuant to Federal Rule of Evidence 702 to the Extent He Purports to Have Determined PSC Prices are data query scripts, which Walgreens has designated as "Confidential" pursuant to Sections 3 and 4 of the Agreed Confidentiality Order (ECF No. 79).

d.  Exhibit L to Walgreens' Opposition to Plaintiffs' Motion to Exclude the Expert Report and Testimony of Jed Smith Pursuant to Federal Rule of Evidence 702 to the Extent He Purports to Have Determined PSC Prices are data query scripts that Plaintiffs have designated as "Confidential" pursuant to Sections 3 and 4 of the Agreed Confidentiality Order (ECF No. 79).

e.  Exhibit A to Walgreens' Opposition to Plaintiffs' Motion to Exclude the Expert Report and Testimony of James W. Hughes Pursuant to Federal Rule of Evidence 702 is the Amended Expert Report of James W. Hughes, and contains material that Walgreens has designated as "Confidential" pursuant to Sections 3 and 4 of the Agreed Confidentiality Order (ECF No. 79).

f.  Exhibit B to Walgreens' Opposition to Plaintiffs' Motion to Exclude the Expert Report and Testimony of James W. Hughes Pursuant to Federal Rule of Evidence 702 contains portion of the transcript of the Deposition of James W. Hughes and contains material that Walgreens has designated as "Confidential" pursuant to Sections 3 and 4 of the Agreed Confidentiality Order (ECF No. 79).

g.  Exhibit B to Walgreens' Motion for Leave to File a Surreply in Opposition to Plaintiffs' Motion for Class Certification and a Surrebuttal Report from Its Expert, Jed Smith is the Proposed Surrebuttal Report of Jed Smith, which contains material that Walgreens has designated as "Confidential" pursuant to Sections 3 and 4 of the Agreed Confidentiality Order (ECF No. 79).

8.  Walgreens will today publicly file redacted versions of all of its September 14, 2023 filings.

9.      Walgreens will today publicly file redacted versions of all of the Exhibits listed above, except for Exhibits C-J and L to Walgreens' Opposition to Plaintiffs' Motion to Exclude the Expert Report and Testimony of Jed Smith Pursuant to Federal Rule of Evidence 702 to the Extent He Purports to Have Determined PSC Prices, which Walgreens will file only under seal because their contents are entirely confidential.

10.      Walgreens asks the Court for leave to file the unredacted documents under seal that contain the information that Walgreens or Plaintiffs have designated as "Confidential."

11.      Plaintiffs do not oppose this motion.

12.      Attached as Exhibit 1 is a Proposed Order granting this motion.

**WHEREFORE**, Walgreens respectfully requests that this Court grant this motion for Leave to File Under Seal.

Dated: September 14, 2023

Respectfully submitted,

*/s/ Michael S. Leib*
Michael Scott Leib
Anthony Robert Todd
**REED SMITH LLP**
10 S Wacker Dr # 4000
Chicago, IL 60606
Telephone: 312/207-1000
*mleib@reedsmith.com*
*atodd@reedsmith.com*

Frederick Robinson (*pro hac vice*)
Selina Coleman (*pro hac vice*)
Megan Engel (*pro hac vice*)
Jessica Christensen (*pro hac vice*)
**REED SMITH LLP**
1301 K Street, N.W.
Suite 1100 East Tower
Washington, DC 20005
Telephone: 202-414-9200
*frobinson@reedsmith.com*
*scoleman@reedsmith.com*
*mengel@reedsmith.com*
*jchristensen@reedsmith.com*

**Attorneys for Defendant Walgreen Co.**

## CERTIFICATE OF SERVICE

I certify that on September 14, 2023, this document was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will then serve a notification of the filing to the registered parties of record.

*/s/ Michael S. Leib*
Michael Scott Leib