# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOROTHY FORTH, LISA BULLARD, RICARDO GONZALES, CYNTHIA RUSSO, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 38 HEALTH AND WELFARE FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 295-295C WELFARE FUND, AND STEAMFITTERS FUND LOCAL 439, on Behalf of Themselves and All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>v.<br><br>WALGREEN CO.,<br><br>          Defendant. | Civil No.: 1:17-cv-02246<br><br>**STIPULATION AS TO SAMPLE DATA**<br><br>Judge John Z. Lee<br>Magistrate Judge Sheila M. Finnegan |

Defendant Walgreen Co. ("Walgreens"), on the one hand, and Plaintiffs Dorothy Forth ("Forth"), Lisa Bullard ("Bullard"), Ricardo Gonzales ("Gonzales"), Cynthia Russo ("Russo"), International Brotherhood of Electrical Workers Local 38 Health and Welfare Fund ("IBEW"), International Union of Operating Engineers Local 295-295C Welfare Fund ("IUOE"), and Steamfitters Fund Local 439 ("Steamfitters") (collectively, "Plaintiffs"), on the other hand, hereby agree and stipulate as follows:

1. For purposes of briefing on the issue of class certification, Walgreens will pull and produce to the Plaintiffs the following transactional claims data (the "Sample Data"):

    a. All generic drugs transactions for the continuous 12-month period of January 1 through December 31, 2015 at all Walgreens retail pharmacies located in the

    following six states: Connecticut, Illinois, New York, Ohio, Pennsylvania, and Wisconsin (the "Six States"); and

  b. All pharmaceutical transactions from January 1, 2008 to and including December 31, 2019 (the "Relevant Time Period") for a random selection of 12,000 patients (identified by patient ID) who, at some point during the Relevant Time Period, purchased at least one generic drug at a Walgreens store located within one of the Six States, with the methodology for the random sample to be agreed upon by the parties or, if the parties cannot agree, resolved by the Court.

2. Except for the fields pickup_first_name, pickup_last_name, fill_cost_dlrs, and fill_gross_profit_dlrs, in producing the Sample Data, Walgreens will produce all transactional claims data that is available in all fields included in the following tables: patient_plan_information, plan_category, prescription, prescription_fill, prescription_fill_plan, prescription_sdl, and third_party_plan. Additionally, from the location_store, table, Walgreens will also produce transactional claims data associated with the following fields: str_nbr, concatenated_addr, loc_id, and rx_compete_lvl; and from the prescription_fill_sales_metric table, Walgreens will also produce data associated with the following fields: fill_enter_dt, fill_enter_tm, fill_revenue_dlrs, fill_sold_dt, fill_tax_dlrs, rx_create_dt, rx_nbr, rx_fill_nbr, rx_partial_fill_nbr, script_type, and str_nbr.

  a. Walgreens (i) believes the data contained in the federal government funded payer indicator and acob_fed_gov_funded_payr fields is not reliable; (ii) reserves the right to object to the use of and/or admission into evidence of any data from the federal government funded payer indicator and/or acob_fed_gov_funded_payr field(s) on the basis that the data in these two fields is not reliable (in addition to

          any other basis it may have for such an objection); and (iii) reserves the right to object to and/or criticize any of Plaintiffs' and/or their experts' analysis that is based, in whole or in part, on data from the federal government funded payer indicator and/or acob_fed_gov_funded_payr field(s) on the basis that the data in these two fields is not reliable (in addition to any other basis it may have for such an objection and/or criticism.

    b.    The parties will work together to identify any specific field or fields for which transactional claims data is not available, in whole or for a significant period of time, and, to the extent either party deems it necessary, will meet and confer in an attempt to identify, to the extent they exist, alternative fields from EDW or other databases that maintain the same or equivalent information that is reasonably accessible. In the event the transactional claims data in such an alternative field is not reasonably accessible, Walgreens shall not have any obligation to produce the transactional claims data in such alternative field, except as otherwise provided for in this Stipulation. In the event the parties disagree as to whether alternative fields in other databases maintain the same or equivalent information and/or whether the data in the alternative fields is reasonably accessible, Plaintiffs shall have the right to seek an Order from the Court compelling Walgreens to produce transactional claims data from the alternative fields in dispute. Walgreens reserves all rights to oppose any such motion to compel.

3.    The parties will defer the production of any additional class-wide transactional claims data relating to the proposed class members until after the Court rules on any motion for class certification, except as follows:

a. Walgreens reserves the right to seek to use additional transactional claims data, including through the use of results of a query or queries of one or more of Walgreens' transactional claims databases, if it determines it is necessary to respond to arguments Plaintiffs make in class-certification briefing, including in any expert reports Plaintiffs file in support of class certification. Walgreens will confer with Plaintiffs before using any such transactional claims data and, if the parties are unable to reach agreement, will have the right to seek leave from the Court to use such additional transactional claims data. Plaintiffs reserve their rights to object to and to seek to exclude any additional transactional claims data. Unless otherwise agreed or ordered by the Court, no later than one business day after the date that Walgreens files its brief utilizing such data, Walgreens will produce to Plaintiffs the additional transactional claims data upon which Walgreens relied, plus, for all transactions contained in the additional transactional claims data, all agreed upon fields identified in Paragraph 2, above, from any tables in which the additional transactional claims data upon which Walgreens relied was obtained. In the event Walgreens relies upon additional transactional claims data from a table other than a table identified in Paragraph 2, above, unless otherwise agreed or ordered by the Court, then no later than one business day after the date that Walgreens files its brief utilizing such data, Walgreens will produce to Plaintiffs all data contained in that table for the transactions contained in the additional transactional claims data that was used or otherwise relied upon by Walgreens.

b. Plaintiffs reserve the right to seek the production of additional transactional claims data from Walgreens if they believe it is necessary to respond to arguments

4

|     | Walgreens makes in class-certification briefing, including in any expert reports Walgreens files in opposition to class certification. Plaintiffs will confer with Walgreens regarding any such request for additional transactional claims data and, if the parties are unable to reach agreement, will have the right to seek an order from the Court compelling Walgreens to produce such transactional claims data. |
| --- | --- |
| 4.  | The parties agree they will not challenge the analysis of any experts put forth by the other side for purposes of class-certification briefing on the basis that the results would not be the same for any state not included in the sample, for the entire set, or a portion of the set, of states over which Plaintiffs seek a class or classes to be certified, or for the entire nation, if transactional claims data for that state, those states, or for the entire nation had been considered in the expert's analysis. |
| 5.  | The parties agree they will not challenge the analysis of any experts put forth by the other side for purposes of class-certification briefing on the basis that the results would not be the same for any year other than 2015 or for the entire time period of the class proposed by Plaintiffs if transactional claims data for that year or for all years during the time period of the class proposed by Plaintiffs had been considered in the expert's analysis. |
| 6.  | The parties agree that, for purposes of class certification, they will not use any non-public transactional claims data that has not been produced in discovery, other than the Data Sample or the additional transactional claims data referenced in Paragraphs 3(a) & (b), above. |
| 7.  | The parties will not challenge the authenticity and admissibility of the Sample Data for purposes of class-certification briefing. |

8. The parties reserve the right to challenge the methodology and/or substance of any analysis conducted by Plaintiffs or Walgreens and/or their experts on any basis other than as agreed to in Paragraphs 4-5 of this Stipulation.

9. The fact discovery deadline will not serve as a bar to a request for, or the production of, class-wide transactional claims data for any class that is certified by the Court. The parties agree to defer the production of class-wide transactional claims data relating to any certified class until after the Court rules on Plaintiffs' motion for class certification. In the event a class is certified, Walgreens recognizes that it will be required to produce additional class-wide transactional claims data consistent with any order certifying a class, and the parties will meet and confer regarding the scope of a production of additional class-wide transactional claims data. In the event the parties cannot agree, Plaintiffs and/or Walgreens may seek relief from the Court.

10. In the event a class is certified, the parties will meet and confer regarding the production of class-wide transactional claims data and/or information for purposes of effectuating notice to the certified class pursuant to Fed. R. Civ. Proc. Rule 23(c)(2). In the event the parties cannot agree on the scope of such transactional claims data and/or information, Plaintiffs and/or Walgreens may seek relief from the Court.

11. To the extent that any summary judgment motion is filed prior to a ruling on class certification, any transactional claims data used to support such summary judgment motion that has not previously been produced in the case shall be produced within one business day of the filing of such motion.

12. The parties reserve all rights they may have to use additional transactional claims data for purposes of filing a summary judgment motion, and each party reserves all rights to object to any such use of additional data.

13. Each party reserves all rights they may have to seek additional transactional claims data, including class-wide transactional claims data, to respond to any summary judgment motion, and each party reserves all rights to object to any such request.  Walgreens recognizes that, through this Stipulation, the parties are agreeing to Walgreens only producing a certain sub-set of the class-wide transactional claims data Plaintiffs requested through its requests for production.  If, for the purpose of responding to an argument Walgreens makes in a summary judgment motion, Plaintiffs request that Walgreens produce additional class-wide transactional claims data that Plaintiffs previously requested in a request for production, Walgreens agrees that it will not argue that the fact discovery deadline bars such request.[1]  Walgreens, however, reserves all other objections it may assert in response to any such request, including but not limited to objections on the grounds of relevance and burden.

---

[1] Walgreens acknowledges that Plaintiffs' requests for production encompass complete class-wide transactional claims data from January 1, 2007 through to the present for all transactions made by insured and non-insured customers of Walgreens of generic prescription drugs that were included as part of Walgreens' PSC formulary.

7

DATED: December 2, 2020

*[signature]*

Michael Scott Leib
Anthony Robert Todd
**REED SMITH LLP**
10 S Wacker Dr # 4000
Chicago, IL 60606
Telephone: 312/207-1000
*mleib@reedsmith.com*
*atodd@reedsmith.com*

Frederick Robinson (*pro hac vice*)
Selina Coleman (*pro hac vice*)
**REED SMITH LLP**
1301 K Street, N.W.
Suite 1100 East Tower
Washington, DC 20005
Telephone: 202-414-9200
*frobinson@reedsmith.com*
*scoleman@reedsmith.com*

***Attorneys for Defendant Walgreen Co.***

*[signature]*

Joseph P. Guglielmo (IL Bar #2759819)
Carey Alexander (IL Bar #5188461)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-4478
212/233-6334 (fax)
*jguglielmo@scott-scott.com*
*calexander@scott-scott.com*

Erin Green Comite (IL Bar #420630)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 S. Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: 860-531-2632
Facsimile: 860-537-4432
*ecomite@scott-scott.com*

Jason H. Alperstein (IL Bar #0064205)
Stuart A. Davidson (*pro hac vice*)
Mark J. Dearman (*pro hac vice to be filed*)
Eric Scott Dwoskin (IL Bar # 0112459)
**ROBBINS GELLER RUDMAN
 & DOWD LLP**
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561-750-3000
*jalperstein@rgrdlaw.com*
*sdavidson@rgrdlaw.com*
*mdearman@rgrdlaw.com*
*edwoskin@rgrdlaw.com*

***Interim Co-Lead Counsel***

Katrina Carroll
**CARLSON LYNCH LLP**
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Telephone: 312-750-1265
*kcarroll@carlsonlynch.com*

***Local Counsel for Plaintiffs***