**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CYNTHIA RUSSO, LISA BULLARD, RICARDO GONZALES, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 38 HEALTH AND WELFARE FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 295-295C WELFARE FUND, AND STEAMFITTERS FUND LOCAL 439, on Behalf of Themselves and All Others Similarly Situated, | Case No. 1:17-cv-02246 Hon. Edmond E. Chang, U.S.D.J. Hon. Sheila Finnegan, U.S.M.J. |
| Plaintiffs, | |
| -against- | |
| WALGREEN CO., | |
| Defendant. | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**PLAINTIFFS' MOTION TO EXCLUDE MICHAEL S. JACOBS'**
**EXPERT REPORT AND TESTIMONY UNDER FEDERAL RULE OF EVIDENCE 702**

Plaintiffs Cynthia Russo, Lisa Bullard, Ricardo Gonzales, International Brotherhood of Electrical Workers Local 38 Health and Welfare Fund, International Union of Operating Engineers Local 295-295C Welfare Fund, and Steamfitters Fund Local 439 (collectively, "Plaintiffs") respectfully submit this Reply Memorandum of Law in Further Support of Plaintiffs' Motion to Exclude Michael S. Jacobs' Expert Report and Testimony Under Federal Rule of Evidence 702 ("Motion") (ECF No. 611 (Public)) and in response to the opposition submitted by Defendant Walgreen Co. ("Walgreens") (ECF No. 623).

## I.  INTRODUCTION

Walgreens does not deny that it proffered Michael Jacobs, a former pharmacist, to interpret contracts and contractual language.  While that would be improper even for a legal expert, Walgreens defends Mr. Jacobs' legal analysis by claiming this Court needs Mr. Jacobs' help to interpret contracts that Walgreens believes are relevant to Plaintiffs' motion for class certification. The Court does not require Mr. Jacobs' help and his contractual analysis and conclusions should be stricken and excluded.  Similarly inappropriate is Mr. Jacobs' attempts to explain the application of the Seventh Circuit's decision in *United States ex rel. Garbe v. Kmart Corp.*, 824 F.3d 632 (7th Cir. 2016).  Walgreens defends those opinions by errantly asserting that Plaintiffs' expert did the same thing.  That is wrong.  Plaintiffs' expert, Dr. Schafermeyer, opined that this Court should ***follow*** the rulings in *Garbe* while Mr. Jacobs opines that the *Garbe* decision does not mean what it says and therefore Walgreens need not adhere to the ruling.

Lastly, Mr. Jacobs should not be permitted to offer "industry" opinions based upon his cherry-picking of the views of industry participants he agrees with while ignoring those industry participants and government regulators that disagree with his opinions.  His views are substantially

weakened by Walgreens' own testimony in this case that is contrary to Mr. Jacobs' "industry" understanding that the Walgreens PSC price is a discount to the cash price.

Accordingly, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion.

## II.    ARGUMENT

### A.    THE COURT DOES NOT NEED MR. JACOBS' ASSISTANCE TO INTERPRET CONTRACTS

"[T]he meaning of . . . contract terms is 'a subject for the court, not for testimonial experts. The only legal expert in a federal courtroom is the judge.'"  *United States v. Lupton*, 620 F.3d 790, 799 (7th Cir. 2010) (quoting *United States v. Caputo*, 517 F.3d 935, 942 (7th Cir. 2008)); *Garbe*, 824 F.3d at 645 ("But the interpretation of contractual and regulatory terms is generally a question of law.").  Walgreens does not deny that Mr. Jacobs' report is rife with his interpretations of contracts with certain PBMs.  Instead, while not disputing that legal conclusions in expert reports are forbidden, it argues that Mr. Jacobs' contract analysis should be permitted because "lay jurors" sometimes need an expert's assistance to interpret terms in contracts they may not understand.  *See* ECF No. 623 (Walgreens Br.) at 2-3, n.2 (citing *United States v. Barton*, 909 F.3d 1323 (11th Cir. 2018); *Burbach Aquatics, Inc. v. City of Elgin, Ill*., No. 08-cv-4061, 2011 WL 204800 (N.D. Ill. Jan. 18, 2011)).

This Court is obviously not a lay juror and Plaintiffs' motion for class certification is not going to be considered by a jury.  Even the cases relied upon by Walgreens hold that when experts are permitted to explain the meaning of "terms of art" to lay jurors, they may not opine on "the legal duties imposed on the parties" resulting from those contracts.  *See Burbach Aquatics*, 2011 WL 204800, at *6 ("However, should Nicholas attempt to offer opinions on the legal duties imposed on the parties under the terms of the contract (as he reads them), his testimony would stray into forbidden argument about the meaning of contracts – a question of law on which expert

testimony is inappropriate."). That is **precisely** what the Jacobs Report purports to do by concluding that the various Walgreens / PBM contracts he analyzes do not require Walgreens to use its PSC prices as the U&C price. *See* Jacobs Rpt., ¶¶10, 12, 48-65, 82-86 and Appx. A.[1] Those legal conclusions are not surprising, since Mr. Jacobs describes his assignment as whether "Walgreens complied with the U&C provisions of its agreements with the PBMs at issue in this case, . . . ." Jacobs Rpt., ¶3.C; *see also* Jacobs Tr. at 74:13-18 ("Q. And do you believe it was your role to determine whether Walgreens was required to report its PSC prices as its U&C prices? MS. COLEMAN: Objection to form. THE WITNESS: Based on the contractual language, yes.").

Walgreens also relies on *Rush Presbyterian St. Luke's Med. Ctr. v. Safeco Ins. Co. of N. Am.*, 722 F. Supp. 485 (N.D. Ill. 1989), as permitting an expert to opine on the meaning of contracts. Not only was the expert report at issue prepared in anticipation for trial (not class certification) where "industry terms and usage" might be considered by a lay jury, but the Court expressly excluded the expert's opinion as to the meaning of terms used in contracts. *Id.* at 497 ("Such [industry terms and usage] testimony is distinguishable from that refused in *Loeb v. Hammond*, 407 F.2d 779 (7th Cir. 1969), where plaintiff Loeb offered the testimony of an attorney to testify about the legal significance of language in a contract – something which a federal judge is fully trained to know."). Similarly unhelpful to Walgreens is *Cage v. City of Chicago*, 979 F. Supp. 2d 787 (N.D. Ill. 2013), where the expert report considered did not opine on the meaning of contracts or contractual terms. *See id.* at 804.

---

[1] The *Burbach* Court further held "[t]he Court agrees with Plaintiff that any conclusions of law that Nicholas might seek to offer in this case must be excluded." *Burbach Aquatics*, 2011 WL 204800, at *6 (citing *RLJCS Enterprises, Inc. v. Professional Benefit Trust Multiple Employer Welfare Benefit Plan & Trust*, 487 F.3d 494, 498 (7th Cir. 2007) ("'Argument about the meaning of . . . contracts . . . belongs in briefs, not in 'experts' reports.'")) (ellipses in original).

Walgreens is also incorrect that the Court requires Mr. Jacobs to explain to it the contractual meaning of the terms "usual and customary," "discount," and "cash" as used in Walgreens' contracts with PBMs. To the extent the Court needs any assistance to understand the contracts, the PBMs themselves have defined U&C in their Provider Manuals, most making clear that discounts and discount programs are included withing the meaning of the U&C price. Plaintiffs and their experts have provided those PBM Provider Manuals to the Court for its review and consideration. *See* ECF No. 553-56 (Schafermeyer Rpt.), ¶89, Table 2: Provider Manual Definitions of Usual and Customary.[2]

The stated purpose of the Jacobs Report is to opine on the meaning of contracts and contractual terms. That legal analysis is not permitted even where Walgreens attempts to recast it as intended to explain confusing industry terminology to a lay jury.

## B.  MR. JACOBS' ANALYSIS OF *GARBE* SHOULD BE EXCLUDED

Walgreens' response to the Motion, which seeks to strike Jacobs' legal analysis of the *Garbe* decision, boils down to its erroneous contention that Plaintiffs' expert, Dr. Schafermeyer, did the same thing. While that argument (even if true) does not provide any justification for Mr. Jacobs' legal analysis, it is incorrect. In a single paragraph, Dr. Schafermeyer referenced the Seventh Circuit's *Garbe* decision for the purpose of stating the obvious, namely, that it must be followed. *See* ECF No. 553-56 (Schafermeyer Rpt.), ¶81. Mr. Jacobs, by contrast, engages in a parsing of the language in the *Garbe* decision to ultimately conclude that Walgreens can ignore *Garbe* and contract freely with PBMs to charge Medicare Part D-insured consumers prices that excludes Walgreens' PSC prices as the U&C price. *See* Jacobs Rpt., ¶67 ("Medicare Part D . . .

---

[2]  While Mr. Jacobs purports to explain the meaning of terms unique to the "industry" limited to retail pharmacies and PBMs, he excludes all consideration of PBM Manuals defining the term U&C. Jacobs Tr. at 56:5-12; 205:13-18.

ha[s] no bearing on any of the agreements in this dispute that specifically define the term U&C.");
*see also* Jacobs Rpt., §V.D.2 (¶¶72-77); §V.D.4 (¶¶80-81). That analysis should be stricken and
excluded. *See United States v. SuperValu, Inc.*, No. 11-3290, 2019 WL 6310222, at *2 (C.D. Ill.
Nov. 25, 2019) ("Similarly, an extensive expert legal analysis of *Garbe* or any other case will not
be necessary.").

### C. MR. JACOBS SHOULD NOT BE PERMITTED TO CHERRY-PICK THE SOURCES USED TO DEFINE AND LIMIT THE "INDUSTRY"

Mr. Jacobs claims to be an expert in an industry he limits to retail pharmacies and PBMs.
Yet, he omitted consideration of the Provider Manuals prepared and published by the PMBs and
by retail pharmacy groups such as the National Association of Chain Drug Stores ("NACDS").
*See* Jacobs Tr. at 56:5-12; 205:13-207:15. The reason is obvious. The industry sources he omits
define the U&C price as including Walgreens' PSC prices.[3] For similar reasons, he omits
consideration of governmental investigations of Walgreens itself that held that the U&C price
reported by Walgreens should have been its PSC prices. *Id.* at 127:12-128:1; 148:1-150:8; 181:1-
184:24; 231:4-8. Mr. Jacobs' "industry" conclusions therefore are both incomplete ***and*** unreliable
since his opinions contradict the industry and government materials he omitted. Walgreens does
not offer any response to Plaintiffs' assertion that Jacobs' conclusion about the meaning of the
terms "discount" and "cash price" differ from Walgreens' own testimony in this action. *See* Jacobs
Tr. at 160:23-161:8. Thus, Mr. Jacobs did not engage in the requisite rigorous analysis of the
available evidence necessary for him to opine on the meaning of the industry he defines and the
terms regularly understood in that industry. *See Timm v. Goodyear Dunlop Tires N. Am., Ltd.*, 932

---

[3] As previously stated, Plaintiffs provided the PBM Provider Manuals to the Court for its review and
consideration. *See* ECF No. 553-56 (Schafermeyer Rpt.), ¶89, Table 2: Provider Manual Definitions of
Usual and Customary.

F.3d 986, 994 (7th Cir. 2019); *The Segerdahl Corp. v. Ferruzza*, No. 17-cv-3015, 2023 U.S. Dist. LEXIS 28818, at *9 (N.D. Ill. Feb. 22, 2023).

## III.   **CONCLUSION**

For the foregoing reasons and those contained in Plaintiffs' opening Motion (ECF No. 611), Plaintiffs respectfully request that the Court enter an order striking and excluding the opinions in the Jacobs Report and any related testimony by Mr. Jacobs during his deposition.

Dated: October 11, 2023

Respectfully submitted,
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*/s/ Joseph P. Guglielmo*
Joseph P. Guglielmo (IL Bar #2759819)
Carey Alexander (IL Bar #5188461)
Amanda M. Rolon (*admitted pro hac vice*)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-4478
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com
calexander@scott-scott.com
arolon@scott-scott.com

Erin Green Comite (IL Bar #420630)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 S. Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 531-2632
Facsimile: (860) 537-4432
ecomite@scott-scott.com

David W. Mitchell (IL Bar #199706)
Arthur L. Shingler III (IL Bar #181719)
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
davidm@rgrdlaw.com
ashingler@rgrdlaw.com

Mark J. Dearman (IL Bar #0982407)
Stuart A. Davidson (IL Bar #084824)
**ROBBINS GELLER RUDMAN & DOWD LLP**
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone: (561) 750-3000
Facsimile:  (561) 750-3364
mdearman@rgrdlaw.com
sdavidson@rgrdlaw.com

*Interim Co-Lead Counsel*

Katrina Carroll (IL Bar #6291405)
**CARLSON LYNCH LLP**
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Telephone: (312) 750-1265
kcarroll@carlsonlynch.com

*Local Counsel*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing document was filed electronically through the Court's Electronic Case Filing System, which will then send a notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Joseph P. Guglielmo*
Joseph P. Guglielmo
