UNITED STATES COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| CYNTHIA RUSSO, LISA BULLARD, RICARDO GONZALES, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 38 HEALTH AND WELFARE FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 295-295C WELFARE FUND, and STEAMFITTERS FUND LOCAL 439, On Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> WALGREEN CO., <br><br> Defendant. | Case No. 1:17-cv-02246 <br><br> CLASS ACTION <br><br> Judge Edmond E. Chang <br> Magistrate Judge Sheila Finnegan |

PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT WALGREEN CO.'S MOTION TO STRIKE OR EXCLUDE
PORTIONS OF [DR.] SCHAFERMEYER'S REBUTTAL REPORT AND
ANY TESTIMONY REGARDING THE SAME PURSUANT TO FEDERAL RULES
OF EVIDENCE 702 AND 403 AND FEDERAL RULE OF CIVIL PROCEDURE 26

Plaintiffs Cynthia Russo, Lisa Bullard, Ricardo Gonzalez (the "Individual Plaintiffs"), International Brotherhood of Electrical Workers Local 38 Health and Welfare Fund, International Union of Operating Engineers Local 295-295c Welfare Fund, and Steamfitters Fund Local 439 (the "Fund Plaintiffs," and together with the Individual Plaintiffs, "Plaintiffs"), respectfully submit this memorandum of law in opposition to defendant Walgreen Co.'s ("Walgreens") Motion to Strike or Exclude Portions of [Dr.] Schafermeyer's Rebuttal Report and Any Testimony Regarding the Same Pursuant to Federal Rules of Evidence 702 and 403 and Federal Rule of Civil Procedure 26 ("Motion" or "Mot.") (ECF 627). For the reasons set forth below, the Court should deny Walgreens' Motion.

I.  ARGUMENT

    A.  **Dr. Schafermeyer's Opinion II.B(1) Constitutes Proper Rebuttal and Is Not Highly Prejudicial**

In Opinion II.B(1) of his Rebuttal,[1] Dr. Schafermeyer rebuts the opinions of Walgreens' expert, Michael S. Jacobs ("Jacobs"), concerning the "industry-accepted definition" of terms such as "cash" and "retail" by demonstrating that Jacobs failed to consider relevant declarations and testimony that contradict Jacobs' opinions. *See* Schafermeyer Rebuttal Rpt., ¶¶14-15; Expert Report of Michael S. Jacobs ("Jacobs Rpt.") (ECF 580-1). Dr. Schafermeyer's rebuttal opinions constitute proper rebuttal testimony and should be considered by this Court.

        1.  **Dr. Schafermeyer's Use of Expert Declarations from Another Case to Rebut Jacobs' Opinions Is Proper**

Walgreens first argues that Opinion II.B(1) constitutes an improper attempt by Dr. Schafermeyer to bolster his opening Report with testimony from undisclosed experts. *See* Mot. at 3-4. Specifically, Walgreens takes issue with Dr. Schafermeyer's citation to the expert declarations of

---

[1] "Report" and "Schafermeyer Rpt." refer to the Report of Kenneth W. Schafermeyer, Ph.D. (ECF 553-45) and "Rebuttal" and "Schafermeyer Rebuttal Rpt." refer to the Rebuttal Report of Kenneth W. Schafermeyer, Ph.D. (ECF 603-1).

Dale Chamberlain and Dr. Robert P. Navarro in *Corcoran v. CVS Pharmacy, Inc.*, No. 3:15-cv-03504 (N.D. Cal).[2] Dr. Schafermeyer, however, cited these reports not to support his own opinions, but rather to show that Jacobs chose to selectively cite only those declarations from *Corcoran* that align with Jacobs' view. *See* Schafermeyer Rebuttal Rpt., ¶¶14-15. In his report, Jacobs considered six other declarations from *Corcoran*, but failed to consider the declarations of Mr. Chamberlain, Dr. Navarro, and Ms. Grinsteinner, which contradict Jacobs' views. *See* Jacobs Rpt., Ex. A.

As Walgreens' own cited authority recognizes, "'"an expert's testimony may be formulated by the use of **facts, data and conclusions of other experts**."'" *In re Fluidmaster, Inc., Water Connector Components Prods. Liab. Litig.*, 2017 WL 1196990, at *24 (N.D. Ill. Mar. 31, 2017).[3] Walgreens' claim that Dr. Schafermeyer's use of the declarations of Mr. Chamberlain and Dr. Navarro is inappropriate because he merely "parrots" their opinions is faulty. As explained above, Dr. Schafermeyer's citation of these declarations to show that Jacobs considered only those declarations from *Corcoran* that aligned with Jacobs' own view is classic rebuttal evidence. *See In re Matteson Marine Serv., Inc.*, 2010 WL 11561121, at *3 (C.D. Ill. Mar. 23, 2010) ("The nature of a rebuttal report is to point out weaknesses in the other side's expert opinions."). Thus, the context provided by Dr. Schafermeyer's citation of Mr. Chamberlain's, Dr. Navarro's, and Ms. Grinsteinner's declarations was proper and provides no basis for striking Opinion II.B(1).

### 2. Dr. Schafermeyer's Testimony Is Proper Rebuttal

Next, Walgreens claims that Opinion II.B(1) constitutes improper rebuttal because Dr. Schafermeyer's citations to the declarations of Mr. Chamberlain and Dr. Navarro amount to an improper attempt to bolster an opinion contained in his opening Report. *See* Mot. at 4-5. Walgreens

---

[2] Walgreens does not seek to strike Dr. Schafermeyer's citation to the declaration of Bretta Grinsteinner, another expert whose declaration was submitted in *Corcoran*.

[3] All citations are omitted and emphasis is added unless otherwise stated.

claims that experts may not present any evidence on rebuttal that supports opinions contained in their opening reports. *Id.* This misstates the law.

"[T]he measure of proper rebuttal is not whether it offers support for arguments that could have been raised in the case-in-chief, but whether it directly refutes arguments offered by the opposition." *Africano v. Atrium Med. Corp.*, 2019 WL 5085338, at *2 (N.D. Ill. Oct. 10, 2019); *Peals v. Terre Haute Police Dep't.*, 535 F.3d 621, 630 (7th Cir. 2008) ("Testimony offered ***only*** as additional support to an argument made in a case in chief, ***if not offered 'to contradict, impeach or defuse the impact of the evidence offered by an adverse party***,' is improper on rebuttal."). "[T]he mere fact that opinions offered in a rebuttal report touch upon the same subjects covered in an initial expert report does not require that the rebuttal report be stricken." *Green v. Kubota Tractor Corp.*, 2012 WL 1416465, at *5 (N.D. Ill. Apr. 24, 2012); *City of Gary v. Schafer*, 2009 WL 1370997, at *5 (N.D. Ind. May 13, 2009) ("Rule 26 does not automatically exclude evidence that an expert could have included in his original report as '[s]uch a rule would lead to the inclusion of vast amounts of arguably irrelevant material in an expert's report on the off chance that failing to include any information in anticipation of a particular criticism would forever bar the expert from later introducing relevant material.'"); *see also Ernst v. City of Chi.*, 2013 WL 4804837, at *2 (N.D. Ill. Sept. 9, 2013) ("Rebuttal reports can use, as well, additional data not found in the expert report, so long as it relates to the same subject matter.").

As discussed above, Dr. Schafermeyer citation to Mr. Chamberlain's, Dr. Navarro's, and Ms. Grinsteinner's declarations directly relates to and rebuts the exact same subject matter contained in Jacobs' report. Thus, Opinion II.B(1) constitutes proper rebuttal.

### 3. Dr. Schafermeyer's Testimony Is Not Highly Prejudicial

Walgreens also argues that Opinion II.B(1) should be excluded under Federal Rule of Evidence ("Rule") 403 because it is highly prejudicial. *See* Mot. at 5-7. Under Rule 403, courts

- 3 -

may exclude relevant evidence if its "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Rule 403 balancing turns on whether the prejudice is "unfair." *United States v. Howard*, 692 F.3d 697, 707 (7th Cir. 2012) ("When balancing prejudice against probative value, it is important to keep in mind that all relevant evidence is prejudicial and that evidence must be *unfairly* prejudicial in order for it to be inadmissible under this prong." (emphasis in original)); *United States v. McKibbins*, 656 F.3d 707, 712 (7th Cir. 2011) (observing that "all probative evidence is to some extent prejudicial" and that "we have consistently emphasized that Rule 403 balancing turns on whether the prejudice is 'unfair'"). Additionally, where "the expert's methodologies have been deemed reliable, testimony is typically only excluded when it is overly complex, confusing, or hyper-technical." *Cazares v. Frugoli*, 2017 WL 1196978, at *12 (N.D. Ill. Mar. 31, 2017).

Though inherently conceding that the evidence cited is relevant and has probative value, Walgreens claims that Dr. Schafermeyer represents Mr. Chamberlain and Dr. Navarro as being "PBM representatives" or "associated with PBMs" at the time of their *Corcoran* testimony, and that this representation "obfuscates and is likely to mislead the jury" as to whether the two witnesses were stating facts as employees of PBM Express Scripts or opinions as retained experts. Mot. at 6. Yet even a cursory review of Opinion II.B(1) reveals that it is implausible that a jury would be misled into believing that Mr. Chamberlain or Dr. Navarro were submitting factual testimony as employees of Express Scripts. Dr. Schafermeyer correctly states that Mr. Chamberlain and Dr. Navarro are "***former*** vice president[s] of Express Scripts." Schafermeyer Rebuttal Rpt., ¶15. Moreover, none of the quoted excerpts from declarations of Mr. Chamberlain or Dr. Navarro refer to Express Scripts or otherwise indicate that the testimony being proffered is related to their former employment with Express Scripts. *See id.* Additionally, Dr. Schafermeyer cites to the "**Expert**

- 4 -

Declaration of Dale Chamberlain," which further confirms that Walgreens' argument that a jury could be misled on the issue is baseless. *Id.*, ¶15 n.13.

Walgreens argues that "the only way to avoid the significant prejudice to Walgreens would be to admit large swaths of testimony from *Corcoran*." Mot. at 6. However, Walgreens fails to credibly describe the unfair prejudice it will suffer if Opinion II.B(1) is introduced. Thus, there is no sound basis for excluding Opinion II.B(1) under Rule 403.[4]

For all of the reasons stated above, the Court should decline to strike Opinion II.B(1) under Rule 403.

### B. Dr. Schafermeyer's Opinion IV.A Constitutes Proper Rebuttal

Walgreens argues that Opinion IV.A and Paragraph 50 of Dr. Schafermeyer's Rebuttal should be excluded as improper rebuttal because they present additional evidence in support of opinions that were rendered in his opening Report. Mot. at 7-8.

In Opinion IV.A, Dr. Schafermeyer uses internal Walgreens documents showing that it understood that PSC prescriptions were cash prescriptions and that PSC customers were cash customers to directly rebut Jacobs' opinion that a pharmacy's "retail" or "cash" price is separate from membership club prices. *See* Schafermeyer Rebuttal Rpt., ¶¶50-54; Jacobs Rpt., ¶¶40-47. Given that Opinion IV.A directly relates to and rebuts Jacobs' opinion, it is immaterial that the relevant evidence also supports an opinion made by Dr. Schafermeyer in his opening Report. Further, this argument fails for the reasons stated in §I.A.2. *supra*.

Accordingly, Opinion IV.A constitutes proper rebuttal and the Court should decline to strike Paragraph 50.

---

4     Further, "to the extent [that Walgreens] continues to believe [Dr. Schafermeyer's] opinion could confuse or mislead the jury or otherwise be prejudicial, it may propose an appropriate limiting jury instruction." *Cazares*, 2017 WL 1196978, at *12.

### C. Dr. Schafermeyer Is Qualified to Render Opinion XIV

For the first time, Walgreens now claims that Dr. Schafermeyer's "general academic credentials and general pharmacy experience do not qualify [Dr.] Schafermeyer to render opinions in the field of customer loyalty programs, including on the obstacles to joining the loyalty program of PSC." Mot. at 10. This argument lacks merit. In his opening Report, Dr. Schafermeyer dedicated an entire section to discussion of the fact that the PSC enrollment fee was not a barrier to enrollment in the PSC. *See* Schafermeyer Rpt., §V.G.2. Tellingly, Walgreens failed to challenge Dr. Schafermeyer's qualifications in its Motion to Exclude Opinions 3, 6, and 7 of Schafermeyer's Expert Report and Any Testimony Regarding the Same Pursuant to Federal Rule of Evidence 702 (ECF 580).

Regardless, Dr. Schafermeyer is eminently qualified to render opinions concerning the existence of barriers to enrollment in the PSC. Among his many other qualifications, Dr. Schafermeyer spent over 45 years in the managed care industry consulting with pharmacy benefit managers, Medicaid programs, and private employer groups, has operated managed prescription network programs contracting with both employer groups and pharmacy providers, has served as the Director of Graduate Studies in Managed Care Pharmacy for the University of Health Sciences and Pharmacy, has spent several years teaching microeconomics and pharmacy management, and has worked directly in brick-and-mortar pharmacies. *See* Schafermeyer Rpt., ¶¶1-10; Schafermeyer Rebuttal Rpt., ¶154; Jan. 13, 2023 Deposition Transcript of Dr. Kenneth Schafermeyer at 180:15-22. Dr. Schafermeyer is undoubtedly qualified to opine as to whether any supposed "obstacles" actually function as barriers to PSC enrollment within the unique environment of the pharmacy industry. *See Prayitno v. Nextep Funding LLC*, 2019 WL 6497374, at *3 (N.D. Ill. Dec. 3, 2019) ("'"Whether a witness is qualified as an expert can only be determined by comparing the area in which the witness has superior knowledge, skill, experience, or education with the subject matter of the witness's

testimony.'" This is a liberal standard; the expert need only have some 'specialized knowledge that would assist the trier of fact.'"); *Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 761 (7th Cir. 2010) ("Rule 702 allows a witness to be 'qualified as an expert by knowledge, skill, **experience**, training, or education.'") (emphasis in original) (quoting Fed. R. Evid. 702).

Further, the specialized nature of the pharmacy industry bolsters Dr. Schafermeyer's qualifications to opine on the nature of customer loyalty programs as relate to the pharmacy industry as opposed to the general retail industry. As Dr. Schafermeyer explains:

> Pharmacy is a unique industry and quite different from Amazon Prime. A prescription is an instruction by a medical practitioner that a patient receive medically necessary medication, the amount of the medication to be dispensed and the manner in which the medication is to be used. Many medications, such as oral contraceptives and maintenance medications . . . require patients to take them for extended periods of time, sometimes for the rest of their lives. Demand, therefore, can be predictable to some degree making it easier to predict savings from joining a "subscription loyalty program" such as the PSC.

Schafermeyer Rebuttal Rpt., ¶144.

Accordingly, the Court should reject Walgreens' arguments and find Dr. Schafermeyer qualified to render Opinion XIV.

### D. Dr. Schafermeyer's Opinion XV Is Reliable and Well Founded

Walgreens argues that Opinion XV of Dr. Schafermeyer's Rebuttal – rebutting Dr. Kelly Lear Nordby's ("Dr. Nordby") opinion that the price for calculating U&C should be the "effective price" – should be stricken because it relies on "say-so opinions" and employs an unreliable methodology. Mot. at 10-14. Neither is true.

*First*, Walgreens mischaracterizes Opinion XV as a "say-so opinion[]." Mot. at 11. Opinion XV directly rebuts Dr. Nordby's claim that Dr. Schafermeyer overlooked two important factors related to the economics of two-part pricing structures. Schafermeyer Rebuttal Rpt., ¶¶161-174.

The first factor, according to Dr. Nordby, is that PSC prices are only available to club members. *Id.*, ¶162. In response, Dr. Schafermeyer outlines substantial evidence – including testimony from Walgreens' Rule 30(b)(6) designee and Walgreens' responses to Plaintiffs' Requests for Admission – that rebuts Dr. Nordby's opinion by demonstrating that Walgreens made PSC prices available to members of the general public. *Id.*, ¶¶163-165. Dr. Schafermeyer also cites evidence to support his claim that Walgreens' savings guarantee removed the membership fee as an obstacle to enrollment. *Id.*, ¶¶166-167. Further, Dr. Schafermeyer explains that Dr. Nordby's focus on the number of customers who may have sought a refund under Walgreens' saving guarantee misses the point, as the crux of the issue is that "***Walgreens represented that there was no net cost to signing up***," effectively nullifying the enrollment fee as a barrier. *Id.*, ¶167. Thus, in light of the ample evidence cited, Opinion XV is based on far more than Dr. Schafermeyer's "say-so."

Dr. Nordby claims that Dr. Schafermeyer overlooks that, in her opinion, the two-part pricing structure enables Walgreens to separate high-demand, price-sensitive cash customers from low-demand, less price-sensitive cash customers. Dr. Schafermeyer cites to: (1) portions of the Seventh Circuit's opinion in *Garbe v. Kmart Corp.*, 824 F.3d 632 (7th Cir. 2016); (2) Dr. Nordby's testimony that the *Garbe* court did not view the membership fee as a barrier; and (3) points out that Dr. Nordby is not an expert in pharmacy operations, lacks any experience in the pharmacy industry, lacks knowledge of insurance claims practices, and has never published about these issues. Schafermeyer Rebuttal Rpt., ¶¶168-174.

Although Dr. Schafermeyer's references to *Garbe* directly rebut Dr. Nordby's opinion that Walgreens' PSC membership fee was a barrier to enrollment – and her attempt to distinguish *Garbe* from the instant case based on different enrollment fee amounts[5] – Walgreens nonetheless contends

---

[5] *See* Expert Report of Kelly Lear Nordby, Ph.D. (ECF 586-48), ¶61.

that these excerpts are completely irrelevant to her opinion. Mot. at 12. For instance, Walgreens claims that Schafermeyer's second reference to *Garbe* pertains solely to whether members of Kmart's program could be considered members of the "general public" and that Dr. Nordby does not opine as to whether PSC members are members of the "general public." *Id.* But Walgreens cannot escape the fact that Dr. Schafermeyer's reference to *Garbe* highlights the court's finding that that there was "no reason to think that there was any meaningful **selectivity** for the people who joined Kmart's programs," and it is **selectivity** that is at the core of Dr. Nordby's opinion. *Garbe*, 824 F.3d at 643; Schafermeyer Rebuttal Rpt., ¶172. Walgreens also criticizes Dr. Schafermeyer for not including certain portions of Dr. Nordby's testimony, but, even if said excerpts were relevant, failure to include them would go to the weight of the evidence rather than its admissibility. *See Cates v. Whirlpool Corp.*, 2017 WL 1862640, at *15 (N.D. Ill. May 9, 2017) ("[F]ailing to account for supposedly contradictory information often is a question going to the weight of evidence rather than its admissibility, which a lawyer can address on cross-examination."); *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000).

*Second*, Walgreens accuses Dr. Schafermeyer of cherry-picking facts in support of Opinion XV. Mot. at 13. Not so. In his Rebuttal, Dr. Schafermeyer points out that, as set forth in the Amended Expert Report of Jed Smith, "at least 24,000 'Unique Account Holders' were able to purchase PSC drugs at PSC prices **without paying a membership fee**." Schafermeyer Rebuttal Rpt., ¶165; ECF 627-1, ¶37. Though Walgreens claims that additional "relevant context" exists, it does not dispute (and Mr. Smith conceded) that the cited figures are accurate. To the extent Walgreens desires to contextualize its undisputed extension of PSC prices to tens of thousands of non-PSC members, such context would merely speak to the weight of Dr. Schafermeyer's testimony, not its reliability. *See Manpower, Inc. v. Ins. Co. of Penn.*, 732 F.3d 796, 806 (7th Cir. 2013); *Jordan v. Dominick's Finer Foods*, 115 F. Supp. 3d 950, 963 (N.D. Ill. 2015) ("[O]bjections as to whether an

- 9 -

4890-5806-5541.v1

expert considered certain factors that the opposing side deems irrelevant generally go to the weight of the expert's opinion, not its admissibility.").

The Court should thus reject Walgreens' arguments for striking Opinion XV.

### E. Dr. Schafermeyer's Opinion XV Is Not Prejudicial

Finally, Walgreens argues that if the Court does not exclude Opinion XV, it should alternatively strike the bolded portion of the following excerpt from Dr. Schafermeyer's Rebuttal as prejudicial: "Obviously, there would also be some expenses associated with creating, operating and promoting the program *as well as paying the PBM partners for their participation in the scheme*." Mot. at 14-15 (quoting Schafermeyer Rebuttal Rpt., ¶160 n.151).

Again, as this argument was fully developed in Dr. Schafermeyer's opening Report, any new challenge Walgreens wishes to raise now has already been waived. In his opening Report, Dr. Schafermeyer explained how PBMs have incentives to allow Walgreens to manipulate U&C prices. *See* Schafermeyer Rpt., §V.E. The evidence cited in that section includes internal Walgreens documents and Rule 30(b)(6) testimony showing that Walgreens retained Optum and ESI to administer its PSC program and that it paid these PBMs an administrative fee per prescription. *Id.*, ¶124.

Further, as the cited language merely refers to Dr. Schafermeyer's opening report, there is no risk that the cited language could mislead the jury.

Accordingly, the Court should decline to strike any portion of Opinion XV as prejudicial.

## II. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Walgreens' Motion.

DATED: October 11, 2023     ROBBINS GELLER RUDMAN
      & DOWD LLP
    DAVID W. MITCHELL
    ARTHUR L. SHINGLER III

<u>      s/ David W. Mitchell      </u>
    DAVID W. MITCHELL

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
davidm@rgrdlaw.com
ashingler@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
STUART A. DAVIDSON
MARK J. DEARMAN
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
sdavidson@rgrdlaw.com
mdearman@rgrdlaw.com

SCOTT+SCOTT ATTORNEYS AT LAW LLP
ERIN GREEN COMITE
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: 860/537-5537
860/537-4432 (fax)
ecomite@scott-scott.com

SCOTT+SCOTT ATTORNEYS AT LAW LLP
JOSEPH P. GUGLIELMO
CAREY ALEXANDER
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212/233-6444
212/233-6334 (fax)
jguglielmo@scott-scott.com
calexander@scott-scott.com

*Interim Co-Lead Counsel*

- 11 -

4890-5806-5541.v1

- 12 -

        LYNCH CARPENTER
        KATRINA CARROLL (IL Bar #6291405)
        111 W. Washington Street, Suite 1240
        Chicago, IL 60602
        Telephone: 312/750-1265
        kcarroll@lcllp.com

*Local Counsel*

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on October 11, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

    s/ David W. Mitchell
DAVID W. MITCHELL

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

Email: davidm@rgrdlaw.com

4890-5806-5541.v1

# Mailing Information for a Case 1:17-cv-02246 Russo et al v. Walgreen Co. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Carey Alexander**
  calexander@scott-scott.com,carey@recap.email,kjager@scott-scott.com,efile@scott-scott.com

- **Justin W. Batten**
  jbatten@scott-scott.com

- **Donald A. Broggi**
  dbroggi@scott-scott.com,scott-scott@ecf.courtdrive.com,tcrockett@scott-scott.com,efile@scott-scott.com

- **Daniel K. Bryson**
  dbryson@milberg.com,sheldman@milberg.com,amkamanga@milberg.com,dbryson@ecf.courtdrive.com

- **Katrina Carroll**
  katrina@lcllp.com

- **Jessica Reyleen Christensen**
  jchristensen@reedsmith.com

- **Selina Coleman**
  scoleman@reedsmith.com,kparker@reedsmith.com,jchristensen@reedsmith.com

- **Susan M. Coler**
  coler@halunenlaw.com,lockwood@halunenlaw.com,smith@halunenlaw.com,moore@halunenlaw.com

- **Erin Green Comite**
  ecomite@scott-scott.com,cflaherty@scott-scott.com,efile@scott-scott.com

- **Stuart Andrew Davidson**
  sdavidson@rgrdlaw.com,jdennis@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com,sdavidson@ecf.courtdrive.com

- **Mark Jeffrey Dearman**
  mdearman@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Megan Fanale Engel**
  mengel@reedsmith.com

- **James V Garvey**
  jgarvey@vedderprice.com,kprezioso@vedderprice.com,james-garvey-7634@ecf.pacerpro.com,ecfdocket@vedderprice.com,7610@ecf.pacerpro.com

- **Joseph P Guglielmo**
  jguglielmo@scott-scott.com,scott-scott@ecf.courtdrive.com,kjager@scott-scott.com,efile@scott-scott.com

- **Michael Alan Johnson**
  mjohnsonlawyer@aol.com,wells@halunenlaw.com

- **Michael Scott Leib**
  mleib@reedsmith.com,docketingecf@reedsmith.com,CAChambers@reedsmith.com,deanna-meske-0374@ecf.pacerpro.com,reed-smith-2312@ecf.pacerpro.com,michael-leib-2698@ecf.pacerpro.com,dmeske@reedsmith.com

- **Andrew A. Lemmon**
  andrew@lemmonlawfirm.com,court@lemmonlawfirm.com

- **David W. Mitchell**
  DavidM@rgrdlaw.com,slandry@rgrdlaw.com,e_file_sd@rgrdlaw.com,dwatts@rgrdlaw.com,ckopko@rgrdlaw.com

- **Alex M Outwater**
  aoutwater@scott-scott.com

- **Frederick Robinson**
  frobinson@reedsmith.com,andrew.lu@reedsmith.com

- **Amanda M. Rolon**
  arolon@scott-scott.com

- **Charles E. Schaffer**
  cschaffer@lfsblaw.com,dmagagna@lfsblaw.com,vjennings@lfsblaw.com

- **Arthur L. Shingler , III**
  AShingler@rgrdlaw.com

- **Lindsey H. Taylor**
  ltaylor@rgrdlaw.com

- **Anthony Robert Todd**
  atodd@reedsmith.com,cbaran@reedsmith.com,kgord@reedsmith.com

- **Joseph Seth Tusa**
  joseph.tusapc@gmail.com

- **Jeremy R. Williams**
  jwilliams@milberg.com,sheldman@milberg.com,jwilliams@ecf.courtdrive.com,amkamanga@milberg.com,jsteen@milberg.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`