**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CYNTHIA RUSSO, LISA BULLARD, RICARDO GONZALES, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 38 HEALTH AND WELFARE FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 295-295C WELFARE FUND, AND STEAMFITTERS FUND LOCAL 439, on Behalf of Themselves and All Others Similarly Situated, | Civil No. 1:17-cv-02246 Judge Edmond E. Chang Magistrate Judge Sheila Finnegan |
| Plaintiffs, | |
| v. | |
| WALGREEN CO., | |
| Defendant. | |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF JED SMITH UNDER FEDERAL RULE OF EVIDENCE 702 TO THE EXTENT MR. SMITH PURPORTS TO HAVE DETERMINED PSC PRICES**

Plaintiffs Cynthia Russo, Lisa Bullard, Ricardo Gonzales, International Brotherhood of Electrical Workers Local 38 Health and Welfare Fund, International Union of Operating Engineers Local 295-295 Welfare Fund, and Steamfitters Fund Local 439 ("Plaintiffs") respectfully submit this Reply in support of their Motion to Exclude the Expert Report and Testimony of Jed Smith Under Federal Rule of Evidence 702 to the Extent Mr. Smith Purports to Have Determined PSC Prices, ECF No. 612 (filed under seal as ECF No. 606) ("Motion").

The relevant facts are not disputed. Plaintiffs moved to exclude Mr. Smith's testimony on two bases: (1) that Mr. Smith advanced no independent methodology to determine PSC prices; and (2) that Mr. Smith failed to reliably replicate Dr. Lynette Hilton's methodology for determining PSC prices.

Walgreen Co. ("Walgreens") concedes the first basis, plainly acknowledging, as it must, that "[w]hat Smith does not do is present his own methodology for determining the PSC prices." Walgreen Co.'s Opposition to Plaintiffs' Motion to Exclude the Expert Report and Testimony of Jed Smith Pursuant to Federal Rule of Evidence 702 to the Extent He Purports to Have Determined PSC Prices, ECF No. 640 ("Opp.") at 3.

The result of Walgreens' concession is that the ***only*** methodology to determine PSC prices in this action is the methodology proffered by Dr. Hilton. This is important because without an independent methodology to determine PSC prices, Mr. Smith has no basis to testify that Dr. Hilton selected an "incorrect PSC price," as he does throughout his report, *e.g.*, Declaration of Michael S. Leib in Support of Defendant Walgreen Co.'s Opposition to Plaintiffs' Motion for Class Certification, ECF No. 588, Ex. 1 (filed under seal as ECF No. 586, Ex. 1) ("Smith Rep.")

1

¶¶60, 62, 66 & Att. 4, or to refer to the "the actual available PSC price," *id.* ¶64. *See also id.* ¶¶122 & 123 (purporting to testify regarding amounts paid "[i]f these consumers paid the PSC price").[1]

In its Opposition, Walgreens claims that Mr. Smith made "reasonable assumptions" on the basis of his interpretation of the Declaration of Christopher Dymon ("Dymon Declaration"). Opp. at 2. However, the reasonableness of Mr. Smith's assumptions with regards to the Dymon Declaration would be relevant only if Mr. Smith *had* advanced his own methodology to determine PSC prices. Because Mr. Smith claims *only* to have replicated Dr. Hilton's methodology, Motion at 2-3, the question is whether Mr. Smith's recreation of Dr. Hilton's methodology is reliable. For the reasons set forth in Plaintiffs' Motion and Dr. Hilton's Rebuttal Report, it is not.

In her Rebuttal Report, Dr. Hilton identified six discrete ways in which Mr. Smith failed to replicate her methodology. Supplemental Declaration of Joseph P. Guglielmo in Support of Plaintiffs' Motion for Class Certification, ECF No. 609 ("Supp. Guglielmo Decl."), Ex. 61 ("Hilton Rebuttal Report") §III.C. Walgreens' arguments addressing Mr. Smith's failures are circular. For example, Walgreens claims that certain filters that Mr. Smith applied "are required to arrive at accurate PSC prices." Opp. at 10. However, because the only methodology for identifying "PSC prices" is Dr. Hilton's methodology, this claim has no foundation.[2]

Walgreens claims that Dr. Hilton's supplemental production of a limited number of additional files demonstrates that Mr. Smith could not have replicated Dr. Hilton's methodology.

---

[1] Walgreens attempts to cabin Plaintiffs' Motion to Paragraphs 60-69 of Mr. Smith's Report. The Motion properly sweeps broader to encompass any "testimony to the extent [Mr. Smith] purports to have determined PSC prices." Motion at 1.

[2] The unreliability of Mr. Smith's replication of Dr. Hilton's methodology is compounded by the number of disagreements he raises with Dr. Hilton's methodology. *See* Smith Rep. §V.D.III. Each time Mr. Smith purports to account for a variable or set of transactions that he claims must be included or excluded to identify PSC prices, his purported "replication" of Dr. Hilton's methodology becomes increasingly unreliable.

*Id.* at 2. Walgreens ignores that Mr. Smith failed to use the queries from Dr. Hilton that were in Mr. Smith's possession at the time he filed his report. *E.g.*, Smith Rep. at Att. 2, Nos. 24 ("Deposition of Lynette Hilton"); 25 ("Errata Sheet of Lynette Hilton, Ph.D."); 103 ("Hilton Published Scripts for Expert Analysis" HILTON_0000001- 0000045); 105 ("Walgreens Data Tables Field Listing" - HILTON_0000078); 106 ("Hilton Published Scripts for Expert Analysis" - HILTON_0000079- 0000130); 107 ("Hilton Published PBM Names" - HILTON_0000131); 108 ("Hilton Interrogatory Response Workpapers" - HILTON_0000132- 0000133).

Mr. Smith's failure to identify or use the correct universe of data from the Connecticut Reconciliation Production is particularly egregious. Walgreens argues that "at no point" did Dr. Hilton identify that she relies only on vpgrate and pscrate files. Opp. at 11. However, as set forth in Dr. Hilton's Rebuttal Report, this is demonstrably false. *See* Hilton Rebuttal Report ¶¶37-40. Mr. Smith made the affirmative claim that the Connecticut Reconciliation Production was not an accurate source for Non-VPG PSC prices because, according to his flawed analysis, it contained an average per-unit revenue price that included a $4 dispense fee. Smith Rep. ¶62(e). As Dr. Hilton explains, and is demonstrated in the work papers she produced and which Mr. Smith cited as materials considered, the pscrate files in the Connecticut Reconciliation Production report the unit price *separately* from the dispense fee. Hilton Rebuttal Report ¶38. Mr. Smith's failure to identify or use these files when purporting to replicate Dr. Hilton's methodology – even though they were cited in Dr. Hilton's materials considered and referenced in the work papers Mr. Smith claims he considered – was unreasonable.

Because it is undisputed that Mr. Smith has no independent methodology to determine PSC prices and he failed to reliably replicate Dr. Hilton's methodology for doing so, the Court should exclude Mr. Smith's testimony to the extent he purports to have determined PSC prices.

3

Dated:  November 15, 2023                    **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*/s/ Joseph P. Guglielmo*
Joseph P. Guglielmo (IL Bar #2759819)
Carey Alexander (IL Bar #5188461)
Amanda M. Rolon (*admitted pro hac vice*)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-4478
Facsimile:  (212) 223-6334
jguglielmo@scott-scott.com
calexander@scott-scott.com
arolon@scott-scott.com

Erin Green Comite (IL Bar #420630)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 S. Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 531-2632
Facsimile:  (860) 537-4432
ecomite@scott-scott.com

David W. Mitchell (IL Bar #199706)
Arthur L. Shingler III (IL Bar # 181719)
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: (619) 231-1058
Facsimile:  (619) 231-7423
davidm@rgrdlaw.com
ashingler@rgrdlaw.com

Mark J. Dearman (IL Bar #0982407)
Stuart A. Davidson (IL Bar #084824)
**ROBBINS GELLER RUDMAN & DOWD LLP**
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone: (561) 750-3000
Facsimile:  (561) 750-3364
mdearman@rgrdlaw.com
sdavidson@rgrdlaw.com

*Interim Co-Lead Counsel*

4

Katrina Carroll (IL Bar #6291405)
**LYNCH CARPENTER LLP**
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Telephone: (312) 750-1265
katrina@lcllp.com

*Local Counsel*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 15, 2023, the foregoing document was filed electronically through the Court's Electronic Case Filing System, which will then send a notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Joseph P. Guglielmo*
Joseph P. Guglielmo
