



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Cynthia Russo, et al. v. Walgreen Co., No. 1:17cv02246

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF OBJECTION TO ATTORNEYS' FEE AND EXPENSE REQUEST

### I. Introduction and Background

I, Donald Hodge, previously filed a timely objection to Class Counsel's request for attorneys' fees and expenses in this matter. I am a Settlement Class member, having purchased prescription drugs from Walgreens using insurance, and I have submitted a valid claim (Notice ID 817272307, Unique ID R9K6RV96). I object only to the portion of the proposed settlement that would award Class Counsel 30 % of the $100 million settlement fund plus nearly $2.5 million in expenses. Since filing my objection, Class Counsel has filed supplemental declarations (ECF Nos . 767, 769) updating their hours and lodestar calculations. They now report 38,330.65 total hours, a lodestar of $29,316,016.60, and total expenses of $2,497,845.71. They nevertheless still ask for 30 % of the common fund ($30 million) plus $2.497 million in expenses, which diminishes the recovery of millions of class members.

New information also shows that A.B. Data received 17,140,542 claim forms from individual claimants and 5,142 claims from third-party payors (TPP) claimants. With over 17 million individual claims, each claimant stands to receive only a few dollars from the net settlement. An award of 30 % of the settlement fund would further reduce the net recovery. This memorandum supplements my original objection to address the updated lodestar figures and demonstrates that controlling Seventh Circuit precedent and market evidence compels a substantially lower fee award.

## II. Argument

A. The Updated Lodestar Crosscheck Does Not Justify a 30 % Fee

The supplemental declarations show that Class Counsel's lodestar is roughly

$29.3 million. If their requested fee of $30 million were approved, the lodestar multiplier would

be approximately 1.02 (i.e., $30 million ÷ $29.3 million), indicating that counsel seeks little or

no premium above their hourly rates despite claiming to have borne significant litigation risk. In

a $100 million commonfund case with more than 17 million claims, awarding one-third of the

settlement as attorneys' fees and costs is a windfall and leaves class members with a nominal

recovery. The $2.497 million in expenses claimed—almost $65 per hour of work—further

reduces the net fund. The lodestar cross-check confirms that the requested fee is excessive and

highlights the need for a slidingscale award that reflects economies of scale.

B. Seventh Circuit Precedent Requires Lower, Sliding-Scale Fees in MegaFund Settlements

The Seventh Circuit's fee jurisprudence emphasizes that courts should mirror the

marketplace when awarding attorneys' fees in class actions. In *In re Synthroid Marketing*

*Litigation*, the court observed that:

A court must give counsel the market rate for legal services, we held. Although the

market rate, as a percentage of recovery, likely falls as the stakes increase, whether it

exceeds 10% for recoveries above $100 million must be answered by reference to

arrangements that satisfy willing buyers and sellers rather than the compensation that a

judge thinks appropriate as a matter of first principles. On remand, the district court

awarded the third-party payor (TPP) class counsel 22% of that class's recovery, plus

litigation costs and expenses. Consumer class counsel received 30% of the first $10

million recovered by that class, 25% of the next $10 million, 20% of the third $10

million, 15% of the fourth $10 million, and 10% of the remaining $48 million — an average of 15.45% — without separate compensation for litigation costs and expenses. *In re Synthroid Marketing Litigation*, 201 F.Supp.2d 861 (N.D.Ill.2002), aff'd, 325 F.3d 974).

The Seventh Circuit approved this structure because it reflects the reality that litigation costs do not scale linearly with the size of the recovery.

The court reiterated these principles in *Silverman v. Motorola Solutions, Inc.*, where it reviewed a $200 million settlement and noted

Data show that 27.5% is well above the norm for cases in which $100 million or more changes hands. See Brian T. Fitzpatrick, An Empirical Study of Class Action Settlements and Their Fee Awards, 7 J. Empirical Legal Studies 811 (2010); Theodore Eisenberg & Geoffrey P. Miller, Attorney Fees and Expenses in Class Action Settlements: 1993–2008, 7 J. Empirical Legal Studies 248 (2010); Theodore Eisenberg & Geoffrey P. Miller, Attorney Fees in Class Action Settlements: An Empirical Study, 1 J. Empirical Legal Studies 27 (2004). Eisenberg and Miller find that the mean award from settlements in the $100-to-$250-million range is 12% and the median-10.2%. All-three articles find that the percentage of the fund awarded to counsel declines as the size of the fund increases. An award fixed at 27.5% of a $200 million fund is exceptionally high. *Silverman v. Motorola Solutions, Inc.*, 739 F.3d 956, 958 (7th Cir. 2013)

C. Market Evidence and the Size of the Class Demand a Lower Fee

This case involves a massive class of over 17 million claimants. Assuming a $100 million settlement fund and the requested fee and expenses, the net fund would be about $67.5 million. Divided among 17 million individual claimants (ignoring TPP claims for simplicity), this yields

roughly $3.97 per claimant. Reducing the fee to 15 %–20 % of the fund would increase the net recovery by $10 million to $15 million, materially benefiting class members. That modest fee would still give Class Counsel a positive lodestar multiplier and ensure they are fairly compensated.

D. Class Counsel's Expenses Should Also Be Scrutinized

The updated declarations list $2,497,845.71 in expenses. While some expenses may be legitimate, the court should scrutinize them carefully, especially given the early settlement of the case (before trial) and the availability of lower-cost alternatives. Under Federal Rule of Civil Procedure 23(h) and the Northern District of Illinois Local Rules, counsel must demonstrate that expenses were reasonably incurred. The court should require detailed documentation and reduce or disallow expenses that are excessive, duplicative, or not in the class's best interest.

III. **Request for Relief**

For the foregoing reasons, and those set forth in my original objection, I respectfully request that the Court:

1. Deny Class Counsel's request for 30 % of the settlement fund and $2.497 million in expenses;

2. Award attorneys' fees on a slidingscale basis consistent with Seventh Circuit precedent, such as 30 % of the first $10 million, 25 % of the next $10 million, 20 % of the third $10 million, 15 % of the fourth $10 million, and 10 % of the remainder, or, alternatively, a flat fee between 15 % and 20 % of the fund;

3. Scrutinize and reduce the claimed expenses to ensure they are reasonable and necessary; and

4.  Increase the net recovery to class members by any amount saved through reduced fees and expenses.

## IV. Conclusion

Class Counsel's supplemental filings confirm that their lodestar and expenses are far below the 30 % fee they seek, and that awarding them onethird of the $100 million settlement would produce a de minimis recovery for millions of class members. The Seventh Circuit's decisions in *In re Synthroid* and *Silverman* require courts to apply declining fee percentages in megafund cases and to align awards with market rates. I urge the Court to protect the class by awarding a fair and reasonable fee that reflects these principles and by rejecting the request for an excessive 30 % award.

Respectfully submitted,

/s/Donald C. Hodge, Jr.
4148 Palm Street
Baton Rouge, LA 70808
Phone: 3377948873
Fax: 8882972959
Email: donaldhodge@gmail.com

## Certificate of Service

I certify that on August 8, 2025, I served a copy of this Supplemental Memorandum by email on Class Counsel and counsel for Walgreens listed below:

*Class Counsel:*

David W. Mitchell (davidm@rgrdlaw.com), Robbins Geller Rudman & Dowd LLP;

Joseph P. Guglielmo (jguglielmo@scottscott.com), Scott+Scott Attorneys at Law LLP;

Erin Green Comite (ecomite@scottscott.com), Scott+Scott Attorneys at Law LLP;

Arthur L. Shingler III (ashingler@rgrdlaw.com), Robbins Geller Rudman & Dowd LLP

*Counsel for Walgreens:*

Selina P. Coleman (scoleman@reedsmith.com), Reed Smith LLP;

Frederick Robinson (frobinson@reedsmith.com), Reed Smith LLP;

Marc A. Collier (mcollier@reedsmith.com), Reed Smith LLP

Box 481
Westminster, CO
80036





9589 0710 5270 2907 4455 85    RDC 99

60604

U.S. POSTAG
FCM LETTER
LAKE CHARL
AUG 08, 2025

$6.37

S2324M5014

RECEIVED

AUG 13 2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Clerk
219 South Dearborn Street
Chicago, IL
60604

60604-170299