IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CYNTHIA RUSSO, LISA BULLARD, RICHARDO GONZALES, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 38 HEALTH AND WELFARE FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 295-295C WELFARE FUND, and STEAMFITTERS FUND LOCAL 439, on Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> WALGREEN CO., <br><br> Defendant. | Civil Action No. 1:17-cv-02246 <br><br> <u>CLASS ACTION</u> <br><br> The Honorable Edmond E. Chang |

**NON-PARTY BLUE CROSS AND BLUE SHIELD HEALTH PLANS AND
HEALTH CARE SERVICE CORPORATION'S MOTION FOR RECONSIDERATION[1]**

---

[1] As this Motion is directed to Plaintiffs' motion to deny exclusion requests, Movants emailed Plaintiffs' representatives to determine whether they objected. Conferral did not occur as Movants emailed close to the time of filing, but Movants assume that Plaintiffs oppose because this Motion seeks reconsideration of the grant of Plaintiffs' earlier motion.

1

Non-Party Blue Cross and Blue Shield Health Plans[2] (the "Blues") and Health Care Service Corporation[3] ("HCSC") (together "the Insurers" or "the Plans") respectfully request that this Court reconsider its August 7, 2025 Order (Dkt. No. 768) granting Plaintiffs' motion to invalidate the Plans' exclusion requests. In support of this motion for reconsideration, the Plans submit an accompanying Memorandum of Law and state as follows:

1. The Plans' submitted exclusion requests on behalf of their Administrative Services Only ("ASO") clients, which had delegated to the Plans the right to opt them out of class actions. Consistent with standard industry practices—and accepted by other courts—the Plans submitted these requests on their ASO clients' behalf and included declarations establishing the Plans' right to do so.

2. The class notice in this matter did not specify that the Court would deviate from this industry practice, and the ASO clients relied on the industry practice when permitting the Plans to opt out on their behalf.

---

[2] Non-Party Blues relevant to this Motion include: BCBSM, Inc. (d/b/a Blue Cross and Blue Shield of Minnesota); HMO Minnesota (d/b/a Blue Plus); Blue Cross and Blue Shield of Florida, Inc. (d/b/a Florida Blue); Health Options, Inc. (d/b/a Florida Blue HMO); Blue Cross and Blue Shield of North Carolina; Blue Cross Blue Shield of North Dakota; Blue Cross and Blue Shield of Alabama; Blue Cross and Blue Shield of Kansas, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc.; Blue Cross and Blue Shield of Arizona, Inc. (d/b/a Blue Cross Blue Shield of Arizona and d/b/a AZBLUE); Blue Cross and Blue Shield of Kansas City, Inc.; HealthNow New York, Inc.; Highmark Western New York, Inc. (f/k/a Blue Cross of Western New York); and New York, Inc.; Highmark Western New York, Inc. (f/k/a Blue Cross of Western New York); and Northeastern New York (f/k/a BlueShield of Northeastern New York). Blue Cross and Blue Shield of Arizona, Inc. did not file any objections or opt-out notices for its ASO clients. Blue Cross and Blue Shield of Arizona is therefore excluded from the definition of the term "the Plans" as used in this Motion.

[3] Non-Party Health Care Service Corporation, a Mutual Legal Reserve Company and an independent licensee of the Blue Cross and Blue Shield Association operates through its unincorporated divisions, Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Montana, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Texas. Non-Party HCSC operates as a mutual legal reserve company in Illinois and it underwrites and administers health plans in the states of Illinois, Texas, Oklahoma, New Mexico, and Montana.

3. By denying these exclusion requests, the Court deviated from standard practice. This deviation harmed the ASO Clients by precluding them from pursuing separate litigation in which their share of recovery is likely far greater than it is in this proceeding. In so doing, the Court rendered the class notice unconstitutionally insufficient as the class notice failed to sufficiently inform the ASO clients of the steps necessary to preserve their rights.

WHEREFORE, the Court should reconsider its August 7 Order and deny Plaintiffs' motion to invalidate the exclusion requests.

Dated: September 8, 2025

Respectfully submitted,
By: */s/ Jed Wulfekotte*
Jason P. Stiehl
Neil G. Nandi
**CROWELL & MORING LLP**
455 N. Cityfront Plaza Drive
Suite 3600
Chicago, IL 60611
Telephone: 312.840.3108
JStiehl@crowell.com
NNandi@crowell.com

Kent A. Gardiner*
Stephen J. McBrady*
Kelly H. Hibbert*
Jed Wulfekotte*
**CROWELL & MORING LLP**
1001 Pennsylvania Ave. NW
Washington, DC 20004
Telephone: 202.624.2500
Facsimile: 202.628.5116
KGardiner@crowell.com
SMcBrady@crowell.com
KHibbert@crowell.com
JWulfekotte@crowell.com

*admitted pro hac vice*
*Counsel for Non-Party Blue Plans and HCSC*