**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CYNTHIA RUSSO, LISA BULLARD, RICARDO GONZALES, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 38 HEALTH AND WELFARE FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 295-295C WELFARE FUND, AND STEAMFITTERS FUND LOCAL 439, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALGREEN CO.,<br><br>Defendant. | Civil No. 1:17-cv-02246<br><br>Judge Edmond E. Chang |

**FINAL JUDGMENT ORDER**

WHEREAS, Plaintiffs Cynthia Russo, Lisa Bullard, Ricardo Gonzales, International Brotherhood of Electrical Workers Local 38 Health and Welfare Fund, International Union of Operating Engineers Local 295-295c Welfare Fund, and Steamfitters Fund Local 439, on behalf of themselves and the other Settlement Class Members,[1] and Defendant Walgreen Co. ("Defendant," and collectively with Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendant in this Action with prejudice on the terms and conditions set forth in the Stipulation of Class Action Settlement, including all Exhibits attached thereto (the "Settlement Agreement"), subject to approval of this Court (the "Settlement");

---

[1] Unless otherwise defined herein, capitalized terms in this Judgment have the same meaning as in the October 31, 2024 Stipulation of Class Action Settlement. ECF No. 683-1.

WHEREAS, by the Order Preliminarily Approving Class Action Settlement dated November 18, 2024, ECF No. 689 (the "Preliminary Approval Order") this Court: (i) preliminarily approved the Settlement; (ii) provisionally certified a settlement class; (iii) preliminarily appointed representatives of the Class and Class Counsel; (iv) appointed a Settlement Administrator and Escrow Agent; (v) approved the form and manner of Notice to the Settlement Class, which provided Settlement Class Members with the opportunity to object to the proposed Settlement and exclude themselves from the Settlement Class; (vi) preliminarily approved the Plan of Allocation and Distribution; and (vii) established certain Settlement-related deadlines, including a Fairness Hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on September 10, 2025 (the "Fairness Hearing") to consider, among other things: (i) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and therefore, should be approved; and (ii) whether a judgment should be entered dismissing the Action with prejudice as against Defendant; and

WHEREAS, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

2

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **Jurisdiction**: The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over the Parties and each of the Settlement Class Members.

2. **CAFA Notice**: The notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, have been satisfied.

3. **Incorporation of Settlement Documents**: This Judgment incorporates and makes a part hereof: (i) the Settlement Agreement dated October 31, 2024; (ii) the Plan of Allocation and Distribution approved by the Court on November 18, 2024; and (iii) the Forms of Summary Notice of Settlement and the Form of Long-Form Notice of Settlement approved by the Court on November 18, 2024.

4. **Class Certification for Settlement Purposes**: Pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and based on the record before the Court, the Court certifies, for the purposes of settlement only, the following Settlement Class:

> All individuals or entities in the United States and its territories who paid, in whole or in part, at any point in time from January 1, 2007 through November 18, 2024 ("Settlement Class Period"), for one or more prescription drugs from Walgreens, where prescription insurance benefits were used in filling the prescription(s).

> The following groups are excluded from the Settlement Class:

> (1) Walgreens and its management and affiliates, and employees of Walgreens and its affiliates; (2) the Court, members of their immediate families, and judicial staff (but not members of the immediate families of judicial staff); (3) all pharmacy benefit managers (e.g., A&A Services, LLC d/b/a Sav-Rx Prescription Services; Caremark, LLC; Castia Rx (f/k/a Leehar Distributors Missouri, LLC); Express Scripts, Inc.; Medco Health Solutions, Inc.; MedImpact Healthcare Systems, Inc.; MedTrak Services, LLC; and/or OptumRx, Inc.); (4) individuals who paid for all of their prescription drugs from Walgreens during the Settlement Class Period without using insurance benefits; (5) federal and state government entities other than government-funded employee benefit plans; and (6) all individuals and entities, except for the Plaintiffs, that have sued, filed an arbitration demand, or participated in a settlement in a suit against Walgreens relating to its determination

of usual and customary prices in connection with the Prescription Savings Club (this exception to the exclusion from the Settlement Class does not apply to individuals or entities that have voluntarily dismissed their claims without prejudice in any suit or arbitration).

5.     The Court finds that the requirements of Rules 23(a), 23(b)(3), and 23(g) of the Federal Rules of Civil Procedure are satisfied for settlement purposes as follows:

(a)     Pursuant to Rule 23(a)(1) of the Federal Rules of Civil Procedure, the Court determines that the Settlement Class Members are so numerous that their joinder before the Court would be impracticable;

(b)     Pursuant to Rule 23(a)(2) of the Federal Rules of Civil Procedure, the Court determines that there are one or more questions of fact or law common to the Settlement Class;

(c)     Pursuant to Rule 23(a)(3) of the Federal Rules of Civil Procedure, the Court determines that Plaintiffs' claims are typical of the claims of the Settlement Class;

(d)     Pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure, the Court determines that Plaintiffs will fairly and adequately protect the interests of the Settlement Class. Plaintiffs Cynthia Russo, Lisa Bullard, Ricardo Gonzales, International Brotherhood of Electrical Workers Local 38 Health and Welfare Fund, International Union of Operating Engineers Local 295-295c Welfare Fund, and Steamfitters Fund Local 439 are appointed class representatives of the Settlement Class and Scott+Scott Attorneys at Law LLP and Robbins Geller Rudman & Dowd LLP are appointed as Class Counsel;

(e)     Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court determines that (a) common questions of law and fact predominate over questions affecting only individual Settlement Class Members; and (b) a class action is

4

superior to other available methods for the fair and efficient adjudication of this Action; and

(f) Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, Class Counsel are appointed as class counsel for the Settlement Class.

6. The Court's certification of the Settlement Class, and appointment of Plaintiffs as class representatives of the Settlement Class and Class Counsel as class counsel for the Settlement Class, as provided herein, is without prejudice to, or waiver of, the rights of Defendant to contest any other request by Plaintiffs to certify a class or appoint class representatives. The Court's findings in this Judgment shall have no effect on the Court's ruling on any motion to certify any class or appoint class representatives or class counsel in this litigation, and no Party may cite or refer to the Court's approval of the Settlement Class, its representatives, or its counsel as binding or persuasive authority with respect to any motion to certify such class or appoint class representatives and/or class counsel.

7. **Settlement Notice**: The Court finds that the dissemination of the Summary Notice of Settlement and the Long-Form Notice of Settlement: (i) were implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated under the circumstances to apprise Settlement Class Members of: (a) the effect of the proposed Settlement (including the Defendant's Released Claims and Plaintiffs' Released Claims (collectively, the "Releases") to be provided thereunder), (b) their right to object to or opt out of the Settlement, and (c) their right to appear at the Fairness Hearing; (iv) constituted due, adequate, and sufficient notice to all individuals and entities entitled to receive notice of the proposed Settlement; and (v) satisfied the

requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable laws and rules.

8. **Final Settlement Approval and Dismissal of Claims**: Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court has carefully considered and hereby overrules all objections to the adequacy of the Settlement (ECF Nos. 708, 709), and hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation, the Releases provided for therein and the dismissal with prejudice of the claims asserted against Defendant in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class after considering the factors set out by the Seventh Circuit in *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863-64 (7th Cir. 2014), and in Rule 23(e)(2) of the Federal Rules of Civil Procedure.

9. **Dismissal With Prejudice**: All of the claims asserted against Defendant in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement and/or by order of the Court.

10. **Binding Effect**: The terms of the Settlement Agreement and of this Judgment shall be binding on Defendant's Released Persons, and on Plaintiffs' Released Persons. The individuals and/or entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request.

11. **Plaintiffs' Motion to Deny Exclusion Requests and Overrule Objections to the Opt-Out Procedure (ECF No. 723) ("Motion to Deny Exclusion Requests"):** The Court grants' Plaintiffs' Motion to Deny Exclusion Requests and denies the exclusion requests addressed by that motion, declaring the requests to be invalid as inappropriate "mass" opt-outs that fail to comply

with the criteria for exclusion requests as set forth in the Preliminary Approval Order and Notice documents.

12.     **Valid Opt-Out Requests:** With respect to the opt-out requests that were deemed by the Settlement Administrator as compliant with the Court's Preliminary Approval Order (ECF No. ___, Ex. H-1), the Court orders the Settlement Administrator to accept the opt-out requests attached as Exhibit A to this Order, subject to a determination that they meet the remaining opt-out criteria enumerated by this Final Approval Order.

13.     **Releases**:  The Releases set forth in §4 of the Settlement Agreement, together with the definitions contained in §1 of the Settlement Agreement relating to the Releases, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)     Without further action by anyone, and subject to ¶15 of this Judgment, upon the Effective Date, Plaintiffs' Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Plaintiffs' Released Claims against Defendant's Released Persons with prejudice, whether or not any such Plaintiffs' Released Person shares in the Settlement Fund, and Plaintiffs' Released Persons and anyone claiming through or on behalf of any of them will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Plaintiffs' Released Claims against any of Defendant's Released Persons.

(b)     Without further action by anyone, and subject to ¶15 of this Judgment, upon the Effective Date of the Settlement, Defendant's Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Defendant's Released Claims against Plaintiffs' Released Persons with prejudice.

14.     Although the foregoing release is not a general release, such release constitutes a waiver of §1542 of the California Civil Code and any similar statutes (to the extent they apply to the Action).  Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

15.     Notwithstanding ¶¶13(a)-(b) of this Judgment, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

16.     **Rule 11 Findings**:  The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Federal Rule of Civil Procedure 11 in connection with the institution, prosecution, defense, and settlement of the Action.

17.     **No Admissions**:  Neither this Judgment (including its Exhibits), the Settlement Agreement (whether or not consummated and including the exhibits thereto), the negotiations leading to the execution of the Settlement Agreement, nor any proceedings taken pursuant to or in connection with the Settlement Agreement and/or approval of the Settlement (including any arguments proffered in connection therewith) shall be:

8

(a)     offered against any of Defendant's Released Persons as evidence of, construed as, or deemed to be evidence of any presumption, concession, or admission by any of Defendant's Released Persons of the truth of any fact alleged by Plaintiffs, the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind on the part of any of Defendant's Released Persons; or

(b)     offered against any of the Plaintiffs' Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Released Persons that any of their claims are without merit or that any of Defendant's Released Persons had meritorious defenses;

provided that nothing in this ¶17 shall prevent this Judgment (including its Exhibits), the Settlement Agreement (including the exhibits thereto), the negotiations leading to the execution of the Settlement Agreement, or any proceedings taken pursuant to or in connection with the Settlement Agreement and/or approval of the Settlement (including any arguments proffered in connection therewith) from being used, offered, or received in evidence in any proceeding to enforce any or all of the terms of the Settlement Agreement or this Judgment

18.     **Retention of Jurisdiction**:  Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (i) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; and (ii) the Settlement Class Members for all matters relating to the Action.

19.     **Award of Attorneys' Fees and Service Awards**:  A separate order shall be entered regarding approval of the motion of Class Counsel for an award of Attorneys' Fees and Expenses

and Service Awards.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

20.     **Modification of the Settlement Agreement**:  Without further approval from the Court, Plaintiffs and Defendant are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate the Settlement provided that such amendments or modifications: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Plaintiffs and Defendant may agree to reasonable extensions of time to carry out any provisions of the Settlement.

21.     **Entry of Final Judgment**:  There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

IT IS SO ORDERED.

DATED: 03/30/2026

THE HONORABLE EDMOND E. CHANG
UNITED STATES DISTRICT JUDGE